**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel: (415) 400-3000
Fax: (415) 400-3001
jjoost@ktmc.com

*Counsel for Kyle J. Krauseneck
and Proposed Lead Counsel for the Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                Defendants. | Case No. 3:19-cv-03422-SI<br><br>**NOTICE OF MOTION AND MOTION OF KYLE J. KRAUSENECK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: October 4, 2019<br>Time: 10:00 a.m.<br>Judge: The Honorable Susan Illston<br>Courtroom: 1, 17th Floor<br><br>ORAL ARGUMENT REQUESTED |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Lead Plaintiff Movant Kyle J. Krauseneck ("Krauseneck") by and through his counsel, hereby moves this Court in Courtroom 1, 17th Floor, of the Honorable Susan Illston at the United States District Court, Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California on October 4, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (1) appointing Krauseneck as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, *et seq.*; and (2) approving Krauseneck's selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class.

This Motion is made on the grounds that Krauseneck timely filed this Motion and is the "most adequate plaintiff" pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B). Based on the information presently available, Krauseneck has the largest financial interest in the relief sought by the class, and meets the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as his claims are typical of the claims of the class and he will fairly and adequately represent the interests of the class. In addition, Krauseneck has selected and retained Kessler Topaz, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

In support of this Motion, Krauseneck submits herewith the accompanying Memorandum of Points and Authorities and the Declaration of Jennifer L. Joost ("Joost Decl.").

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether Krauseneck should be appointed as Lead Plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B).

2. Whether Krauseneck's selection of Kessler Topaz as Lead Counsel for the class should be approved pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(v).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Krauseneck, by and through his counsel, respectfully submits this Memorandum of Points and Authorities in support of his Motion for: (1) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B); and (2) approval of his selection of Kessler Topaz as Lead Counsel for the class.

**I.   SUMMARY OF ARGUMENT**

Presently pending in this District is the above-captioned securities class action lawsuit (the "Action") brought under Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against Zuora, Inc. ("Zuora" or the "Company") and certain of its executive officers (collectively, "Defendants").  The Action is brought on behalf of purchasers of Zuora securities between April 12, 2018, and May 30, 2019 (the "Class Period").

The PSLRA governs the selection of the Lead Plaintiff in class actions asserting claims under the federal securities laws.  Specifically, the PSLRA requires courts to appoint as Lead Plaintiff the movant: (1) making a timely motion under the PSLRA's sixty-day deadline; (2) who asserts the largest financial interest in the litigation; and (3) who also satisfies the relevant requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

Krauseneck respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff because, to the best of his knowledge, his losses of approximately $97,508 on a last-in, first-out ("LIFO") basis in connection with his

transactions in Zuora securities during the Class Period represents the largest known financial interest in the relief sought by the class. *See* Joost Decl., Exs. A (PSLRA certification) & B (loss chart).

In addition to asserting the largest financial interest, Krauseneck easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class. *See infra* Section III.A. Krauseneck fully understands the Lead Plaintiff's obligations to the class under the PSLRA, and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. *See* Joost Decl., Ex. C ("Krauseneck Declaration").

Finally, Krauseneck has selected Kessler Topaz as Lead Counsel. Kessler Topaz is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for injured shareholders. *See infra* Section III.B. Thus, Kessler Topaz is highly qualified to prosecute this case and should be appointed Lead Counsel for the class. *See In re Cohen v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009) ("The statute expressly provides that lead plaintiff has the power to select lead counsel . . . .") (citations omitted).

## II.  STATEMENT OF FACTS

Zuora, a Delaware corporation with headquarters in San Mateo, California, is a cloud-based subscription management platform, consisting of its subscription management hub, order-to-revenue products, and an application marketplace. The Company's flagship products include the revenue recognition automation product Zuora RevPro ("RevPro"), which it acquired pursuant to its acquisition of Leeyo Software Inc. in May 2017.

The Action alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, the Action alleges that Defendants failed to disclose to investors: (1) that the Company would focus on implementing RevPro for new customers ahead of deadlines for customers to comply with new accounting standards; (2) that, as a result, the Company lacked sufficient resources to integrate RevPro within its core business;

(3) that the Company would focus on RevPro integration a year after the acquisition closed; (4) that delays integrating RevPro would materially impact the Company's business results; (5) that the market for RevPro was limited to customers seeking to implement new accounting standards; (6) that after the deadline to implement the new accounting standards passed, demand for RevPro was likely to decline; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As alleged in the Action, the truth about the Company's operations was revealed after the market closed on May 30, 2019, when the Company issued its first quarter fiscal 2020 financial results. Therewith, the Company lowered its fiscal 2020 full-year revenue guidance from a range between $289 million and $293.5 million, to a range between $268 million and $278 million. The Company also reported that integrating RevPro was "taking longer than expected," and that due to "technical work to complete the integration" taking time, the Company had slowed RevPro implementations. Additionally, the Company identified sales execution problems which had resulted in "lower professional services and subscription revenue" for the most recent quarter. On this news, the price of Company shares declined $5.91 per share, or approximately 30%, from a close of $19.90 per share on May 30, 2019, to close at $13.99 per share on May 31, 2019.

## III.  ARGUMENT

### A.  Krauseneck Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. *Id*. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court

1  to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.
2  *See id.* § 78u-4(a)(3)(A)-(B).

3  Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant with the largest financial interest in the relief sought by the class that also satisfies the relevant requirements of Rule 23. *Id*. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-32. The "most adequate plaintiff" presumption may be rebutted only upon "proof" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, Krauseneck is the "most adequate plaintiff" because he: (1) filed a timely motion for appointment as Lead Plaintiff; (2) possesses the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id*. § 78u-4(a)(3)(B)(iii)(I).

### 1.  **Krauseneck's Motion Is Timely**

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id*. § 78u-4(a)(3)(A)(i)(II). Here, in connection with the filing of the Action, notice was published on June 14, 2019, in *Business Wire*. *See* Joost Decl., Ex. D. Accordingly, the deadline to seek lead plaintiff status is August 13, 2019. Therefore, Krauseneck's Motion is timely.

### 2.  **Krauseneck Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate

plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Here, Krauseneck suffered substantial losses of approximately $97,508 on a LIFO basis in connection with his purchase of 6,000 shares of Zuora securities during the Class Period, all of which were retained through the end of the Class Period.  *See* Joost Decl., Exs. A-B.  To the best of Krauseneck's knowledge, there are no other applicants seeking appointment as Lead Plaintiff asserting a larger financial interest in this litigation.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *Cavanaugh*, 306 F.3d at 732.

### 3. Krauseneck Satisfies Rule 23's Typicality and Adequacy Requirements

Krauseneck also satisfies the applicable requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff stage, movants are required to make a preliminary showing under Rule 23 that the proposed lead plaintiff's claims are typical and adequate.  *See Monachelli v. Hortonworks, Inc.*, No. 16-cv-00980-SI, 2016 WL 3078867, at *2 (N.D. Cal. June 1, 2016) (Illston, J.) ("[T]he court focuses on that plaintiff to ensure that the proposed lead plaintiff satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'") (citation omitted).

#### (a) Krauseneck's Claims Are Typical

"The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation and citation omitted).  Here, the typicality requirement is satisfied because Krauseneck, like all other members of the class, seeks to recover losses resulting from Defendants' misrepresentations and omissions, and Krauseneck is not subject to any unique or special defenses that would render him atypical.  *See Monachelli*, 2016 WL 3078867, at *2.

#### (b) Krauseneck Is Adequate

Rule 23's adequacy requirement is met when a representative party establishes that it "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Whether a party can fairly and adequately protect the interests of the class depends on the following considerations:

1  (a) the qualifications of counsel for the representatives; (b) an absence of antagonism between the
2  proposed representative and other members of the proposed class; (c) shared interests between the
3  representative and other members of the proposed class; and (d) the unlikelihood that the suit is
4  collusive.'" *City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. C 04-04362-MJJ, 2005 WL
5  318813, at *4 (N.D. Cal. Feb. 7, 2005).

6  Here, Krauseneck satisfies the adequacy requirement because his interest in vigorously
7  pursuing claims against Defendants—given his substantial financial losses—is aligned with the
8  interests of the members of the class who were similarly harmed as the result of Defendants' false
9  and misleading statements and omissions. There are no potential conflicts between Krauseneck's
10 interests and those of the other members of the class, and Krauseneck, as set forth in his PSLRA
11 certification, has affirmed his willingness to vigorously prosecuting the claims on behalf of the
12 class. *See* Joost Decl., Ex. A. Moreover, as set forth in the Krauseneck Declaration, Krauseneck
13 has demonstrated his familiarity with the facts and claims asserted in the Action, the lead plaintiff's
14 responsibilities under the PSLRA, and his commitment to the prosecution of the Action. *See* Joost
15 Decl., Ex. C. The Krauseneck Declaration also proactively provides the type of material
16 information regarding Krauseneck's background that this Court has previously required of lead
17 plaintiff movants. *See DeSilvio v. Lion Biotechnologies, Inc.*, No. 17-cv-02086-SI (N.D. Cal.
18 July 7, 2017), ECF No. 35 (attached as Exhibit E to the Joost Decl.) (requiring supplemental
19 information from movants).

20 Separately, Krauseneck has demonstrated his adequacy through selection of Kessler Topaz
21 as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified
22 and experienced in the area of securities class action litigation and has repeatedly demonstrated the
23 ability to conduct complex securities class action litigation in an efficient, effective, and
24 professional manner.

25 The evidence submitted by Krauseneck establishing his commitment to zealously and
26 efficiently represent the interests of the class as Lead Plaintiff is more than sufficient to satisfy the
27 adequacy and typicality requirements here.

28

**B.     The Court Should Approve Krauseneck's Selection of Lead Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen*, 586 F.3d at 712 ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citation omitted). Accordingly, Krauseneck's selection of Kessler Topaz should be approved.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Joost Decl., Ex. F. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Additionally, Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden, v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.); *In re Allergan Generic Drug Pricing Securities Litigation*, No. 16-cv-9449 (KSH) (CLW) (D.N.J.); *In re Celgene Corp. Securities Litigation*, No. 18-cv-4772 (JMV) (JBC) (D.N.J.); *Baker v. SeaWorld Entertainment, Inc.*, No. 14-cv-2129 (MMA) (S.D. Cal.); and *Washtenaw County Employees' Retirement System v. Walgreen Co.*, No. 15-cv-3187 (SJC) (N.D. Ill.).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA. Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach

CASE NO. 3:19-CV-03422-SI                                                                                                              8
NOTICE OF MOTION AND MOTION OF KYLE J. KRAUSENECK FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF SELECTION OF COUNSEL

a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. S'holder Derivative Litig.*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Krauseneck's selection of Kessler Topaz as Lead Counsel for the class.

## IV.   CONCLUSION

For the foregoing reasons, Krauseneck respectfully requests that the Court: (1) appoint Krauseneck as Lead Plaintiff; and (2) approve Krauseneck's selection of Kessler Topaz as Lead Counsel for the class.

Dated:  August 13, 2019                     Respectfully submitted,

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**

*/s/ Jennifer L. Joost*
JENNIFER L. JOOST (Bar No. 296164)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Tel:  (415) 400-3000
Fax:  (415) 400-3001
jjoost@ktmc.com

-and-

NAUMON A. AMJED
RYAN T. DEGNAN
280 King of Prussia Road
Radnor, PA 19087
Tel:  (610) 667-7706
Fax:  (610) 667-7056
namjed@ktmc.com
rdegnan@ktmc.com

*Counsel for Kyle J. Krauseneck
and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
BRIAN SCHALL (Bar No. 290685)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Tel: (310) 301-3335
Fax: (310) 388-0192
brian@schallfirm.com

*Additional Counsel for Kyle J. Krauseneck*