Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*New Zealand Methodist Trust Association*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, Individually and On Behalf Of All Other Similarly Situated<br><br>                                   Plaintiff,<br><br>     v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                                Defendants. | No. 3:19-cv-03422-SI<br><br>**NOTICE OF MOTION AND MOTION OF THE NEW ZEALAND METHODIST TRUST ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        October 4, 2019<br>Time:       10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Judge:     Hon. Susan Illston<br><br>ORAL ARGUMENT REQUESTED |

## NOTICE OF MOTION AND MOTION

**TO:  ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

PLEASE TAKE NOTICE that pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), the New Zealand Methodist Trust Association ("Movant" or "MTA") will and hereby does move the Honorable Judge Susan Illston, United States District Court, Northern District of California, Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, on October 4, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, for an order to appoint MTA as lead plaintiff in the above-referenced actions against Defendants Zuora, Inc., Tien Tzou, and Tyler Sloat; and approve MTA's selection of Hagens Berman Sobol Shapiro LLP as lead counsel in the consolidated action.

Movant's motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Danielle Smith in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

The motion for appointment as Lead Plaintiff is made on the grounds that the New Zealand Methodist Trust Association believes that MTA is the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 because MTA has the largest known financial interest in the relief sought by the Class and has incurred substantial losses as a result of their purchase and/or acquisition of shares of Zuora securities.  Further, Movant satisfies the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

1

**STATEMENT OF ISSUES TO BE DECIDED**

2         1.      Whether the Court should appoint MTA as lead plaintiff pursuant to 15 U.S.C. § 78u-

3   4(a)(3)(B); and

4         2.      Whether the Court should approve of MTA's selection of Hagens Berman Sobol

5   Shapiro LLP ("Hagens Berman") as lead counsel for the proposed class, pursuant to 15 U.S.C. §

6   78u-4(a)(3)(B)(v).

7

**MEMORANDUM OF POINTS AND AUTHORITIES**

8 **I.       PRELIMINARY STATEMENT**

9         This is a federal securities class action[1] alleging that Zuora, Inc. ("Zuora" or the "Company")

10 and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of

11 the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule

12 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).  Specifically, the action alleges that from

13 April 12, 2018 to May 30, 2019, Defendants misled investors concerning the strength of Zuora's

14 sales strategy, the integration of the Company's key newly acquired software platform RevPro, and

15 consumer demand for RevPro.  Zuora investors, including MTA, incurred significant losses when, on

16 May 30, 2019, Zuora slashed its fiscal 2020 revenue guidance, and admitted significant problems

17 with the onboarding of RevPro and serious sales execution problems that slowed down the

18 Company's ability to cross-sell its core products.

19         The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff.

20 15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, the most adequate plaintiff is the movant who has

21 the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a

22 *prima facie* showing that the Movant is a typical and adequate class representative under Rule 23.

23 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, MTA is the "most adequate

24 plaintiff" by virtue of, among other things, the over $700,000 in losses MTA incurred on Movant's

25 purchases of 120,000 shares of Zuora common stock during the Class Period.

26

27        [1] *See Roberts v. Zoura, Inc. et al.*, No. 3:19-cv-03422-SI (N.D. Cal. Jun. 14, 2019), ECF No. 1

28 ("Roberts Compl." or the "Action").

In addition to asserting the largest financial interest, MTA readily satisfies the relevant requirements of Rule 23 because MTA's claims are typical of those of all members of the Class and MTA will fairly and adequately represent the interests of the Class.  In fact, MTA is the ideal Lead Plaintiff under the PSLRA because MTA is a sophisticated institutional investor with a substantial financial interest in the litigation.  In addition, as set forth in greater detail in their Declaration submitted herewith, MTA fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is committed to fulfiling those responsibilities to guarantee zealous prosecution of this action.

MTA has further demonstrated their adequacy through their selection of Hagens Berman as Lead Counsel for the Class.  Hagens Berman has an established track record of achieving substantial recoveries for the benefit of investors, including within this District.  Hagens Berman has extensive experience in securities fraud litigation and is qualified to prosecute this action.

Based on MTA's financial interest in the outcome of this action, MTA's commitment to act in the best interests of the Class to maximize the recovery in this case, and its ability to oversee counsel, Movant respectfully requests that the Court appoint MTA Lead Plaintiff and otherwise grant MTA's Motion.

## II.        FACTUAL ALLEGATIONS

Zoura is San Mateo, California-based software company.  The Company focuses on providing cloud-based software on a subscription basis that enables its enterprise company clients to launch, manage, and transform into a subscription business.  Its business consists of three components: Zuora Central Platform, a subscription management hub; order-to-revenue products; and an application marketplace.  Its flagship products are RevPro, a revenue recognition automation solution that enables customers to group transactions into revenue contracts and performance obligations, and Billing, which is designed for subscription billing. Zuora acquired RevPro in May 2017 when it acquired Leeyo.  *See* Roberts Compl. ¶ 16.

The Complaint alleges that during the Class Period, Defendants misrepresented the strength of Zuora's sales strategy, as well as the onboarding of and customer demand for RevPro.  *See*

Roberts Compl. ¶ 5.  Unbeknownst to investors, Zuora lacked adequate resources to integrate RevPro with its core business and that the delays in integrating RevPro was causing sales execution problems.

On May 30, 2019, the market learned the truth when, in connection with its first quarter 2020 financial results, the Company announced that it was lowering its fiscal 2020 revenue guidance to a range of $268 million to $278 million, from prior guidance of $289 million to $293.5 million.  In addition, the Company reported that 1) the product integration for Billing and RevPro was "taking longer than expected", 2) that "the technical work to complete the integration is taking time as these are complex mission-critical systems," 3) that as a result of the product integration delay, the Company slowed down RevPro implementations, and 4) that sales execution problems slowed down its ability to cross-sell its products, and therefore "resulted in lower professional services and subscription revenue in the quarter."  As a result of these disclosures, the price of Zuora common shares declined nearly 30% on unusually high trading volume.

## III.    ARGUMENT

### A.    MTA Is The Most Adequate Plaintiff.

MTA should be appointed Lead Plaintiff because MTA is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA governs the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria.").  As set forth below, MTA is the "most adequate plaintiff" and is entitled to be appointed as Lead Plaintiff.

#### 1.    MTA's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been

filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  Here, notice of pendency was published on *BusinessWire* on June 14, 2019, thereby establishing the deadline to move for appointment of lead plaintiff on or before August 13, 2019.  *See* Declaration of Danielle Smith In Support of Motion of the New Zealand Methodist Trust Association for Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Smith Decl."), Exhibit ("Ex.") A.  Accordingly, MTA has timely moved for appointment as Lead Plaintiff through the filing of this Motion.

        **2.**      **MTA Has the Largest Financial Interest in the Relief Sought by the Class And Is Therefore Presumptively the Most Adequate Plaintiff.**

      MTA is entitled to be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(bb).  MTA incurred losses of over $700,000 as calculated on a last-in, first-out ("LIFO") or first-in, first-out ("FIFO") basis, on its Class Period purchases of 120,000 shares of Zuora common stock and expenditure of over $2.5 million.  *See* Smith Decl., Ex. C.  To the best of MTA's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.  Accordingly, MTA has the largest known financial interest in this class action.

        **3.**      **MTA Satisfies the Requirements of Federal Rule of Civil Procedure 23.**

      In addition to possessing the largest financial interest in the outcome of the litigation, MTA satisfies the requirements of rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, courts focus only on the typicality and adequacy requirements of Rule 23.  *In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements."); *see also In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14 (N.D. Cal. Sept. 8, 2009) (*citing Cavanaugh*, 306 F.3d at 730) ("Thus, if [the movant with the largest loss] otherwise meets the requirements of Rule 23(a), and in particular those of "adequacy" and "typicality," [the movant] become[s] the presumptively most adequate lead plaintiff.").

1    MTA's claims are typical of the claims of other purchasers of Zuora stock.  Under Rule

2  23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the

3  claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the

4  representative plaintiffs' claims arise from the same event or course of conduct that gives rise to

5  claims of other class members, and when the claims are based on the same legal theory.  *Id*; *see also*

6  *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Zoura Tech., Inc.*, No. 5:12-cv-06039-

7  LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met where

8  proposed lead plaintiff "purchased [the defendant's] common stock during the Class Period,

9  allegedly in reliance upon Defendants' purported false and misleading statements, and alleged

10  suffered damages as a result"); *Crossen v. CV Therapeutics*, No. 3:03-cv-03709-SI, 2005 WL

11  1910928, at *4 (N.D. Cal. Aug. 10, 2005) (same).  The requirement that the proposed class

12  representatives' claims be typical of the claims of the class does not mean, however, that the claims

13  must be identical.  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

14    Here, MTA's claims and those of the Class arise from the same source of conduct and their

15  legal arguments to prove Defendants' liability are substantially similar.  As with all other classmbers,

16  MTA: (1) purchased Zuora securities during the Class Period; (2) at prices artificially inflated by

17  Defendants' materially false and misleading statements and omissions; and (3) were harmed when

18  the was revealed.  *See Russo v. Finisar Corp.*, No. 5:11-cv-01252-EJD, 2011 WL 5117560, at *4

19  (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality

20  requirement).  Moreover, MTA is not subject to any unique or special defenses.  Thus, MTA meets

21  the typicality requirement of Rule 23 because their claim is the same as the claims of the other Class

22  members.

23    MTA similarly satisfies Rule 23's adequacy requirements.  Under Rule 23(a)(4), adequate

24  representation is satisfied if: (1) the class counsel is qualified, experienced and generally able to

25  conduct the litigation; (2) the interests of the class are not antagonistic to one another; and (3) the

26  lead plaintiff has a "'sufficient interest in the outcome of the case to ensure vigorous advocacy.'"

27  *Miller v. Ventro Corp.*, No. 4:01-cv-1287-SBA, 2001 WL 34497752, at *12 (N.D. Cal. Nov. 28,

28

2001) (quoting *Takeda v. Turbodyne Tech. Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999)); *accord Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). *See also Gen. Ret. Sys. v. Wells Fargo Mortg. Backed Sec. 2006-AR18 Tr.*, No. C 09-1376 SI, 2009 U.S. Dist. LEXIS 130360, at *32 (N.D. Cal. July 16, 2009) ("there appears to be no reason that their interests would conflict with those of the class").

Here, MTA's interest is clearly aligned with the members of the Class because its claim is identical to the claims of the Class who made long investments in Zuora securities.  There is no evidence of antagonism between MTA's interest and those of proposed Class members. Furthermore, MTA has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss it incurred as a result of the wrongful conduct alleged herein.  These motivations clearly show that MTA will adequately and vigorously pursue the interests of the Class.  In addition, MTA has selected lead counsel that is highly experienced in prosecuting securities class actions to represent himself and the Class in this action.  Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursue active litigation in California's state and federal courts.

**B.     MTA Is Precisely The Type Of Lead Plaintiff Envisioned By The PSLRA**

In addition to satisfying the requirements of Rule 23, MTA – a large, sophisticated institutional investor responsible for managing approximately NZ $300 million in assets – is the type of investor Congress sought to empower to lead securities class actions through the enactment of the PSLRA.  *See In re Versata, Inc., Sec. Litig.*, No. 01-cv-1439-SI, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) ("Congress intended that the lead plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits.'") (internal citation omitted); *see also* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  Further, as set forth in its Declaration, MTA has demonstrated its

1    understanding and willingness to take on the Lead Plaintiff's obligations, as well as its commitment
2    to zealously and efficiently represent the interests of the Class as Lead Plaintiff.

3    **C.   The Court Should Approve MTA's Choice of Lead Counsel.**

4    The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to the
5    Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *accord In re Cavanaugh*, 306 F.3d at 734 n.14.
6    "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would
7    have chosen differently." *Cohen v. U.S. Dist. Ct. for Northern Dist. Of Cal.*, 586 F.3d 703, 711 (9th
8    Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the
9    district court should generally defer to that choice." *Id.* at 712 (citations omitted). Thus, this Court
10   should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the
11   class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

12   MTA has selected Hagens Berman to serve as lead counsel for the Class. Hagens Berman
13   has litigated complex securities fraud actions before this Court (*In re Charles Schwab Secs. Litig.*,
14   No. 3:08-cv-1510-WHA) and has successfully prosecuted many other securities fraud class actions
15   on behalf of injured investors. Smith Decl., Ex. D. After Hagens Berman negotiated two settlements
16   resulting in an 82.1% recovery by California class members in the Schwab case, the Honorable
17   William Alsup commented, "Class counsel did a good job persistently advocating for the best
18   interests of the class members, and obtained a very good result for the class . . . ."

19   If this motion is granted, Hagens Berman will provide members of the Class with the highest
20   caliber of representation available. Accordingly, the Court should approve Movant's selection of
21   lead counsel.

22   **IV.   CONCLUSION**

23   For all of the foregoing reasons, the New Zealand Methodist Trust Association respectfully
24   requests that this Court: (1) appoint Movant to serve as lead plaintiff in this action; (2) approve
25   Movant's selection of Hagens Berman as lead counsel for the Class; and (3) grant such other and

26

27

28

1    further relief as the Court may deem just and proper.

2

3    Dated: August 13, 2019                   Respectfully submitted,

4                                             HAGENS BERMAN SOBOL SHAPIRO LLP

5                                             By:＿＿/s/ Danielle Smith＿＿＿＿＿＿＿＿＿＿＿＿＿
                                              Danielle Smith (291237)
6
                                              Reed R. Kathrein (139304)
7                                             Lucas E. Gilmore (250893)
                                              715 Hearst Avenue, Suite 202
8                                             Berkeley, CA  94710
                                              Telephone: (510) 725-3000
9                                             Facsimile:  (510) 725-3001
                                              reed@hbsslaw.com
10                                            danielles@hbsslaw.com
                                              lucasg@hbsslaw.com
11
                                              Steve W. Berman
12                                            HAGENS BERMAN SOBOL SHAPIRO LLP
13                                            1301 Second Avenue, Suite 2000
                                              Seattle, WA  98101
14                                            Telephone: (206) 623-7292
                                              Facsimile:  (206) 623-0594
15                                            steve@hbsslaw.com

16                                            *Attorneys for [Proposed] Lead Plaintiff*
17                                            *New Zealand Methodist Trust Association*

18

19

20

21

22

23

24

25

26

27

28