POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movants*
*and Proposed Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>Defendants. | Case No.: 3:19-cv-03422-SI<br><br>NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br><u>CLASS ACTION</u><br><br>DATE:  October 4, 2019<br>TIME:  10:00 a.m.<br>JUDGE:  Susan Illston<br>CTRM:  1 - 17th Floor |

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ............................................................................................2

II.     STATEMENT OF FACTS .................................................................................................2

III.    ARGUMENT .....................................................................................................................4

        A.      THE ZUORA INVESTOR GROUP SHOULD BE APPOINTED LEAD
                PLAINTIFF .............................................................................................................4

                1.      The Zuora Investor Group is Willing to Serve as Class Representative ..............5

                2.      The Zuora Investor Group Has the "Largest Financial Interest" ........................5

                3.      The Zuora Investor Group Otherwise Satisfies the Requirements of Rule
                        23 of the Federal Rules of Civil Procedure...........................................................6

                4.      The Zuora Investor Group Will Fairly and Adequately Represent the
                        Interests of the Class and is Not Subject to Unique Defenses .............................9

        B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .........9

IV.     CONCLUSION ..................................................................................................................10

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND
ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armour v. Network Assocs.*,
171 F. Supp. 2d 1044 (N.D. Cal. 2001)...........................................................................................6

*Danis v. USN Communs., Inc.*,
189 F.R.D. 391 (N.D. Ill. 1999) ........................................................................................................7

*Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA,
2007 U.S. Dist. LEXIS 5284 (N.D. Cal. Jan. 9, 2007)..................................................................7

*In re Comverse Tech., Inc., Sec. Litig.*,
2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)...............................................................6

*In re David Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .............................................................................................................7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp.2d 286 (E.D.N.Y. 1998) ...................................................................................................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................................................7

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017)..............................................................7

*In re Vicuron Pharms., Inc. Sec. Litig.*,
225 F.R.D. 508 (E.D. Pa. 2004)........................................................................................................6

*Lax v. First Merch. Acceptance Corp.*,
1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ............................................................5, 6

*Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 20
17 U.S. Dist. LEXIS 184504 (S.D. Cal. Nov. 7, 2017)..................................................................7

*Osher v. Guess ?, Inc.*,
2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...............................................................9

*Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK,
2011 U.S. Dist. LEXIS 16813 (N.D. Cal. Feb. 15, 2011) .............................................................7

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

*Robb v. Fitbit Inc.*, No. 16-cv-00151-SI,
    2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ................................................................ 6

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d 1129 (C.D. Cal. 1999) ............................................................................................ 8

*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) .......................................................................................... 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ............................................................................................... *passim*

**Rules**

Federal Rules of Civil Procedure Rule 23 ......................................................................................... *passim*

Federal Rules of Civil Procedure Rule 42 ............................................................................................... 1

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

# NOTICE OF MOTION

TO:  ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on October 4, 2019, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Susan Illston in Courtroom 1, 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Ahtesham Ahmed ("Ahmed"), Dimitri Nekrassov ("Nekrassov"), and Robert Zweben ("Zweben") (collectively, the "Zuora Investor Group") by and through their counsel, will and do hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order:  (1) appointing the Zuora Investor Group as Lead Plaintiff on behalf of persons and entities that purchased or otherwise acquired Zuora, Inc. ("Zuora" or the "Company") securities between April 12, 2018 and May 30, 2019, inclusive (the "Class Period"); and (2) approving the Zuora Investor Group's selection of Pomerantz LLP ("Pomerantz") and The Rosen Law Firm P.A. ("Rosen") as Co-Lead Counsel for the Class.

In support of this motion, the Zuora Investor Group submits a Memorandum of Points and Authorities, the Declaration of Jennifer Pafiti submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

This motion is made on the grounds that the Zuora Investor Group believes itself to be the most adequate lead plaintiff within the meaning of the PSLRA based on its losses of approximately $26,590, which were suffered as a result of the above-captioned defendants' ("Defendants") wrongful conduct as alleged in the above-captioned action ("Action").  Further, the Zuora Investor Group satisfies the

requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims, and it will fairly and adequately represent the Class.

<u>STATEMENT OF ISSUES</u>

1.     Whether the Zuora Investor Group is the "most adequate plaintiff," pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i), such that it should be approved as the Lead Plaintiff in this securities fraud class action lawsuit.

2.     Whether to also approve the Zuora Investor Group's selection of Co-Lead Counsel, Pomerantz and Rosen, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.     PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The Zuora Investor Group, with losses of approximately $26,590 in connection with its purchases of Zuora securities, has the largest financial interest in the relief sought in this Action to the best of its counsel's knowledge.  *See* Declaration of Jennifer Pafiti, Esq. in Support of Motion of Ahtesham Ahmed, Dimitri Nekrassov, and Robert Zweben for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel ("Pafiti Decl."), Ex. A.  The Zuora Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the Zuora Investor Group respectfully submits that it should be appointed Lead Plaintiff.

## II.     STATEMENT OF FACTS

As the Complaint in this Action alleges ("Complaint"), Zuora is a cloud-based subscription management platform.  *See* Complaint ¶ 2.  Its business consists of three components: Zuora Central

2

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

Platform, a subscription management hub; order-to-revenue products; and an application marketplace. *Id.* Its flagship products are Zuora RevPro ("RevPro"), a revenue recognition automation solution that enables customers to group transactions into revenue contracts and performance obligations, and Zuora Billing, which is designed for subscription billing. *Id.* Zuora acquired RevPro in May 2017 when it acquired Leeyo Software Inc. *Id.*

On May 30, 2019, the Company lowered its fiscal 2020 revenue guidance to a range of $268 million to $278 million, from prior guidance of $289 million to $293.5 million, citing problems integrating RevPro, as well as sales execution problems. *Id.* ¶ 3.

On this news, the Company's share price fell $5.91 per share, nearly 30%, to close at $13.99 per share on May 31, 2019, on unusually heavy trading volume. *Id.* ¶ 4.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 5. Specifically, Defendants failed to disclose to investors: (1) that the Company would focus on implementing RevPro for new customers ahead of the deadline to comply with accounting standard ASC 606; (2) that, as a result, the Company lacked adequate resources to integrate RevPro with the core business; (3) that the Company would focus on RevPro integration a year after the acquisition closed; (4) that delays in integrating RevPro would materially impact the business; (5) that the market for RevPro was limited to customers seeking to implement new accounting standards such as ASC 606; (6) that, after the deadline for ASC 606 compliance passed, demand for RevPro was reasonably likely to decline; and (7) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *Id.* ¶ 6.

## III.    ARGUMENT

### A.    THE ZUORA INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Zuora Investor Group should be appointed Lead Plaintiff because, to its counsel's knowledge, it has the largest financial interest in the Action and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Zuora Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

**1.      The Zuora Investor Group is Willing to Serve as Class Representative**

On June 14, 2019, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the Defendants herein, and advised investors of Zuora securities that they had 60 days—*i.e.*, until August 13, 2019—to file a motion to be appointed as Lead Plaintiff (the "Notice"). *See* Pafiti Decl., Ex. B.

The Zuora Investor Group has filed the instant motion pursuant to the Notice, and has attached Certifications signed by its members—Ahmed, Nekrassov, and Zweben—attesting that the Zuora Investor Group is willing to serve as a representative for the Class, and provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C. Accordingly, the Zuora Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

**2.      The Zuora Investor Group Has the "Largest Financial Interest"**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Zuora Investor Group believes that it has the largest financial interest of any Lead Plaintiff movant based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered) (cited in *Casden v. HPL*

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

*Techs., Inc.*, No. C-02-3510 VRW, 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sep. 29, 2003).[1] The most critical among the *Lax* Factors is the approximate loss suffered. *See, e.g.*, *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *9 (N.D. Cal. May 10, 2016); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1053 (N.D. Cal. 2001).

During the Class Period, the Zuora Investor Group (1) purchased 3,600 shares of Zuora securities; (2) expended $81,103 on its purchases of Zuora securities; (3) retained all of its Zuora shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $26,590 in connection with its purchases of Zuora securities. See Pafiti Decl., Ex. A. Because the Zuora Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    The Zuora Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at \*39 (N.D. Cal. Feb. 15, 2011); *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ((citations omitted) (cited in *Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 U.S. Dist. LEXIS 5284, at \*11 (N.D. Cal. Jan. 9, 2007)); *In re David Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999); *Mandalevy v. BofI Holding, Inc.*, No. 3:17-cv-0667-GPC-KSC, 2017 U.S. Dist. LEXIS 184504, at \*13 (S.D. Cal. Nov. 7, 2017) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ("Their claims are typical of the class because they are identical; that is, their claims are based on the material misrepresentations made by Defendants that artificially inflated BofI's stock price."). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at \*14 (N.D. Cal. Jan. 25, 2017) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of the Zuora Investor Group are typical of those of the Class. The Zuora Investor Group alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning

7

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

Zuora, or omitting to state material facts necessary to make the statements they did make not misleading. The Zuora Investor Group, as did all members of the Class, purchased Zuora securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (quoting *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The Zuora Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the Zuora Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the Zuora Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

**4.    The Zuora Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing the Zuora Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of

adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the Zuora Investor Group to fairly and adequately represent the Class has been discussed above. The Zuora Investor Group is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class. Accordingly, the Zuora Investor Group should be appointed Lead Plaintiff for the Class.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Zuora Investor Group has selected Pomerantz and Rosen as Co-Lead Counsel for the Class.  Pomerantz and Rosen are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in each firm's respective resumes.  *See* Pafiti Decl., Exs. D-E.

9

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

Furthermore, the firms have an extensive history of working together to bring significant recoveries to investors, including *Koopman v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199 (S.D.N.Y.) ($110 million settlement); *Menaldi v. Och-Ziff Capital Management Group LLC*, 1:14-cv-03251 (S.D.N.Y.) ($29 million settlement); and *In re: Galena Biopharma Inc. Sec. Litig.*, 3:14-cv-00367 (D. Or.) ($20 million settlement). *See* Pafiti Decl., Exs. D-E.  As a result of Pomerantz and Rosen's extensive experience in litigation involving issues similar to those raised in this Action, the Zuora Investor Group's counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of Co-Lead Counsel by the Zuora Investor Group, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, the Zuora Investor Group respectfully requests that the Court issue an Order: (1) appointing the Zuora Investor Group as Lead Plaintiff for the Class; and (2) approving Pomerantz and Rosen as Co-Lead Counsel.

Dated:  August 13, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
E-mail: jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)

10

NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice* application forthcoming)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movants and*
*Proposed Co-Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Movants*

11
NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI

**PROOF OF SERVICE**

I hereby certify that on August 13, 2019, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/Jennifer Pafiti*
Jennifer Pafiti

12
NOTICE OF MOTION AND MOTION OF AHTESHAM AHMED, DIMITRI NEKRASSOV, AND ROBERT ZWEBEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3:19-cv-03422-SI