Reed R. Kathrein (139304)
Danielle Smith (291237)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
danielles@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for [Proposed] Lead Plaintiff*
*New Zealand Methodist Trust Association*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, Individually and On Behalf Of All Other Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>Defendants. | No. 3:19-cv-03422-SI<br><br>**NEW ZEALAND METHODIST TRUST ASSOCIATION'S RESPONSE IN OPPOSITION TO COMPETING MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>Date:         October 4, 2019<br>Time:         10:00 a.m.<br>Courtroom:  1, 17th Floor<br>Judge:        Hon. Susan Illston<br><br>CLASS ACTION |

010837-11 1184058 V1

## I.    INTRODUCTION

Two motions for appointment as lead plaintiff are pending before this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]  One movant stands above all as the "most adequate plaintiff," MTA.  15 U.S.C. § 78u-4(a)(3)(B)(i).[2]

*First*, MTA's financial interest is multiples larger than any other movant—and is larger than all other movants combined.[3]



| | |
|---|---|
| $800,000 | |
| $700,000 | |
| $600,000 | $713,276 |
| $500,000 | |
| $400,000 | |
| $300,000 | |
| $200,000 | |
| $100,000 | $90,711 |
| $0 | |

Movants' Losses

■ MTA   ■ Krauseneck

*Second*, MTA has made a *prima facie* showing of its typicality and adequacy.  Here, MTA's claims are typical because, like other class members, they raise the common question of whether Defendants made material misrepresentations that artificially inflated the company's stock price. Moreover, MTA has demonstrated its adequacy given its significant financial stake and ability to zealously prosecute the class's claims.

---

[1] The two remaining movants are: (1) New Zealand Methodist Trust Association and (2) Kyle J. Krauseneck ("Krauseneck").  Pierre Kohler and the Zoura Investor Group withdrew their motions.  ECF Nos. 41, 49.  Danish Parbtani, Derek Selanders, and the City of Fort Lauderdale Police & Fire Retirement System submitted notices of non-opposition to the competing lead plaintiff motions.  ECF Nos. 47, 48, 50.

[2] All capitalized terms are defined in MTA's initial brief, unless otherwise indicated.  *See* ECF No. 26.

[3] *See* ECF Nos. 26, 12, 31, 37, respectively.

MTA'S RESP. IN OPP. TO COMP. MOTION FOR APPT. OF LEAD PL. AND
APPROVAL OF SELECTION OF LEAD COUNSEL                                                                    - 1
3:19-cv-03422-SI

010837-11 1184058 V1

Having satisfied these two steps, MTA is entitled to a strong presumption that it is the "most adequate plaintiff." That presumption can only be rebutted "upon proof" that MTA is inadequate or atypical. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that MTA is somehow unfit to represent the Class. To the contrary, as a sophisticated institutional investor, MTA is precisely the Lead Plaintiff Congress envisioned. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Accordingly, the Court should appoint MTA Lead Plaintiff and approve its choice of counsel.

## II.      ARGUMENT

### A.      MTA Is the Most Adequate Plaintiff

The PSLRA creates a presumption that the lead plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The movant that has the largest financial interest need only make a prima facie showing that it satisfies Rule 23's typicality and adequacy requirements. *Hessefort v. Super Micro Computer, Inc*., 317 F. Supp. 3d 1056, 1061 (N.D. Cal. 2018). Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 732 (presumption triggered even if the district court believes another movant may be "more typical, [] more adequate . . . [or] would do a better job").

### 1.      MTA Has the Largest Financial Interest in the Relief Sought By the Class

MTA has the largest financial interest in the relief sought by the Class by a wide margin. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Consistent with Ninth Circuit precedent, this Court equates financial interest with financial loss. *See, e.g., Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [they are] entitled to lead plaintiff status . . . ."); *Monachelli v. Hortonworks, Inc*., No. 3:16-cv-00980-SI, 2016 WL 3078867,

at *2 (N.D. Cal. June 1, 2016) (Illston, J.) (appointing investor as lead plaintiff based on size of investor's loss).

As set forth above, MTA's loss is multiples larger than the loss claimed by every other lead plaintiff movant. In fact, MTA's loss is larger than all of the other movants' losses combined. As such, MTA has the "largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    MTA Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, MTA also satisfies the typicality and adequacy requirements of Rule 23. As demonstrated in MTA's moving papers, MTA is a typical class representative. *See* ECF No. 26. Here, like all other Class members, MTA: (1) purchased Zuora shares during the Class Period; (2) at prices artificially inflated by Defendants' materially false and misleading statements; and (3) was harmed when the truth was revealed. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc*., No. 5:12-CV-06039-LHK, 2013 WL 2368059, at *4 (N.D. Cal. May 29, 2013) (finding typicality requirement met when proposed lead plaintiff "purchased [the defendant's] common stock during the class period, allegedly in reliance upon [the d]efendants' purported false and misleading statements" and incurred harm as a result). As such, MTA is a typical Class representative.

MTA similarly satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a)(4). MTA has a substantial financial stake in the litigation as well as the incentive and ability to vigorously represent the Class' claims. Further, MTA's interests are perfectly aligned with those of other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between MTA and other Class members.

In fact, MTA is the exact type of lead plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of

representation in securities class actions"). Numerous courts, including those in this District, have recognized that the PSLRA favors appointing institutional investors like MTA as Lead Plaintiff. *See e.g., In re SiRF Tech. Holdings, Inc. Sec. Litig*., No. 3:08-cv-0856-MMC, 2008 WL 2220601, at *3 (N.D. Cal. May 27, 2008) ("by enacting the PSLRA, Congress sought to increase the participation of institutional investors in securities class actions").

To overcome the strong presumption of appointing MTA as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, no such proof exists in this case and there can be no credible arguments to the contrary.

**B.      MTA Selected Well-Qualified Lead Counsel To Represent The Class**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). In making this determination, the PSLRA states that a court is not to disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Hagens Berman is one of the leading securities class action law firms in the country and has an established track record obtaining successful recoveries for investors in securities class actions, including within this District. *See e.g*., *In re Charles Schwab Corp. Securities Litigation*, Case No. 3:08-1510-WHA (N.D. Cal.) ($235 class recovery). More recently, in *Ciuffitelli et al. v. Deloitte & Touche LLP et al*., Case No. 3:16-cv-00580 (D. Or.), the Firm, on behalf of investors in the now-defunct Aequitas Management LLC, recently obtained a unified $234 million settlement with defendants accused of aiding the investment firm's Ponzi scheme. The recovery, which represents the largest settlement in a securities case in Oregon history, is extraordinary in that the class's total recovery will exceed, on a gross basis, its total out-of-pocket loss. Accordingly, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.

## III.   CONCLUSION

For the reasons discussed above, MTA respectfully requests that the Court appoint it Lead Plaintiff and approve its selection of Hagens Berman as Lead Counsel for the Class.


Dated: August 27, 2019                    Respectfully submitted,

                                          HAGENS BERMAN SOBOL SHAPIRO LLP

                                          By:     /s/ *Danielle Smith*
                                          Danielle Smith (291237)
                                          Reed R. Kathrein (139304)
                                          Lucas E. Gilmore (250893)
                                          715 Hearst Avenue, Suite 202
                                          Berkeley, CA  94710
                                          Telephone: (510) 725-3000
                                          Facsimile:  (510) 725-3001
                                          reed@hbsslaw.com
                                          danielles@hbsslaw.com
                                          lucasg@hbsslaw.com

                                          Steve W. Berman (admitted *Pro Hac Vice*)
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          1301 Second Avenue, Suite 2000
                                          Seattle, WA  98101
                                          Telephone: (206) 623-7292
                                          Facsimile:  (206) 623-0594
                                          steve@hbsslaw.com

                                          *Attorneys for [Proposed] Lead Plaintiff*
                                          *New Zealand Methodist Trust Association*

MTA'S RESP. IN OPP. TO COMP. MOTION FOR APPT. OF LEAD PL. AND
APPROVAL OF SELECTION OF LEAD COUNSEL                                      - 5
3:19-cv-03422-SI

010837-11 1184058 V1