UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, Individually and On Behalf Of All Other Similarly Situated<br><br>                              Plaintiff,<br><br>     v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                              Defendants. | No. 3:19-cv-03422-SI<br><br>[~~PROPOSED~~] **ORDER GRANTING MOTION OF THE NEW ZEALAND METHODIST TRUST ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL (AS AMENDED)**<br><br>Date:            October 4, 2019<br>Time:           10:00 a.m.<br>Courtroom:   1, 17th Floor<br>Judge:          Hon. Susan Illston<br><br>ORAL ARGUMENT REQUESTED |

010837-11 1185463 V1

1  On August 13, 2019, New Zealand Methodist Trust Association ("Movant" or "MTA") filed a motion for appointment as lead plaintiff and approval of MTA's selection of the law firm of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as lead counsel, stating that MTA had suffered financial losses of over $700,000 in connection with MTA's purchases of the securities of Zuora, Inc. ("Zuora" or the "Company") between April 12, 2018 and May 30, 2019, inclusive (the "Class Period"). ECF No. 26. That same day, six other competing movants filed similar motions, claiming to have suffered lesser investment losses than MTA during the Class Period: (1) Kyle J. Krauseneck; (2) City of Fort Lauderdale Police & Fire Retirement System; (3) Danish Parbtani; (4) Ahtesham Ahmed, Dimitri Nekrassov and Robert Zweben ("Zuora Investor Group"); (5) Pierre Kohler; and (6) Derek Selanders. ECF Nos. 12, 17, 20, 23, 31, 37.

Therafter, competing movants Kohler and the Zoura Investor Group withdrew their respective motions. ECF Nos. 41, 49. Competing movants Parbtani, Selanders, the City of Fort Lauderdale Police & Fire Retirement System, and Krauseneck submitted notices of non-opposition to the competing lead plaintiff motions. ECF Nos. 47, 48, 50, 52.

Accordingly, with there being no opposition to MTA's Motion for Appointment as Lead Plaintiff and Approval of Counsel, and with good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Court hereby appoints the New Zealand Methodist Trust Association as Lead Plaintiff in this action. MTA satisfies the requirements for lead plaintiff appointment under the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act;

2. Lead Plaintiff has selected and retained Hagens Berman Sobol Shapiro LLP as Lead Counsel, and the Court approves Lead Plaintiff's selection;

3. Lead Counsel shall have the following responsibilities and duties:

    a. to coordinate the briefing and argument of motions;

    b. to coordinate the conduct of discovery proceedings;

        c.        to coordinate the examination of witnesses in depositions;

        d.        to coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

        e.        to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

        f.        to coordinate all settlement negotiations with counsel for defendants;

        g.        to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

        h.        to supervise any other matters concerning the prosecution, resolution or settlement of this action.

4.    No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs. No settlement negotiations shall be conducted without the approval of Lead Counsel;

5.    Lead Counsel shall have the responsibility of receiving and disseminating Court orders and notices;

6.    Defendants may effect service of papers on plaintiffs by filing such papers with the Court's CM/ECF system.

**7.**    Any party which intends to or may move the Court for attorneys' fees must keep accurate, verifiable and contemporaneous records of time spent and tasks performed.

**8.**    Within two weeks of the date of this Order, the parties shall meet and confer and submit to the Court a mutually agreeable schedule for the filing of a consolidated amended complaint and Defendants' responses thereto. See Dkt Nos. 10, 42.

IT IS SO ORDERED.

DATED: Sept. 9, 2019

THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING NEW ZEALAND METHODIST TRUST ASSO. MOTION FOR APPT. AS LEAD PL., AND APPROVAL OF SELECTION OF LEAD COUNSEL
Case No.: 3:19-cv-03422-SI
010837-11 1185463 V1

1   September 3, 2019

2   Respectfully submitted,

3   */s/ Danielle Smith*
     Danielle Smith (291237)

4

5   Reed R. Kathrein (139304)
     Lucas E. Gilmore (250893)
     HAGENS BERMAN SOBOL SHAPIRO LLP
6   715 Hearst Ave., Suite 202
     Berkeley, CA 94710
7   Telephone: (510) 725-3000
     Facsimile: (510) 725-3001
8   reed@hbsslaw.com
     danielles@hbsslaw.com
9   lucasg@hbsslaw.com

10  Steve W. Berman
     HAGENS BERMAN SOBOLS SHAPIRO LLP
11  1301 Second Avenue, Suite 2000
     Seattle, WA 98101
12  Telephone: (206) 623-7292
     Facsimile: (206) 623-0594
13  steve@hbsslaw.com

14  *Attorneys for [Proposed] Lead Plaintiff*
     *New Zealand Methodist Trust Association*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING NEW ZEALAND METHODIST TRUST ASSO. MOTION FOR APPT. AS LEAD PL., AND APPROVAL OF SELECTION OF LEAD COUNSEL
Case No.: 3:19-cv-03422-SI
010837-11 1185463 V1