SUSAN SAMUELS MUCK (CSB No. 126930)
smuck@fenwick.com
CATHERINE KEVANE (CSB No. 215501)
ckevane@fenwick.com
KATHERINE A. MARSHALL (CSB No. 327042)
kmarshall@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for Defendants Zuora, Inc.,
Tien Tzuo, and Tyler Sloat

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZUORA, INC., TIEN TZUO, and TYLER SLOAT, <br><br> Defendants. | Case No.: 3:19-cv-03422-SI <br><br> **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** <br><br> Date:     April 3, 2020 <br> Time:     10:00 a.m. <br> Dept.:    Courtroom 1, 17th Floor <br> Judge:   Hon. Susan Illston <br><br> Date Action Filed:  June 14, 2019 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Defendants Zuora, Inc. ("Zuora" or the "Company"), Tien Tzuo, and Tyler Sloat ("defendants") hereby request that the Court consider the following documents, attached as **Exhibits A through V** to the accompanying Declaration of Katherine A. Marshall ("Marshall Declaration"), in connection with their motion to dismiss the Consolidated Amended Class Action Complaint ("CAC"). **Exhibits A through K** and **N through U** are subject to the "incorporation by reference" doctrine, because each such document is expressly referred to, relied on, or quoted in the CAC. In addition, all documents attached as exhibits to the Marshall Declaration are subject to judicial notice pursuant to Rule 201 of the Federal Rules of Evidence, because they: (i) are public documents filed with the U.S. Securities and Exchange Commission (**Exhibits B**, **C**, **D**, **E**, **F**, **G**, **H**, **I**, **J**, **K**, **L**, **M**, and **V**); and/or (ii) are press releases or public comments issued by Zuora and/or its officers, and may be judicially noticed to determine what information was disclosed to the public (**Exhibits A**, **G**, **H**, **I**, **J**, **K**, **L**, **M**, **N**, **O**, **P**, **Q**, **R**, **S**, **T**, and **U**). The documents to be considered are:

1. A transcript of Zuora's Q1 2020 earnings conference call, dated May 30, 2019, which is referred to and quoted in the CAC. The transcript is attached as **Exhibit A** to the Marshall Declaration.

2. Amendment No. 2 to Zuora's Registration Statement on Form S-1, which was filed with the SEC on April 10, 2018, and which is referred to and quoted in the CAC. This document is attached as **Exhibit B** to the Marshall Declaration.

3. Excerpts of Zuora's Quarterly Report on Form 10-Q for the quarterly period ending April 30, 2018, which was filed with the SEC on June 13, 2018, and which is referred to and quoted in the CAC. Those excerpts are attached as **Exhibit C** to the Marshall Declaration.

4. Excerpts of Zuora's Quarterly Report on Form 10-Q for the quarterly period ending July 31, 2018, which was filed with the SEC on September 12, 2018, and which is referred to and quoted in the CAC. Those excerpts are attached as **Exhibit D** to the Marshall Declaration.

5. Excerpts of Zuora's Quarterly Report on Form 10-Q for the quarterly period ending October 31, 2018, which was filed with the SEC on December 13, 2018, and which is referred to and quoted in the CAC. Those excerpts are attached as **Exhibit E** to the Marshall

FENWICK & WEST LLP
ATTORNEYS AT LAW

Declaration.

6.      Excerpts of Zuora's Annual Report on Form 10-K for the fiscal year ending January 31, 2019, which was filed with the SEC on April 18, 2019, and which is referred to and quoted in the CAC.  Those excerpts are attached as **Exhibit F** to the Marshall Declaration.

7.      Zuora's press release titled, "Zuora Delivers Strong First Quarter Fiscal 2019 Results," which was filed with the SEC as an exhibit to Form 8-K on May 31, 2018, and which is referred to and quoted in the CAC.  The press release is attached as **Exhibit G** to the Marshall Declaration.

8.      Zuora's press release titled, "Zuora Reports Record Second Quarter Fiscal 2019 Results," which was filed with the SEC as an exhibit to Form 8-K on August 30, 2018, and which is referred to and quoted in the CAC.  The press release is attached as **Exhibit H** to the Marshall Declaration.

9.      Zuora's press release titled, "Zuora Reports Record Third Quarter Fiscal 2019 Results," which was filed with the SEC as an exhibit to Form 8-K on November 29, 2018, and which is referred to and quoted in the CAC.  The press release is attached as **Exhibit I** to the Marshall Declaration.

10.      Zuora's press release titled, "Zuora Reports Record Fourth Quarter and Full Year Fiscal 2019 Results," which was filed with the SEC as an exhibit to Form 8-K on March 21, 2019, and which is referred to and quoted in the CAC.  The press release is attached as **Exhibit J** to the Marshall Declaration.

11.      Zuora's press release titled, "Zuora Reports First Quarter Fiscal 2020 Results," which was filed with the SEC as an exhibit to Form 8-K on May 30, 2019, and which is referred to in the CAC.  The press release is attached as **Exhibit K** to the Marshall Declaration.

12.      Zuora's press release titled, "Zuora Reports Second Quarter Fiscal 2020 Results," which was filed with the SEC as an exhibit to Form 8-K on August 28, 2019.  The press release is attached as **Exhibit L** to the Marshall Declaration.

13.      Zuora's press release titled, "Zuora Reports Third Quarter Fiscal 2020 Results," which was filed with the SEC as an exhibit to Form 8-K on December 5, 2019.  The press release

Fenwick & West LLP
Attorneys at Law

is attached as **Exhibit M** to the Marshall Declaration.

14.    A transcript of Zuora's Q1 2019 earnings conference call, dated May 31, 2018, which is referred to and quoted in the CAC.  The transcript is attached as **Exhibit N** to the Marshall Declaration.

15.    A transcript of statements by Tyler Sloat, Chief Financial Officer of Zuora, at the Needham Growth Conference on January 15, 2019, which is referred to and quoted in the CAC. The transcript is attached as **Exhibit O** to the Marshall Declaration.

16.    A transcript of Zuora's Q4 2019 earnings conference call, dated March 21, 2019, which is referred to and quoted in the CAC.  The transcript is attached as **Exhibit P** to the Marshall Declaration.

17.    A transcript of Zuora's Q2 2019 earnings conference call, dated August 30, 2018, which is referred to and quoted in the CAC.  The transcript is attached as **Exhibit Q** to the Marshall Declaration.

18.    A transcript of Zuora's Q3 2019 earnings conference call, dated November 29, 2018, which is referred to and quoted in the CAC.  The transcript is attached as **Exhibit R** to the Marshall Declaration.

19.    A transcript of statements by Tien Tzuo, Chief Executive Officer of Zuora, at the Goldman Sachs Technology & Internet Conference on February 13, 2019, which is referred to and quoted in the CAC.  The transcript is attached as **Exhibit S** to the Marshall Declaration.

20.    A transcript of statements by Mr. Sloat at the Morgan Stanley Technology, Media & Telecom Conference on February 26, 2019, which is referred to and quoted in the CAC.  The transcript is attached as **Exhibit T** to the Marshall Declaration.

21.    A transcript of statements by Mr. Tzuo at the Subscribed 2019 Conference on June 5, 2019, which is referred to and quoted in the CAC.  The transcript is attached as **Exhibit U** to the Marshall Declaration.

22.    Form 4 filings for Mr. Sloat, which were filed with the SEC from September 7, 2018, to April 1, 2019.  Those filings are attached as **Exhibit V** to the Marshall Declaration.

**MATERIALS QUOTED, REFERENCED, AND RELIED ON BY THE CAC**

The CAC purports to quote, refer to, and rely on **Exhibits A through K** and **N through U** of the Marshall Declaration. The incorporation-by-reference doctrine allows the Court to consider such documents, whether or not they are judicially noticeable, especially where, as here, plaintiff refers extensively to those documents and the documents form the basis of its claims. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012).

A court should consider the full text of such documents, even when the complaint relies on selected portions. *See, e.g.*, *Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018), *cert denied*, 139 S. Ct. 2615 (2019) (citing cases and noting that the doctrine of incorporation by reference prevents plaintiff from omitting "documents that weaken—or doom—their claims" in favor of only those that support them); *Osher v. JNI Corp.*, 308 F. Supp. 2d. 1168, 1186 (S.D. Cal. 2004), *aff'd in relevant part*, 183 F. App'x 604 (9th Cir. 2006) (considering full document, not only portion plaintiffs "selectively quote"); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (noting that incorporation by reference remains appropriate "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685344, at *5 n.4 (N.D. Cal. Mar. 2, 2012) ("Where a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim."); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (Where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered."). Indeed, under the strict pleading rules of PSLRA, all reasonable inferences – including those adverse to plaintiff's theory – both ***can and must*** be considered when weighing the legal sufficiency of a complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 328 (2007); *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002).

FENWICK & WEST LLP
ATTORNEYS AT LAW

**SEC FILINGS**

In addition to their required consideration under the incorporation-by-reference doctrine, the Court may consider **Exhibits B**, **C**, **D**, **E**, **F**, **G**, **H**, **I**, **J**, **K**, **L**, **M**, and **V** for the additional reason that they are all subject to judicial notice pursuant to Fed. R. Evid. 201.  Each of these exhibits is a public document filed with the SEC.  Courts routinely take judicial notice of such documents, especially when deciding a motion to dismiss in cases alleging violations of the federal securities laws.  *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *Equinix*, 2012 WL 685344, at *5 n.4; *In re Bare Escentuals*, 745 F. Supp. 2d at 1067.  Judicial notice of SEC filings is proper regardless of whether the filings are referenced in the complaint or filed with the SEC outside the alleged class period.  *In re Hansen Natural Corp. Sec. Litig.*, 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005).

**PRESS RELEASES, PUBLIC COMMENTS, AND ANALYST REPORTS**

In addition to all the foregoing reasons, in securities cases where plaintiffs allege that the so-called "fraud on the market" doctrine is applicable, courts may take judicial notice of publicly available information about a company, such as press releases (**Exhibits G**, **H**, **I**, **J**, **K**, **L**, and **M**) and earnings conference call and investor forum transcripts (**Exhibits A**, **N**, **O**, **P**, **Q**, **R**, **S**, **T**, and **U**).  *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (judicial notice of news articles); *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (judicial notice of defendant's SEC filings and public comments and analyst reports to "determin[e] what information was disclosed to the public"); *In re Fusion-io, Inc. Sec. Litig.*, 2015 WL 661869, at *9 (N.D. Cal. Feb. 12, 2015) (judicial notice of defendant's quarterly earnings calls proper); *City of Royal Oak Ret. Sys.*, 880 F. Supp. 2d at 1058-59 (judicial notice of defendant's SEC filings and earnings call transcripts); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) (judicial notice of news reports, analyst reports, and press releases to "show 'that the market was aware of the information contained in news articles'") (quoting *Heliotrope*, 189 F.3d at 981 n.18).

\* \* \*

For the reasons set forth above, defendants respectfully request that the Court take judicial notice of **Exhibits A through V** of the Marshall Declaration.

Dated:    January 22, 2020                                  Respectfully submitted,

                                                           FENWICK & WEST LLP

                                                           By: /s/ *Susan S. Muck*
                                                                  Susan S. Muck

                                                           Attorneys for Defendants Zuora, Inc., Tien
                                                           Tzuo, and Tyler Sloat

FENWICK & WEST LLP
ATTORNEYS AT LAW