SUSAN SAMUELS MUCK (CSB No. 126930)
smuck@fenwick.com
CATHERINE KEVANE (CSB No. 215501)
ckevane@fenwick.com
KATHERINE A. MARSHALL (CSB No. 327042)
kmarshall@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Attorneys for Defendants Zuora, Inc.,
Tien Tzuo, and Tyler Sloat

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>Defendants. | Case No.: 3:19-cv-03422-SI<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     April 3, 2020<br>Time:     10:00 a.m.<br>Dept.:     Courtroom 1, 17th Floor<br>Judge:     Hon. Susan Illston<br><br>Date Action Filed:  June 14, 2019 |

FENWICK & WEST LLP
ATTORNEYS AT LAW

[PROPOSED] ORDER GRANTING MOTION TO DISMISS CAC

Case No.: 3:19-cv-03422-SI

The motion of defendants Zuora, Inc. ("Zuora"), Tien Tzuo, and Tyler Sloat (collectively, "defendants") to dismiss plaintiff's Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "CAC") came on regularly for hearing before the Court on April 3, 2020.  The parties were represented by their respective counsel of record.

After considering the papers submitted by the parties and the argument of counsel, the Court finds that plaintiff has not alleged facts sufficient to state a claim for violation of Section 10(b) or Section 20(a) of the Securities Exchange Act of 1934.  The Court holds that:

1. Plaintiff has failed to sufficiently allege that any challenged statement was false or misleading when made;

2. The forward-looking statements challenged in the CAC are not actionable because they fall under the PSLRA's "safe harbor" for forward-looking statements or the bespeaks caution doctrine;

3. The statements of corporate optimism challenged in the CAC are not actionable;

4. Plaintiff has failed to plead particularized facts raising a strong inference of scienter as to any defendant; and

5. Plaintiff has not pleaded a claim for control person liability under Section 20(a) because the CAC does not plead an underlying violation of Section 10(b).

Court further finds that the allegations in the CAC are not only irreconcilable with Zuora's disclosures, which warned about risks that could affect Zuora's actual results, including risks related to the deployment of products and sales execution, but also fail because plaintiff does not offer any facts, witnesses, or documents to support its scienter theory.  While leave to amend is liberally granted, this is not a case where such defects appear capable of being cured by more pleading.  Thus, it is HEREBY ORDERED that defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED and the CAC is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:_____          _____
                                          The Honorable Susan Illston
                                          United States District Court Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW