1   SUSAN S. MUCK (CSB No. 126930)
    smuck@fenwick.com
2   CATHERINE KEVANE (CSB No. 215501)
    ckevane@fenwick.com
3   KATHERINE MARSHALL (CSB No. 327042)
    kmarshall@fenwick.com
4   FENWICK & WEST LLP
    555 California Street, 12th Floor
5   San Francisco, CA  94104
    Telephone:     415.875.2300
6   Facsimile:     415.281.1350

7   Attorneys for Defendants
    ZUORA, INC., TIEN TZUO, and TYLER SLOAT
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13   CASEY ROBERTS, Individually and on Behalf     Case No.: 3:19-cv-03422-SI
     of All Others Similarly Situated,
14                                                 **ANSWER OF DEFENDANTS ZUORA,**
                    Plaintiff,                      **INC., TIEN TZUO AND TYLER**
15                                                 **SLOAT TO THE CONSOLIDATED**
                                                   **AMENDED CLASS ACTION**
16          v.                                     **COMPLAINT FOR VIOLATIONS OF**
                                                   **THE FEDERAL SECURITIES LAWS**
17   ZUORA, INC., TIEN TZUO, and TYLER
     SLOAT,                                        Filed:      June 14, 2019
18
                    Defendant.
19

20

21

22

23

24

25

26

27

28

DEFS.' ANSWER TO CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT                                    Case No.: 3:19-cv-03422-SI

Defendants Zuora, Inc. ("Zuora" or "the Company"), Tien Tzuo, and Tyler Sloat (collectively with Zuora, the "Defendants"), hereby answer Plaintiff's Consolidated Amended Class Action Complaint ("CAC").

Except as expressly admitted herein, Defendants deny the allegations set forth in the CAC. Paragraph numbers in this Answer and the responses contained herein correspond and respond to the allegations in the like-numbered paragraphs of the CAC.  To the extent the paragraphs in the CAC are grouped under headings and sub-headings, Defendants respond generally that such headings and sub-headings (which are not repeated below) state unsupported legal conclusions as to which no response is required.  To the extent a response is necessary, Defendants deny each heading and sub-heading in the CAC and incorporate by reference this response in each paragraph below as if fully set forth therein.  To the extent Defendants respond that a document speaks for itself, such an assertion shall not be deemed to be an admission that the contents of any such document are truthful, accurate or complete.  Any allegations contained in the CAC that state a legal conclusion do not require a response and, to the extent that any response is required, such allegations are denied.  Defendants generally deny any averments in the CAC's unnumbered paragraphs, footnotes, and prayer for relief.  Defendants deny any characterization, including bolding, italics or paraphrasing of any alleged statement or that is not a quote of the actual complete statements in context.

Subject to the foregoing, Defendants answer as follows

1.      Defendants deny each and every allegation in Paragraph 1 of the CAC.

2.      In response to the first and third sentences of Paragraph 2 of the CAC, Defendants admit that Plaintiff purports to characterize and paraphrase selectively and out of context statements made in Zuora's Prospectus filed on April 12, 2018 in connection with Zuora's Initial Public Offering ("the Prospectus") and Amendment No. 2 to Zuora, Inc.'s Registration Statement on Form S-1 ("the Registration Statement"), and that the full Prospectus and Registration Statement and statements therein speak for themselves.  In response to the second sentence of Paragraph 2 of the CAC, Defendants admit that, as disclosed in Zuora's Registration Statement, Zuora coined the term "Subscription Economy."  Defendants further admit in response to the

third sentence of Paragraph 2 of the CAC that Plaintiff purports to characterize and paraphrase selectively and out of context statements made in Zuora's Prospectus and Registration Statement, and that the full Prospectus and Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 2 of the CAC.

3.      In response to Paragraph 3 of the CAC, Defendants admit that Zuora described its products in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 3 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 3 of the CAC.

4.      In response to the first, third, and fourth sentences of Paragraph 4 of the CAC, Defendants admit that Zuora described Zuora Billing and Zuora RevPro in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 4 of the CAC that Plaintiffs purport to characterize, paraphrase, and quote those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  In response to the second sentence of Paragraph 4 of the CAC, Defendants admit that Zuora announced its acquisition of Leeyo Software, Inc. on May 10, 2017.  In response to the fifth sentence of Paragraph 4 of the CAC, Defendants admit that for the fiscal years 2016, 2017, 2018, 2019, and 2020, the annual revenue from the Subscription business segment represented over 70% of Zuora's total annual revenue.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 4 of the CAC.

5.      Defendants deny each and every allegation in Paragraph 5 of the CAC.

6.      Defendants deny each and every allegation in Paragraph 6 of the CAC.

7.      Defendants deny each and every allegation in Paragraph 7 of the CAC.

8.      Defendants deny each and every allegation in Paragraph 8 of the CAC.

9.      Defendants deny each and every allegation in the first sentence of Paragraph 9 of the CAC.  In response to the second sentence of Paragraph 9 of the CAC, Defendants admit that

FENWICK & WEST LLP
ATTORNEYS AT LAW

Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's website and in Zuora's Registration Statement, and that the full website and Registration Statement and statements therein speak for themselves.  In response to the third sentence of Paragraph 9 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on a May 31, 2018 earnings call and made in Zuora's Registration Statement, and that the full transcript of the earnings call and Registration Statement and the statements therein speak for themselves.  In response to the fourth sentence of Paragraph 9 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  In response to the fifth sentence of Paragraph 9 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Annual Report on Form 10-K for the fiscal year ended January 31, 2019 ("the 2020 10-K"), and that the full annual report and statements therein speak for themselves.  In response to the sixth sentence of Paragraph 9 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's November 29, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 9 of the CAC.

10.     In response to the first sentence of Paragraph 10 of the CAC, Defendants admit that Zuora sold 12.65 million shares of common stock to the public at a price of $14.00 per share. In response to the second sentence of Paragraph 10 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Jim Cramer of CNBC's Mad Money in an interview dated April 24, 2019, and that the full interview and statements therein speak for themselves.  In response to the third sentence of Paragraph 10 of the CAC, Defendants aver that the allegations constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of public record and which

1   speak for themselves.  Except as so expressly admitted, Defendants deny each and every

2   allegation in Paragraph 10 of the CAC.

3         11.     In response to Paragraph 11 of the CAC, Defendants deny each and every

4   allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph

5   11 of the CAC, Defendants admit that Mr. Sloat caused to be publicly reported certain stock sales

6   on Forms 4, which documents speak for themselves, and further admit that Mr. Sloat was an

7   investor in Zuora.  In response to the third and fourth sentences of Paragraph 11 of the CAC,

8   Defendants admit that Mr. Diouane caused to be publicly reported certain stock sales on Forms 4,

9   which documents speak for themselves, and further admit that Mr. Diouane was an investor in

10  Zuora.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph

11  11 of the CAC.

12        12.     In response to Paragraph 12 of the CAC, Defendants admit that Plaintiff purports

13  to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

14  May 30, 2019 earnings call, and that the full transcript of that earnings call and statements therein

15  speak for themselves.  Except as so expressly admitted, Defendants deny each and every

16  allegation in Paragraph 12 of the CAC.

17        13.     In response to Paragraph 13 of the CAC, Defendants admit that Plaintiff purports

18  to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

19  May 30, 2019 earnings call, and that the full transcript of that earnings call and statements therein

20  speak for themselves.  Except as so expressly admitted, Defendants deny each and every

21  allegation in Paragraph 13 of the CAC.

22        14.     Defendants deny each and every allegation in the first sentence of Paragraph 14 of

23  the CAC.  In response to the second sentence of Paragraph 14 of the CAC, Defendants admit that

24  Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements

25  made on Zuora' May 30, 2019 earnings call, and that the full transcript of that earnings call and

26  statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each

27  and every allegation in Paragraph 14 of the CAC.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

15. In response to Paragraph 15 of the CAC and the chart therein, Defendants aver that allegations constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly stated, Defendants deny each and every allegation in Paragraph 15 of the CAC.

16. Defendants deny each and every allegation in the first, fourth, and fifth sentences of Paragraph 16 of the CAC. With respect to the second sentence of Paragraph 16 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo in a June 9, 2019 investor session, and that the full transcript of that investor session and statements therein speak for themselves. With respect to the third sentence of Paragraph 16 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in an October 19, 2019 blog post on Zuora's blog, and that the full blog post and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 16 of the CAC.

17. Defendants deny each and every allegation in Paragraph 17 of the CAC.

18. In response to Paragraph 18 of the CAC, Defendants admit that Plaintiff purports to bring this action pursuant to Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 18 of the CAC.

19. Defendants admit the allegations in Paragraph 19 of the CAC.

20. In response to Paragraph 20 of the CAC, Defendants admit that venue for this action is proper in the Northern District of California. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 20 of the CAC.

21. Defendants deny each and every allegation in Paragraph 21 of the CAC.

22. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the CAC, and on that basis deny each and every allegation therein.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

23. In response to the first sentence of Paragraph 23 of the CAC, Defendants admit that Zuora is a corporation organized under the laws of Delaware with its headquarters at 101 Redwood Shores Parkway, Redwood City, California 94065.  In response to the second sentence of Paragraph 23 of the CAC, Defendants admit that Zuora has offices in Redwood City, Atlanta, Beijing, Boston, Chennai, Denver, Frisco, Tokyo, London, Melbourne, Milan, Munich, New York, Paris, San Diego, San Francisco, Stockholm, and Sydney.  In response to the third sentence of Paragraph 23 of the CAC, Defendants admit that as of January 31, 2020, the Company had approximately 1,249 employees and 624 customers with annual contract value above $100,000, and that the Company's customers have included Caterpillar, the Financial Times, HBO, Ford, and General Motors.  In response to the fourth sentence of Paragraph 23 of the CAC, Defendants admit that Zuora's stock trades on the New York Stock Exchange.  In response to the fifth sentence of Paragraph 23 of the CAC, Defendants admit that, as of May 30, 2019, the Company had approximately 108.8 million shares outstanding.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 23 of the CAC.

24. In response to the first sentence of Paragraph 24 of the CAC, Defendants admit that Tien Tzuo is the Chief Executive Officer and Chairman of the Board of Directors of Zuora, and that Mr. Tzuo is one of the founders of Zuora.  In response to the second, third, and fourth sentences of Paragraph 24 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's website, and that the full website and statements therein speak for themselves.  Defendants deny each and every allegation in the fifth, sixth, eighth, ninth, and tenth sentences of Paragraph 24 of the CAC.  In response to the seventh sentence of Paragraph 24 of the CAC, Defendants admit that Mr. Tzuo signed Amendment No. 2 to Zuora's Form S-1 Registration Statement filed on April 10, 2018 in connection with Zuora's IPO, a certification dated June 13, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended April 30, 2018, a certification dated September 11, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended July 31, 2018, a certification dated December 12, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended October 31, 2018, a certification dated June 11, 2019 relating to Zuora's Quarterly

Report on Form 10-Q for the quarter ended April 30, 2019, and a certification dated April 18, 2019 relating to Zuora's 2020 10-K. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 24 of the CAC.

25.     In response to the first and second sentences of Paragraph 25 of the CAC, Defendants admit that Mr. Sloat was the Chief Financial Officer of the Company during the Class Period, and that he joined Zuora in 2010. In response to the third sentence of Paragraph 25 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Mr. Sloat's LinkedIn page, and that the full LinkedIn page and statements therein speak for themselves. In response to the fourth sentence of Paragraph 25 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Joon Huh during a presentation at the September 10, 2019 Deutsche Bank Technology Conference, and that the full transcript of that presentation and statements therein speak for themselves. Defendants deny each and every allegation in the fifth, sixth, eighth, ninth, tenth, and eleventh sentences of Paragraph 25 of the CAC. In response to the seventh sentence of Paragraph 25 of the CAC, Defendants admit that Mr. Sloat signed Amendment No. 2 to Zuora's Form S-1 Registration Statement filed on April 10, 2018 in connection with Zuora's IPO, a certification dated June 13, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended April 30, 2018, a certification dated September 11, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended July 31, 2018, a certification dated December 12, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended October 31, 2018, a certification dated June 11, 2019 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended April 30, 2019, and a certification dated April 18, 2019 relating to Zuora's 2020 10-K. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 25 of the CAC.

26.     In response to Paragraph 26 of the CAC, Defendants admit that Plaintiff purports to sometimes refer in the CAC to Mr. Tzuo and Mr. Sloat as the "Executive Defendants." Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 26 of the CAC.

27.     Defendants admit the allegations in Paragraph 27 of the CAC.

28.     In response to the first sentence of Paragraph 28 of the CAC, Defendants admit that it has two operating segments, Subscription and Professional Services.  In response to the second sentence of Paragraph 28 of the CAC, Defendants admit that for the fiscal years 2016, 2017, 2018, 2019, and 2020, the annual revenue from the Subscription business segment represented over 70% of Zuora's total annual revenue.  In response to the third sentence of Paragraph 28 of the CAC, Defendants admit that, as disclosed in Zuora's Registration Statement, Zuora starts to recognize subscription revenue on the date that access to Zuora's platform is provided, which is generally on or about the date the subscription agreement is signed. Defendants further admit in response to the third sentence of Paragraph 28 of the CAC that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 28 of the CAC.

29.     In response to Paragraph 29 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 29 of the CAC.

30.     In response to Paragraph 30 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in an April 18, 2018 article in PaymentsSource, and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 30 of the CAC.

31.     In response to Paragraph 31 of the CAC, Defendants admit that Defendants described Zuora Central and its flagship products in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 31 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

website and securities filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 31 of the CAC.

32.     In response to Paragraph 32 of the CAC and the charts therein, Defendants admit that Defendants described Zuora Central and its flagship products in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 32 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 32 of the CAC.

33.     In response to Paragraph 33 of the CAC, Defendants admit that Defendants described Zuora Central and its flagship products in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 33 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 33 of the CAC.

34.     In response to Paragraph 34 of the CAC, Defendants admit that Defendants described Zuora Billing in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 34 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 34 of the CAC.

35.     In response to the first sentence of Paragraph 35 of the CAC, Defendants admit that Zuora announced its acquisition of Leeyo Software, Inc. on May 10, 2017.  In response to the second sentence of Paragraph 35 of the CAC,  Defendants admit that Defendants described Zuora RevPro in materials such as its website and securities filings.  Defendants further admit in response to the second sentence of Paragraph 35 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  In response to the third sentence of

Paragraph 35 of the CAC, Defendants admit that Zuora has over 100 customers using RevPro. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 35 of the CAC.

36.     In response to Paragraph 36 of the CAC, Defendants admit that Financial Accounting Standards Board ("FASB") Accounting Standards Codification ("ASC") 606 relates to revenue recognition, and that the accounting standard speaks for itself.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 36 of the CAC.

37.     In response to the first sentence of Paragraph 37 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis deny each and every allegation in the first sentence of Paragraph 37 of the CAC.  In response to the second, third, and fourth sentences of Paragraph 37 of the CAC, Defendants admit that Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 37 of the CAC.

38.     In response to Paragraph 38 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's May 10, 2017 press release, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 38 of the CAC.

39.     In response to Paragraph 39 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's May 10, 2017 press release, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 39 of the CAC.

40.     In response to Paragraph 40 of the CAC, Defendants deny each and every allegation in the first sentence of the paragraph.  In response to the second and third sentences of Paragraph 40 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a March 17, 2017 Bloomberg Law article,

and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 40 of the CAC.

41.     In response to Paragraph 41 of the CAC, Defendants admit that Defendants described Zuora's sales model in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 41 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 41 of the CAC.

42.     In response to Paragraph 42 of the CAC, Defendants admit that Defendants described Zuora's sales team in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 42 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 42 of the CAC.

43.     In response to Paragraph 43 of the CAC, Defendants admit that Defendants described Zuora's professional services team in materials such as its website and securities filings.  Defendants further admit in response to Paragraph 43 of the CAC that Plaintiffs purport to characterize and paraphrase those statements selectively and out of context, and that the full website and securities filings and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 43 of the CAC.

44.     In response to Paragraph 44 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Sloat in an investor session held by Zuora on June 5, 2019, and that the full transcript of that investor session and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 44 of the CAC.

45.     In response to Paragraph 45 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Sloat in an April 8, 2016 article entitled "CFOs: It's time to own the business model" in Finance

FENWICK & WEST LLP
ATTORNEYS AT LAW

Digest, and that the full article and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 45 of the CAC.

46.     Defendants deny each and every allegation in the first sentence of Paragraph 46 of the CAC.  In response to the second sentence of Paragraph 46 of the CAC, Defendants admit that it filed a registration statement on Form S-1 on December 27, 2017.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 46 of the CAC.

47.     In response to Paragraph 47 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in an investor presentation released in April 2018, and that the full investor presentation and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 47 of the CAC.

48.     In response to Paragraph 48 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in an investor presentation released in April 2018, and that the full investor presentation and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 48 of the CAC.

49.     In response to Paragraph 49 of the CAC, Defendants admit that its registration statement became effective on April 12, 2018.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 49 of the CAC.

50.     In response to Paragraph 50 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 50 of the CAC.

51.     In response to Paragraph 51 of the CAC and the chart therein, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and

FENWICK & WEST LLP
ATTORNEYS AT LAW

the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 51 of the CAC.

52.    In response to Paragraph 52 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 52 of the CAC.

53.    In response to Paragraph 53 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in its Registration Statement, and that the full Registration Statement and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 53 of the CAC.

54.    In response to Paragraph 54 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in its Registration Statement, and that the full Registration Statement and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 54 of the CAC.

55.    In response to Paragraph 55 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in its Registration Statement, and that the full Registration Statement and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 55 of the CAC.

56.    In response to the first sentence of Paragraph 56 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made in its Registration Statement, and that the full Registration Statement and the statements therein speak for themselves.  In response to the second sentence of Paragraph 56 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in its Registration Statement, and that the full

FENWICK & WEST LLP
ATTORNEYS AT LAW

Registration Statement and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 56 of the CAC.

57.    Defendants deny each and every allegation in the first sentence of Paragraph 57 of the CAC.  In response to the second sentence of Paragraph 57 of the CAC, Defendants admit that on or about April 16, 2018, Zuora announced the closing of its IPO, which announcement was a matter of public record and which speaks for itself, and that Zuora sold 12.65 million shares of common stock to the public at a price of $14.00 per share.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 57 of the CAC.

58.    Defendants deny each and every allegation in the first sentence Paragraph 58 of the CAC.  In response to the second sentence of Paragraph 58 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in analyst reports published by Morgan Stanley and Jeffries, and that the full analyst reports and the statements therein speak for themselves.  In response to the third and fourth sentences of Paragraph 58 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made in an analyst report published by Jeffries, and that the full analyst report and the statements therein speak for themselves.  In response to the fifth sentence of Paragraph 58 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in an analyst report published by Canaccord Genuity, and that the full analyst report and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 58 of the CAC.

59.    Defendants deny each and every allegation in Paragraph 59 of the CAC.

60.    In response to Paragraph 60 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 60 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of the alleged former employee referred to as "CW-1," and on that basis deny each and every allegation in the second sentence of Paragraph 60 of the CAC.  In response to the third sentence of Paragraph 60 of the CAC, Defendants admit that as of May 31, 2019, Karthik

FENWICK & WEST LLP
ATTORNEYS AT LAW

Ramamoorthy was a Vice President for Global Services.  Defendants further respond to the third sentence of Paragraph 60 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1.  In response to the fourth sentence of Paragraph 60 of the CAC, Defendants admit that as of May 31, 2019, Mr. Ramamoorthy reported to the Senior Vice President for Global Services.  Defendants further respond to the fourth sentence of Paragraph 60 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 60 of the CAC.

61.     In response to Paragraph 61 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1, and on that basis deny each and every allegation in Paragraph 61 of the CAC.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 61 of the CAC.

62.     In response to Paragraph 62 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 62 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 62 of the CAC.

63.     In response to Paragraph 63 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 63 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 63 of the CAC.

64.     In response to Paragraph 64 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 64 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 64 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

65.     In response to the first, third, fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 65 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of the alleged former employee referred to as "CW-2" or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 65 of the CAC regarding CW-2 and his or her alleged statements.  In response to the second sentence of Paragraph 65 of the CAC, Defendants admit that as of April 30, 2018 and May 31, 2019, Alvina Antar was the Vice President for Information Technology and the Chief Information Officer, and reported to Mr. Sloat.  Defendants further respond to the second sentence of Paragraph 65 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of the alleged former employee referred to as "CW-2" or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 65 of the CAC.

66.     Defendants deny each and every allegation in Paragraph 66 of the CAC.

67.     In response to Paragraph 67 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second and fourth sentences of Paragraph 67 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second and fourth sentences of Paragraph 67 of the CAC regarding CW-1 and his or her alleged statements.  In response to the third sentence of Paragraph 67 of the CAC, Defendants admit that Zuora had an internal project called "Zuora on Zuora."  Defendants further state in response to the third sentence of Paragraph 67 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 67 of the CAC.

68.     In response to Paragraph 68 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in

FENWICK & WEST LLP
ATTORNEYS AT LAW

Paragraph 68 of the CAC regarding CW-2 and his or her alleged statements. Except as so expressly stated, Defendants deny each and every allegation of Paragraph 68 of the CAC.

69. In response to Paragraph 69 of the CAC, Defendants deny each and every allegation in the first sentence of the paragraph. In response to the second sentence of Paragraph 69 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second sentence of Paragraph 69 of the CAC regarding CW-1 and his or her alleged statements. Defendants deny each and every allegation in the third sentence of Paragraph 69 of the CAC. Except as so expressly stated, Defendants deny each and every allegation of Paragraph 69 of the CAC.

70. In response to the first sentence of Paragraph 70 of the CAC, Defendants admit that as of April 30, 2018, Mike Quinn was the Senior Director Revenue, and that as of May 31, 2019, Lauren Whelihan was the Senior Director Revenue. Defendants further respond to the first sentence of Paragraph 70 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made. In response to the second sentence of Paragraph 70 of the CAC, Defendants admit that as of April 30, 2018 and May 31, 2019, Tom Krackeler was the Senior Vice President of Products. Defendants further respond to the second sentence of Paragraph 70 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made. Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 70 of the CAC.

71. In response to Paragraph 71 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph. In response to the second, third, and fourth sentences of Paragraph 71 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, and fourth sentences of Paragraph 71 of the CAC regarding CW-1 and his or her alleged statements. Except as so expressly stated, Defendants deny each and every allegation of Paragraph 71 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

72.     In response to Paragraph 72 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 72 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 72 of the CAC.

73.     In response to Paragraph 73 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, fourth, fifth, and sixth sentences of Paragraph 73 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, fourth, fifth, and sixth sentences of Paragraph 73 of the CAC regarding CW-1 and his or her alleged statements.  In response to the third sentence of Paragraph 73 of the CAC, Defendants admit that as of April 30, 2018 and May 30, 2019, Jagan Reddy was the Senior Vice President for RevPro Product. Defendants further respond to the third sentence of Paragraph 73 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 73 of the CAC.

74.     In response to Paragraph 74 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, fourth, and fifth sentences of Paragraph 74 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, fourth, and fifth sentences of Paragraph 74 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 74 of the CAC.

75.     In response to Paragraph 75 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second and third sentences of Paragraph 75 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on

FENWICK & WEST LLP
ATTORNEYS AT LAW

that basis deny each and every allegation in the second and third sentences of Paragraph 75 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 75 of the CAC.

76.     In response to Paragraph 76 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 76 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 76 of the CAC.

77.     In response to Paragraph 77 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 77 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second sentence of Paragraph 77 of the CAC regarding CW-2 and his or her alleged statements.  In response to the third sentence of Paragraph 77 of the CAC, Defendants admit that as of April 30, 2018, and May 31, 2019, Paolo Battaglini was the Vice President for Finance and Chief Accounting Officer.  Defendants further respond to the third sentence of Paragraph 77 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 77 of the CAC.

78.     In response to Paragraph 78 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, fourth, and fifth sentences of Paragraph 78 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, fourth, and fifth sentences of Paragraph 78 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 78 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

79.     In response to Paragraph 79 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of the alleged former employees or the substance of the statements they may have made, and on that basis deny each and every allegation in Paragraph 79 of the CAC regarding the alleged former employees and their alleged statements. Except as so expressly stated, Defendants deny each and every allegation of Paragraph 79 of the CAC.

80.     In response to Paragraph 80 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 80 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 80 of the CAC.

81.     In response to Paragraph 81 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 81 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 81 of the CAC.

82.     In response to Paragraph 82 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 82 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 82 of the CAC.

83.     In response to Paragraph 83 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 83 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 83 of the CAC.

84.     In response to Paragraph 84 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second and third sentences of

FENWICK & WEST LLP
ATTORNEYS AT LAW

Paragraph 84 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second and third sentences of Paragraph 84 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 84 of the CAC.

85.     In response to Paragraph 85 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 85 of the CAC, Defendants admit that as of April 30, 2018, Christopher Bruner was the Senior Director of Product and reported to Mr. Krackeler.  Defendants further respond to Paragraph 85 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 85 of the CAC.

86.     In response to Paragraph 86 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 86 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, and fourth sentences of Paragraph 86 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 86 of the CAC.

87.     In response to Paragraph 87 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second and fourth sentences of Paragraph 87 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second and fourth sentences of Paragraph 87 of the CAC regarding CW-1 and his or her alleged statements.  In response to the third sentence of Paragraph 87 of the CAC, Defendants admit that as of April 30, 2018, Monika Saha was the Vice President and GM for Product.  Defendants further respond to the third sentence of Paragraph 87

Fenwick & West LLP
Attorneys at Law

that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 87 of the CAC.

88.     In response to Paragraph 88 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of the alleged former employees or the substance of the statements they may have made, and on that basis deny each and every allegation in Paragraph 88 of the CAC regarding the alleged former employees and their alleged statements. Except as so expressly stated, Defendants deny each and every allegation of Paragraph 88 of the CAC.

89.     In response to Paragraph 89 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, fourth, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 89 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, fourth, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 89 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 89 of the CAC.

90.     In response to Paragraph 90 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, fourth, and fifth sentences of Paragraph 90 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, fourth, and fifth sentences of Paragraph 90 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 90 of the CAC.

91.     In response to Paragraph 91 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 91 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have

FENWICK & WEST LLP
ATTORNEYS AT LAW

made, and on that basis deny each and every allegation in the second, third, and fourth sentences of Paragraph 91 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 91 of the CAC.

92.     In response to Paragraph 92 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 92 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 92 of the CAC.

93.     In response to Paragraph 93 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, fourth, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 93 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, fourth, fifth, sixth, seventh, eighth, and ninth sentences of Paragraph 93 of the CAC regarding CW-2 and his or her alleged statements.  In response to the third sentence of Paragraph 93 of the CAC, Defendants admit that as of April 30, 2018 and May 31, 2019, Marc Diouane was the President of Zuora.  Defendants further respond to the third sentence of Paragraph 93 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 93 of the CAC.

94.     In response to Paragraph 94 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 94 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, and fourth sentences of Paragraph 94 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 94 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

95.    In response to Paragraph 95 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 95 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 95 of the CAC.

96.    In response to Paragraph 96 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 96 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 96 of the CAC.

97.    In response to Paragraph 97 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-2 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 97 of the CAC regarding CW-2 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 97 of the CAC.

98.    In response to the first sentence of Paragraph 98 of the CAC, Defendants admit that Zoom Video Communications is a customer of Zuora.  In response to the second, third, and fourth sentences of Paragraph 98 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, and fourth sentences of Paragraph 98 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 98 of the CAC.

99.    In response to Paragraph 99 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 99 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 99 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

100.    In response to Paragraph 100 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 100 of the CAC, Defendants admit that Parametric Technology Corporation is a customer of Zuora.  In further response to the second sentence of Paragraph 100 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second sentence of Paragraph 100 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 100 of the CAC.

101.    In response to Paragraph 101 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 101 of the CAC regarding CW-1 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 101 of the CAC.

102.    Defendants deny each and every allegation in Paragraph 102 of the CAC.

103.    In response to the first sentence of Paragraph 103 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of the alleged former employee referred to as "CW-3," and on that basis deny each and every allegation in the first sentence of Paragraph 103 of the CAC.  In response to the second, third, fourth, and fifth sentences of Paragraph 103 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-3 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, fourth, and fifth sentences of Paragraph 103 of the CAC regarding CW-2 and his or her alleged statements. Except as so expressly stated, Defendants deny each and every allegation of Paragraph 103 of the CAC.

104.    In response to Paragraph 104 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, fourth, fifth, and sixth sentences of Paragraph 104 of the CAC, Defendants lack knowledge and information

FENWICK & WEST LLP
ATTORNEYS AT LAW

sufficient to form a belief as to the identity of CW-3 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, fourth, fifth, and sixth sentences of Paragraph 104 of the CAC regarding CW-3 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 104 of the CAC.

105.   In response to Paragraph 105 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-3 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 105 of the CAC regarding CW-3 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 105 of the CAC.

106.   In response to Paragraph 106 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-3 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 106 of the CAC regarding CW-3 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 106 of the CAC.

107.   In response to Paragraph 107 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, fourth, and fifth sentences of Paragraph 107 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-3 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, fourth, and fifth sentences of Paragraph 107 of the CAC regarding CW-3 and his or her alleged statements. Except as so expressly stated, Defendants deny each and every allegation of Paragraph 107 of the CAC.

108.   In response to Paragraph 108 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 108 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-3 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, and fourth sentences

FENWICK & WEST LLP
ATTORNEYS AT LAW

of Paragraph 108 of the CAC regarding CW-3 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 108 of the CAC.

109.    In response to Paragraph 109 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 109 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-3 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, and fourth sentences of Paragraph 109 of the CAC regarding CW-3 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 109 of the CAC.

110.    In response to Paragraph 110 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, fourth, and fifth sentences of Paragraph 110 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of the alleged former employee referred to as "CW-4," and on that basis deny each and every allegation in the second, third, fourth, and fifth sentences of Paragraph 110 of the CAC.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 110 of the CAC.

111.    In response to Paragraph 111 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-4 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 111 of the CAC regarding CW-4 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 111 of the CAC.

112.    In response to Paragraph 112 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second and third sentences of Paragraph 112 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-4 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second and third sentences of Paragraph 112 of the CAC regarding CW-4 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 112 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

113.   In response to Paragraph 113 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-4 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 113 of the CAC regarding CW-4 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 113 of the CAC.

114.   In response to Paragraph 114 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-4 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 114 of the CAC regarding CW-4 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 114 of the CAC.

115.   In response to Paragraph 115 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 115 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-4 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, third, and fourth sentences of Paragraph 115 of the CAC regarding CW-4 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 115 of the CAC.

116.   In response to Paragraph 116 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-4 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 116 of the CAC regarding CW-4 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 116 of the CAC.

117.   In response to Paragraph 117 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-4 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in Paragraph 117 of the CAC regarding CW-4 and his or her alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 117 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

118.    In response to Paragraph 118 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-3 or CW-4 or the substance of the statements they may have made, and on that basis deny each and every allegation in Paragraph 118 of the CAC regarding CW-3 or CW-4 and their alleged statements.  Except as so expressly stated, Defendants deny each and every allegation of Paragraph 118 of the CAC.

119.    In response to Paragraph 119 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, fourth, fifth, and sixth sentences of Paragraph 119 of the CAC, Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made, and on that basis deny each and every allegation in the second, fourth, fifth, and sixth sentences of Paragraph 119 of the CAC regarding CW-1 and his or her alleged statements.  In response to the third sentence of Paragraph 119 of the CAC, Defendants admit that as of April 30, 2018 and May 31, 2019, Sai Prasad Marri was a Product Management Director.  Defendants further respond to the third sentence of Paragraph 119 of the CAC that Defendants lack knowledge and information sufficient to form a belief as to the identity of CW-1 or the substance of the statements she or he may have made.  Except as so expressly stated and admitted, Defendants deny each and every allegation of Paragraph 119 of the CAC.

120.    Defendants deny each and every allegation of Paragraph 120 of the CAC.

121.    In response to Paragraph 121 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's website, and that the full website and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 121 of the CAC.

122.    In response to the first sentence of Paragraph 122 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's press releases, and that the full press releases and statements therein speak for themselves.  In response to the second sentence of Paragraph 122 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration

FENWICK & WEST LLP
ATTORNEYS AT LAW

Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 122 of the CAC.

123.    In response to Paragraph 123 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 123 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on a May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  In response to the third sentence of Paragraph 123 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Sloat in a presentation at the January 15, 2019 Needham Growth Conference and that the full transcript of that presentation and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 123 of the CAC.

124.    In response to Paragraph 124 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 124 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's Twitter account, and that the full Twitter account and statements therein speak for themselves.  In response to the third sentence of Paragraph 124 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's Facebook page, and that the full Facebook page and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 124 of the CAC.

125.    Defendants deny each and every allegation of Paragraph 125 of the CAC.

126.    In response to Paragraph 126 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 126 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Sloat on a May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak

for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 126 of the CAC.

127.    In response to Paragraph 127 of the CAC, Defendants deny each and every allegation in the first and third sentences of the Paragraph.  In response to the second sentence of Paragraph 127 of the CAC, Defendants aver that allegations constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of public record and which speak for themselves.  In response to the fourth sentence of Paragraph 127 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a June 6, 2018 analyst report published by Needham, and that the full analyst report and statements therein speak for themselves.  In response to the fifth sentence of Paragraph 127 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a July 11, 2018 analyst report published by Jeffries, and that the full analyst report and the statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 127 of the CAC.

128.    In response to the first, second, third, fourth, and fifth sentences of Paragraph 128 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo and Jim Cramer in a June 14, 2018 interview on CNBC, and that the full transcript of that interview and statements therein speak for themselves.  In response to the sixth sentence of Paragraph 128 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on an article published by Gabe Weisert on July 2, 2018, and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 128 of the CAC.

129.    In response to the first and second sentences of Paragraph 129 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Sloat during a presentation at an August 8, 2018 Canaccord Genuity conference, and that the full transcript of that presentation and statements therein speak

FENWICK & WEST LLP
ATTORNEYS AT LAW

for themselves.  In response to the third sentence of Paragraph 129 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on an August 30, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 129 of the CAC.

130.    In response to the first sentence of Paragraph 130 of the CAC, Defendants aver that allegations in the first sentence constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of public record and which speak for themselves.  In response to the second sentence of Paragraph 130 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo in an October 12, 2018 Bloomberg article, and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 130 of the CAC.

131.    In response to Paragraph 131 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 131 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in an October 12, 2018 article by Shelly Hagan on Bloomberg and that the full article and statements therein speak for themselves.  In response to the third sentence of Paragraph 131 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in October 16, 2018 articles published by Bloomberg and FBN Securities and that the full articles and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 131 of the CAC.

132.    In response to Paragraph 132 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made by Mr. Tzuo in a November 29, 2018 earnings call, and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 132 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

133.    In response to the first and second sentences of Paragraph 133 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Sloat in a presentation at the January 15, 2019 Needham Growth Conference and that the full transcript of that presentation and statements therein speak for themselves.  In response to the third sentence of Paragraph 133 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Goldman Sachs Technology & Internet Conference held on February 13, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 133 of the CAC.

134.    In response to Paragraph 134 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on a March 21, 2019 earnings call and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 134 of the CAC.

135.    In response to Paragraph 135 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 135 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Richard Davis of Canaccord Genuity in an article dated March 21, 2019 and that the full article and statements therein speak for themselves.  In response to the third sentence of Paragraph 135 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Shelby Seyrafi of FBN Securities in an article dated March 22, 2019 and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 135 of the CAC.

136.    In response to Paragraph 136 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo and Mr. Cramer in an April 24, 2019 interview on CNBC, and that the full transcript of that

interview and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 136 of the CAC.

137.    In response to Paragraph 137 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made in Zuora's Insider Trading Policy and that the full policy and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 137 of the CAC.

138.    Defendants admit that in Paragraph 138 of the CAC and in the chart therein, Plaintiff purports to refer to and characterize transactions in Zuora stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves. Defendants further aver that allegations in Paragraph 138 of the CAC and in the chart therein constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of public record and which speak for themselves.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 138 of the CAC.

139.    In response to Paragraph 139 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 139 of the CAC, Defendants admit that Plaintiff purports to refer to and characterize transactions in Zuora stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves.  Except as so admitted, Defendants deny each and every allegation in Paragraph 139 of the CAC.

140.    In response to Paragraph 140 of the CAC, Defendants admit that Plaintiff purports to refer to and characterize transactions in Zuora stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 140 of the CAC.

141.    In response to Paragraph 141 of the CAC, Defendants admit that Plaintiff purports to refer to and characterize transactions in Zuora stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves.  Except as so

FENWICK & WEST LLP
ATTORNEYS AT LAW

expressly stated and admitted, Defendants deny each and every allegation in Paragraph 141 of the CAC.

142.    In response to Paragraph 142 of the CAC, Defendants admit that Plaintiff purports to refer to and characterize transactions in Zuora stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves.  Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 142 of the CAC.

143.    Defendants deny each and every allegation in Paragraph 143 of the CAC.

144.    In response to Paragraph 144 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a press release issued by Zuora on May 30, 2019, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 144 of the CAC.

145.    In response to Paragraph 145 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a press release issued by Zuora on May 30, 2019, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 145 of the CAC.

146.    In response to Paragraph 146 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a press release issued by Zuora on May 30, 2019, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 146 of the CAC.

147.    In response to Paragraph 147 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on an earnings call held on May 30, 2019, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 147 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

148.    In response to Paragraph 148 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on an earnings call held on May 30, 2019, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 148 of the CAC.

149.    In response to Paragraph 149 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on an earnings call held on May 30, 2019, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 149 of the CAC.

150.    In response to Paragraph 150 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second, third, and fourth sentences of Paragraph 150 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's earnings call held on May 30, 2019, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 150 of the CAC.

151.    In response to Paragraph 151 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on an earnings call held on May 30, 2019, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 151 of the CAC.

152.    In response to Paragraph 152 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second and third sentences of Paragraph 152 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made by Canaccord Genuity in a report dated May 30, 2019 and that the full report and statements therein speak for themselves. In response to the fourth sentence of Paragraph 152 of the CAC, Defendants admit that Plaintiff

FENWICK & WEST LLP
ATTORNEYS AT LAW

purports to characterize, paraphrase and quote selectively and out of context statements made by Scott Berg of Needham in a report dated May 31, 2019, and that the full report and statements therein speak for themselves.  In response to the fifth sentence of Paragraph 152 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Anders Bylund of Motley Fool in an article dated May 31, 2019 and that the full article and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 152 of the CAC.

153.     In response to Paragraph 153 of the CAC, Defendants aver that the allegations constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of public record and which speak for themselves.  Except as so expressly stated, Defendants deny each and every allegation in Paragraph 153 of the CAC.

154.     Defendants deny each and every allegation of Paragraph 154 of the CAC.

155.     In response to Paragraph 155 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Mr. Tzuo on an investor call held on June 5, 2019, and that the full transcript of that investor call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 155 of the CAC.

156.     In response to Paragraph 156 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made by Joon Huh during a presentation at the September 10, 2019 Deutsche Bank Technology Conference, and that the full transcript of that presentation and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 156 of the CAC.

157.     In response to Paragraph 157 of the CAC, Defendants deny each and every allegation in the first sentence of the Paragraph.  In response to the second sentence of Paragraph 157 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context a May 30, 2019 analyst report published by Canaccord Genuity and that the full analyst report and statements therein speak for themselves.  In response to the third sentence of Paragraph 157 of the CAC, Defendants admit that Plaintiff purports to characterize,

FENWICK & WEST LLP
ATTORNEYS AT LAW

paraphrase and quote selectively and out of context a May 31, 2019 analyst report published by Needham and that the full analyst report and statements therein speak for themselves.  In response to the fourth sentence of Paragraph 157 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a May 31, 2019 analyst report published by Jefferies and that the full analyst report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 157 of the CAC.

158.    In response to Paragraph 158 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in an October 19, 2019 entry on Zuora's blog, and that the full blog entry and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 158 of the CAC.

159.    Defendants deny each and every allegation in Paragraph 159 of the CAC.

160.    In response to Paragraph 160 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's website, and that the full website and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 160 of the CAC.

161.    Defendants deny each and every allegation in Paragraph 161 of the CAC.

162.    In response to Paragraph 162 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's website, and that the full website and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 162 of the CAC.

163.    Defendants deny each and every allegation in Paragraph 163 of the CAC.

164.    In response to Paragraph 164 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's Twitter account, and that the full Twitter account and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 164 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

165.   Defendants deny each and every allegation in Paragraph 165 of the CAC.

166.   In response to Paragraph 166 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's Twitter account, and that the full Twitter account and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 166 of the CAC.

167.   Defendants deny each and every allegation in Paragraph 167 of the CAC.

168.   In response to Paragraph 168 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's Facebook page, and that the full Facebook page and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 168 of the CAC.

169.   Defendants deny each and every allegation in Paragraph 169 of the CAC.

170.   Defendants deny each and every allegation in Paragraph 170 of the CAC.

171.   In response to Paragraph 171 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's press releases, and that the full press releases and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 171 of the CAC.

172.   In response to Paragraph 172 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Current Reports: Results of Operations and Financial Conditions on Form 8-K, and that the full documents and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 172 of the CAC.

173.   Defendants deny each and every allegation in Paragraph 173 of the CAC.

174.   In response to Paragraph 174 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made in a press release issued by Zuora on June 5, 2018, and that the full press release and

FENWICK & WEST LLP
ATTORNEYS AT LAW

statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 174 of the CAC.

175.    Defendants deny each and every allegation in Paragraph 175 of the CAC.

176.    In response to Paragraph 176 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a press release issued by Zuora on December 11, 2018, and that the full press release and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 176 of the CAC.

177.    Defendants deny each and every allegation in Paragraph 177 of the CAC.

178.    In response to Paragraph 178 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 178 of the CAC.

179.    In response to Paragraph 179 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 179 of the CAC.

180.    In response to Paragraph 180 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 180 of the CAC.

181.    In response to Paragraph 181 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for

FENWICK & WEST LLP
ATTORNEYS AT LAW

themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 181 of the CAC.

182.    In response to Paragraph 182 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 182 of the CAC.

183.    In response to Paragraph 183 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 183 of the CAC.

184.    In response to Paragraph 184 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 184 of the CAC.

185.    Defendants deny each and every allegation in Paragraph 185 of the CAC.

186.    In response to Paragraph 186 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 186 of the CAC.

187.    In response to Paragraph 187 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Registration Statement, and that the full Registration Statement and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 187 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

188.     Defendants deny each and every allegation in Paragraph 188 of the CAC.

189.     In response to Paragraph 189 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's Quarterly Reports on Form 10-Q, and that the full quarterly reports and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 189 of the CAC.

190.     Defendants deny each and every allegation in Paragraph 190 of the CAC.

191.     In response to Paragraph 191 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 191 of the CAC.

192.     In response to Paragraph 192 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 192 of the CAC.

193.     In response to Paragraph 193 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 193 of the CAC.

194.     In response to Paragraph 194 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 194 of the CAC.

1    195.    In response to Paragraph 195 of the CAC, Defendants admit that Plaintiff purports

2    to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

3    May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein

4    speak for themselves.  Except as so expressly admitted, Defendants deny each and every

5    allegation in Paragraph 195 of the CAC.

6    196.    In response to Paragraph 196 of the CAC, Defendants admit that Plaintiff purports

7    to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

8    May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein

9    speak for themselves.  Except as so expressly admitted, Defendants deny each and every

10   allegation in Paragraph 196 of the CAC.

11   197.    In response to Paragraph 197 of the CAC, Defendants admit that Plaintiff purports

12   to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

13   May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein

14   speak for themselves.  Except as so expressly admitted, Defendants deny each and every

15   allegation in Paragraph 197 of the CAC.

16   198.    In response to Paragraph 198 of the CAC, Defendants admit that Plaintiff purports

17   to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

18   May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein

19   speak for themselves.  Except as so expressly admitted, Defendants deny each and every

20   allegation in Paragraph 198 of the CAC.

21   199.    In response to Paragraph 199 of the CAC, Defendants admit that Plaintiff purports

22   to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

23   May 31, 2018 earnings call, and that the full transcript of that earnings call and statements therein

24   speak for themselves.  Except as so expressly admitted, Defendants deny each and every

25   allegation in Paragraph 199 of the CAC.

26   200.    Defendants deny each and every allegation in Paragraph 200 of the CAC.

27   201.    In response to Paragraph 201 of the CAC, Defendants admit that Plaintiff purports

28   to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

FENWICK & WEST LLP
ATTORNEYS AT LAW

August 30, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 201 of the CAC.

202.    In response to Paragraph 202 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's August 30, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 202 of the CAC.

203.    In response to Paragraph 203 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's August 30, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 203 of the CAC.

204.    In response to Paragraph 204 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's August 30, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 204 of the CAC.

205.    Defendants deny each and every allegation in Paragraph 205 of the CAC.

206.    In response to Paragraph 206 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's November 29, 2018 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 206 of the CAC.

207.    In response to Paragraph 207 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's November 29, 2018 earnings call, and that the full transcript of that earnings call and statements

FENWICK & WEST LLP
ATTORNEYS AT LAW

1  therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every

2  allegation in Paragraph 207 of the CAC.

3       208.   In response to Paragraph 208 of the CAC, Defendants admit that Plaintiff purports

4  to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

5  November 29, 2018 earnings call, and that the full transcript of that earnings call and statements

6  therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every

7  allegation in Paragraph 208 of the CAC.

8       209.   In response to Paragraph 209 of the CAC, Defendants admit that Plaintiff purports

9  to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

10  November 29, 2018 earnings call, and that the full transcript of that earnings call and statements

11  therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every

12  allegation in Paragraph 209 of the CAC.

13       210.   Defendants deny each and every allegation in Paragraph 210 of the CAC.

14       211.   In response to Paragraph 211 of the CAC, Defendants admit that Plaintiff purports

15  to characterize, paraphrase and quote selectively and out of context statements made in a

16  December 1, 2018 article on TheStreet.com, and that the full article and statements therein speak

17  for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in

18  Paragraph 211 of the CAC.

19       212.   Defendants deny each and every allegation in Paragraph 212 of the CAC.

20       213.   In response to Paragraph 213 of the CAC, Defendants admit that Mr. Sloat

21  attended the Needham Growth Conference held on January 15, 2019.  Except as so expressly

22  admitted, Defendants deny each and every allegation in Paragraph 213 of the CAC.

23       214.   In response to Paragraph 214 of the CAC, Defendants admit that Plaintiff purports

24  to characterize, paraphrase and quote selectively and out of context statements made in a question

25  and answer session at the Needham Growth Conference held on January 15, 2019, and that the

26  full transcript of that question and answer session and statements therein speak for themselves.

27  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 214 of

28  the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

215.    In response to Paragraph 215 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Needham Growth Conference held on January 15, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 215 of the CAC.

216.    In response to Paragraph 216 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Needham Growth Conference held on January 15, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 216 of the CAC.

217.    In response to Paragraph 217 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Needham Growth Conference held on January 15, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 217 of the CAC.

218.    Defendants deny each and every allegation in Paragraph 218 of the CAC.

219.    In response to Paragraph 219 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Goldman Sachs Technology & Internet Conference held on February 13, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 219 of the CAC.

220.    In response to Paragraph 220 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Goldman Sachs Technology & Internet Conference held on February

FENWICK & WEST LLP
ATTORNEYS AT LAW

13, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 220 of the CAC.

221.    In response to Paragraph 221 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Goldman Sachs Technology & Internet Conference held on February 13, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 221 of the CAC.

222.    In response to Paragraph 222 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Goldman Sachs Technology & Internet Conference held on February 13, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 222 of the CAC.

223.    Defendants deny each and every allegation in Paragraph 223 of the CAC.

224.    In response to Paragraph 224 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Morgan Stanley Technology, Media & Telecom Conference held on February 26, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 224 of the CAC.

225.    In response to Paragraph 225 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Morgan Stanley Technology, Media & Telecom Conference held on February 26, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 225 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

226.     In response to Paragraph 226 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in a question and answer session at the Morgan Stanley Technology, Media & Telecom Conference held on February 26, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 226 of the CAC.

227.     In response to Paragraph 227 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made in a question and answer session at the Morgan Stanley Technology, Media & Telecom Conference held on February 26, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 227 of the CAC.

228.     In response to Paragraph 228 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made in a question and answer session at the Morgan Stanley Technology, Media & Telecom Conference held on February 26, 2019, and that the full transcript of that question and answer session and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 228 of the CAC.

229.     Defendants deny each and every allegation in Paragraph 229 of the CAC.

230.     In response to Paragraph 230 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's March 21, 2019 earnings call, and that the full transcript of the earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 230 of the CAC.

231.     In response to Paragraph 231 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's March 21, 2019 earnings call, and that the full transcript of the earnings call and statements

FENWICK & WEST LLP
ATTORNEYS AT LAW

therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 231 of the CAC.

232.    In response to Paragraph 232 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's March 21, 2019 earnings call, and that the full transcript of the earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 232 of the CAC.

233.    In response to Paragraph 233 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's March 21, 2019 earnings call, and that the full transcript of the earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 233 of the CAC.

234.    Defendants deny each and every allegation in Paragraph 234 of the CAC.

235.    In response to Paragraph 235 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's 2020 10-K, and that the full annual report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 235 of the CAC.

236.    In response to Paragraph 236 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's 2020 10-K, and that the full annual report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 236 of the CAC.

237.    In response to Paragraph 237 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively, inaccurately, and out of context statements made in Zuora's 2020 10-K, and that the full annual report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 237 of the CAC.

238.    In response to Paragraph 238 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's

FENWICK & WEST LLP
ATTORNEYS AT LAW

2020 10-K, and that the full annual report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 238 of the CAC.

239.    In response to Paragraph 239 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made in Zuora's 2020 10-K, and that the full annual report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 239 of the CAC.

240.    Defendants deny each and every allegation in Paragraph 240 of the CAC.

241.    Defendants deny each and every allegation in Paragraph 241 of the CAC.

242.    Defendants deny each and every allegation in Paragraph 242 of the CAC.

243.    Defendants deny each and every allegation in Paragraph 243 of the CAC.

244.    Defendants deny each and every allegation in the first and third sentences of Paragraph 244 of the CAC.  In response to the second sentence of Paragraph 244 of the CAC, Defendants admit that Mr. Tzuo is the Chief Executive Officer and Chairman of the Board of Directors of Zuora, and that Mr. Tzuo is one of the founders of Zuora.  In response to the fourth sentence of Paragraph 244, Defendants admit that Mr. Tzuo signed a certification dated June 13, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended April 30, 2018, a certification dated September 11, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended July 31, 2018, a certification dated December 12, 2018 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended October 31, 2018, a certification dated June 11, 2019 relating to Zuora's Quarterly Report on Form 10-Q for the quarter ended April 30, 2019, and a certification dated April 18, 2019 relating to Zuora's 2020 10-K.  In response to the fifth sentence of Paragraph 244 of the CAC, Defendants admit that Mr. Sloat was the Chief Financial Officer of the Company during the Class Period, and that he joined Zuora in 2010.  In response to the sixth sentence of Paragraph 244 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Mr. Sloat's LinkedIn page, and that the full LinkedIn page and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 244 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

245.    Defendants deny each and every allegation in Paragraph 245 of the CAC.

246.    Defendants deny each and every allegation in Paragraph 246 of the CAC.

247.    Defendants deny each and every allegation in Paragraph 247 of the CAC.

248.    Defendants admit that in Paragraph 248 of the CAC and in the chart therein, Plaintiff purports to refer to and characterize transactions in Zuora stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves. Defendants further aver that allegations in Paragraph 248 of the CAC and in the chart therein constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of public record and which speak for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 248 of the CAC.

249.    Defendants deny each and every allegation in the first and third sentences of Paragraph 249 of the CAC. In response to the second sentence of Paragraph 249 of the CAC, Defendants admit that Plaintiff purports to refer to and characterize transactions in Zuora stock, which transactions were caused to be publicly reported on Forms 4, and which documents speaks for themselves. Except as so expressly stated and admitted, Defendants deny each and every allegation in Paragraph 249 of the CAC.

250.    In response to Paragraph 250 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's May 30, 2019 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 250 of the CAC.

251.    Defendants deny each and every allegation in Paragraph 251 of the CAC.

252.    Defendants deny each and every allegation in the first, third, fourth, and fifth sentences of Paragraph 252 of the CAC. In response to the second sentence of Paragraph 252 of the CAC, Defendants admit that on April 18, 2019, Zuora filed its 2020 10-K. Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 252 of the CAC.

253.    In response to Paragraph 253 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's

FENWICK & WEST LLP
ATTORNEYS AT LAW

May 30, 2019 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 253 of the CAC.

254.    In response to Paragraph 254 of the CAC, Defendants admit that Plaintiff purports to paraphrase and quote selectively and out of context certain unidentified statements, which statements, if identified, would speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 254 of the CAC.

255.    Defendants deny each and every allegation in Paragraph 255 of the CAC.

256.    Defendants deny each and every allegation in Paragraph 256 of the CAC.

257.    Defendants deny each and every allegation in Paragraph 257 of the CAC.

258.    Defendants deny each and every allegation in Paragraph 258 of the CAC.

259.    Defendants deny each and every allegation in Paragraph 259 of the CAC.

260.    In response to Paragraph 260 of the CAC, Defendants deny each and every allegation in the first and third sentences of the Paragraph.  In response to the second sentence of Paragraph 260 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made on Zuora's May 30, 2019 earnings call, and that the full transcript of that earnings call and statements therein speak for themselves.  In response to the fourth sentence of Paragraph 260 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made a Canaccord Genuity analyst report, and that the full report and statements therein speak for themselves.  In response to the fifth sentence of Paragraph 260 of the CAC, Defendants admit that Plaintiff purports to characterize, paraphrase and quote selectively and out of context statements made an FBN Securities analyst report, and that the full report and statements therein speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 260 of the CAC.

261.    In response to Paragraph 261 of the CAC, Defendants aver that allegations constitute, at least in part, a representation concerning Zuora's stock prices, which are a matter of

FENWICK & WEST LLP
ATTORNEYS AT LAW

public record and which speak for themselves.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 261 of the CAC.

262.   Defendants deny each and every allegation in Paragraph 262 of the CAC.

263.   Defendants deny each and every allegation in Paragraph 263 of the CAC.

264.   Defendants deny each and every allegation in Paragraph 264 of the CAC.

265.   Defendants deny each and every allegation in Paragraph 265 of the CAC.

266.   Defendants deny each and every allegation in Paragraph 266 of the CAC.

267.   Defendants deny each and every allegation in Paragraph 267 of the CAC.

268.   In response to Paragraph 268 of the CAC, Defendants admit that Plaintiff purports to bring this action as a class action.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 268 of the CAC.

269.   In response to Paragraph 269 of the CAC, Defendants admit that, during the relevant period, Zuora common stock was traded on the New York Stock Exchange.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 269 of the CAC.

270.   Defendants deny each and every allegation in Paragraph 270 of the CAC.

271.   Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 271 of the CAC, and on that basis, deny each and every allegation therein.

272.   Defendants deny each and every allegation in Paragraph 272 of the CAC.

273.   Defendants deny each and every allegation in Paragraph 273 of the CAC

274.   In response to Paragraph 274 of the CAC, Defendants incorporate and reassert their response to Paragraphs 1-273 of the CAC, inclusive, as if set forth fully herein.

275.   Defendants admit that Plaintiff purports to assert a claim pursuant to Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against Zuora, Mr. Tzuo, and Mr. Sloat.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 275 of the CAC.

276.   Defendants deny each and every allegation in Paragraph 276 of the CAC.

277.   Defendants deny each and every allegation in Paragraph 277 of the CAC.

FENWICK & WEST LLP
ATTORNEYS AT LAW

278.     Defendants deny each and every allegation in Paragraph 278 of the CAC.

279.     Defendants deny each and every allegation in Paragraph 279 of the CAC.

280.     Defendants deny each and every allegation in Paragraph 280 of the CAC.

281.     Defendants deny each and every allegation in Paragraph 281 of the CAC.

282.     Defendants deny each and every allegation in Paragraph 282 of the CAC.

283.     In response to Paragraph 283 of the CAC, Defendants incorporate and reassert their responses to Paragraphs 1-282 of the CAC, inclusive, as if set forth fully herein.

284.     Defendants admit that Plaintiff purports to assert a claim pursuant to Section 20(a) of the Exchange Act against Mr. Tzuo and Mr. Sloat.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 284 of the CAC.

285.     Defendants deny each and every allegation in Paragraph 285 of the CAC.

286.     In response to Paragraph 286 of the CAC, Defendants admit that, during the relevant period, Mr. Tzuo served as Zuora's Chief Executive Officer, and that Mr. Sloat served as Zuora's Chief Financial Officer.  Except as so expressly admitted, Defendants deny each and every allegation in Paragraph 286 of the CAC.

287.     Defendants deny each and every allegation in Paragraph 287 of the CAC.

288.     Defendants deny each and every allegation in Paragraph 288 of the CAC.

289.     Defendants deny each and every allegation in Paragraph 289 of the CAC.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (No Duty To Disclose)

Defendants are not liable on Plaintiff's and the alleged plaintiff class' claims because they had no duty to disclose any facts allegedly not disclosed.

### SECOND AFFIRMATIVE DEFENSE

#### (Safe Harbor)

To the extent the CAC is based on any predictions, expressions of opinion or forward looking statements, those statements were accompanied by meaningful cautionary language and accordingly Plaintiff and the alleged plaintiff class are barred from recovery in whole or in part

FENWICK & WEST LLP
ATTORNEYS AT LAW

by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995.

### THIRD AFFIRMATIVE DEFENSE

### (Bespeaks Caution)

Plaintiff's and the alleged plaintiff class' claims are barred in whole or in part because the statements challenged in the CAC are protected by the "bespeaks caution" doctrine in that Defendants bespoke caution about the risks of investing in Zuora earnings calls and in Zuora's public filings with the SEC, including extensive risk disclosures.

### FOURTH AFFIRMATIVE DEFENSE

### (No Attribution of Knowledge or Intent)

To the extent that it may be determined that any Defendant or other person or entity is responsible for Plaintiff's and the alleged plaintiff class' alleged losses and acted with the state of mind required under the Exchange Act, such mental state and actions may not be attributed to any other Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### (No Scienter for Stock Sales Made Pursuant to Rule 10b5-1 Trading Plans)

To the extent Plaintiff and the alleged plaintiff class maintain that any Defendant acted with scienter by virtue of any trading in Company securities, said claim is barred to the extent any such trades were made pursuant to Rule 10b5-1 trading plans.

### SIXTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

Plaintiff's and the alleged plaintiff class' claims are barred, in whole or in part, because Plaintiff and the alleged plaintiff class did not actually, justifiably, reasonably or otherwise rely upon any of the alleged misstatements or omissions alleged in the CAC, and have not alleged sufficient facts to avail themselves of the fraud on the market doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Artificial Inflation)

Plaintiff's and the alleged plaintiff class' claims are barred in whole or part because the alleged misstatements, omissions, and other misconduct alleged in the CAC did not inflate the

FENWICK & WEST LLP
ATTORNEYS AT LAW

price of Zuora's stock.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Loss Causation)

Plaintiff's and the alleged plaintiff class' claims against Defendants are barred in whole or in part because of the lack of loss causation.  Plaintiff and the alleged plaintiff class have not suffered any injury or harm as a result of the actions of Defendants alleged in the CAC.

## NINTH AFFIRMATIVE DEFENSE

### (Truth on the Market)

The matters now claimed by the CAC to be the subject of misrepresentations and omissions, which are denied, were, in fact, publicly disclosed or were in the public domain and, as such, were available to Plaintiff and members of the alleged plaintiff class.

## TENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiff's and the alleged plaintiff class' losses, if any, were caused by Plaintiff's and the alleged plaintiff class' assumption of the risks of investment, including but not limited to the material facts and risks that were publicly disclosed or in the public domain.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack of Inducement and Good Faith Conduct under Section 20(a) of the Exchange Act)

There is no control person liability under Section 20(a) of the Exchange Act because each Defendant at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act.  See 15 U.S.C. § 78t(a).

## TWELFTH AFFIRMATIVE DEFENSE

### (Failures to Mitigate Damages)

Plaintiff's and the alleged plaintiff class' claims are barred in whole or in part because Plaintiff and members of the alleged plaintiff class failed to make reasonable efforts to mitigate their alleged injury or damage, which efforts would have prevented all or part of any such alleged injury or damage.

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Contribution and/or Indemnity)

3

Defendants are entitled to receive contribution and/or indemnity from others for any

4

liability they incur.

5

## FOURTEENTH AFFIRMATIVE DEFENSE

6

### (Offset of Damages)

7

Defendants are entitled to offset damages, if any, by benefits received by Plaintiff and the

8

alleged plaintiff class through their investments in Zuora.

9

## FIFTEENTH AFFIRMATIVE DEFENSE

10

### (Unjust Enrichment)

11

Any recovery in this action should be precluded or reduced to the extent Plaintiff and

12

members of the alleged plaintiff class would be unjustly enriched.

13

## SIXTEENTH AFFIRMATIVE DEFENSE

14

### (Equitable Defenses)

15

Plaintiff's and the alleged plaintiff class' claims are barred under such equitable defenses

16

as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean

17

hands, laches, relinquishment, release, and abandonment.

18

## SEVENTEENTH AFFIRMATIVE DEFENSE

19

### (Waiver)

20

The claims of Plaintiff and members of the alleged plaintiff class are barred to the extent

21

they have knowingly and voluntarily waived any alleged claims they might have against

22

Defendants.

23

## EIGHTEENTH AFFIRMATIVE DEFENSE

24

### (Proportionate Liability)

25

Based on their lack of actual knowledge concerning any alleged material misstatements or

26

omissions, liability, if any, of Defendants is limited to their proportionate liability; see 15 U.S.C.

27

§ 78u-4(f).

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## NINETEENTH AFFIRMATIVE DEFENSE

2

### (Reliance Upon Advice)

3        Defendants were entitled to act, and in fact acted, in good faith reliance upon the advice of

4    professionals and experts.

5

## TWENTIETH AFFIRMATIVE DEFENSE

6

### (Other Defenses)

7        Defendants hereby reserve and assert all affirmative defenses available under federal law

8    and under any applicable state law. Defendants presently have insufficient knowledge or

9    information upon which to form a belief as to whether they may have other, as yet unstated,

10   affirmative defenses available. Therefore, Defendants reserve the right to assert additional

11   affirmative defenses in the event that discovery indicates that it would be appropriate.

12   Additionally, Defendants adopt by reference any applicable defense asserted by any other

13   Defendant not expressly set forth herein to the extent they may share that defense.

14

## TWENTY-FIRST AFFIRMATIVE DEFENSE

15

### (Statute of Limitations and Repose)

16       The claims alleged in the CAC are barred, in whole or in part, to the extent they are

17   untimely under the applicable statute of limitations and/or the applicable statute of repose.

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## **PRAYER**

2

WHEREFORE, Defendants pray for judgment as follows:

3

1.      That the Court refuse to certify this suit as a class action;

4

2.      That Plaintiff and members of the alleged plaintiff class take nothing by reason of

5

the claims asserted herein;

6

3.      That judgment be entered in favor of Defendants on all claims asserted herein;

7

4.      For costs of suit herein; and

8

5.      For such other and further relief as the Court may deem just and proper.

9

Dated:   June 11, 2020                          FENWICK & WEST LLP

10

11

By: /s/ *Susan S. Muck*
                                                      Susan S. Muck

12

13

Attorneys for Defendants
Zuora, Inc., Tien Tzuo, and Tyler Sloat

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## **DEMAND FOR JURY TRIAL**

2

Defendants hereby demand a jury trial on all claims and issues so triable.

3

Dated:    June 11, 2020                    FENWICK & WEST LLP

4

5

By: /s/ *Susan S. Muck*

6                                                    Susan S. Muck

7                                                    Attorneys for Defendants
                                                     Zuora, Inc., Tien Tzuo, and Tyler Sloat

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW