Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*
[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, Individually and On Behalf Of All Other Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>Defendants. | No. 3:19-cv-03422-SI<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:       June 26, 2020<br>Time:      2:30 p.m.<br>Dept.:      Courtroom 1, 17th Floor<br>Judge:     Hon. Susan Illston<br>Date Action Filed:    June 14, 2019 |

010837-11/1302221 V2

Pursuant to Federal Rule of Civil Procedure 26(f), the Standing Order for All Judges of the Northern District of California dated November 1, 2014, and Civil Local Rule 16-9, Lead Plaintiff New Zealand Methodist Trust Association ("Lead Plaintiff") and defendants Zuora, Inc. ("Zuora"), Tien Tzuo, and Tyler Sloat (collectively, "Defendants") hereby submit this Joint Case Management Statement in advance of the June 26, 2020 Case Management Conference ("CMC").

## I. JURISDICTION & SERVICE

Lead Plaintiff, individually and on behalf of all others similarly situated, asserts claims arising under §§ 10(b) and 20(a) of the Securities Act of 1934 (the "Exchange Act") (15 U.S.C. §§ 78j(b), 78t(a) and 78t-1(a)), and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5)).  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 27 of the Exchange Act.  All parties are subject to the Court's jurisdiction, and no parties remain to be served.

## II. FACTS

As alleged in the Consolidated Amended Class Action Complaint ("Complaint") [Dkt. No. 60], this is a putative class action lawsuit brought against Zuora, its Chief Executive Officer and Chairman of the Board Tien Tzuo and its former Chief Financial Officer Tyler Sloat pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.  The lawsuit alleges violations of the Exchange Act on behalf of all persons or entities who purchased or otherwise acquired Zuora common stock between April 12, 2018 and May 30, 2019, inclusive (the alleged "Class Period").

Zuora is an enterprise software company that provides cloud-based software for companies with a subscription business model.  Lead Plaintiff alleges, *inter alia*, that Defendants made misrepresentations and omitted material facts regarding the functionality of Zuora's solution, including the integration of the Company's RevPro software solution with its Billing product during the alleged Class Period.  Lead Plaintiff alleges that Defendants knew both before and throughout the entirety of the Class Period of Zuora's inability to integrate RevPro successfully with Billing, and were aware of the resulting issues with upset customers, protracted installations, delays in customers going live on RevPro, and elongated recognition of revenue.  Lead Plaintiff contends that, as a result

of these statements, Zuora's stock price traded at artificially inflated prices throughout the alleged Class Period, and declined after Defendants' alleged disclosure of the integration failure.

Defendants deny all of Lead Plaintiff's allegations of wrongdoing. Defendants deny that there were any material misstatements or omissions and deny that any Defendant acted with scienter. Defendants deny Lead Plaintiff's allegations regarding loss causation and damages and deny that any damages are attributable to the conduct of any Defendant. Defendants reserve their rights to assert other defenses and affirmative defenses as appropriate.

The principal factual issues, which the parties currently dispute, include, but are not limited to: (1) whether Defendants Zuora, Tzuo and Sloat made statements that were materially false or misleading when made; (2) whether Defendants Zuora, Tzuo and Sloat acted intentionally or with deliberate recklessness with respect to those alleged false and misleading statements; (3) whether or not the Company stock traded in an efficient market; (4) whether Lead Plaintiff relied on the allegedly false statements or can use the "fraud on the market" presumption of reliance; (5) whether the allegedly false statements caused any loss to Lead Plaintiff or the putative class and the measure of any loss; (6) whether Lead Plaintiff or the putative class were actually damaged by the conduct complained of herein and the measure of any damages; and (7) whether Defendants Tzuo and Sloat are liable as control persons.

**III.   LEGAL ISSUES**

The principal legal issues include:

1. Whether any of the Defendants violated §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder; and

2. Whether this action may be certified as a class action under Fed. R. Civ. P. 23.

**IV.   MOTIONS**

The following motions have been filed in this action:

(a) Seven motions to appoint lead plaintiff and lead counsel were filed. [Dkts. Nos. 12, 17, 20, 23, 26, 31, 37]. On September 9, 2019, the Court entered an order appointing New Zealand Methodist Trust Association as Lead Plaintiff and Hagen Berman Sobol Shapiro LLP as lead counsel for the proposed class. [Dkt. No. 54].

(b)     Defendants filed a Motion to Dismiss the Consolidated Class Action Complaint on January 22, 2020 [Dkt. No. 64], which the Court denied on April 28, 2020. [Dkt. No. 75].

There are no pending motions before the Court but Lead Plaintiff anticipates filing a motion for class certification.

## V.     AMENDMENT OF PLEADINGS

As set forth in the schedule below, the parties may amend their respective pleadings on or before September 28, 2020.  Any further amendment shall require the opposing party's written consent or the Court's leave.  The parties reserve all rights and arguments with respect to any amended pleading.

## VI.    EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have met and conferred pursuant to Fed. R. of Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* 15 U.S.C. § 78u-4(b)(3)(C).  Until recently, discovery in this action was stayed under the PSLRA.   The parties are aware of, and represent that they have complied with, their document preservation obligations.

## VII.   DISCLOSURES

Due to the discovery stay automatically imposed by the PSLRA, no initial disclosures have been made pursuant to Fed. R. of Civ. P. 26.  *See* 15 U.S.C. § 78u-4(b)(3)(B).  The parties agree to exchange their initial disclosures on or before July 20, 2020 as set forth in § XVII below.

## VIII.  DISCOVERY

Due to the discovery stay automatically imposed by the PSLRA, no discovery has been conducted.  *See* 15 U.S.C. § 78u-4(b)(3)(B).  The parties' proposed discovery schedule is set forth in § XVII below.  The parties currently anticipate taking depositions, and serving document requests, interrogatories, requests for admission, and third-party subpoenas on subjects relevant to the allegations in the Complaint.  The parties will meet and confer on any changes to the limitations on discovery under the Federal Rules of Civil Procedure.

Without prejudice to their right to supplement or amend the following categories, Lead

1    Plaintiff contends that discovery is required as to, among other things, issues of liability, damages,

2    and defenses, including the factual and legal issues set forth in the parties' pleadings.

3          In addition to merits discovery, Defendants are also currently considering, and anticipate

4    serving, document requests, interrogatories and requests for admission and taking depositions

5    relevant to class certification.

6          The parties will meet and confer prior to noticing or conducting any depositions (including

7    any depositions of non-parties), and present the Court with an agreed-upon proposal concerning

8    depositions, which shall include an agreement on the number of depositions to be taken by each

9    party, the timing and length of those depositions, and the manner in which depositions are to be

10   conducted.

11         The parties are aware of the importance the Court places on cooperation and commit to

12   cooperate in good faith throughout the matter consistent with this District's ESI Guidelines and other

13   applicable rules.  The parties are continuing to confer regarding the entry of a stipulated order

14   regarding discovery of electronically stored information based on the model stipulation for the U.S.

15   District Court for the Northern District of California.

16   **IX.   CLASS ACTIONS**

17         Lead Plaintiff will move for class certification and Defendants anticipate they will oppose Lead

18   Plaintiff's motion.

19         The parties proposed briefing schedule for class certification, including time for discovery

20   related to whether class treatment is appropriate, is set forth in § XVII.

21   **X.    RELATED CASES**

22         The following actions have been administratively related to this Action and reassigned to the

23   Honorable Susan Illston:

24         *Lichter v. Tzuo, et al.*, Case No. 19-cv-05701-WHA (N.D. Cal.), and *Beaven v. Tzuo, et al.*,

25   Case No. 19-cv-05702-JCS (N.D. Cal.), were consolidated under the caption *In re Zuora, Inc.*

26   *Derivative Litigation*, Lead Case No. 3:19-cv-05701-SI (N.D. Cal.) (the "Federal Derivative

27   Action").  The Federal Derivative Action purports to allege violations of Section 14(a) of the

28   Exchange Act and claims for breach of fiduciary duty, unjust enrichment, and waste, although the

JOINT CASE MANAGEMENT CONFERENCE STATEMENT      4
CASE NO. 3:19-cv-03422-SI

1    plaintiffs in that litigation have not yet filed a consolidated complaint.

2    In addition, two actions entitled *Ahmed v. Diouane, et. al.*, Case No. 1:20-cv-00714 (D. Del.)

3    and *Schuster v. Diouane, et al.*, Case No. 1:20-cv-00745, were filed in the United States District

4    Court for the District of Delaware (the "Delaware Derivative Actions") on May 28, 2020 and June 3,

5    2020, respectively. The Delaware Derivative Actions purport to allege violations of Section 14(a) of

6    the Exchange Act, claims for contribution under §§ 10(b) and 21D of the Exchange Act, and claims

7    for breach of fiduciary duty, unjust enrichment, and waste.

8    Two actions entitled *Olsen v. Tzuo, et al.*, Case No. 20-CIV-01918, and *James Alpha Multi

9    Strategy Alternative Income Portfolio v. Zuora, et al.*, Case No. 20-CIV-02276, were also filed in the

10   Superior Court of the State of California, County of San Mateo (the "State Actions") on April 3,

11   2020 and May 29, 2020, respectively. The State Actions purport to allege violations of the Securities

12   Act of 1933 on behalf of all persons or entities who purchased or otherwise acquired securities of

13   Zuora, Inc. pursuant or traceable to Zuora's Registration Statement and Prospectus issued in

14   connection with Zuora's Initial Public Offering on April 12, 2018.

15   The Federal Derivative Action, Delaware Derivative Actions and State Actions include

16   allegations that relate to this action.

17   The parties are not aware of any other related cases or proceedings.

18   **XI.   RELIEF**

19   Pursuant to § 10(b) of the Exchange Act, Lead Plaintiff seeks monetary damages on behalf of

20   itself and the proposed class for losses incurred as a result of the allegations in the Complaint. Lead

21   Plaintiff also seeks reasonable costs and expenses incurred in this action, and any other such relief as

22   the Court may deem just and proper.

23   At present, prior to discovery, Lead Plaintiff cannot precisely quantify the damages sought.

24   Lead Plaintiff will calculate the damages suffered by the class based on a report prepared by a firm

25   with expertise in calculating damages in securities class action lawsuits.

26   Defendants believe that Lead Plaintiff is not entitled to any relief.

27   **XII.  SETTLEMENT AND ADR**

28   The parties believe settlement discussions are premature at this juncture, but will apprise the

Court as to whether such discussions would be productive if circumstances change. The parties have filed certifications pursuant to ADR Local Rule 3-5(b).

### XIII. CONSENT TO MAGISTRATE JUDGE FOR DISCOVERY

Defendants propose that the parties consent to the appointment of a magistrate judge for the purpose of adjudicating all discovery-related disputes. Lead Plaintiff submits such an appointment is premature as no discovery disputes have arisen or are presently anticipated. Lead Plaintiff submits the parties should meet and confer on this issue at the appropriate time.

### XIV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

Because no discovery has yet taken place in this case, it is not yet possible to discuss issues that could be narrowed at trial or resolved through stipulation.

### XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe that this case is appropriate for an expedited schedule.

### XVII. SCHEDULING

| ACTION | PROPOSED DATES |
| --- | --- |
| Initial Disclosures Exchanged | July 20, 2020 |
| Amendment of Pleadings[1] | September 28, 2020 |
| Class Certification Motion | No later than December 3, 2020 (5 months, 1 week after CMC) |
| Opp. to Class Cert. Motion | No later than February 1, 2021 |
| Reply in Supp. Of Class Cert. Motion | 30 days after Opp. to Class Cert. Motion |
| Hearing on Class Certification | As set by the court |
| Substantial Completion of Document Production | 12 months from CMC (June 25, 2021) |

---

[1] *See* § V., *supra*.

| ACTION | PROPOSED DATES |
| --- | --- |
| Fact Discovery Cutoff | 14 months from CMC (August 26, 2021) |
| Expert Reports Exchanged | 5 weeks after Fact Discovery Cutoff (September 30, 2021) |
| Rebuttal Expert Reports Exchanged | 5 weeks after exchange of Expert Reports (November 4, 2021) |
| Expert Discovery Cutoff | 5 weeks after exchange of Rebuttal Reports (December 9, 2021) |
| Dispositive Motion(s) | 45 days after Expert Discovery Cutoff (January 24, 2022) |
| Opposition(s) to Dispositive Motion(s) | 45 days after Dispositive Motion(s) filed (March 10, 2022) |
| Reply ISO Dispositive Motion(s) | 30 days after Opp. to Dispositive motion(s) (April 11, 2022) |
| Hearing on Dispositive Motion(s) | May 2022 as set by the court |
| Meet and Confer for Pretrial Conference | Three days prior to Pretrial Conference |
| Joint Pretrial Conference Statement | Two weeks prior to Pretrial Conference |
| Pretrial Conference | Two weeks prior to Trial Date |
| Trial Date | September 2022 as set by the court |

## XVIII. TRIAL

Lead Plaintiff has requested a jury trial. The parties believe that it is premature to discuss the expected length of the trial without having conducted any discovery, but expect trial to take at least one week, at a minimum.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Lead Plaintiff filed their Certification of Interested Entities or Persons on August 13, 2019, certifying that, other than the named parties and themselves, they are unaware of any person or entity with an interest to report. [Dkt. No. 27]. Lead Plaintiff confirms that this certification remains accurate.

1   Defendants Zuora, Tzuo and Sloat filed their Certification of Interested Entities or Persons on
2 August 13, 2019, certifying that, other than the named parties, they are unaware of any person or
3 entity with an interest to report. [Dkt. No. 9]. Defendants confirm that their certifications remain
4 accurate.

## XX. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:   June 18, 2020              HAGENS BERMAN SOBOL SHAPIRO LLP

By: s/ *Lucas E. Gilmore*
    LUCAS E. GILMORE

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725.3000
Facsimile: (510) 725.3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman (admitted *Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Peter A. Shaeffer (admitted *Pro Hac Vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile:  (708) 628-4950
petersh@hbsslaw.com

*Attorneys for Lead Plaintiff New Zealand Methodist Trust Association*

Dated:   June 18, 2020              FENWICK & WEST LLP

By: s/ *Catherine Kevane*
    CATHERINE KEVANE

Susan S. Muck (126930)

|   |   |
|---|---|
| 1 | Catherine Kevane (215501) |
| 2 | Felix Lee (197084) |
|   | Katherine A. Marshall (327042) |
| 3 | 555 California Street, 12th Floor |
|   | San Francisco, CA  94104 |
| 4 | Telephone: (415) 875-2300 |
|   | Facsimile:  (415) 281-1350 |
| 5 | smuck@fenwick.com |
|   | ckevane@fenwick.com |
| 6 | flee@fenwick.com |
|   | kmarshall@fenwick.com |

*Attorneys for Defendants*
*Zuora, Inc., Tien Tzuo, and Tyler Sloat*

### SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in filing this Joint Case Management Statement.

Dated:   June 18, 2020         HAGENS BERMAN SOBOL SHAPIRO LLP

By:   *s/ Lucas E. Gilmore*
          LUCAS E. GILMORE

*Attorneys for Lead Plaintiff New Zealand Methodist Trust Association*