Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, Individually and On Behalf Of All Other Similarly Situated,<br><br>                              Plaintiff,<br><br>   v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                              Defendants. | No. 3:19-cv-03422-SI<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>Judge: Hon. Susan Illston<br>Ctrm:   1 – 17th Floor |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties agree there is good cause for a protective order and hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and the Court's Standing Order set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever, including without limitation any other litigation. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

2. **DEFINITIONS**

   2.1   **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

   2.2   **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and other proprietary or personal information that qualifies for special protection from public disclosure and from use for purposes other than prosecuting this litigation.

   2.3   **Counsel (without qualifier):** Outside Counsel of Record and In-House Counsel (as well as their support staff).

**2.4   Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.5   Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6   Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or consultant of a Party, (3) is not a current employee or consultant of a Party's direct competitor and has not been an employee or consultant of a Party's direct competitor for the past (5) five years, and (4) at the time of retention, is not anticipated to become an employee of a Party or of a Party's direct competitor.

**2.7   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** extremely sensitive "Confidential" information or items the disclosure of which to another Party or Non-Party would create a risk of serious harm to the Designating Party that could not be avoided by less restrictive means, including, but not limited to: (i) extremely sensitive marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; and (v) commercial agreements, confidential settlement agreements, or confidential settlement communications, the disclosure of which the Designating Party in good faith believes is likely to cause substantial harm to the Producing Party.

**2.8   In-House Counsel:** attorneys who are employees of a party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9   Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.10   Outside Counsel of Record:** attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.11   Party:** any party to this action, including all of its officers, directors, managers, employees, consultants, retained experts, In-House Counsel and Outside Counsel of Record (and their support staffs).

**2.12   Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.13   Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.14   Protected Material:** any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.15   Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

**5.1    Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation and re-produce the information or items with the proper designation.

**5.2    Manner and Timing of Designations.** Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" to the document that contains protected material. For documents produced in native format, the Producing Party shall append "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the filename if not unduly burdensome.

(b)     A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine, as soon as reasonably practicable, which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the document that contains Protected Material.

(c)     for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record or up to 21 days[1] after receipt of the transcript of such deposition or proceeding, or such period agreed to by the Parties, after the completion of the deposition, hearing, or other proceeding, whether protection is sought and the level of protection being asserted. Only those portions of the testimony that are designated for protection on the record or within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. Except as otherwise provided herein, the use of a

---

[1] All references to "days" herein shall mean calendar days, unless otherwise noted.

5

document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed to by all Parties. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

(d) for information where it is impracticable to designate for confidentiality on a document-by-document or item-by-item basis, including but not limited to native documents and non-documentary electronic materials (*e.g.*, a database), and other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3  **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1  **Timing of Challenges.** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2     Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation (including identifying Bates Number designation as applicable) it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

**6.3     Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, and the Challenging Party still seeks to pursue a challenge to a confidentiality designation after considering the justification offered by the Designating Party, the Challenging Party shall serve written notice identifying for the Designating Party the specific material that remains subject to the challenge ("Notice of Challenge") at the end of the 14 days referenced in Section 6.2, unless the parties agree to extend the period of time to meet and confer.  The Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 14 days of Notice of Challenge. It may be appropriate in certain circumstances for the parties to agree to shift the burden to move to the

Challenging Party after five challenges are made to avoid an abuse of the process, but the burden of persuasion remains on the Designating Party. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

Failure by the Designating Party to make such a motion including the required declaration within 14 days shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

   7.1   **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2  Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, portfolio managers, investment advisors, employees and In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party, including their employees, (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or that the Court appoints; and

(h) during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary for this litigation; provided that if the witness is not a current employee of Defendant Zuora, Inc. and does not fall into any of the categories (a) to (g) above, then the deposing party and their attorneys shall request that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown material designated CONFIDENTIAL.  Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as CONFIDENTIAL must be separately bound by the court reporter

1   and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.
2   Nothing herein shall waive the right of any Party or Non-Party to move for a protective order
3   prohibiting the disclosure of specified CONFIDENTIAL information.

4   **7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"**
5   **Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the
6   Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

8   (a)   the Receiving Party' Outside Counsel of Record in this action, as well as
9   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
10  information for this litigation;

11  (b)   Defendant Zuora, Inc.'s In-House Counsel and the Global Equities Portfolio
12  Manager of Lead Plaintiff New Zealand Methodist Trust Association, Stephen Walker, or his
13  successor;

14  (c)   Experts (as defined in this Order) of the Receiving Party, including their staff,
15  (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the
16  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17  (d)   the Court and its personnel;

18  (e)   court reporters and their staff, professional jury or trial consultants, and
19  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have
20  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

21  (f)   the author or recipient of a document containing the information or a custodian
22  or other person who otherwise possessed or knew the information;

23  (g)   any mediator or settlement officer retained by the Parties or assigned by the
24  Court, and the employees of said mediator or settlement officer to whom it is reasonably necessary to
25  disclose the information for this litigation; and

26  (h)   During their depositions, witnesses, and attorneys for witnesses, in the action
27  to whom disclosure is reasonably necessary; provided that if the witness is not a current employee of

28

Defendant Zuora, Inc. and does not fall into any of the categories (a) to (g) above, then the deposing party shall request that the witness sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A) before being shown material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Nothing herein shall waive the right of any Party or Non-Party to move for a protective order prohibiting the disclosure of specified HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or a court order issued in other litigation that compels or seeks to compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Receiving Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Receiving Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in

that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

(a)    Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), in the event that Disclosure or Discovery Material that is subject to a claim of attorney-client privilege, attorney work product protection, or any other immunity or protection from discovery is inadvertently produced or otherwise disclosed such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other immunity or protection for such Discovery Material or other information.  Discovery Material or other information subject to a claim of privilege, protection, or immunity must be returned as soon as it is discovered, without any need to show the production was inadvertent.  The Receiving Party shall not use the inadvertently produced Discovery Material or other information for any purpose other than in connection with a motion to compel production in this matter.  This provision shall govern regardless of the reasonableness of any steps taken to prevent such inadvertent disclosure.

(b)    If a claim of inadvertent production is made, pursuant to this Stipulated Protective Order, with respect to Discovery Material then in the custody of another Party, that Party shall (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries, and excerpts or Inadvertent Production

Materials that contain privileged markings of the Receiving Party) and certify in writing to that fact; and (iii) not sequester, disclose, or use the claimed Inadvertent Production Material for any purpose until further order of the Court expressly authorizing such use. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material. A Party may then move the Court for an order compelling production of the claimed Inadvertent Production Material. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. While such a motion is pending, the Disclosure or Discovery Material in question shall be treated pursuant to this Section 11.  If a claim is disputed, the Receiving Party shall not use or disclose any Discovery Material or other information for which a claim of privilege or immunity is made pursuant to this Section for any purpose or until the matter is resolved by agreement of the parties or by a decision of the Court.

**12.    DISCOVERY FROM EXPERTS OR CONSULTANTS**

(a)    Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)    No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(c)    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

      (d)      Materials, communications, and other information exempt from discovery under the foregoing Paragraphs 12(a)–(c) shall be treated as attorney-work product for the purposes of this litigation and Order.

**13.  MISCELLANEOUS**

    **13.1  Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    **13.2  Right to Assert Other Objections.** By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, including any right to object to the disclosure or production of information under foreign statutes or laws. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

    **13.3  Filing Protected Material.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this or any other action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and this Court's Standing Order. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

**14.  FINAL DISPOSITION**

Within 60 days after the final disposition of this action, or such other time to be agreed upon by the parties and ordered by the Court, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. Final disposition shall be deemed to be the later of

(1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  August 25, 2020                              Respectfully submitted,

                                                     HAGENS BERMAN SOBOL SHAPIRO LLP

                                                     By: *Lucas E. Gilmore*
                                                     Lucas E. Gilmore (250893)
                                                     715 Hearst Avenue, Suite 202
                                                     Berkeley, CA  94710
                                                     Telephone: (510) 725-3000
                                                     Facsimile:  (510) 725-3001
                                                     lucasg@hbsslaw.com
                                                     reed@hbsslaw.com
                                                     danielles@hbsslaw.com

|   |   |
|---|---|
|   | Steve W. Berman (admitted *Pro Hac Vice*) |
|   | HAGENS BERMAN SOBOL SHAPIRO LLP |
|   | 1301 Second Avenue, Suite 2000 |
|   | Seattle, WA 98101 |
|   | Telephone: (206) 623-7292 |
|   | Facsimile: (206) 623-0594 |
|   | steve@hbsslaw.com |
|   |   |
|   | Peter A. Shaeffer (admitted *Pro Hac Vice*) |
|   | HAGENS BERMAN SOBOL SHAPIRO LLP |
|   | 455 North Cityfront Plaza Drive, Suite 2410 |
|   | Chicago, IL 60611 |
|   | Telephone: (708) 628-4949 |
|   | Facsimile: (708) 628-4950 |
|   | petersh@hbsslaw.com |
|   |   |
|   | *Attorneys for Lead Plaintiff* |
|   | *New Zealand Methodist Trust Association* |
| DATED: August 25, 2020 | FENWICK & WEST LLP |
|   |   |
|   | By:/s/ *Catherine Kevane* |
|   | Susan S. Muck |
|   | Catherine Kevane |
|   | Fiona Y. Tang |
|   | Katherine A. Marshall |
|   | FENWICK & WEST LLP |
|   | 555 California Street, 12th Floor |
|   | San Francisco, CA 94104 |
|   | Telephone: (415) 875-2325 |
|   | Facsimile: (415) 281-1350 |
|   | smuck@fenwick.com |
|   | ckevane@fenwick.com |
|   | ftang@fenwick.com |
|   | kmarshall@fenwick.com |
|   |   |
|   | Felix Lee |
|   | FENWICK & WEST LLP |
|   | 801 California Street |
|   | Mountain View, CA 94104 |
|   | Telephone: (650) 988-8500 |
|   | Facsimile: (650) 938-5200 |
|   | flee@fenwick.com |
|   |   |
|   | *Attorneys for Defendants Zuora, Inc.,* |
|   | *Tien Tzuo, and Tyler Sloat* |

Pursuant to Civil L.R. 5-1(i)(3), all signatories concur in filing this stipulation.

DATED: August 25, 2020                                    HAGENS BERMAN SOBOL SHAPIRO LLP

By: *Lucas E. Gilmore*
         Lucas E. Gilmore

*Attorney for Lead Plaintiff*
*New Zealand Methodist Trust Association*

\*   \*   \*

## [PROPOSED] ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: _____, 2020            _____
                                          The Honorable Susan Illston
                                          United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2020 in the case _____; Case No. _____. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name], of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]