**JOHNSON FISTEL, LLP**
Frank J. Johnson (SBN 174882)
FrankJ@johnsonfistel.com
Brett M. Middleton (SBN 199427)
BrettM@johnsonfistel.com
Jonathan M. Scott (SBN 323322)
JonathanS@johnsonfistel.com
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 230-0063 Facsimile:
(619) 255-1856

*Counsel for Plaintiff Theresa DeRycke*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, Individually and On behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>Defendants, | Case No.: 3:19-CV-03422-SI<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br><br><br>Date Filed: June 4, 2019<br>Judge: Susan Illston |
| IN RE ZUORA, INC. DERIVATIVE LITIGATION | Case No. 3:19-cv-05701-SI<br><br>Date Filed: September 10, 2019<br>Judge: Susan Illston |

[Caption continued on next page]

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

THERESA DERYCKE, derivatively on behalf of ZUORA INC., a Delaware corporation,

Plaintiff,

v.

TIEN TZUO, TYLER SLOAT, MARC DIOUANE, PETER FENTON, KENNETH A. GOLDMAN, TIMOTHY HALEY, JASON PRESSMAN, MICHAELANGELO VOLPI, MAGDELENA YESIL, OMAR ABBOSH, AND SARAH BOND,

Defendants,

-and-

ZUORA INC., a Delaware corporation,

Nominal Defendant.

Case No.: 4:22-cv-02775-RS

DEMAND FOR JURY TRIAL

Date Filed: May 10, 2022
Judge: Richard Seeborg

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

Pursuant to Civ. Loc. R. 3-12, Plaintiff Theresa DeRycke ("Plaintiff") respectfully requests this Court deem the matters of *Roberts v. Zuora, Inc. et al.,* Case No. 3:19-cv-03422-SI (N.D. Cal.) (the "Securities Class Action") and *In re Zuora, Inc. Derivative Litigation*, Case No. 3:19-cv-05701-SI (N.D. Cal.) the ("Demand Futility Derivative Action") related to *DeRycke v. Tzuo et al.,* Case No. 4:22-cv-02775-RS (N.D. Cal.) (the "Demand Refused Derivative Action"). As discussed below, the criteria for relation are met here. These actions concern substantially the same alleged false and misleading statements and omissions, and "it appears likely that there will be an unduly burdensome duplication of labor and expense" if the cases are conducted before different Judges. Civ. Loc. R. 3-12(a).. Therefore, relation is proper under Civ. Loc. R. 3-12.

The following actions were filed in the following order:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Roberts v. Zuora, Inc. et al.* | 3:19-cv-03422-SI | 06/14/2019 |
| *In re Zuora, Inc. Derivative Litigation* | 3:19-cv-05701-SI | 09/10/2019 |
| *DeRycke v. Tzuo et al* | 4:22-cv-02775-RS | 05/10/2022 |

## LEGAL STANDARD

Pursuant to Civ. Loc. R. 3-12(a), actions are defined as related when: (1) they "concern substantially the same parties, property, transaction or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civ. Loc. R. 3-12(a).

## ARGUMENT

Both criteria are met here for relation. The Securities Class Action and the Demand Futility Derivative Action address some of the same transactions and similar and overlapping sets of facts and involve some of the same parties as the Demand Refused Derivative Action. Specifically, the Securities Class Action, Demand Futility Derivative Action, and the Demand Refused Derivative Action arise, at least in part, from similar materially false and misleading

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

statements and omissions made and authorized by officers and directors of Zuora, Inc. ("Zuora"). In particular, the Securities Class Action, Demand Futility Derivative Action, and Demand Refused Derivative Action allege materially misleading statement and filings by officers and directors of Zuora regarding the subscription-based RevPro's integration and its limited demand.

Given the similarities between these cases and the fact that these cases are pending in this District, treating the cases as related would serve the interests of judicial economy and avoid the potential for conflicting rulings on common issues. Because the requirements of Loc. R. 3-12 are met, relation is appropriate. *In re Leapfrog Enterprises Inc. Sec. Litig.,* No. C 03 05421 RMW, 2005 WL 5327775, at *1 (N.D. Cal. July 5, 2005) (relating cases where the cases concerned the same defendants, similar factual allegations, and similar causes of action).

While Plaintiff has identified more than two potentially related cases, Plaintiff contends that the Securities Class Action, Demand Futility Derivative Action, and the Demand Refused Derivative Action are not appropriate for consolidation. In shareholder derivative actions, such as the Demand Futility Derivative Action and Demand Refused Derivative Action, almost all courts have recognized that demand futility and demand refused actions are so "categorically different" that they are not proper for consolidation. *See, e.g., In re HP Derivative Litig.*, 2011 WL 5914216 at *3 (noting that demand futility and demand refused cases are "categorically different" and declining to consolidate); *Ironworkers Dist. Council of Philadelphia & Vicinity Ret. & Pension Plan v. Andreotti*, No. 9714–VCG, 2015 WL 2270673, at *24. Here, the issue of whether the Zuora board of directors' response to Plaintiff's litigation demand to investigate and take remedial action concerning the alleged wrongdoing was proper under the law should not be litigated in the Demand Futility Derivative Action. Similarly, the issue of whether making such a shareholder litigation demand would have been "futile" under the law should not be litigated in Plaintiff's Demand Refused Derivative Action. Accordingly, Plaintiff submits that consolidation of the foregoing actions would not be appropriate.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

## <u>CONCLUSION</u>

For the above stated reasons, DeRycke respectfully requests that pursuant to Civ. Loc. R. 3-12, the Court relate *DeRycke v. Tzuo et al.,* Case No. 4:22-cv-02775-RS (N.D. Cal.) to *Roberts v. Zuora, Inc. et al.,* Case No. 3:19-CV-03422-SI (N.D. Cal.) and *In re Zuora, Inc. Derivative Litigation*, Case No. 3:19-cv-05701-SI (N.D. Cal.), but not consolidate these actions.

Dated:  May 26, 2022                          **JOHNSON FISTEL, LLP**

By:  */s/ Brett M. Middleton*
BRETT M. MIDDLETON

FRANK J. JOHNSON
JONATHAN M. SCOTT
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
BrettM@johnsonfistel.com
FrankJ@johnsonfistel.com
JonathanS@johnsonfistel.com

*Counsel for Plaintiff Theresa DeRycke*

3

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the Electronic Mail Notice for this action.

/s/ *Brett M. Middleton*
Brett M. Middleton

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED