# EXHIBIT 41

CONFIDENTIAL

**Page 1**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASEY ROBERTS, individually      No. 3:19-cv-03422-SI

and on behalf of all other

similarly situated,

                    Plaintiff,

vs.

ZUORA, INC., TIEN TZUO, and

TYLER SLOAT,

                    Defendants.

_____/

                ** CONFIDENTIAL **

         REMOTE VIDEO RECORDED DEPOSITION OF

                  ALLEN FERRELL, Ph.D.

                Lexington, Massachusetts

                Tuesday, October 25, 2022

Reported by:

LISA ANDREASEN

CSR No. 9584

A    I'm not saying that.

Q    Okay.  And is it your contention that sales execution issues mentioned on May 31, 2019 --

A    May 30th.

Q    I'm sorry -- May 31, 2019, do not relate to plaintiff's allegations of false and misleading statements?

MR. ADLER:  Object to form.

THE WITNESS:  First of all, you got the date wrong.  It's May 30th.  But, again, I'm just going to repeat my earlier answer, which is:  It was in the public sphere identified as two issues that fed into the lower revenue guidance that the market did not like.  Those two issues were discussed in the analysts' reports, and they were discussed separately.  So, for example, some analysts viewed the sales execution issues as taking longer than the product integration issue.  So they were viewed as two issues.  They were discussed as two issues.  And that reflects what was said on May 30th.

BY MR. GILMORE:

Q    Is it your opinion that the sales execution issue is wholly unrelated to the alleged wrongdoing in this case?

A    I'm not saying that.

CONFIDENTIAL

Q    That is not your opinion; correct?

A    I'm not providing that opinion.  And, again, the -- to val -- there's nothing wrong, per se, with assumptions.  So I'm making an assumption in this case that the liability claims are correct.  So, again, to be very clear, I'm not against assumptions, per se.  I'm using one in this case myself for liability, assuming liability is correct.  The problem with the assumption that Dr. Ronen made is she assumes away the very inquiry that she's purportedly analyzing, and that is the value of the information that could and should have been disclosed earlier to create an inflation band.

Q    Okay.  If the information of the sales execution claims is related to the wrongdoing, that would not be confounding information; correct?

MR. ADLER:  Objection to form.

THE WITNESS:  I don't agree with that.  So you used the phrase in your question related to.  Well, I would want to know exactly what you mean by related to.  Is there a 15 percent overlap?  Is there a 5 percent?  I mean related to is a very ambiguous, vague term.  You really need to understand what is the informational component that could and should have been disclosed earlier.

BY MR. GILMORE:

Q    Okay.  If the information related to the sales execution issues were caused by the product integration failure, that would not be confounding information; correct?

MR. ADLER:  Objection to form.

THE WITNESS:  Okay.  So I agree that if the assumption -- contrary to any economic evidence -- is that the one is completely subsumed in the other, that is that the disclosure that should have happened, according to the plaintiffs, about integration would have fully revealed the sales execution issues that were announced on May 30th, under that extreme assumption, I agree.  But there's no economic evidence that's true.  And also I would add as separate issue, which is separate from confounding, is there's a timing issue as to how you apportion the excess return over the class period.

BY MR. GILMORE:

Q    Okay.  But respectfully you're introducing another issue, and we'll get to that.  But if the sales execution issues, if I understand you correctly, were caused by the product integration, it is your opinion that that would not be confounding information.  Correct?

CONFIDENTIAL

**Page 140**

record.  The time is 3:54 p.m.

BY MR. GILMORE:

Q    So, Dr. Ferrell, if you could just turn back to Defendants' Exhibit 40 and take a look at Paragraph 81.  This is the expert report of Tavy Ronen.

A    Which paragraph?

Q    81.

A    Okay.

Q    So Dr. Ronen states, "To assess whether confounding information was released, I reviewed the company statements, news articles about Zuora available on Factiva and Bloomberg and analyst reports about Zuora available for purchase from Thomson Eikon and S&P Capital IQ around the time of the corrective disclosure."  Do you see this?

A    I do.

Q    Do you have any reason to doubt that Dr. Ronen did not, in fact, review these materials?

MR. ADLER:  Objection to form.

THE WITNESS:  No.

BY MR. GILMORE:

Q    And you don't contend that Dr. Ronen should have reviewed other sources of economic evidence to determine whether confounding information was

CONFIDENTIAL

**Page 141**

released; correct?

A   I mean, I don't think we get at her analyst reports.  But, yes, it's very clear from the company disclosure, as well as the analyst reports, it was confounding information.  So, yes, I agree that there's no need to look any further for economic evidence that there's clearly confounding information.

Q   Okay.  So it's not your contention that Dr. Ronen did not review the necessary sources; correct?

A   Correct.  She just assumed them away.

Q   Your disagreement is with Dr. Ronen's conclusion on confounding information; correct?

MR. ADLER:  Objection to form.

THE WITNESS:  Not quite.  My disagreement is she assumed away the confounding information.  She assumed away basically the very assignment she was asked to do, which was to create an inflation band.

BY MR. GILMORE:

Q   Have you reviewed the report, the rebuttal report of Charles Lundelius?

A   No.

Q   You do not intend to offer any opinions on

CONFIDENTIAL

Page 142

that report; correct?

A    You know, the opinions I have are reflected in my two reports.

MR. GILMORE:  I have nothing further.  I reserve further questioning in case your -- Mr. Adler has questions.

MR. ADLER:  Thank you, Mr. Gilmore, and defendants have no further questions.

THE VIDEOGRAPHER:  Are you ready for me to conclude?

MR. GILMORE:  Yes.

THE VIDEOGRAPHER:  This conclude today's deposition of Dr. Allen Ferrell.  The number of media used was six, and we are off the record at 3:57 p.m.

THE REPORTER:  Reading and signing goes to you, Mr. Adler; is that correct?

MR. ADLER:  Yes.

THE REPORTER:  And does anybody need a rough draft of this?

MR. ADLER:  Defendants will take a rough.

THE REPORTER:  Okay.  Mr. Gilmore, did you need a rough?

MR. GILMORE:  Just standard for right now.

(TIME NOTED:  3:58 P.M.)