Susan S. Muck (SBN 126930)
Kevin P. Muck (SBN 120918)
William Brenc (SBN 318544)
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
susan.muck@wilmerhale.com
kevin.muck@wilmerhale.com
william.brenc@wilmerhale.com

Jeremy T. Adler (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6417
jeremy.adler@wilmerhale.com

Melinda Haag (SBN 132612)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
mhaag@paulweiss.com

Karen L. Dunn (admitted *pro hac vice*)
Justin Anderson (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
janderson@paulweiss.com

Audra J. Soloway (admitted *pro hac vice*)
Jonathan Hurwitz (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
asoloway@paulweiss.com
jhurwitz@paulweiss.com

*Counsel for Defendants Zuora, Inc., Tien Tzuo,
and Tyler Sloat*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZUORA, INC., TIEN TZUO, and TYLER SLOAT, <br><br> Defendants. | Case No.: 3:19-cv-03422-SI <br><br> **DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 191)** <br><br> Hon. Susan Illston |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Zuora, Inc. ("Zuora"), Tien Tzuo, and Tyler Sloat (collectively, "Defendants") respectfully submit this Statement in Support of Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 191).  Lead Plaintiff filed a total of 32 documents under seal in connection with its Motions to Exclude the Expert Testimony of Steven Davidoff Solomon, Jeffrey L. Hagins, and Kevin Dages (ECF Nos. 192, 193, and 194).  As set forth in the accompanying Declaration of Ademuyiwa Bamiduro, Defendants seek to maintain under seal only 4 documents in their entirety and propose limited redactions to 17 documents.  These documents would pose competitive injury to Zuora if publicly disclosed, and also directly reference, quote, or constitute information that has been designated as Protected Material by Zuora under the Stipulated Protective Order (ECF No. 94) entered by this Court on August 26, 2020.  Defendants do not object to unsealing the remaining 11 documents.

Documents may be sealed upon a showing of "compelling reasons." *Ctr. for Auto Safety* v. *Chrysler Grp. LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).[1]  Compelling reasons exist when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana* v. *City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The trial court has broad discretion to permit sealing of court documents for, among other things, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  "Disclosure of information that 'might harm a litigant's competitive standing' generally meet[s] the compelling reasons standard for sealing." *Williams* v. *Apple, Inc.*, No. 19-CV-04700, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (quoting *In re*

---

[1] Because Plaintiff's *Daubert* motions are not dispositive, the "compelling reasons" standard does not necessarily apply here.  In any event, regardless of what standard applies, Defendants argue that their sealing requests would satisfy either the "compelling reasons" or "good cause" standards.

*Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008)). "Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

Here, Defendants have narrowly tailored redactions to 17 documents and seek only to seal 4 documents in their entirety—all of which reflect **(i)** nonpublic customer lists and pricing, and **(ii)** confidential memoranda and communications from Zuora's Board of Directors. Bamiduro Decl. ¶ 8. Defendants do not object to making public the remaining 11 documents.

As set forth in the Declaration of Ademuyiwa Bamiduro, there are compelling reasons to seal the specific documents at issue. Many of the documents containing Zuora's customer lists are commercially sensitive because they contain information about Zuora's customers, potential customers, terms, pricing, and software use cases specific to those customers. Bamiduro Decl. ¶ 6. Absent sealing, competitors would learn how Zuora designs, customizes, and prices software for specific customers. They could use that information to undercut Zuora's pricing and compete for new business, rather than invest their own time and resources. *Id.* Public disclosure would also prejudice Zuora in future negotiations with potential counterparties if those counterparties knew Zuora's pricing and other terms. Courts in this district routinely seal references to customers where, as here, disclosure would be competitively damaging. *See, e.g.*, *Johnstech Int'l Corp.* v. *JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"); *Van* v. *Language Line Servs., Inc.*, No. 14-CV-03791, 2016 WL 3566980, at *2 (N.D. Cal. June 30, 2016) (sealing "the identities of Defendants' clients, billing rates, [and] billing amounts").

Moreover, several of the documents are confidential Board memoranda and communications discussing nonpublic sales forecasts and other performance metrics, and business strategies and plans including with respect to product development and deployment issues.

Bamiduro Decl. ¶ 7. This type of discussion merits protection. *See Oldendorff Carriers GmbH & Co., KG* v. *Grand China Shipping (Hong Kong) Co., Ltd.*, C.A. No. C–12–074, 2013 WL 1867604, at *5 (S.D. Tex. Apr. 22, 2013) (sealing board minutes and communications because they included "various financial plans, corporate strategies, potential implications stemming from those decisions, strategies on handling ongoing legal matters, and further information related to internal, corporate operations"); *see also Williams*, 2021 WL 2476916, at *4 (finding compelling reasons to seal Apple's "business plans and projects"). Public disclosure of this sensitive information would provide competitors with insights into Zuora's corporate decisionmaking, and could potentially chill Board members from discussing these issues freely.

For these reasons, Defendants respectfully request that the Court grant the motion to seal.

Dated:  December 16, 2022                    Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:/s/ *Melinda Haag*
Melinda Haag (SBN 132612)
Karen L. Dunn (admitted *pro hac vice*)
Justin Anderson (admitted *pro hac vice*)
Audra J. Soloway (admitted *pro hac vice*)
Jonathan Hurwitz (admitted *pro hac vice*)


WILMER CUTLER PICKERING HALE AND DORR LLP

Susan S. Muck (SBN 126930)
Kevin P. Muck (SBN 120918)
Jeremy T. Adler (admitted *pro hac vice*)
William Brenc (SBN 318544)

*Counsel for Defendants Zuora, Inc., Tien Tzuo, and Tyler Sloat*