Susan S. Muck (SBN 126930)
Kevin P. Muck (SBN 120918)
William Brenc (SBN 318544)
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
susan.muck@wilmerhale.com
kevin.muck@wilmerhale.com
william.brenc@wilmerhale.com

Jeremy T. Adler (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6417
jeremy.adler@wilmerhale.com

Melinda Haag (SBN 132612)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
mhaag@paulweiss.com

Karen L. Dunn (admitted *pro hac vice*)
Justin Anderson (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
janderson@paulweiss.com

Audra J. Soloway (admitted *pro hac vice*)
Jonathan Hurwitz (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
asoloway@paulweiss.com
jhurwitz@paulweiss.com

*Counsel for Defendants Zuora, Inc., Tien Tzuo, and Tyler Sloat*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ZUORA, INC., TIEN TZUO, and TYLER SLOAT, <br><br> Defendants. | Case No.: 3:19-cv-03422-SI <br><br> **DECLARATION OF ADEMUYIWA BAMIDURO IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 191)** <br><br> Judge Susan Illston |

I, Ademuyiwa Bamiduro, declare as follows:

1.    I am the Deputy General Counsel of Compliance and Litigation at Zuora, Inc. ("Zuora"). Zuora is a California-based enterprise software company that creates and provides software for businesses to launch and manage their subscription-based services. I make this Declaration based on my own personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

2.    Pursuant to Civil Local Rule 79-5(f), this Declaration is made in support of Defendants' Statement in Support of Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed. *See* ECF No. 191.

3.    I have reviewed Lead Plaintiff's **(i)** Motion to Exclude the Expert Testimony of Steven Davidoff Solomon and accompanying exhibits filed under seal (ECF No. 192); **(ii)** Motion to Exclude the Expert Testimony of Jeffrey L. Hagins and accompanying exhibits filed under seal (ECF No. 193); and **(iii)** Motion to Exclude the Expert Testimony of Kevin Dages and accompanying exhibits filed under seal (ECF No. 194).

4.    After reviewing these materials, I concluded that several documents contain confidential business information relating to **(i)** customer lists and pricing and **(ii)** confidential Board memoranda and communications. These documents also directly reference, quote, constitute, or paraphrase information that has been designated as Protected Material by Zuora under the Stipulated Protective Order (ECF No. 94) entered by this Court on August 26, 2020.

5.    In my role as Deputy General Counsel, I have knowledge of how Zuora protects such information, the commercial sensitivity of such information, and the impact that public disclosure of such information would likely have on Zuora's business.

6.    Zuora's customer lists are confidential because they contain commercially sensitive information about Zuora's customers and potential customers, including terms, pricing, and software use cases specific to those customers. If disclosed, competitors would gain key insights into how Zuora designs, customizes, and prices software for specific customers. Competitors could try to use that information to compete for new business and undercut Zuora's pricing. Zuora

could also be prejudiced in future negotiations with potential counterparties if they knew Zuora's pricing rates and terms. As a matter of policy and practice, Zuora does not publicly disclose its customer lists or pricing. Access to such information is limited to those employees who need to know such information. And all employees who access this information are required to sign confidentiality agreements and are informed of the importance of maintaining confidentiality

7. Zuora's Board memoranda and communications are confidential because they discuss nonpublic financial data, business strategies, and business plans including with respect to prospective and ongoing product development and deployment. The public disclosure of this information would damage Zuora's competitive standing by revealing Zuora's corporate decisionmaking on sales performance and product development issues. It could also chill Board members from discussing these issues freely. As a matter of policy and practice, Zuora does not publicly disclose its Board memoranda and communications. Access to such information is limited to those employees who need to know such information. And all employees who access this information are required to sign confidentiality agreements and are informed of the importance of maintaining confidentiality.

8. Public disclosure of such information would harm Zuora's commercial interests, its relationships with customers and business partners, and future negotiations with potential counterparties by revealing customer identities and confidential Board communications to which competitors would ordinarily not have access. Defendants therefore seek to seal certain documents or narrowly tailored portions thereof, as specified in the chart below, because they contain confidential and proprietary business information. Specifically, of the 32 total documents filed under seal by Lead Plaintiff, Defendants seek to seal only 4 documents in their entirety and propose limited redactions to 17 documents. Those redactions are attached as Exhibits to this Declaration. The remaining 11 documents may be unsealed in their entirety.

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| **Motion to Exclude Expert Testimony of Steven Davidoff Solomon (ECF No. 192)** | | |
| Attached as **Exhibit A**<br><br>Motion to Exclude Expert Testimony of Steven Davidoff Solomon | Refers to customer names and quotes from confidential Board communications | Page 10, Lines 6 and 22 (identified portions)<br><br>Page 11, Lines 17-18 (identified portions) |
| Attached as **Exhibit B**<br><br>Ex. 1 to Berman Decl., Solomon Expert Report | Refers to customer names and quotes from confidential Board communications | Page 46, FN 251 (identified portion)<br><br>Pages 57-58, ¶ 149 (identified portions)<br><br>Page 59, ¶¶ 152, 153 (identified portions)<br><br>Page 60, ¶ 158 (identified portion)<br><br>Page 61, ¶ 162 (identified portion)<br><br>Page 62, FN 347 (identified portions)<br><br>Page 64, FN 356, 358, 359, and 360 (identified portions)<br><br>Page 71, FN 423 and 424 (identified portions)<br><br>Page 79, FN 482 (identified portion)<br><br>Pages 82-83, ¶ 215 and FN 526 (identified portions)<br><br>Ex. 1 (identified portion) |
| Ex. 2 to Berman Decl., Solomon Deposition Transcript Excerpts | | Unseal Entirely |
| Ex. 3 to Berman Decl., ZUO_00002381 | | Unseal Entirely |
| Attached as **Exhibit C**<br><br>Ex. 4 to Berman Decl., ZUO_00028744 | Refers to customer names and product development issues specific to those customers | Page -00028744 (identified portions)<br><br>Page -00028745 (identified portions)<br><br>Page -00028746 (identified portions) |

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| | | Page -00028747 (identified portions) |
| | | Page -00028748 (identified portions) |
| Attached as **Exhibit D** Ex. 5 to Berman Decl., ZUO_00003341 | Refers to customer names | Page -00003341 (identified portions) Page -00003342 (identified portions) |
| Attached as **Exhibit E** Ex. 6 to Berman Decl., ZUO_00175506 | Refers to customer names | Page -00175506 (identified portion) |
| Ex. 7 to Berman Decl., ZUO_00001166 | Confidential Board memorandum containing internal sales and performance metrics, business strategies, and business plans regarding product development issues. | Seal Entirely |
| Attached as **Exhibit F** Ex. 8 to Berman Decl., Table of Solomon Opinions | Quotes from confidential Board communication discussing product development and business plans | Page 6 (identified portion) |
| **Motion to Exclude Expert Testimony of Jeffrey L. Hagins (ECF No. 193)** | | |
| Motion to Exclude Expert Testimony of Jeffrey L. Hagins | | Unseal Entirely |
| Attached as **Exhibit G** Ex. 1 to Berman Decl., Hagins | Refers to customer names | Page 6, ¶ 16 and FN 23 (identified portions) Page 27, ¶ 71 (identified portions) |

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| Expert Report | | |
| Ex. 2 to Berman Decl., Hagins Deposition | | Unseal Entirely |
| **Motion to Exclude Expert Testimony of Kevin Dages (ECF No. 194)** | | |
| Attached as **Exhibit H**<br><br>Motion to Exclude Expert Testimony of Kevin Dages | Refers to and quotes from documents sought to be sealed including confidential Board communications | Page 13, Lines 5-8 and 26-28 (identified portions)<br><br>Page 21, Lines 17-20, 22-23 (identified portions) |
| Attached as **Exhibit I**<br><br>Ex. 1 to Berman Decl., Dages Expert Report | Refers to customer and potential customer identities, and sales projections specific to those customers | Page 9, ¶ 17  (identified portion)<br><br>Page 15, ¶ 32 (identified portion)<br><br>Page 23, FN 83 (identified portions)<br><br>Page 24, ¶¶ 49, 50 (identified portions)<br><br>Page 25, ¶ 52 (identified portion)<br><br>Ex. 1 (identified portions)<br><br>Ex. 2 (identified portions)<br><br>Ex. 8 (identified portions)<br><br>Ex. 9  (identified portions)<br><br>Ex. 10 (identified portions) |
| Ex. 2 to Berman Decl., Ferrell Expert Rebuttal | | Unseal Entirely |
| Ex. 3 to Berman Decl., Dages Deposition Transcript Excerpts | | Unseal Entirely |
| Ex. 4 to Berman Decl., ZUO_00448803 Metadata | | Unseal Entirely |

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| Ex. 5 to Berman Decl., ZUO_00327212 Metadata | | Unseal Entirely |
| Attached as **Exhibit J** <br><br> Ex. 6 to Berman Decl., ZUO_00448805 Excerpts | Refers to customer names | Page 5 pdf (identified portion) |
| Attached as **Exhibit K** <br><br> Ex. 7 to Berman Decl., ZUO_00448806 Excerpts | Refers to customer names | Page 4 pdf (identified portion) <br><br> Page 5 pdf (identified portion) |
| Attached as **Exhibit L** <br><br> Ex. 8 to Berman Decl., ZUO_00003940 | Confidential Board communication discussing product development and business plans | Page -00003940 (identified portion) <br><br> Page -00003941 (identified portion) |
| Attached as **Exhibit M** <br><br> Ex. 9 to Berman Decl., ZUO_00214503 | Refers to customer names and product development issues with respect to those customers | Page -00214504 (identified portions) <br><br> Page -00214505 (identified portions) |
| Ex. 10 to Berman Decl., ZUO_00177352 | | Unseal Entirely |
| Ex. 11 to Berman Decl., ZUO_00119879 | | Unseal Entirely |
| Attached as **Exhibit N** <br><br> Ex. 13 to Berman Decl., Hildenbrand Deposition Transcript Excerpts | Refers to customer names | Page 270, Lines 8, 10, 19, 23 (identified portions) <br><br> Page 271, Lines 1, 4 (identified portions) <br><br> Errata Sheet (identified portions) |

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| Ex. 14 to Berman Decl., ZUO_00448803 | Spreadsheet containing sales projections, customer lists, and details about customer contracts and deal negotiations | Seal Entirely |
| Ex. 15 to Berman Decl., ZUO_00448808 | Spreadsheet containing sales projections, customer lists, and details about customer contracts and deal negotiations | Seal Entirely |
| Ex. 16 to Berman Decl., ZUO_00448808 Metadata | | Unseal Entirely |
| Ex. 18 to Berman Decl., ZUO_00327212 Excerpts | | Unseal Entirely |
| Ex. 20 to Berman Decl., ZUO_00001166 | Confidential Board memorandum containing internal sales and performance metrics, business strategies, and business plans regarding product development issues. | Seal Entirely |
| Attached as **Exhibit O**<br><br>Ex. 21 to Berman Decl., ZUO_00329887 | Slide deck referring to customer names | Page -00329889 (identified portions)<br><br>Page -00329890 (identified portions)<br><br>Page -00329891 (identified portions)<br><br>Page -00329893 (identified portion)<br><br>Page -00329899 (identified portion) |
| Attached as **Exhibit P** | Refers to nonpublic | Page 3 pdf (identified portion) |

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| Ex. 22 to Berman Decl., ZUO_00326338 | revenue guidance used in confidential Board communications | |
| Ex. 23 to Berman Decl., Ferrell Deposition Transcript Excerpts | | Unseal Entirely |
| Attached as **Exhibit Q**<br><br>Ex. 24 to Berman Decl., Lundelius Expert Report | Quotes from confidential Board communications and references confidential internal revenue spreadsheets | Page 8, FN 19 (identified portion)<br><br>Page 13, FN 42 (identified portion)<br><br>Page 14, ¶ 20 and FN 43 (identified portions)<br><br>Page 15, ¶ 22 (identified portions)<br><br>Page 25, ¶ 34 (identified portion)<br><br>Pages 26-27, ¶ 34 (identified portions)<br><br>Page 27, FN 89 and FN 91 (identified portions)<br><br>Pages 27-28, ¶ 36 (identified portions)<br><br>Pages 28-29, ¶ 37 (identified portions) |

9.     For these reasons, I believe that Zuora would be prejudiced unless this information remains under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 16, 2022, in Washington, D.C.

_____
Ademuyiwa Bamiduro