# EXHIBIT 01

```
                                                         Volume 2
                                                   Pages 262 - 466
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE EDWARD M. CHEN, JUDGE

```
IN RE TESLA, INC. SECURITIES      )
LITIGATION.                       ) No. 18-cv-04865-EMC
                                  )
_____)
                                    San Francisco, California
                                    Wednesday, January 18, 2023
```

**TRANSCRIPT OF TRIAL PROCEEDINGS**

**APPEARANCES**:

For Movants:

```
                LEVI & KORSINSKY, LLP
                1101 30th Street NW
                Suite 115
                Washington, D.C.  20007
           BY:  NICHOLAS IAN PORRITT, ESQ.
                ELIZABETH K. TRIPODI, ESQ.
                ALEXANDER A. KROT, III, ESQ.
                JOSEPH LEVI, ESQ.

                LEVI & KORSINSKY LLP
                75 Broadway
                Suite 202
                San Francisco, California  94111
           BY:  ADAM M. APTON, ESQ.
```

For Defendants:

```
                QUINN EMANUEL URQUHART & SULLIVAN, LLP
                51 Madison Avenue
                22nd Floor
                New York, New York  10010
           BY:  ALEXANDER B. SPIRO, ESQ.
                ANDREW JOHN ROSSMAN, ESQ.
                PHILLIP B. JOBE, ESQ.
                ELLYDE R. THOMPSON, ESQ.
                JESSE A. BERNSTEIN, ESQ.
```

Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
              Official Reporter, U.S. District Court

(Appearances continued, next page)

**APPEARANCES, CONTINUED:**

For Defendants:

QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street
10th Floor
Los Angeles, California  90017
BY:  **MICHAEL T. LIFRAK, ESQ.**
**ANTHONY P. ALDEN, ESQ.**
**MATTHEW ALEXANDER BERGJANS, ESQ.**
**WILLIAM C. PRICE, ESQ.**

shows a presence of scienter.

THE COURT: All right. So here's my ruling. We've got limited time.

Number one, this motion was filed on the eve of testimony. His report, his rebuttal report has been known, has been out for a long time. So I'm troubled by a late filing, late-evening filing which essentially is a *Daubert* motion, motion in limine, at the eleventh hour. So the timing of such is tardy. And not appreciated by this Court.

On that basis alone I could deny this, this objection. Nonetheless, in the interest of justice, I'm going to address the merits. The testimony is relevant. I think it does go to -- it can go to state of mind. It can go to board liability. And to the extent he testifies as to what sort of the norm is in the industry, and how it's been done, and how the facts of this case short-circuited many of those I think is permitted.

However, there's something to the argument that to the extent this turns into a narrative and a case summary that is problematic, especially since this is going to be introduced so early into the case. I'm not going to allow this to be a substitute for the evidence.

And, I think it's also problematic if you're intending to introduce actual evidence and documents that he relied upon. That doesn't come into evidence under 702 or 703 just because

he looked at it.  He can explain the basis of what he looked at, the factual basis for his opinions.  He can describe it.  But when you start introducing evidence and correspondence, this and that, emails, that looks like summation evidence.  And I don't think that's appropriate.  Especially at the beginning of the case.

So part of it is a level of detail.  So I'm going to give him rein to explain what he saw, why he reached his conclusion, to contrast and compare what happened here with what happens in other transactions.  But if we start getting into details and trying to introduce exhibits and this sort of thing, if I hear an objection, it's likely to be sustained.

**MR. PORRITT:**  Understood, Your Honor.  That's not the intent of his testimony.  The only internal -- the only documents Professor Subramanian is going to be really referring to are documents that are un-objected to.  So they're things such as board minutes.  They're things such as the offer email on August 2nd from -- from Mr. Musk to the board, which is part of the undisputed facts that the parties stipulated to.

**THE COURT:**  Well, and I will also say that to the extent he -- he begins to opine on what Mr. Musk's actual state of mind was and his motives or whatever, that -- that's -- that's for the jury to determine.

**MR. PORRITT:**  Completely.

**THE COURT:**  That's not his expertise.