Susan S. Muck (SBN 126930)
Kevin P. Muck (SBN 120918)
William Brenc (SBN 318544)
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
susan.muck@wilmerhale.com
kevin.muck@wilmerhale.com
william.brenc@wilmerhale.com

Jeremy T. Adler (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6417
jeremy.adler@wilmerhale.com

Melinda Haag (SBN 132612)
Robin Linsenmayer (SBN 244656)
Erika K. Hoglund (SBN 327781)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
mhaag@paulweiss.com
rlinsenmayer@paulweiss.com
ehoglund@paulweiss.com

Karen L. Dunn (admitted *pro hac vice*)
Justin Anderson (admitted *pro hac vice*)
Jessica E. Phillips (admitted *pro hac vice*)
Jake E. Struebing (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
kdunn@paulweiss.com
janderson@paulweiss.com
jphillips@paulweiss.com
jstruebing@paulweiss.com

Audra J. Soloway (admitted *pro hac vice*)
Jonathan Hurwitz (admitted *pro hac vice*)
Jason A. Driscoll (admitted *pro hac vice*)
Benjamin W. Perotin (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
asoloway@paulweiss.com
jhurwitz@paulweiss.com
jdriscoll@paulweiss.com
bperotin@paulweiss.com

*Counsel for Defendants Zuora, Inc., Tien Tzuo,
and Tyler Sloat*

DEFS.' STATEMENT ISO LEAD PL.'S ADMIN. MOTION TO CONSIDER WHETHER
ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:19-cv-03422-SI

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>Defendants. | Case No.: 3:19-cv-03422-SI<br><br>**DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 233)**<br><br>Hon. Susan Illston |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Zuora, Inc. ("Zuora"), Tien Tzuo, and Tyler Sloat (collectively, "Defendants") respectfully submit this Statement in Support of Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 233). Lead Plaintiff filed a total of 10 documents under seal in connection with its **(i)** Reply in Support of its Motion to Exclude the Expert Testimony of Steven Davidoff Solomon and accompanying exhibits filed under seal (ECF No. 234) (the "Solomon Reply"); **(ii)** Reply in Support of its Motion to Exclude the Expert Testimony of Jeffrey L. Hagins and accompanying exhibits filed under seal (ECF No. 235) (the "Hagins Reply"); and **(iii)** Reply in Support of its Motion to Exclude the Expert Testimony of Kevin Dages and accompanying exhibits filed under seal (ECF No. 236) (the "Dages Reply"). As set forth in the accompanying Declaration of Ademuyiwa Bamiduro, Defendants propose limited redactions to only 8 documents. These documents would pose competitive injury to Zuora if publicly disclosed, and also directly reference, quote, or constitute information that has been designated as Protected Material by Zuora under the Stipulated Protective Order (ECF No. 94) entered by this Court on August 26, 2020. Defendants do not object to unsealing the remaining documents.

DEFS.' STATEMENT ISO LEAD PL.'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:19-cv-03422-SI

1

Documents may be sealed upon a showing of "compelling reasons." *Ctr. for Auto Safety* v. *Chrysler Grp. LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).[1]  Compelling reasons exist when "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana* v. *City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The trial court has broad discretion to permit sealing of court documents for, among other things, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  The U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  "Disclosure of information that 'might harm a litigant's competitive standing' generally meet[s] the compelling reasons standard for sealing." *Williams* v. *Apple, Inc.*, No. 19-CV-04700, 2021 WL 2476916, at *3 (N.D. Cal. June 17, 2021) (quoting *In re Elec. Arts, Inc.*, 298 Fed. App'x 568, 569 (9th Cir. 2008)).  "Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

Here, Defendants have narrowly tailored redactions to 8 documents—which reflect **(i)** nonpublic customer identities and product development issues specific to those customers; **(ii)** confidential communications among Zuora's senior executives pertaining to business strategy; and **(iii)** non-public sales and bookings data.  Bamiduro Decl. ¶ 4.  As set forth in the Declaration of Ademuyiwa Bamiduro, there are compelling reasons to seal the specific documents at issue.

*First*, the Hagins Reply and Exhibits 2, 3, 4, 5, and 6 to the Hagins Reply reveal customer names.  Zuora's customer identities are commercially sensitive because disclosure would reveal

---

[1] Because Plaintiff's *Daubert* motions are not dispositive, the "compelling reasons" standard does not necessarily apply here.  In any event, regardless of what standard applies, Defendants argue that their sealing requests would satisfy either the "compelling reasons" or "good cause" standards.

information including the terms, pricing, and software use cases specific to those customers. Bamiduro Decl. ¶ 6. Absent sealing, competitors would learn how Zuora designs, customizes, and prices software for specific customers. They could use that information to undercut Zuora's pricing and compete for new business, rather than invest their own time and resources. *Id.* Public disclosure would also prejudice Zuora in future negotiations with potential counterparties if those counterparties knew Zuora's pricing and other terms. Courts in this district routinely seal references to customers where, as here, disclosure would be competitively damaging. *See, e.g.*, *Continental Automotive Sys., Inc.* v. *Avanci, LLC*, No. 19-cv-02520-LHK, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) (sealing "the number of customers using Plaintiff's products as well as the names of certain customers"); *Johnstech Int'l Corp.* v. *JF Microtechnology SDN BHD*, No. 14-CV-02864, 2016 WL 4091388, at *3 (N.D. Cal. Aug. 2, 2016) (granting motion to seal "specific customer names and the percentage of business to those customers"); *Van* v. *Language Line Servs., Inc.*, No. 14-CV-03791, 2016 WL 3566980, at *2 (N.D. Cal. June 30, 2016) (sealing "the identities of Defendants' clients, billing rates, [and] billing amounts").

*Second*, the Solomon Reply and Hagins Reply refer to confidential communications among Zuora's senior executives discussing business strategies and plans including with respect to product development and deployment issues. Bamiduro Decl. ¶ 7. This type of discussion merits protection. *See Williams*, 2021 WL 2476916, at *4 (finding compelling reasons to seal Apple's "business plans and projects").

*Third*, the Dages Reply cites to nonpublic sales and bookings data. The public disclosure of this information would damage Zuora's competitive standing by providing competitors with insights into Zuora's sales capacity, volume, and strategy. Bamiduro Decl. ¶ 8. This is precisely the kind of sensitive financial data that courts in this district have found sealable. *See Williams*, 2021 WL 2476916, at *7 (finding compelling reasons to seal presentations "detailing financial metrics and business forecasts"); *City of Birmingham Relief & Ret. Sys.* v. *Hastings*, No. 18-cv-02107, 2019 WL 3815720, at *1 (N.D. Cal. Mar. 4, 2019) (finding compelling reasons existed to seal figures reflecting Netflix's streaming revenues).

For these reasons, Defendants respectfully request that the Court grant the motion to seal.

Dated:  February 24, 2023                Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:/s/ *Melinda Haag*
Melinda Haag (SBN 132612)

*Counsel for Defendants Zuora, Inc., Tien Tzuo, and Tyler Sloat*