Susan S. Muck (SBN 126930)
Kevin P. Muck (SBN 120918)
William Brenc (SBN 318544)
WILMER CUTLER PICKERING
HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
susan.muck@wilmerhale.com
kevin.muck@wilmerhale.com
william.brenc@wilmerhale.com

Jeremy T. Adler (admitted *pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 295-6417
jeremy.adler@wilmerhale.com

Melinda Haag (SBN 132612)
Robin Linsenmayer (SBN 244656)
Erika K. Hoglund (SBN 327781)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
mhaag@paulweiss.com
rlinsenmayer@paulweiss.com
ehoglund@paulweiss.com

Karen L. Dunn (admitted *pro hac vice*)
Justin Anderson (admitted *pro hac vice*)
Jessica E. Phillips (admitted *pro hac vice*)
Jake E. Struebing (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
kdunn@paulweiss.com
janderson@paulweiss.com
jphillips@paulweiss.com
jstruebing@paulweiss.com

Audra J. Soloway (admitted *pro hac vice*)
Jonathan Hurwitz (admitted *pro hac vice*)
Jason A. Driscoll (admitted *pro hac vice*)
Benjamin W. Perotin (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
asoloway@paulweiss.com
jhurwitz@paulweiss.com
jdriscoll@paulweiss.com
bperotin@paulweiss.com

*Counsel for Defendants Zuora, Inc., Tien Tzuo,
and Tyler Sloat*

BAMIDURO DECLARATION ISO DEFS.' STATEMENT ISO OF PL.'S ADMIN. MOTION
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:19-cv-03422-SI

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CASEY ROBERTS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>Defendants. | Case No.: 3:19-cv-03422-SI<br><br>**DECLARATION OF ADEMUYIWA BAMIDURO IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF LEAD PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 233)**<br><br>Judge Susan Illston |

BAMIDURO DECLARATION ISO DEFS.' STATEMENT ISO OF PL.'S ADMIN. MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
Case No. 3:19-cv-03422-SI

2

I, Ademuyiwa Bamiduro, declare as follows:

1.      I am the Deputy General Counsel of Compliance and Litigation at Zuora, Inc. ("Zuora").  Zuora is a California-based enterprise software company that creates and provides software for businesses to launch and manage their subscription-based services.  I make this Declaration based on my own personal knowledge and investigation, and if called as a witness to testify, I could and would testify competently to the following facts.

2.      Pursuant to Civil Local Rule 79-5(f), this Declaration is made in support of Defendants' Statement in Support of Lead Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed.  *See* ECF No. 233.

3.      I have reviewed Lead Plaintiff's **(i)** Reply in Support of its Motion to Exclude the Expert Testimony of Steven Davidoff Solomon and accompanying exhibits filed under seal (ECF No. 234); **(ii)** Reply in Support of its Motion to Exclude the Expert Testimony of Jeffrey L. Hagins and accompanying exhibits filed under seal (ECF No. 235); and **(iii)** Reply in Support of its Motion to Exclude the Expert Testimony of Kevin Dages and accompanying exhibits filed under seal (ECF No. 236).

4.      After reviewing these materials, I concluded that several documents contain confidential business information relating to **(i)** customer identities and product development issues or contract terms; **(ii)** confidential communications among Zuora's senior executives pertaining to business strategy; and **(iii)** non-public sales and bookings data.  These documents also directly reference, quote, constitute, or paraphrase information that has been designated as Protected Material by Zuora under the Stipulated Protective Order (ECF No. 94) entered by this Court on August 26, 2020.

5.      In my role as Deputy General Counsel, I have knowledge of how Zuora protects such information, the commercial sensitivity of such information, and the impact that public disclosure of such information would likely have on Zuora's business.

6.      Zuora's customer identities and product development issues are confidential because they contain commercially sensitive information about Zuora's customers and potential

customers, including terms, pricing, and software use cases specific to those customers. If disclosed, competitors would gain key insights into how Zuora designs, customizes, and prices software for specific customers. Competitors could try to use that information to compete for new business and undercut Zuora's pricing. Zuora could also be prejudiced in future negotiations with potential counterparties if they knew Zuora's pricing rates and terms. As a matter of policy and practice, Zuora does not publicly disclose its customer lists or pricing. Access to such information is limited to those employees who need to know such information. And all employees who access this information are required to sign confidentiality agreements and are informed of the importance of maintaining confidentiality

7.      Zuora's communications among senior executives are confidential because they discuss nonpublic financial data, business strategies, and business plans including with respect to prospective and ongoing product development and deployment. The public disclosure of this information would damage Zuora's competitive standing by revealing Zuora's corporate decisionmaking on sales performance and product development issues. It could also chill senior executives from discussing these issues freely. As a matter of policy and practice, Zuora does not publicly disclose its Board memoranda and communications. Access to such information is limited to those employees who need to know such information. And all employees who access this information are required to sign confidentiality agreements and are informed of the importance of maintaining confidentiality.

8.      Zuora's nonpublic sales and bookings data constitute confidential business information. The public disclosure of this information would damage Zuora's competitive standing by providing competitors with insights into Zuora's sales capacity, volume, and strategy including with respect to certain products, customers, and markets. Competitors could improperly leverage this information to unfairly compete with Zuora in certain segments of the market. As a matter of policy and practice, Zuora does not publicly disclose its sales forecasts. Access to such information is limited to those employees who need to know such information. And all employees who access this information are required to sign confidentiality agreements and are informed of

the importance of maintaining confidentiality.

9.      Public disclosure of such information would harm Zuora's commercial interests, its relationships with customers and business partners, and future negotiations with potential counterparties by revealing customer identities and business strategies to which competitors would ordinarily not have access.  Defendants therefore seek to seal certain documents or narrowly tailored portions thereof, as specified in the chart below, because they contain confidential and proprietary business information.  Specifically, of the 10 total documents filed under seal by Lead Plaintiff, Defendants propose limited redactions to only 8 documents.  Those redactions are attached as Exhibits to this Declaration.  The other documents may be unsealed in their entirety.

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| **Reply ISO Mot. to Exclude Expert Testimony of Steven Davidoff Solomon (ECF No. 234)** | | |
| Attached as **Exhibit A**<br><br>Reply in Support of Motion to Exclude Expert Testimony of Steven Davidoff Solomon (ECF No. 234) | Refers to communications among Zuora's senior executives regarding business strategy | Page 1, Line 13 |
| **Reply ISO Mot. to Exclude Expert Testimony of Jeffrey L. Hagins (ECF No. 235)** | | |
| Attached as **Exhibit B**<br><br>Reply in Support of Motion to Exclude Expert Testimony of Jeffrey L. Hagins (ECF No. 235) | Refers to customer names and communications among Zuora's senior executives regarding business strategy | Page 2, n.6 (identified portions)<br>Page 7, n.33 (identified portion)<br>Page 13, Lines 12, 16-18 |
| Exhibit 1 to Hagins Reply (ECF No. 235-2) | | Unseal entirely |

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| ZUO_00336645 | | |
| Attached as **Exhibit C**<br><br>Exhibit 2 to Hagins Reply (ECF No. 235-3)<br><br>ZUO_00422115 | Refers to customer names | -130 (identified portions)<br><br>-131 (identified portions) |
| Attached as **Exhibit D**<br><br>Exhibit 3 to Hagins Reply (ECF No. 235-4)<br><br>ZUO_00341132 | Refers to customer names | -136 (identified portion)<br>-137 (identified portions) |
| Attached as **Exhibit E**<br><br>Exhibit 4 to Hagins Reply (ECF No. 235-5)<br><br>Hagins Deposition Tr. Excerpt | Refers to customer names | Page 203, Lines 13-14<br>Page 205, Lines 12-14<br>Page 211, Lines 18, 23<br>Page 212, Lines 1-2, 23-24<br>Page 213, Lines 1, 18-20, 25<br>Page 214, Lines 1, 3, 22-23<br>Page 215, Line 11 |
| Attached as **Exhibit F**<br><br>Exhibit 5 to Hagins Reply (ECF No. 235-6)<br><br>Cromley Deposition Tr. Excerpt | Refers to customer names | Page 56, Line 3 |
| Attached as **Exhibit G**<br><br>Exhibit 6 to Hagins Reply (ECF No. 235-7)<br>Ramamoorthy Deposition Tr. Excerpt | Refers to customer names | Page 243, Line 23<br>Page 244, Lines 1, 12, 21, 25<br>Page 245, Lines 6<br>Errata Sheet (identified portions) |

| Document | Confidential Business Information | Proposed Redactions |
|---|---|---|
| **Motion to Exclude Expert Testimony of Kevin Dages (ECF No. 236)** | | |
| Attached as **Exhibit H**<br><br>Reply in Support of Motion to Exclude Expert Testimony of Kevin Dages (ECF No. 236) | Refers to spreadsheet containing sales and bookings data | Page 10, Line 27<br>Page 11, Lines 1-2 |
| Exhibit 2 to Dages Reply (ECF No. 236-3) | | Unseal entirely |

10.     For these reasons, I believe that Zuora would be prejudiced unless this information remains under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2022, in Washington, D.C.

_____
Ademuyiwa Bamiduro