# EXHIBIT 2

## to Berman Declaration

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated, | No. 3:19-cv-03422-SI |
| Plaintiff, | CLASS ACTION |
| v. | |
| ZUORA, INC., TIEN TZUO, and TYLER SLOAT, | |
| Defendants. | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (the "Stipulation") is entered into by and among (a) lead plaintiff New Zealand Methodist Trust Association ("Lead Plaintiff"), on behalf of itself and the Settlement Class[1]; (b) defendant Zuora, Inc. ("Zuora"); and (c) certain current or former Zuora officers and/or directors, namely defendants Tien Tzuo and Tyler Sloat (collectively, with defendant Zuora, the "Defendants"), by and through the parties' respective counsel. The Stipulation is intended by Lead Plaintiff, the Settlement Class, and the Defendants to fully, finally and forever resolve, discharge, release and settle the Released Claims (as defined below) upon and subject to the terms and conditions hereof, and to be submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure for approval by the Court.

**WHEREAS**:

A.      On June 14, 2019, plaintiff Casey Roberts filed the first of several related putative class action complaints, styled *Casey Roberts v. Zuora, Inc., et al.*, No. 19-cv-03422 (ECF No. 1), alleging violations of federal securities laws against Zuora, Tien Tzuo, and Tyler Sloat in this Court.

B.      Following the submission of various motions to appoint lead plaintiffs and lead counsel, by order dated September 9, 2019 (ECF No. 55), the Court appointed New Zealand Methodist Trust Association as lead plaintiff and Hagens Berman Sobol Shapiro LLP as lead counsel in this Action.

C.      On November 8, 2019, Lead Plaintiff filed its Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (ECF No. 60).

D.      On January 22, 2020, Defendants filed their Motion to Dismiss Consolidated Amended Class Action Complaint (ECF No. 64). Lead Plaintiff thereafter submitted its brief and

---

[1] All capitalized words and terms that are not otherwise defined in text have the meaning to ascribed to them below in the section entitled "Definitions."

supporting papers in opposition to Defendants' Motion to Dismiss (ECF No. 67).  Defendants submitted their reply brief in support of their Motion to Dismiss (ECF No. 68).  The parties further submitted statements of recent decisions in further support of their positions (ECF Nos. 70-71).

E.      By order dated April 28, 2020, the Court denied the Defendants' Motion to Dismiss on the papers (ECF Nos. 74-75).

F.      Defendants thereafter filed their Answer to the Consolidated Amended Class Action Complaint on June 11, 2020 (ECF No. 84).

G.      Formal fact discovery commenced in June 2020.  Lead Plaintiff served seventy-four (74) document requests, and the parties held extensive discussions regarding the method and form of Defendants' document production, including negotiating an ESI protocol, protective order, search terms and custodians.  Ultimately, Defendants produced more than 54,000 documents (encompassing over 400,000 pages) from over fifteen (15) custodians, along with video recordings of internal meetings involving Zuora executives.  After comprehensively reviewing the document discovery and video recordings, Lead Plaintiff conducted ten fact witness depositions.  Lead Plaintiff also served Requests for Admissions to Defendants and issued subpoenas to three (3) third parties, which resulted in additional document discovery.  In addition, Lead Plaintiff itself produced over nine thousand pages of document discovery, sat for a deposition, and provided responses to two sets of document requests and interrogatories.  Lead Plaintiff also participated in the depositions of four confidential witnesses referenced in the Consolidated Amended Complaint.

H.      On December 4, 2020, Lead Plaintiff filed its Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel (ECF No. 100).  On February 19, 2021, the Defendants submitted their Statement of Non-Opposition to Lead Plaintiff's Motion for Class Certification (ECF No. 112).  The Court granted Lead Plaintiff's

Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel by order dated March 15, 2021 (ECF No. 113).  On June 24, 2022, the Court issued its Order approving the Dissemination of Class Notice (the "Class Notice Order") (ECF No. 151), which required that any persons or entities that chose to exclude themselves from the Class do so by October 30, 2022.  After the Court issued the Class Notice Order, the Court-appointed administrator, Epiq Systems, Inc. ("Epiq"), began distributing notice of the Class Action to potential Class members on August 12, 2022 (ECF No. 243).  Three valid and timely requests to be excluded from the Class were returned.  *Id.*

I.    After the close of fact discovery in May 2022, the parties engaged in extensive expert discovery on issues including loss causation, damages, corporate disclosure requirements, and software development norms and practices.  Defendants produced four (4) expert reports, and Lead Plaintiff took three (3) expert depositions.  Lead Plaintiff produced two (2) expert reports, and defended two (2) expert depositions.

J.    On December 9, 2022, Defendants filed a motion for summary judgment on all of Lead Plaintiff's claims (ECF No. 185).  As part of that motion, Defendants also sought to exclude testimony from both of Lead Plaintiffs' experts.  *Id.*  On January 27, 2023, Lead Plaintiff filed its opposition to the summary judgment motion (ECF No. 219).  Defendants filed their reply in support of the summary judgment motion on February 17, 2023 (ECF No. 223).

K.    The same day Defendants filed their summary judgment motion, Lead Plaintiff filed three (3) separate motions to exclude testimony from three (3) of Defendants' experts (ECF Nos. 192-194).  Defendants filed their responses on January 27, 2023 (ECF Nos. 211-213), and Lead Plaintiff filed its replies on February 17, 2023 (ECF Nos. 234-236).

L.    During the course of the litigation, the parties engaged a third-party mediator, Robert A. Meyer, Esq. of JAMS.  After the submission of comprehensive mediation statements and other materials, the parties participated in a mediation via videoconference with Mr. Meyer on January 18, 2022.  The parties did not reach a resolution with Mr. Meyer at that time.  On May 31, 2022, the Court entered an order referring this action to Magistrate Judge Kandis Westmore for settlement.  As part of the conferences with Judge Westmore, the parties agreed to resume further mediation with Mr. Meyer.  On February 2, 2023, the parties conducted an in-person mediation with Mr. Meyer.  Although no resolution was reached during the mediation, the parties continued discussions with Mr. Meyer.  On March 31, 2023 – one week before oral arguments on Defendants' summary judgment motion and motion to exclude expert testimony and Lead Plaintiff's motions to exclude expert testimony – the parties reached a settlement in principle and negotiated and executed a confidential term sheet to settle this Action, which memorialized the key terms of this Stipulation.

M.    After taking into account the uncertainties, risks and likely costs and expenses of further litigation over the Released Claims in this complex securities action, Lead Plaintiff believes that the Settlement set forth herein as to Defendants is fair, reasonable, and in the best interests of Settlement Class Members (as defined herein).

N.    Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff, including all allegations of wrongdoing, fault, damages or liability whatsoever arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action, but also after taking into account the potential costs, uncertainties, and risks of further litigation, have therefore determined to fully and finally settle and resolve the claims asserted against them in the manner and upon the terms and conditions set forth herein.

**NOW, THEREFORE**, without any admission or concession whatsoever on the part of Lead Plaintiff of any lack of merit of any claims in the Action, and without any admission or concession whatsoever on the part of Defendants of any liability, wrongdoing, fault, or lack of merit in the defenses they have asserted in the Action, the Settling Parties hereby **STIPULATE AND AGREE**, by and through their respective undersigned attorneys, and subject to judicial approval as further set forth herein, in consideration of the benefits flowing to the Settling Parties hereto from the Settlement, that all Released Claims (as defined below) as against the Released Defendant Persons (as defined below) and all Released Defendants' Claims (as defined below) as against the Released Plaintiff Persons (as defined below) shall be compromised, resolved, settled, released, and discharged, upon and subject to the following terms and conditions, as set forth below:

## 1. DEFINITIONS

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Action" (or "this Action") means *Roberts v. Zuora, Inc., et al.,* Case No.: 3:19-cv-03422-SI, pending in the United States District Court for the Northern District of California.

1.2    "Alternative Judgment" means a form of judgment with terms materially different from those set forth in the form of judgment that is attached hereto as Exhibit B.

1.3    "Attorneys' Fees and Expenses" means any portion of the Gross Settlement Fund approved by the Court for payment to counsel who have represented Lead Plaintiff, including such counsel's attorneys' fees, costs, litigation expenses, and fees and expenses of experts (excluding Notice and Administration Expenses).

1.4    "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

1.5    "Award to Lead Plaintiff" means any portion of the Gross Settlement Fund approved by the Court for payment to Lead Plaintiff for its service to the Settlement Class in this

Action, and of reasonable costs and expenses directly relating to the representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

1.6    "Claim Form" has the same meaning as "Proof of Claim" (defined below);

1.7    "Claimant" refers to a Settlement Class Member who submits a Proof of Claim.

1.8    "Claims Administrator" means Epiq Class Action and Claims Solutions, Inc. ("Epiq"), or such other claims administration firm selected solely by Lead Counsel that may be appointed by the Court to administer the Settlement and disseminate notice to the Settlement Class.

1.9    "Class Period" means the period between April 12, 2018, through May 30, 2019, inclusive.

1.10    "Court" (or "this Court") means the United States District Court for the Northern District of California.

1.11    "Defendants" refers, collectively, to Zuora, Tien Tzuo, and Tyler Sloat.

1.12    "Defendants' Counsel" means the law firms of (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP; and (ii) Wilmer Cutler Pickering Hale and Dorr LLP.

1.13    "Effective Date" means the date on which all of the conditions set forth below in ¶10.1 shall have been satisfied.

1.14    "Escrow Account" means the segregated and separate interest-bearing escrow account to be established with the Escrow Agent (subject to judicial oversight) into which the Settlement Amount will be deposited for the benefit of Settlement Class Members, and which will thereafter hold the assets of the Settlement Fund (subject to the making of such awards, payments, and distributions as authorized herein).

1.15    "Escrow Agent" means Citibank, N.A. or its duly appointed successor, or such other bank as may be proposed by Lead Counsel and approved by the Court.

1.16    "Fairness Hearing" means the hearing scheduled by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate, (ii) the Plan of Allocation is fair, reasonable

and adequate; and (iii) Lead Counsel's request for an award of Attorneys' Fees and Expenses, including any Award to Lead Plaintiff, is reasonable.

1.17   "Fee and Expense Application" has the meaning given that term in ¶7.1 below.

1.18   "Final" shall mean, with respect to the Judgment or, if applicable, the Alternative Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees or costs, or (ii) the plan of allocation (as submitted or subsequently modified), shall not in any way delay or preclude a judgment approving the Settlement from becoming Final.

1.19   "Gross Settlement Fund" means the Settlement Amount plus all interest earned thereon.

1.20   "Individual Defendants" refers to and includes Tien Tzuo and Tyler Sloat.

1.21   "Judgment" means either (i) the proposed judgment to be entered approving the Settlement, substantially in the form attached hereto as Exhibit B; or (ii) an Alternative Judgment, if expressly agreed in writing by all the Settling Parties.

1.22   "Lead Counsel" means the law firm of Hagens Berman Sobol Shapiro LLP.

1.23   "Lead Plaintiff" means New Zealand Methodist Trust Association.

1.24   "Mediator" means Robert A. Meyer, Esq. of JAMS.

1.25   "Net Settlement Fund" means the Gross Settlement Fund less: (i) taxes on the income thereof and any Tax Expenses; (ii) the Notice and Administration Expenses as authorized

by this Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Lead Plaintiff authorized by the Court; and (v) any other fees and expenses authorized by the Court.

1.26    "Notice" means the Notice of Proposed Settlement of Class Action, substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the Settlement Class.

1.27    "Notice and Administration Expenses" means the reasonable costs and expenses incurred in connection with locating Settlement Class Members; preparing, printing, mailing, and publishing the Notice and the Summary Notice; soliciting the submission of proofs of claims; assisting with the submission of proofs of claim; processing Proof of Claim and Release forms; administering and distributing the Net Settlement Fund to Authorized Claimants; tax preparation expenses; and paying escrow fees and costs (if any). All such Notice and Administration Expenses shall be paid from the Settlement Fund.

1.28    "Parties" refers to the undersigned parties to this Stipulation.

1.29    "Person" means any individual, corporation, partnership, limited liability company or partnership, limited partnership, professional corporation, association, joint stock company, trust, estate, unincorporated association, government or any political subdivision or agency thereof, and any other type of legal or political entity, any representative, and, as applicable, his, her or its respective spouses, heirs, predecessors, successors-in-interest, representatives, and assigns.

1.30    "Plan of Allocation" means the plan for allocating the Net Settlement Fund described in the Notice, or in any alternate plan approved by the Court, whereby the Net Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Allocation is not part of the Stipulation, and the Released Defendant Persons shall have no liability with respect thereto.

1.31    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.32    "Proof of Claim" means the Proof of Claim and Release, substantially in the form attached hereto as Exhibit A-2 to Exhibit A.

1.33    "Related Persons", with respect to a Person, means (a) their immediate family members and any trust that such Person is the settlor of or which is for their benefit and/or the benefit of their family; (b) their subsidiaries, parent entities, divisions, and departments; and (c), for any of the entities or Persons listed at (a) or (b) above, their respective past and present officers, directors, managing directors, partners, employees, auditors, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such.

1.34    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature,  concerning, based on, arising out of, or in connection with all claims and causes of action that Lead Plaintiff or any other member of the Settlement Class (i) asserted in the Consolidated Amended Class Action Complaint filed in the Action on November 8, 2019 (the "Complaint"), or (ii) were or could have been asserted in any forum that, both (a) arise out of the facts, matters, statements, or omissions alleged in the Complaint and (b) relate to the purchase or other acquisition of Zuora common stock during the Class Period. For the avoidance of doubt, Lead Plaintiff and the Settlement Class will release all claims for damages by Settlement Class Members provided for under Sections 10(b) and 20(a) of the Securities Exchange Act which relate to the purchase or other acquisition of Zuora common stock during the Class Period. To the extent that Settlement Class Members also seek recovery pursuant to Sections 11 and 15 of the Securities Act of 1933 in *Olsen v. Zuora, Inc.*, No. 20-civ-1918 (Cal. Super. Ct.) ("State Action"), currently pending before the Superior Court of the State of California in the

County of San Mateo ("State Claims"), the State Claims are preserved only to the extent that Class Members in that action have non-duplicative damages available under the Securities Act, if any such non-overlapping damages can be established in the State Action (which Defendants dispute). This release does not cover, include, or release claims relating to the enforcement of this Settlement.

1.35    "Released Defendants' Claims" means Defendants' release of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

1.36    "Released Defendant Persons" means Defendants and all of Defendants' past and present officers, directors, employees, insurers, subsidiaries, affiliates, successors, representatives, attorneys, underwriters, and agents.

1.37    "Released Plaintiff Persons" means Lead Plaintiff, Lead Counsel, and the Settlement Class.

1.38    "Settlement" means the settlement of the Action on the terms set forth in this Stipulation.

1.39    "Settlement Amount" means the sum of US $75,000,000.00 (seventy-five million U.S. dollars) in cash, to be deposited into the Escrow Account pursuant to ¶2.1.

1.40    "Settlement Class" (or "Class") means, consistent with the class previously certified by the Court in this action (*See* ECF No. 113)  all Persons who purchased or otherwise acquired Zuora common stock between April 12, 2018, and May 30, 2019, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) members or the immediate family of defendants Tien Tzuo and Tyler Sloat; (iii) any person who was an officer or director of Zuora; (iv) any firm or entity in which Defendants has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or

subsidiaries of Zuora; (vii) all Zuora plans that are covered by ERISA; (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (ix) those Persons who previously have requested exclusion from the class certified in this Action (*See* ECF No. 243).

1.41    "Settlement Class Member" (or "Class Member") means any Person who falls within the definition of Settlement Class (as defined above).

1.42    "Settlement Distribution Order" means an order to be entered by the Court, upon application of Lead Counsel, in accordance with ¶4.10 below, which authorizes the Claims Administrator to distribute the Net Settlement Fund to Authorized Claimants.

1.43    "Settlement Fund" refers to the account to be established by the Escrow Agent to hold the Settlement Amount and any interest earned thereon.

1.44    "Settling Parties" means Defendants and Lead Plaintiff.

1.45    "Summary Notice" means Summary Notice of (I) Pendency of Class Action and proposed Partial Settlement, (II) Settlement Fairness Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit A-3.

1.46    "Taxes and Tax Expenses" means: (i) taxes (including any interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Zuora with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a qualified settlement Fund for Federal or state income tax purposes; and (ii) expenses and costs incurred in connection with the operation and implementation of ¶5.3 (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶5.3).

1.47    "Unknown Claims" means: (i) any claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Persons, which if known by him, her, or it, might have affected his, her,

or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or acquisition of Zuora common stock; and (ii) any Released Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

## 2. THE SETTLEMENT CONSIDERATION; ESTABLISHMENT OF ESCROW ACCOUNT

2.1.    Zuora shall pay, or cause to be paid, in cash, the sum of U.S. $75,000,000.00 (seventy-five million U.S. dollars) to settle and release the Released Claims, to be paid by wire into the Escrow Account (to be established for the benefit of the Settlement Class) within 30 (thirty) calendar days after the later of (i) the Court signs and enters the Preliminary Approval Order; or (ii) Defendant's Counsel's receipt of wire instructions for the Escrow Account, and an IRS Form W-9 for the Settlement Fund.

2.2.     The Settlement Fund shall be used to pay: (i) Taxes and any Tax Expenses, the Notice and Administration Expenses as authorized by this Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Lead Plaintiff authorized by the Court; and (iv) other fees and expenses, if any, authorized by the Court. The balance of the Settlement Fund remaining after the above payments shall constitute the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.

2.3.     The Settlement is non-recapture, *i.e.* it is not a claims-made settlement. Upon the occurrence of the Effective Date, none of the Defendants, Released Defendant Persons, or any other Person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever.

2.4.     Any sums required to be held in escrow hereunder shall be held by the Escrow Agent, which shall be controlled by Lead Counsel (subject to the supervision of the Court) for the benefit of the Settlement Class until the Effective Date. To the extent that money is not paid out from the Settlement Fund as authorized by this Stipulation or as otherwise ordered by the Court, all assets held by the Escrow Agent in the Settlement Fund shall be deemed to be held in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as they shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. Other than amounts disbursed for Notice and Administration Expenses, Taxes and Tax Expenses, and Attorneys' Fees and Expenses, the remainder of the Settlement Fund shall not be distributed before the Effective Date occurs. The Escrow Agent shall not disburse the Settlement Fund, or any portion thereof, except as provided in this Stipulation, or upon order of the Court. The Escrow Agent shall bear all risks related to the holding of the Settlement Fund in the Escrow Account.

2.5.     The Escrow Agent, at the direction of Lead Counsel, shall invest all funds exclusively in eligible investments, meaning obligations issued or guaranteed by the United States Government or any agency or instrumentality thereof, backed by the full faith and credit of the

United States, or fully insured by the United States Government or an agency thereof, and the Escrow Agent (unless otherwise instructed by Lead Counsel) shall reinvest the proceeds of these obligations or instruments as they mature in similar instruments at their then-current market rates. Interest earned on the money deposited into the Escrow Account shall be part of the Settlement Fund.

2.6.    Neither the Settling Parties nor their respective counsel shall be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for (a) the payment of claims, taxes, legal fees, or any other expenses payable from the Settlement Fund; (b) the investment of any Settlement Fund assets; or (c) any act, omission, or determination of the Escrow Agent.

## 3.  SCOPE AND EFFECT OF SETTLEMENT

3.1.    The obligations incurred pursuant to this Stipulation shall be in full and final disposition of: (i) the Action as against the Defendants; (ii) any and all Released Claims as against the Released Defendant Persons; and (iii) any and all Released Defendants' Claims as against the Released Plaintiff Persons, as more fully set forth herein.

3.2.    Upon the Effective Date of this Settlement, Lead Plaintiff and each of the Settlement Class Members, on behalf of themselves and their Related Persons, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Released Claims against each Released Defendant Person, whether or not Lead Plaintiff or any Settlement Class Member executes and delivers a Proof of Claim.

3.3.    Upon the Effective Date of this Settlement, Defendants and each of the Released Defendant Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendants' Claims against each Released Plaintiff Person.

3.4.    The releases provided in this Stipulation shall become effective immediately upon the occurrence of the Effective Date without the need for any further action, notice, condition or event.

**4.    ISSUANCE OF NOTICE; ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND**

4.1.    The Claims Administrator shall (a) administer the issuance of notice to the Settlement Class in accordance with the terms of the Preliminary Approval Order and any other orders of the Court; (b) determine the validity of the Proofs of Claim submitted and calculate the recognized loss amounts of Authorized Claimants that shall be allowed; (c) administer the distribution of the Net Settlement Fund to Authorized Claimants; and (d) otherwise provide such claims administration services as are customary in settlements of this type, subject to such supervision of Lead Counsel and (as appropriate or as circumstances may require) the Court.  The Claims Administrator shall be retained subject to the condition that it agrees to be subject to the jurisdiction of the Court.

4.2.    Notice and Administration Expenses shall be paid from the Settlement Fund. Notwithstanding that the Effective Date has not yet occurred, Lead Counsel may pay (or cause to be paid) from the Escrow Account the actual costs of notice and related administrative expenses without further court order, up to US $275,000 (two-hundred and seventy-five thousand U.S. dollars).  In no event shall Lead Plaintiff or Lead Counsel be responsible to pay any amount for Notice and Administration Expenses.

4.3.    No later than fifteen (15) calendar days following the filing of this Stipulation with the Court, Zuora shall serve, or cause to be served, the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") on behalf of all Defendants.  Zuora shall be solely responsible for the costs of the CAFA notice and administering the CAFA notice.  The Parties agree that any delay by Zuora in timely serving the CAFA notice will not provide grounds for delay of the Fairness Hearing or entry of the Judgment.

STIPULATION AND AGREEMENT OF SETTLEMENT - 15
*Roberts v. Zuora, Inc., et al.*, Case No.: 3:19-cv-03422-SI

4.4.    The Released Defendant Persons shall have no role in, or any liability, obligation, or responsibility for selection of the Claims Administrator, the dissemination of the Notice (other than as provided in ¶4.3 above), the administration of the Settlement, or the distribution of the Settlement Fund, including with respect to: (i) any act, omission, or determination by Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; or (iii) the payment or withholding of any taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

4.5.    Each Settlement Class Member wishing to participate in the Settlement shall be required to submit to the Claims Administrator a Proof of Claim, substantially in the form set forth in Exhibit A-2 hereto and as approved by the Court, which, *inter alia,* will also provide for the release of all Released Claims as against all Released Defendant Persons.  Each Proof of Claim must be signed under penalty of perjury by the beneficial owner(s) of the Zuora common stock that are the subject of the Proof of Claim, or by someone with documented authority to sign for the beneficial owner(s), and must be supported by such documents as specified in the Instructions contained in the Proof of Claim form.

4.6.    All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Counsel in its discretion deems such late submission to be a formal or technical defect and waives the lateness of the submission in the interest of achieving substantial justice, or unless by order the Court approves that Settlement Class Member's untimely submitted Proof of Claim), but will in all other respects be subject to the provisions of this Stipulation and the Judgment (or any Alternative Judgment), including, without

STIPULATION AND AGREEMENT OF SETTLEMENT - 16
*Roberts v. Zuora, Inc., et al.*, Case No.: 3:19-cv-03422-SI

limitation, the release of the Released Claims and dismissal of the Action. Provided that it is received before the motion for approval of the Settlement Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

4.7.    Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator who shall determine, under the supervision of Lead Counsel, in accordance with this Stipulation and any applicable orders of the Court, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to ¶4.9 below.

4.8.    Proofs of Claim that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim, the Claims Administrator shall communicate with the Claimant to give the Claimant the opportunity to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons thereof, and shall indicate in such deficiency notice that the Claimant whose claims are to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirement of ¶4.9 below.

4.9.    If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required by ¶4.6 above, serve upon the Claims Administrator a written statement of reasons indicating the Claimant's ground for contesting the rejection along with copies of any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

4.10.    The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented by Lead Plaintiff to the Court in a motion for approval of the Settlement Class Distribution Order.

4.11.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to such Claimant's claim, and such Claimant's claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.12.    Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but shall otherwise be bound by all of the terms of the Judgment (or Alternative Judgment) to be entered in the Action and the releases provided for in this Stipulation, and will be barred from bringing any action against the Released Defendant Persons arising out of or relating to the Released Claims.

4.13.    All proceedings with respect to the administration, processing, and determination of claims described in this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

4.14.    After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Lead Counsel shall file a motion for distribution of the Net Settlement Fund with the Court, requesting the Court (a) to authorize the payment from the Settlement Fund any as yet unpaid Notice and Administration Expenses; (b) to resolve (if it has not previously done so or been asked to do so) any objections with respect to any rejected or disallowed claims; and (c) approve the distribution of the Net Settlement Fund to the Authorized Claimants upon final resolution of

any rejected or disallowed claims.  Such motion shall not be filed until after all of the following conditions have been met: (i) the Effective Date has occurred; (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard by the Claims Administrator concerning such rejection or disallowance; and (iii) all matters with respect to the Fee and Expense Application have been resolved by the Court, and any appeals therefrom have been resolved or the time therefor has expired.

4.15.    If any balance remains in the Net Settlement Fund six (6) months after the date of the initial distribution the Net Settlement Fund (by reason of tax refunds, uncashed checks or otherwise), Lead Counsel shall request the Claims Administrator, if economically feasible and reasonable, to reallocate such balance among those Authorized Claimants who have cashed their checks in an equitable fashion, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution.  If any balance shall still remain in the Net Settlement Fund six (6) months after such re-distribution, then such balance shall be contributed to a non-sectarian, non-profit Section 501(c)(3) organization.  Lead Plaintiff will propose such organization for Defendants' consent and for final determination by the Court.

4.16.    No Person shall have any claim against any Released Defendant Persons (including any Defendants' Counsel), any Released Plaintiff Persons (including any Plaintiffs' Counsel), or the Claims Administrator, based on determinations or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or any orders of the Court.

## 5.  TAX TREATMENT

5.1.    The Settling Parties agree that the Settlement Fund is intended at all times to be a qualified settlement fund within the meaning of Treasury Regulation §1.46813-1 and §468B of the Internal Revenue Code, as amended, for the taxable years of the Settlement Fund, beginning with the date it is created. In addition, the Escrow Agent and, as required, Lead Plaintiff and Zuora,

shall jointly and timely make such elections as are necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Claims Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.2.    For purposes of §468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Claims Administrator. The Claims Administrator shall timely and properly file all tax returns necessary or advisable with respect to the Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. §1.468B-2(k). Such returns (as well as the election described in ¶5.1 above) shall be consistent with this paragraph and reflect that all Taxes and Tax Expenses (including any estimated Taxes and Tax Expenses, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

5.3.    All Taxes and Tax Expenses shall be paid out of the Settlement Fund. In all events, the Released Defendant Persons shall have no liability for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything in this Stipulation to the contrary) to withhold from distribution to Settlement Class Members any funds necessary to pay such Taxes and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax Expenses. Lead Plaintiff and Zuora agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

5.4.    The Released Defendant Persons shall have no liability for or obligations with regard to Taxes and Tax Expenses. The Escrow Agent, through the Settlement Fund, shall

indemnify and hold each of the Released Defendant Persons harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

5.5.    Lead Plaintiff and Lead Counsel shall have no liability for or obligations with regard to Taxes and Tax Expenses. The Escrow Agent, through the Settlement Fund, shall indemnify and hold Lead Plaintiff and Lead Counsel harmless for any Taxes and Tax Expenses (including, without limitation, taxes payable by reason of such indemnification).

## 6.  ALLOCATION OF NET SETTLEMENT FUND

6.1.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim as defined in the Plan of Allocation described in the Notice annexed hereto as Exhibit A-1, or in such other Plan of Allocation as the Court approves.

6.2.    The Plan of Allocation set forth in the Notice is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.  The Plan of Allocation shall be prepared and proposed (subject to the Court's approval) solely by Lead Counsel.  The Released Defendant Persons will have no involvement in reviewing or challenging claims, and shall not bear any cost or responsibility for class notice, administration, or the allocation of the settlement amount among class members.  The Plan of Allocation, and any changes thereto, is a matter separate and apart from the Settlement between the Settling Parties, and any decision by the Court concerning the Plan of Allocation, or any changes thereto, and any appeal of any order relating thereto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify or cancel, or affect the enforceability of, this Stipulation, or affect or delay the validity or finality of the Judgment (or Alternative Judgment) approving the Settlement. Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim compared to the total Recognized Claims of all accepted claimants.

6.3.    Defendants shall have no involvement in the solicitation or review of Proofs of Claim, and shall have no involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation, the Plan of Allocation, and any orders that may be entered by the Court. No Claimant or Authorized Claimant shall have any claim against any Released Defendant Person or their counsel based on, or in any way relating to, the distributions from the Settlement Fund.

6.4.    No Authorized Claimant shall have any claim against Lead Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

## 7.  THE FEE AND EXPENSE APPLICATION

7.1.    Lead Counsel will submit an application to the Court (the "Fee and Expense Application") for an award of Attorneys' Fees and Expenses, including for (i) attorneys' fees and payment of litigation costs and expenses incurred in connection with the prosecution of the Action, plus interest on such amounts awarded at the same rate as earned on the Settlement Fund until paid; and (iii) for an Award to Lead Plaintiff.

7.2.    Any Attorneys' Fees and Expenses awarded by the Court shall be payable from the Gross Settlement Fund immediately upon entry by the Court of an order awarding such amounts, notwithstanding the existence of any timely filed objections thereto, or potential for appeal or collateral attack on the Settlement or any part thereof.  Lead Counsel shall thereafter be solely responsible for allocating the Attorneys' Fees and Expenses among all counsel who have represented Lead Plaintiff or the proposed Settlement Class in a manner in which Lead Counsel may or have agreed based on their assessment of the overall respective contributions of such counsel to the initiation, prosecution, and resolution of the Action.  However, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any Attorneys' Fees and Expense award is overturned or reduced, or if the Settlement is terminated or

is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become final and binding upon the Settlement Class, then, within fifteen (15) business days after receiving notice from any Defendants' Counsel or such an order from a court of appropriate jurisdiction, Lead Counsel shall refund to the Settlement Fund such Attorneys' Fees and Expenses previously paid to them, plus interest thereon at the same rate as earned on the Settlement Fund, in an amount consistent with such reversal or reduction.

7.3.    Any Award to Lead Plaintiff shall be paid from the Settlement Fund ten (10) calendar days following the Judgment becoming Final.

7.4.    The Released Defendant Persons shall have no responsibility for, and no liability whatsoever with respect to any payment to Lead Counsel from the Settlement Fund.

7.5.    It is agreed that the procedure for and the allowance or disallowance by the Court of any Fee and Expense Application shall be considered by the Court separate and apart from its consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, and any appeal of any order relating threreto or reversal or modification thereof, shall not operate to, or be grounds to, terminate, modify, or cancel this Stipulation or affect or delay its finality, and shall have no effect on the terms of this Stipulation or on the validity or enforceability of this Settlement. The approval, finality and effectiveness of the Settlement shall not be contingent on an award of Attorneys' Fees and Expenses, or on any Award to Lead Plaintiff.

## 8.  THE PRELIMINARY APPROVAL ORDER

8.1.    Promptly after execution of this Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order in connection with settlement proceedings substantially in the form annexed hereto as Exhibit A, providing for, among other things:  (a) preliminary approval of the Settlement as set forth in this Stipulation; (b) the setting of deadlines for the mailing of the Notice and dissemination of the Summary Notice; (c) the setting of deadlines for Settlement Class Members

to submit Proofs of Claim, or objections to the proposed Settlement, Plan of Allocation and/or the Fee and Expense Application ("Objections"); (d) the setting of the time, date and location for the Fairness Hearing; (e) approval of Lead Counsel's recommended Claims Administrator; and (f) approval of the form and content of the Notice, the Proof of Claim and Release, and the Summary Notice, respectively, substantially in the forms of Exhibits A-1, A-2 and A-3 attached hereto.

8.2.    The Settling Parties agree that Settlement Class Members have already been provided a full and fair opportunity to request exclusion, and that a second opportunity to request exclusion from the Class need not be provided by the Court.  Any Settlement Class Member who has not submited a timely and valid written request for exclusion will be bound by all Court proceedings, orders and judgments, whether or not he, she, or it timely submits a Proof of Claim and Release.

8.3.    Any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of this Settlement or to any aspect of the Plan of Allocation or the Fee and Expense Application must do so in the manner specified and within the deadlines specified in the Preliminary Approval Order and the Notice.

8.4.    As part of the motion or application for entry of the Preliminary Approval Order, the Settling Parties, unless they otherwise agree in writing, shall request that the Court hold the Fairness Hearing, on a date to occur at least twenty-one (21) calendar days after the deadline(s) referenced in ¶¶8.1-8.3 above for Settlement Class Members to submit any Objections.

## 9.  THE JUDGMENT

9.1.    Following the issuance of Notice, Lead Plaintiff shall file with the Court a motion for final approval of the Settlement and entry of a Judgment substantially in the form of Exhibit B hereto.  Should Lead Plaintiff so request, Defendants shall join in requesting final approval of the Settlement and entry of a Judgment substantially in the form of Exhibit B hereto.

## 10.    EFFECTIVE DATE OF SETTLEMENT; TERMINATION

10.1.    The Effective Date of the Settlement shall be the date on which all of the following events have occurred:

(a) the Court has entered the Preliminary Approval Order in all material respects;

(b) the full amount of the Settlement Amount has been paid into the Escrow Account pursuant to ¶2.1 above;

(c) Zuora has not exercised its right (if applicable) to terminate the Settlement pursuant to ¶10.4 below or to the Supplemental Agreement pursuant to ¶10.5 below, and its options (if applicable) to do so have expired in accordance with the terms of the Stipulation and/or the Supplemental Agreement;

(d) Lead Plaintiff has not exercised its right (if applicable) to terminate the Settlement pursuant to ¶10.4, and its option (if applicable) to do so has expired in accordance with the terms of the Stipulation; and

(e) the Court has entered the Judgment (or Alternative Judgment) following issuance of Notice to the Settlement Class that approves the Settlement, and such Judgment has become Final.

10.2.    Upon the occurrence of all of the events referenced in ¶10.1 above, Lead Plaintiff shall have, and each Settlement Class Member shall hereby be deemed to have, and by operation of the Order and Final Judgment shall have, fully, finally, and forever released, waived, settled, and discharged, the Released Defendant Persons from and with respect to the Released Claims, whether or not such Settlement Class Members have executed a Proof of Claim.

10.3.    Upon the occurrence of all of the events referenced in ¶ 10.1 above, any obligation (if otherwise applicable) of the Escrow Agent to return any funds from the Settlement Fund to Zuora pursuant to ¶10.7 or any other provision of this Stipulation shall be absolutely and forever extinguished.

10.4.    Zuora or Lead Plaintiff, through their respective counsel, shall each, in their respective discretions have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other counsel for the Settling Parties within thirty (30) calendar days of:

a.    the Court's Final non-appealable refusal to enter the Preliminary Approval Order in any material respect;

b.    the Court's Final non-appealable refusal to approve this Stipulation or any material part of it (except with respect to any decision by the Court concerning the Fee and Expense Application and Plan of Allocation);

c.    the Court's Final non-appealable refusal to enter the Judgment (or an Alternative Judgment) in any material respect; or

d.    the date on which the Judgment (or an Alternative Judgment) is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court and such modification or reversal has become Final.

10.5.    If, prior to the Fairness Hearing, if a second opt out opportunity is afforded by the Court, and Persons who otherwise would be Settlement Class Members have timely submitted a valid request for exclusion ("Request for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice issued pursuant thereto, and who have not retracted their Request for Exclusion before the Fairness Hearing, and such Persons in the aggregate purchased Zuora common stock during the Class Period in an amount equal to or greater than the amount specified in a separate Supplemental Opt-Out Agreement between the Settling Parties (the "Supplemental Agreement"), then Zuora, in its sole discretion, shall have the option to terminate this Stipulation and Settlement in accordance with the requirements and procedures set forth in the Supplemental Agreement. Lead Counsel shall, however, have the opportunity to seek retraction of any Request for Exclusion prior to the Fairness Hearing.  The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the

Settling Parties concerning its interpretation or application arises, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. The Court may examine the Supplemental Agreement if so requested by the Court, and if the Court requires that it be filed, the Parties shall request that it be filed under seal and that the Supplemental Agreement be provided to the Court for *in camera* review.

10.6.    If Zuora (or its successor) does not pay or cause to be paid the Settlement Amount in full within the time period specified in ¶2.1 of this Stipulation, then Lead Counsel, in its sole discretion, may, at any time prior to the Court entering the Judgment (or an Alternative Judgment): (i) terminate the Settlement by providing written notice to counsel for the Settling Parties; or (ii) seek to enforce the terms of the Settlement and this Stipulation and seek entry of a judgment and/or order effecting and enforcing the terms of this Stipulation; and/or pursue such other rights as Lead Plaintiff and the Settlement Class may have arising out of the failure to timely pay the Settlement Amount in full into the Escrow Account.

10.7.    Except as otherwise provided herein, in the event the Settlement is terminated in accordance with its terms, the Judgment (or Alternative Judgment) is vacated, or the Effective Date fails to occur, then (a) the Settling Parties shall be deemed to have reverted to their respective statuses and positions in the Action as of the date of this Stipulation, and the fact and terms of the Settlement shall not be admissible in any trial of the Action and, except as otherwise expressly provided, the Settling Parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and (b) any portion of the Settlement Amount previously paid by or on behalf of the Defendants, together with any interest earned thereon (and, if applicable, repayment of any award of Attorneys' Fee and Expenses), less any actual and reasonable Notice and Administration Costs incurred and any Taxes paid or due, shall be returned within fourteen (14) business days after the date of the event causing termination to the party, insurer or other entity that contributed the funds. Notwithstanding anything to the contrary herein, however, the

provisions of ¶¶ 1.1-1.47, 2.6, 4.2, 4.4, 5.1-5.5, 7.2, 10.5, 10.7-10.8 and 11.8 shall survive termination.

10.8.    If this Stipulation is terminated pursuant to its terms at the request of Zuora or Lead Plaintiff, the Escrow Agent or the Escrow Agent's designee shall (a) apply for any tax refund owed to the Settlement Fund and (b) pay the proceeds of any tax refund, after deduction of any fees and expenses incurred in connection with such refund application(s), to Zuora.

10.9.    No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute grounds for termination of the Stipulation.

## 11.    MISCELLANEOUS PROVISIONS

11.1.    The Settling Parties acknowledge that it is their intent to consummate the Settlement contemplated by this Stipulation.

11.2.    The Settling Parties shall use their best best efforts and take all necessary steps to consummate the Settlement contemplated herein, and the Settling Parties and their respective counsel agree to cooperate reasonably with one another in seeking judicial approval of the Preliminary Approval Order, the Stipulation and the Settlement, and the entry of the Judgment (or an Alternative Judgment), and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final judicial approval of the Settlement and to effectuate and implement all terms and conditions of this Stipulation.

11.3.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall also retain jurisdiction for purposes of, *inter alia,* entering orders relating to the Fee and Expense Application, the Plan of Allocation, and the enforcement of the terms of this Stipulation.

11.4.    The Settling Parties agree that the Settlement Amount, and the other terms of the Settlement, were negotiated at arm's length and in good faith by the Settling Parties, and that the Settlement was reached voluntarily and only after negotiations conducted under the auspices of a

highly experienced mediator (Robert A. Meyer of JAMS) during which all Settling Parties were represented by experienced and competent legal counsel.

11.5.    By executing this Stipulation, each of the Settling Parties represents that they have the right, legal capacity, power and authority to enter into this Stipulation and to perform their obligations hereunder, without requiring additional consent, approval, or authorization of any other person, board, entity, tribunal, or other regulatory or governmental authority.

11.6.    By executing this Stipulation, each of the Settling Parties represents that the execution and delivery of this Stipulation and the performance of each and every obligation in this Stipulation does not and will not result in a breach of or constitute a default under, or require any consent under, any duty, relationship, contract, agreement, covenant, promise, guarantee, obligation or instrument to which the executing Settling Party is a party or by which the executing Settling Party is bound or affected.

11.7.    Each Settling Party agrees that no representations, warranties, inducements, covenants, or promises of any kind or character have been made by any other Settling Party, Released Person, or anyone else to induce the execution of this Stipulation except as expressly provided in this Stipulation, and that this Stipulation and its exhibits, together with the Supplemental Agreement constitutes the entire agreement between the Settling Parties.

11.8.    Each Settling Party represents and warrants that they have had the opportunity to be represented by counsel of their choice throughout the negotiations which preceded the execution of this Stipulation and in connection with the preparation and execution of this Stipulation, and that they have been afforded sufficient time and opportunity to review this Stipulation with counsel of their choice.

11.9.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth in this Stipulation.

11.10. No amendment or modification of this Stipulation shall be effective unless in writing and signed by, or on behalf of, all of the Settling Parties.

11.11.  Whenever this Stipulation requires or contemplates that a Defendant shall or may give notice to Lead Plaintiff (or Lead Counsel), or that Lead Plaintiff shall or may give notice to a Defendant (or Defendants' Counsel), unless otherwise specified such notice shall be provided by email and next business day express delivery service, as set forth below, to the below-listed counsel:

If to Lead Plaintiffs or Lead Counsel:

> HAGENS BERMAN SOBOL SHAPIRO LLP
> c/o Lucas E. Gilmore
> 715 Hearst Avenue, Suite 202
> Berkeley, CA 94710
> lucasg@hbsslaw.com

If to Defendants or Defendants' Counsel:

> PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
> c/o Audra Jan Soloway
> 1285 Avenue of the Americas
> New York, NY 10019-6064
> asoloway@paulweiss.com

11.12.  Except as otherwise provided herein, each Settling Party shall bear its own costs. Lead Counsels' Attorneys' Fees and Expenses, subject to Court approval, shall be paid only out of the Settlement Fund, and the Released Defendant Persons shall have no obligation with respect to the payment of said Attorneys' Fees and Expenses.

11.13.  Lead Counsel, on behalf of the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms, and to enter into any written modifications or amendments to this Stipulation on behalf of the Settlement Class.

11.14.  This Stipulation shall be binding upon, and inure to the benefit of, the successors, assigns, executors, administrators, heirs, and representatives of the Settling Parties. No assignment shall relieve any Settling Party hereto of any obligations hereunder.

11.15.  This Stipulation and all exhibits hereto shall be governed by, construed, performed, and enforced in accordance with the laws of the State of California without regard to its rules of conflicts of law, except to the extent that federal law requires that federal law governs.

11.16.  Lead Plaintiff, on behalf of itself and each member of the Settlement Class, and the other Settling Parties hereby irrevocably submit to the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out of or relating to this Stipulation, the applicability of this Stipulation, or the enforcement of this Stipulation. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of Attorneys' Fees and Expenses to Plaintiffs' Counsel and any Award to Lead Plaintiff.

11.17.  The Settling Parties acknowledge that each Settling Party has participated jointly and equally in the negotiation and preparation of this Stipulation. In the event an ambiguity or question of intent or interpretation arises, such ambiguity or question shall not be construed against any Settling Party, and no presumption or burden of proof shall arise from favoring or disfavoring any Settling Party solely by virtue of the authorship of any of the provisions of this Stipulation, and instead this Stipulation shall be construed as if all Settling Parties participated equally in the drafting of all such provisions.

11.18. Neither this Stipulation, nor the fact of the Settlement, is an admission or concession by Released Defendant Persons of any liability or wrongdoing whatsoever. This Stipulation shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Defendant Persons. This Stipulation, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any person or entity, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or otherwise referred to or used in any manner in

STIPULATION AND AGREEMENT OF SETTLEMENT - 31
*Roberts v. Zuora, Inc., et al.*, Case No.: 3:19-cv-03422-SI

or before any court or other tribunal, except in such proceeding as may be necessary to enforce this Stipulation.

11.19.  The Settling Parties agree not to assert in any forum that the Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis, and further agree not to assert in any forum that any Settling Party violated any provision of Rule 11 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, or any other similar statute, rule, or law, relating to the commencement, prosecution, maintenance, defense, litigation or settlement of the Action.

11.20.  All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

11.21.  The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have legal effect.

11.22.  The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver by any other Settling Party of such breach, nor shall it be deemed a waiver of any other breach of this Stipulation, including any prior or subsequent breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Settling Party. No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Settling Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

11.23.  The Settling Parties agree that nothing contained in this Stipulation shall cause any Settling Party to be the agent or legal representative of another Settling Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization

between the Settling Parties, nor is any Settling Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth in this Stipulation.

11.24. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have full authority to to do so on behalf of their respective clients, and that they similarly have the authority to take all appropriate actions required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

11.25. This Stipulation may be executed in one or more original, photocopied, PDF copies or facsimile counterparts, and facsimile or scanned signatures shall have the same force and effect as original signatures, and the exchange of fully executed copies of this Stipulation may similarly be effectuated by pdf/email to the email addresses shown below for the Parties' respective counsel. All executed counterparts and each of them shall be deemed to be one and the same instrument. A copy of the complete set of executed counterparts of this Stipulation shall be electronically filed with the Court.

IN WITNESS WHEREOF, the Settling Parties, intending to be legally bound by this Stipulation, have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 12, 2023.

HAGENS BERMAN SOBOL SHAPIRO LLP

By: _____

Steve W. Berman (admitted *Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Lucas E. Gilmore (SBN 250893)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com

Peter A. Shaeffer (admitted *Pro Hac Vice*)
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
petersh@hbsslaw.com

*Attorneys for Lead Plaintiff New Zealand
Methodist Trust Association*

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
By: _____

Melinda Haag (SBN 132612)
Robin Linsenmayer (SBN 244656)
Erika K. Hoglund (SBN 327781)
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
mhaag@paulweiss.com
rlinsenmayer@paulweiss.com
ehoglund@paulweiss.com

Karen L. Dunn (admitted *Pro Hac Vice*)
Justin Anderson (admitted *Pro Hac Vice*)
Jessica E. Phillips (admitted *Pro Hac Vice*)
Jake E. Struebing (admitted *Pro Hac Vice*)
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420
kdunn@paulweiss.com
janderson@paulweiss.com
jphillips@paulweiss.com
jstruebing@paulweiss.com

Audra J. Soloway (admitted *Pro Hac Vice*)
Jonathan Hurwitz (admitted *Pro Hac Vice*)
Benjamin W. Perotin (admitted *Pro Hac
Vice*) 1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
asoloway@paulweiss.com
jhurwitz@paulweiss.com

STIPULATION AND AGREEMENT OF SETTLEMENT - 34
*Roberts v. Zuora, Inc., et al.*, Case No.: 3:19-cv-03422-SI

bperotin@paulweiss.com

**WILMER CUTLER PICKERING HALE AND DORR LLP**

Susan S. Muck (SBN 126930)
Kevin P. Muck (SBN 120918)
William Brenc (SBN 318544)
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001
susan.muck@wilmerhale.com
kevin.muck@wilmerhale.com
william.brenc@wilmerhale.com

Jeremy T. Adler (admitted *Pro Hac Vice*)
7 World Trade Center, 250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 937-7300
jeremy.adler@wilmerhale.com

*Attorneys for Defendants*
*Zuora, Inc., Tien Tzuo, and Tyler Sloat*

# EXHIBIT A

1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>                                  Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                                  Defendants. | No. 3:19-cv-03422-SI<br><br><u>CLASS ACTION</u> |

**[PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
FOR ISSUANCE OF NOTICE TO THE CLASS;
AND FOR SCHEDULING OF FAIRNESS HEARING**

010837-11/2237154 V2

WHEREAS, Lead Plaintiff New Zealand Methodist Trust Association ("Lead Plaintiff") in the above captioned class action (the "Action"), on behalf of themselves and the Settlement Class (as defined below); (b) defendant Zuora, Inc. ("Zuora"); and (c) certain current or former Zuora officers and/or directors, namely defendants Tien Tzuo and Tyler Sloat (collectively, with defendant Zuora, "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated as of May 12, 2023 (the "Stipulation")[1], which is subject to review under Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the resolution, discharge, release and settlement of the Released Claims upon and subject to the terms and conditions hereof, and the Court having read and considered the Stipulation, the exhibits thereto, and the related submissions, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      Pursuant to Rules 23(a) and (b)(3) of the FRCP, for the purposes of the Settlement and consistent with the Court's Order Granting Lead Plaintiffs' Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel, dated March 15, 2021 (ECF No. 113) (the "Class Certification Order"), the Action is hereby preliminarily certified as a class action on behalf of a Settlement Class consisting of all Persons who purchased or otherwise acquired Zuora common stock between April 12, 2018, and May 30, 2019, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) members or the immediate family of Defendants Tien Tzuo and Tyler Sloat; (iii) any person

---

[1] Capitalized terms used herein have the meanings set forth in the Stipulation, unless otherwise stated herein.

who was an officer or director of Zuora; (iv) any firm or entity in which Defendants has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Zuora; (vii) all Zuora plans that are covered by ERISA; (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (ix) those Persons who previously have requested exclusion from the class certified in this Action (*See* ECF No. 243).

2.     This Court finds, consistent with the Class Certification Order, that the prerequisites for class certification under FRCP Rule 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; (d) Lead Plaintiff will fairly and adequately protect the interests of the Settlement Class.  In addition, the Court finds, consistent with the Class Certification Order, that this Action satisfies the requirements for class certification under FRCP Rule 23(b)(3) in that common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy among the Settling Parties.

3.     In so finding, the Court has considered each of the following additional factors under FRCP Rule 23(b)(3) and finds that they also support class certification, namely:

    a.  the (lack of) interest of members of the class in individually controlling the prosecution of separate actions;

    b.  the extent and nature of any litigation concerning the controversy already begun by or against class members;

c.  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

d.  the (lack of) difficulties likely to be encountered in managing a class action, given, *inter alia*, that the proposed class is being settled in the context of a settlement (such that, if the Settlement is approved, there will be no class action litigation as to the Settling Parties for the Court to manage).

4.      Pursuant to FRCP Rules 23(c)(1) and 23(g), consistent with the Class Certification Order, Lead Plaintiff is certified as the class representative ("Class Representative") of the Settlement Class and Hagens Berman Sobol Shapiro LLP is appointed as class counsel for the Settlement Class ("Class Counsel").

5.      The Court preliminarily finds that: (a) the Stipulation resulted from good faith, arm's length negotiations conducted under the auspices of an independent mediator, Robert A. Meyer of JAMS, who has extensive experience in mediating class action litigations of this type; and (b) the terms of the proposed Settlement are sufficiently fair, reasonable and adequate to warrant providing notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing to be held following the issuance of such notice pursuant to FRCP Rule 23(e).

6.      The Court therefore directs the issuance of notice of the Settlement to the Settlement Class Members and the scheduling of a Fairness Hearing, as set forth below.

7.      The Court hereby schedules the Fairness Hearing, to be held before the Court, on _____ 2023 at __:___ _.m. for the following purposes:

(a) to determine finally whether the requirements for class action treatment under FRCP Rule 23 are satisfied;

(b) to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to determine whether the Judgment as provided under the Stipulation should be entered, dismissing the Action on the merits and with prejudice as to the Defendants, and releasing the Released Claims as against the Released Defendant

Persons (and Released Defendant Claims as against the Released Plaintiff Persons) as set forth in the Stipulation;

(d) to determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e) to consider Lead Counsel's Fee and Expense Application for an award of attorneys' fees and expenses (including any awards to the representative plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4));

(f) to consider any valid objections submitted to the Court, as further provided for herein and in the accompanying proposed forms of Notice; and

(g) to rule upon such other matters as the Court may deem appropriate.

8.      The Court reserves the right to modify this Order to provide that the Fairness Hearing be held remotely, including by dial-in conference call or video-conferencing means. Should the Court enter such a modification, Class Counsel are hereby ordered to cause the Claims Administrator to promptly provide prominent notice of such modification (including relevant details and instructions as to how Settlement Class Members may dial in or log in and, to the extent applicable, be heard at the Fairness Hearing) on a website to be established by the Claims Administrator in this matter for the purposes of facilitating the dissemination of the Notice and other information about this Action (the "Settlement Website").

9.      The Court also reserves the right to adjourn the Fairness Hearing to a later date or time without further notice to the Settlement Class Members other than entry of an Order on the Court's docket (provided that the time or the date of the final Fairness Hearing shall not be set at a time or date earlier than the time and date set forth in ¶7 above).  In such event, however, Class Counsel are directed to instruct the Claims Administrator to post notice of any such adjournment on the Settlement Website.

10.     Following the Fairness Hearing, the Court reserves the right to approve the Settlement without modification, or with such modifications as the Settling Parties may agree,

without further notice, and to enter its Judgment approving the Settlement and dismissing the Action on the merits and with prejudice as to the Defendants, and regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

11.     The Court approves the form and substance of: (a) the Notice; (b) the Proof of Claim and Release Form; and (c) the Summary Notice, which are Exhibits A-1, A-2, and A-3, respectively, to the Stipulation.

12.     The Court finds that Class Counsel have the authority to act on behalf of the Settlement Class as to all acts or consents that are required by or may be given pursuant to the Stipulation, or that are reasonably necessary to consummate the Settlement.

13.     For settlement purposes only, Epiq Class Action and Claims Solutions, Inc. ("Epiq") is appointed as the Claims Administrator to supervise and administer the notice procedure and the processing of claims.

14.     To the extent they have not already done so, Class Counsel shall provide wire instructions for the Escrow Account and an IRS Form W-9 for the Settlement Fund to Defendants' Counsel within five (5) business days of the date of this Order. By or before the thirtieth (30th) calendar day after the entry of this Order on the Court's docket, Defendants shall pay or cause to be paid the Settlement Amount of U.S. $75,000,000.00 (seventy-five million U.S. dollars) by wire into the Escrow Account.

15.     The Claims Administrator shall cause the Notice and Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, beginning by the twenty-first (21st) calendar day after entry of this Order, to all Settlement Class Members who can be identified with reasonable effort, including nominees or custodians who purchased or acquired shares of Zuora common stock during the Class Period as record owners but not as beneficial

owners.  Nominees or custodians receiving the Notice are hereby directed, within ten (10) calendar days of receipt of the Notice and Proof of Claim form, to either (a) forward copies of the Notice and Proof of Claim to their beneficial owners or (b) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which case the Claims Administrator is directed to send the Notice and Proof of Claim form promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, which expenses would not have been incurred but for the sending of such notice or the requirement to identify their beneficial holders, subject to further order of this Court with respect to any dispute concerning such reimbursement.

16.    Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon counsel for the Settling Defendants, and file with the Court, proof of the mailing of the Notice and Proof of Claim and Release Form as required by this Order.

17.    Class Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Settlement Website to be established by the Claims Administrator for the Settlement within fourteen (14) calendar days after entry of this Order.

18.    Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *PRNewswire* and in print once in *Investor's Business*

*Daily* within twenty (20) business days of entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice.

19.    The Court finds that the forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, FRCP Rule 23, and all other applicable laws and rules and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto, and are reasonably calculated under the circumstances to describe the terms and effect of the Settlement and to apprise the Settlement Class Members of their right to object to the proposed Settlement.  No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.    All reasonable fees and expenses incurred in identifying and notifying Settlement Class Members, and in administering the Settlement, shall be paid as set forth in the Stipulation. In the event the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor its counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund, except as provided in the Stipulation.

21.    To be eligible to participate in any recovery from the Net Settlement Fund, if the Settlement becomes effective, each Settlement Class Member must take the following actions and be subject to the following conditions:

(a)    Within 120 calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice to the Settlement Class (*see* ¶15), each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof

of Claim, substantially in the form of Exhibit A-2 to the Stipulation, signed under penalty of perjury and accompanied by adequate supporting documentation for the transactions reported therein as specified in the Proof of Claim to show, or by such other supporting documentation as is deemed adequate by the Claims Administrator;

(b)     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, shall be forever barred from receiving any payments pursuant to the Stipulation and Settlement set forth therein, but will, in all other respects, be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Class Counsel may, in its discretion (a) accept for processing late submitted claims, so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed; and (b) waive what Class Counsel deem to be *de minimis* or technical defects in any Proof of Claim submitted.  No Person shall have any claim against Lead Plaintiff, Class Counsel, or the Claims Administrator by reason of any exercise of discretion with respect to such late-submitted or technically deficient claims.

(c)     Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund.  Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(d)     Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected.  For each claim

determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded twenty (20) calendar days to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of such rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(e)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with the processing of any Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic.

22.    Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the terms of the Stipulation and the Judgment, if entered and the Settlement becomes effective, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Released Defendant Persons with respect to the Released Claims. Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable.

23.    The Court will consider objections to the Settlement, the Plan of Allocation, and the Fee and Expense Application, provided, however, that, absent further order of the Court, no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Plan of Allocation, or the Fee and Expense Application or, if approved, the Judgment, or any other order relating thereto, unless that Person has filed their objection(s) (and any supporting papers and briefs) with the Office of the Clerk of the United States District Court for the Northern District of California, U.S. Courthouse, 450 Golden Gate Avenue, San Francisco CA 94102, *and* served copies of such materials on Class Counsel and Defendants' Counsel, respectively, by both email and Federal Express at least twenty-one (21) calendar days prior to the final Fairness Hearing:

Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst St., Suite 202
Berkeley, CA 94710
lucasg@hbsslaw.com

Audra Jan Soloway
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
asoloway@paulweiss.com

To be valid, a Settlement Class Member's objection must substantially comply with the following requirements, namely, it must set forth the Settlement Class Member's: (1) name, address, and telephone number, (2) a list of all of their purchases, acquisitions, sales, and dispositions shares of Zuora common stock during the Class Period (in order to show their membership in the Settlement Class), (3) all grounds for the objection, and (4) the name, address and telephone number of the Settlement Class Member's counsel, if any. The objection must be signed by the objector, even if the objection is filed by counsel for the objector. Attendance at the Fairness Hearing is not necessary but Persons wishing to be heard orally in opposition to approval of the Stipulation, the

Plan of Allocation, and/or the Fee and Expense Application must state in their written objection that they intend to appear at the Fairness Hearing, and must identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Fairness Hearing, provided, however, that the Court may excuse such requirements upon a showing of good cause. Settlement Class Members need not appear at the Fairness Hearing or take any other action to show their approval.

24. Unless otherwise ordered by the Court upon a finding of good cause shown, any Settlement Class Member who does not object in the manner prescribed above shall: be deemed to have waived all such objections; be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, any Judgment approving the Settlement, and any orders approving the Plan of Allocation or the Fee and Expense Application; be bound by all the terms and provisions of the Stipulation and by all proceedings, orders and judgments in the Action; and be foreclosed from appealing from any judgment or order entered in this Action.

25. All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than thirty-five (35) calendar days before the Fairness Hearing.

26. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Fairness Hearing.

27. Defendants, their counsel, their insurers and other Released Defendant Persons shall have no responsibility for, or liability with respect to, the Plan of Allocation or the Fee and Expense Application (including any payments to the representative plaintiffs) submitted by Class

Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

28.    Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, maintain, or prosecute, and are hereby barred and enjoined from instituting, continuing, commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts Released Claims against any of the Released Defendant Persons.

29.    All funds held by the Escrow Agent shall be deemed to be in the custody of, and subject to the jurisdiction of, the Court until such time as such funds are either distributed or returned pursuant to the Stipulation, the Plan of Allocation and/or further order of the Court.

30.    Neither this Order, nor the Stipulation (including the Settlement contained therein) nor any act performed or document executed pursuant to or in furtherance of the Settlement:

(a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of, the validity or invalidity of any of the claims asserted against Defendants in this Action, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in this Action, or of any deception, wrongdoing, liability, negligence or fault of the Defendants, the Released Defendant Persons, or each or any of them, or that Lead Plaintiff or any Settlement Class Member was harmed or damaged by any conduct by any Defendant;

(b)    is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by the Defendants or the Released Defendant Persons in any

arbitration proceeding or any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and

(c)    is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Defendants, the Released Defendant Persons, the Released Plaintiff Persons, or any of them, that Lead Plaintiff's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Fund, or that the consideration to be given pursuant to the Stipulation represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

31.    In the event the Settlement is not consummated in accordance with the terms of the Stipulation, then the Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, the Released Defendant Persons or the Released Plaintiff Persons, and each Plaintiff and Settling Defendant shall be restored to his, her or its respective litigation positions as they existed immediately prior to the execution of the Stipulation.

32.    No later than fifteen (15) calendar days following the filing of the Stipulation with the Court, Zuora shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding its compliance with its notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA") on behalf of all Defendants.

33.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement and the Stipulation including, by way of illustration and not limitation, the enforcement thereof.


DATED: _____, 2023        _____
                                 HON. SUSAN ILLSTON
                                 UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A-1

2

Steve Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>                             Plaintiff,<br><br>        v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                             Defendants. | No. 3:19-cv-03422-SI<br><br>CLASS ACTION<br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**<br><br>**EXHIBIT A-1**<br><br>Judge:    Hon. Susan Illston |

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
No. 3:19-cv-03422-SI

**TO:    All persons and entities who purchased or otherwise acquired Zuora, Inc. common stock during the period of April 12, 2018, through May 30, 2019, inclusive (the "Class Period") and were damaged thereby (the "Class").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED CLASS ACTION SETTLEMENT IN A LAWSUIT PENDING IN FEDERAL COURT.

IF YOU ARE A CLASS MEMBER, YOU MUST SUBMIT A CLAIM FORM TO OBTAIN YOUR SHARE OF THE SETTLEMENT. IF YOU DO NOT SUBMIT A CLAIM, YOU WILL NOT HAVE ANY RIGHT TO COMPENSATION.

This Notice concerns a lawsuit that a federal court has certified as a class action on behalf of investors (individuals and entities) who purchased or otherwise acquired Zuora, Inc. common stock during the period of April 12, 2018, through May 30, 2019, inclusive (the "Class Period").[1] The lawsuit is referred to as *Roberts v. Zuora, Inc., et al.*, Case No. 3:19-cv-03422-SI (the "Action") and is pending before the Honorable Susan Illston in the United States District Court for the Northern District of California (the "Court").

This Notice is to inform you that the Court-appointed Lead Plaintiff and Class Representative, New Zealand Methodist Trust Association ("Class Representative"), has reached a settlement on behalf of the Class in the amount of $75,000,000 (seventy-five million U.S. dollars) in cash with Defendants Zuora, Inc., Tien Tzuo, and Tyler Sloat (collectively, "Defendants").  The Settlement releases all claims for damages by Class Members provided for under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") which relate to the purchase or other acquisition of Zuora common stock during the Class Period.

**Overview of the Action and Settlement**:

Class Representative alleged that during the period between April 12, 2018 and May 30, 2019, Defendants made materially false and misleading statements in violation of §10(b) of Exchange Act, Rule 10b-5 promulgated thereunder, and §20(a) of the Exchange Act, which caused the price of Zuora stock to trade at artificially inflated prices.  Specifically, Class Representative alleged that Defendants misled investors during the Class Period by making public statements that did not reflect the actual state of the functionality of Zuora's platform as a combined solution, the integrated nature of its flagship products, Billing and RevPro, through the "Keystone" integration project, and Zuora's path for growth via cross-selling and upselling Billing and RevPro.  Class Representative alleged that persons who purchased Zuora stock during the Class Period suffered economic losses when the price of Zuora stock declined as a result of the May 30, 2019 disclosure addressing the integration failure, sales execution issues, and disappointing financial performance and outlook.

During the course of the Action, the parties engaged a third-party mediator, Robert A. Meyer, Esq. of JAMS.  After the submission of comprehensive mediation statements and other materials, the parties participated in a mediation via videoconference with Mr. Meyer on January 18, 2022.  The parties did

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated May 12, 2023 (the "Stipulation"), which is available on the website for the litigation, www.ZuoraSecuritiesLitigation.com.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
No. 3:19-cv-03422-SI

not reach a resolution with Mr. Meyer at that time.  On May 31, 2022, the Court entered an order referring this action to Magistrate Judge Kandis Westmore for settlement.  As part of the conferences with Judge Westmore, the parties agreed to resume further mediation with Mr. Meyer.  On February 2, 2023, the parties conducted an in-person mediation with Mr. Meyer.  Although no resolution was reached during the mediation, the parties continued discussions with Mr. Meyer.  On March 31, 2023 –one week before oral arguments on Defendants' summary judgment motion and motion to exclude expert testimony and Class Representative's motions to exclude expert testimony – the parties reached an agreement to settle the litigation for $75,000,000, subject to approval by the Court.

**Overview of the Recovery**: Class Representative has agreed to settle all claims and grant the Released Defendant Persons a full and complete release of all Released Claims in exchange for a cash payment of $75,000,000 (the "Settlement Amount"). The Settlement Amount plus any interest earned thereon is called the "Settlement Fund." The "Net Settlement Fund" (the Settlement Fund less any attorneys' fees (estimated not to exceed 30% or $22,500,000) and expenses (estimated not to exceed $1,250,000) provided for herein or approved by the Court and less Notice and Administration Expenses (estimated to be no more than $275,000), Taxes and Tax Expenses, and other Court-approved deductions) will be distributed pursuant to the plan of allocation that is approved by the Court (the "Plan of Allocation"), which determines how the Net Settlement Fund will be allocated among Class Members who become eligible to participate in the distribution of the Net Settlement Fund by submitting a timely and valid Proof of Claim and Release form ("Proof of Claim" or "Claim Form"). The proposed Plan of Allocation is described at page 20 below.

Based on the analysis performed by Class Representative and its damages experts, the estimated average recovery per share for a Class Member from the Settlement Fund (before the deduction of any Court-approved fees, expenses and costs as described herein) would be approximately $1.02 per share. This amount assumes all eligible Class Members submit valid and timely Proofs of Claim. If fewer than all Class Members submit timely and valid Proofs of Claim (which is likely), the distributions per share will be higher. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by a Class Member's number of eligible shares as compared to the total eligible shares of all Class Members who submit timely and valid Proofs of Claim. (See the Plan of Allocation beginning on page 20 below for details and more information.)

Class Counsel Hagens Berman Sobol Shapiro LLP ("Class Counsel") intends to seek attorneys' fees according to the terms of the retainer agreement between Class Representative and Class Counsel. These attorneys' fees are not to exceed 30% or $22,500,000 of the Settlement Amount. Such requested attorneys' fees and the expenses described above would amount to an average of approximately $0.33 per share of Zuora common stock. Please note that these amounts are only estimates and are subject to approval by the Court. In addition, Class Representative may seek payment not to exceed $25,000.00 for its time and expenses incurred in representing the Class.

The parties disagree on both liability and damages and do not agree on the average amount of damages per share of Zuora common stock that would be recoverable if the Class Representative were to prevail in the Action, and Defendants deny liability, fault or wrongdoing. The Class Representative's expert performed a damages analysis and estimates the aggregate damages recoverable after trial to be within the range of approximately $360 million, although that amount could be substantially lower or zero if certain arguments by the Defendants were accepted by the Court or a jury. Class Representative believes that the proposed settlement represents a fair and reasonable recovery in light of the risks of continued litigation and is in the best interests of the Class Members.

**Identification of Attorneys**: The Class Representative and all other Class Members are represented by counsel identified in the answer to Question 17 below.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM POSTMARKED OR SUBMITTED ONLINE BY _____ ___, 2023** | This is the only way to be eligible to get a payment from the settlement. If you wish to participate in the settlement, you will need to complete and submit the enclosed Proof of Claim. Class Members who do not complete and submit the Proof of Claim in accordance with the instructions on the Proof of Claim and do not submit it within the time required will be bound by the settlement but will not participate in any distribution of the Net Settlement Fund. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS RECEIVED OR FILED NO LATER THAN _____ ___, 2023** | If you believe the settlement is objectionable in any respect, you may write to the Court about why you oppose the settlement, the Plan of Allocation, the request for attorneys' fees, costs and expenses, and/or Class Representative's service award. You will still be a Class Member. |
| **ATTEND THE SETTLEMENT HEARING ON _____ ___, 2023, AT _____, AND PROVIDE A NOTICE OF INTENTION TO APPEAR TO CLASS COUNSEL SO THAT IT IS RECEIVED NO LATER THAN _____** | The hearing on whether to approve the settlement is scheduled for _____ ___, 2023, at _____ (the "Settlement Hearing"), and is open to the public. You do not need to attend the hearing unless you wish to speak either in support of the settlement or in support of any objection you may have submitted, and have submitted to Class Counsel a Notice of Intention to Appear so that it is received no later than _____ ___, 2023. The Court may postpone the Settlement Hearing without prior notice on the date scheduled for the hearing. |
| **DO NOTHING** | If you are a Class Member and do not submit a Proof of Claim postmarked or submitted online by _____ ___, 2023, you will not be eligible to receive any payment from the Settlement Fund. You will, however, be bound by the settlement, unless you have previously requested exclusion from the Class. |

These rights and options are explained in further detail later in this Notice.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
No. 3:19-cv-03422-SI

**Further Information**

For further information regarding this settlement, you may contact a representative of Class Counsel: Lucas E. Gilmore, Hagens, Berman, Sobol & Shapiro, LLP., 715 Hearst Avenue, Suite 300, Berkeley, CA 94710, Telephone: 1-510-725-3000. You may also visit the website for the case: www.ZuoraSecuritiesLitigation.com (the "Settlement Website").

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION
No. 3:19-cv-03422-SI

# TABLE OF CONTENTS

**Page**

BASIC INFORMATION ...........................................................................................................1

    1.    Why did I get this Notice?...........................................................................1

    2.    What is the Action about? ............................................................................1

    3.    Why is this a class action?...........................................................................2

    4.    Why is there a settlement?...........................................................................2

WHO IS IN THE SETTLEMENT ...........................................................................................2

    5.    How do I know if I am part of the settlement?.............................................2

    6.    Are there exceptions to being included? ......................................................3

    7.    What if I am still not sure if I am included?.................................................3

THE SETTLEMENT BENEFITS – WHAT YOU GET ..........................................................3

    8.    What does the settlement provide?...............................................................3

    9.    How much will my payment be?..................................................................3

    10.    How can I receive a payment?.....................................................................4

    11.    When would I receive my payment? ...........................................................4

    12.    What am I giving up as a Class Member?....................................................4

    13.    HOW COULD CLASS MEMBERS SEEK EXCLUSION FROM THE CLASS?........................................................................................................4

    14.    If I excluded myself, can I get money from the proposed settlement?........5

THE LAWYERS REPRESENTING YOU................................................................................5

    15.    Do I have a lawyer in this case? ..................................................................5

    16.    How will the lawyers be paid? ....................................................................5

    17.    Can I hire my own lawyer? .........................................................................5

OBJECTING TO THE SETTLEMENT ...................................................................................6

    18.    How do I tell the Court that I object to the proposed settlement?...............6

THE COURT'S SETTLEMENT HEARING ............................................................................6

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – i
No. 3:19-cv-03422-SI

19.    When and where will the Court decide whether to approve the proposed settlement? ...................................................................6

20.    Do I have to attend the hearing? ..............................................................7

21.    May I speak at the hearing? ......................................................................7

22.    What happens if I do nothing at all? .........................................................7

DISMISSALS AND RELEASES ...........................................................................................7

23.    What happens if the proposed settlement is approved? ..............................7

24.    How does approval of the proposed settlement impact Class Members who are also members of the certified class in the State Action? ...............8

GETTING MORE INFORMATION ......................................................................................9

25.    How do I get more information about the proposed settlement? ................9

DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE. ...........................................9

SPECIAL NOTICE TO NOMINEES ....................................................................................9

HOW MUCH WILL MY PAYMENT BE? ............................................................................10

PROPOSED PLAN OF ALLOCATION ...............................................................................11

RECOGNIZED LOSS AMOUNT CALCULATIONS ...............................................................12

ADDITIONAL PROVISIONS ............................................................................................13

TABLE 1 ZUORA, INC. COMMON STOCK ESTIMATED ARTIFICIAL INFLATION AMOUNT ..................................................................................15

TABLE 2 ZUORA, INC. COMMON STOCK CLOSING PRICE & AVERAGE CLOSING PRICE ...................................................................................15

# BASIC INFORMATION

| 1. | **Why did I get this Notice?** |
|----|----|

You have received this Notice because the parties are seeking approval of a proposed settlement on behalf of Class Members, and you have been identified as a potential Class Member either from the transfer agent's record of ownership of Zuora, Inc. common stock or by your broker or custodian if you purchased or acquired Zuora, Inc. stock in "street name."

The Court directed that this Notice be sent to Class Members because they have a right to know about the proposed settlement of the Action, and about all of their options, before the Court decides whether to approve the settlement.

This Notice explains the Action, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. | **What is the Action about?** |
|----|----|

The Action was brought by the Court-appointed Lead Plaintiff and Class Representative, New Zealand Methodist Trust Association.  Class Representative is represented by the Court-appointed Lead Counsel Hagens Berman Sobol Shapiro LLP.  Class Representative asserted claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder against Defendants Zuora, Inc., Tien Tzuo, and Tyler Sloat.

The operative complaint in the Action was filed on November 8, 2019. By order dated April 28, 2020, the Court denied Defendants' motion to dismiss. By order dated March 15, 2021, the Court certified the action as a class action on behalf of the following class: "All persons or entities who purchased or otherwise acquired publicly-traded common stock of defendant Zuora, Inc. during the period from April 12, 2018 to May 30, 2019 and who were damaged. Excluded from the Class are: (i) Defendants; (ii) members of the immediate family of Defendants [Tzuo] and Sloat; (iii) any person who was an officer or director of Zuora; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Zuora; (vii) all Zuora plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such."[2]

In the Action, Class Representative alleged that between April 12, 2018 and May 30, 2019, Defendants misled investors by making public statements that did not reflect the actual state of the functionality of Zuora's platform as a combined solution, the integrated nature of its flagship products, Billing and RevPro, through the "Keystone" integration project, and Zuora's path for growth via cross-selling and upselling Billing and RevPro.  Class Representative alleged that persons who purchased Zuora stock during the Class Period suffered economic losses when the price of Zuora stock declined as a result of the May 30, 2019 disclosure addressing the integration failure, sales execution issues, and disappointing financial performance and outlook.

Defendants deny all allegations of wrongdoing asserted in Action and deny any liability whatsoever to any member of the Class.

---

[2] *See* Stipulation, ¶ 1.40 ("Settlement Class" definition).

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 1
No. 3:19-cv-03422-SI

You can obtain a copy of the operative complaint, the order denying motion to dismiss, the order granting class certification, and other relevant information at www.ZuoraSecuritiesLitigation.com.

**This Notice is NOT an expression of the Court's opinion on the merits of any of the claims in the Action or whether Defendants engaged in any wrongdoing.**

To learn more about what has happened in the Action to date, including a detailed history, please see the Stipulation and other relevant pleadings which are available at www.ZuoraSecuritiesLitigation.com (the "Settlement Website"). Instructions on how to get more information are also included in Question 25 below.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons or entities sue on behalf of people and entities who have similar claims. Together, these people and entities are referred to as a Class, and each is a Class Member. One court resolves the issues for all Class Members at the same time, except for those Class Members who exclude themselves from the Class (the process for which is described more fully in Question 13 below).

| 4. | Why is there a settlement? |
|---|---|

The Class Representative made claims against Defendants on behalf of Class Members. Defendants deny that they have done anything wrong or violated any statute and admit no liability. No court has decided in favor of the Defendants or the Class. Instead, all parties agreed to the settlement to avoid the costs and risks of further litigation, including trial and post-trial appeals, and the Class Representative agreed to the settlement to ensure that Class Members will receive compensation. The Representative and Class Counsel all believe the settlement is in the best interest of all Class Members in light of the real possibility that continued litigation could result in no recovery at all.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to ascertain if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court directed that everyone who fits this description is a Class Member: *All persons and entities who purchased or otherwise acquired Zuora, Inc. common stock during the period of April 12, 2018 through May 30, 2019, inclusive and were damaged thereby,* except those Persons and entities that are excluded, as described below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN YOU ARE A CLASS MEMBER OR ENTITLED TO RECEIVE A PAYMENT FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO GET A PAYMENT FROM THE SETTLEMENT, YOU MUST SUBMIT THE CLAIM FORM INCLUDED WITH THIS NOTICE SO THAT IT IS POSTMARKED OR SUBMITTED ONLINE BY _____ \_\_\_, 2023.**

### 6.    Are there exceptions to being included?

Excluded from the Settlement Class are: (i) the Defendants; (ii) members or the immediate family of defendants Tien Tzuo and Tyler Sloat; (iii) any person who was an officer or director of Zuora; (iv) any firm or entity in which Defendants has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Zuora; (vii) all Zuora plans that are covered by ERISA; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class will be those Persons who previously filed valid and timely requests for exclusion in accordance with the original notice of pendency.   On March 15, 2021, the Court certified the Class in this case. On August 12, 2022, the Court-ordered notice was disseminated to potential Class Members. That notice of pendency required Class Members seeking exclusion to make a formal request to the Court postmarked or submitted online no later than October 30, 2022.

### 7.    What if I am still not sure if I am included?

If you are still not sure whether you are included in the settlement, you can ask for free help. You can contact the Claims Administrator toll-free at 1-855-914-4696, or you can fill out and return the Proof of Claim enclosed with this Notice, to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

### 8.    What does the settlement provide?

A settlement has been reached in the Action between the Class Representative and Defendants, the terms and conditions of which are set forth in the Stipulation and the Exhibits thereto. The following description of the proposed settlement is only a summary, and reference is made to the text of the Stipulation, on file with the Court or accessible at www.ZuoraSecuritiesLitigation.com, for a full statement of its provisions.

The Settlement Fund consists of Seventy-Five Million Dollars ($75,000,000.00) in cash, plus any interest earned thereon.

The Settlement Fund will be used to pay expenses for the Action, to pay for this Notice and the processing of claims submitted by Class Members, to pay Taxes and Tax Expenses, and to pay attorneys' fees.

The balance of the Settlement Fund (the "Net Settlement Fund") will be distributed, in accordance with the Plan of Allocation described below, to Class Members who submit valid and timely Proofs of Claim.

The effectiveness of the settlement is subject to a number of conditions and reference to the Stipulation is made for further particulars regarding these conditions.

### 9.    How much will my payment be?

Your share of the fund will depend on several things, including how many Class Members submit a timely and valid Proof of Claim, the total dollar amount of the claims represented by the valid Proofs of Claim that Class Members send in, the number of shares of Zuora common stock you purchased or acquired, how much you paid for the shares, when you purchased or acquired them, and if you sold your shares and for how much.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 3
No. 3:19-cv-03422-SI

By following the instructions in the Plan of Allocation, you can calculate your claim. It is unlikely that you will get a payment for the full amount of your claim. After all Class Members have sent in their Proofs of Claim, the payment you get will be a part of the Net Settlement Fund equal to your claim divided by the total of all valid claimants' claims. (See the Plan of Allocation below on pages 16-24 for more information on your claim.)

| 10. | How can I receive a payment? |
|---|---|

You may submit a Proof of Claim as described below. If you choose this option, you will share in the proceeds of the proposed settlement if your claim is timely, valid, and entitled to a distribution under the Plan of Allocation described below and if the proposed settlement is finally approved by the Court; and you will be bound by the Judgment and release to be entered by the Court as described below.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM.** A Proof of Claim is enclosed with this Notice or it may be downloaded at www.ZuoraSecuritiesLitigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail or submit it to the Claims Administrator so that it is *postmarked or electronically submitted no later than* _____ ___*, 2023.* The Claim Form may be submitted online at www.ZuoraSecuritiesLitigation.com. Unless the Court orders otherwise, if you do not timely submit a valid Proof of Claim, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

| 11. | When would I receive my payment? |
|---|---|

The Court will hold a Settlement Hearing on _____ ___*, 2023, at* _____*.*, to decide whether to approve the settlement. If the Court approves the settlement after that hearing, there might be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up as a Class Member? |
|---|---|

As a Class Member, you are bound by any and all determinations or judgments in the Action in connection with the settlement entered into or approved by the Court, whether favorable or unfavorable to the Class, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendant Persons, whether or not you submit a valid Proof of Claim.

| 13. | HOW COULD CLASS MEMBERS SEEK EXCLUSION FROM THE CLASS? |
|---|---|

On March 15, 2021, the Court certified the Class in this case. On August 12, 2022, the Court-ordered notice was disseminated to potential Class Members. That notice required Class Members seeking exclusion to make a formal request to the Court postmarked or submitted online no later than October 30, 2022. If you timely and validly sought to be excluded from the Class, you are not eligible to receive any payment out of the Net Settlement Fund. If you did not seek exclusion from the Class, there is no further opportunity to exclude yourself from this Settlement. If you are a Class Member, your options, as stated in detail above, are: (1) submit a Claim Form and participate in the Settlement Fund; (2) object to the Settlement; or (3) do nothing. Regardless of the option chosen, if the Court approves the Settlement, it will bind Class Members.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 4
No. 3:19-cv-03422-SI

**14.    If I excluded myself, can I get money from the proposed settlement?**

No. If you excluded yourself, you may not send in a Proof of Claim to ask for any money.

## THE LAWYERS REPRESENTING YOU

**15.    Do I have a lawyer in this case?**

The Court appointed the law firm of Hagens Berman Sobol & Shapiro, LLP as Lead Counsel and Class Counsel to represent the Class in this Action, including you (assuming you are a Class Member). These lawyers are called Class Counsel.

You will not be charged for these lawyers. They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses. If you want to be represented by your own lawyer, you may hire one at your own expense.

**16.    How will the lawyers be paid?**

At the Settlement Hearing, Class Counsel will request that the Court award aggregate attorneys' fees according to the terms of the retainer agreement between the Class Representative and Class Counsel. These attorney's fees are estimated to be no more than 30% of the Settlement Amount, or $22,500,000. Class members are not personally liable for any such fees or any other expenses (estimated not to exceed $1,250,000 for litigation expenses, and $275,000 for Notice and Administration Expenses). The net recovery for Class Members (also referred to as the Net Settlement Fund) is estimated to be at least $50,950,000 ($75,000,000 minus all of the foregoing fees and expenses). In addition, Lead Plaintiff may seek payment not to exceed $25,000.00 for its time and expenses incurred in representing the Class.

To date, Class Counsel has not received any payment for their services representing Class Members, nor has it been paid any of its expenses. The fees requested by Class Counsel will compensate counsel for its efforts in achieving the settlement for the benefit of the Class, and for the risks it undertook in representing the Class on a wholly contingent basis. Class Counsel believes that its total attorneys' fee request is well within the range of fees awarded to plaintiff's counsel under similar circumstances in other litigation of this type. The percentage fee award that Class Counsel will request is consistent with the fee caps that were approved by the Class Representative and shared with the Court at the outset of the Action.

**17.    Can I hire my own lawyer?**

If you are a Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing and at your own expense, provided that such counsel must file an appearance on your behalf on or before _____ ___, **2023**, and must serve copies of such appearance on the attorneys listed below by both email and hard copy mail. If you do not enter an appearance through counsel of your own choosing, you will be represented by Class Counsel listed below.

### Class Counsel

| | |
|---|---|
| Steve Berman | Lucas E. Gilmore |
| HAGENS BERMAN SOBOL SHAPIRO LLP | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 1301 Second Avenue, Suite 2000 | 715 Hearst Avenue, Suite 300 |
| Seattle, WA 98101 | Berkeley, CA 94710 |
| Telephone: (206) 623-7292 | Telephone: (510) 725-3000 |
| Facsimile: (206) 623-0594 | Facsimile: (510) 725-3001 |
| steve@hbsslaw.com | lucasg@hbsslaw.com |

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 5
No. 3:19-cv-03422-SI

Counsel for the defendants are listed below:

**Counsel for Defendant Zuora**

Audra J. Soloway

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 Avenue of the Americas

New York, NY 10019

ASoloway@paulweiss.com

**OBJECTING TO THE SETTLEMENT**

| 18. | How do I tell the Court that I object to the proposed settlement? |
| --- | --- |

Any Class Member who objects to any aspect of the settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, may appear and ask to be heard at the Settlement Hearing. The Court can only approve or deny the settlement; the Court cannot change its terms. You can ask the Court to deny approval of the settlement by filing an objection.

You may object to the proposed settlement in writing. You may also appear at the Settlement Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for any legal expenses charged by that attorney. Any objection must (1) include your name, address, and telephone number; (2) clearly identify the case name and number (*Roberts v. Zuora, Inc.*, *et al.*, Case No. 3:19-cv-03422-SI (N.D. Cal.)); (3) demonstrate your membership in the Class, including the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and/or sales of Zuora common stock from April 12, 2018 through May 30, 2019, inclusive; (4) contain a statement of the reasons for objection; and (5) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, or by filing them in person at any location of the United States District Court for the Northern District of California, or electronically by ECF on the docket for this case. Copies of such objections must also be provided by email and hard copy mail to Class Counsel and Defendant's counsel listed above.  Such objections, papers, and briefs must be **received or filed, not simply postmarked, on or before _____ \_\_\_, 2023**.

Only Class Members who have submitted written notices of objection in the manner and time provided above will be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make their objection in the manner and time provided above shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement, to the Plan of Allocation, or to the award of attorneys' fees and expenses, unless otherwise ordered by the Court.

**THE COURT'S SETTLEMENT HEARING**

| 19. | When and where will the Court decide whether to approve the proposed settlement? |
| --- | --- |

The Settlement Hearing will be held on _____ \_\_\_**, 2023, at** _____**.**, before the Honorable Susan Illston, United States District Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102. The purpose of the Settlement Hearing will be to determine: (1) whether the proposed settlement, as set forth in the Stipulation, consisting of Seventy-Five Million Dollars ($75,000,000.00) in cash, should be approved as fair, reasonable, and adequate to the Class Members; (2) whether the proposed plan to

distribute the Net Settlement Fund (the "Plan of Allocation") is fair, reasonable, and adequate; (3) whether the applications by Class Counsel for attorneys' fees and expenses, and Class Representative's service award should be approved; and (4) whether the proposed Judgment should be entered. **The Court may adjourn the Settlement Hearing to another time (*i.e.*, reschedule) without further notice to the Class. Before the Settlement Hearing, Class Members who plan to attend should check the Settlement Website or the Court's PACER site (*see* Question 25 below) to confirm that the date of the Settlement Hearing has not been changed.**

### 20.    Do I have to attend the hearing?

No. Class Counsel will answer questions the Court may have. But you are welcome to attend at your own expense. If you send an objection or statement in support of the settlement, you are not required to go to Court to discuss it. As long as you mailed your objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

### 21.    May I speak at the hearing?

If you object to any aspect of the settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must submit a written statement saying that it is your "Notice of Intention to Appear in *Roberts v. Zuora, Inc*., *et al.*, Case No. 3:19-cv-03422-SI." Persons who intend to object to any aspect of the settlement, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

### 22.    What happens if I do nothing at all?

You may do nothing at all. If you choose this option, you will not share in the proceeds of the settlement, but you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Judgment shall have, fully released all of the Released Claims against the Released Defendant Persons.

### DISMISSALS AND RELEASES

### 23.    What happens if the proposed settlement is approved?

As a Class Member, in consideration for the benefits of the settlement, you will be bound by the terms of the settlement and you will release the Released Defendant Persons from the Released Claims as defined below.

"Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature,  concerning, based on, arising out of, or in connection with all claims and causes of action that Lead Plaintiff or any other member of the Settlement Class (i) asserted in the Consolidated Amended Class Action Complaint filed in the Action on November 8, 2019 (the "Complaint"), or (ii) were or could have been asserted in any forum that both (a) arise out of the facts, matters, statements, or

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 7
No. 3:19-cv-03422-SI

omissions alleged in the Complaint and (b) relate to the purchase or other acquisition of Zuora common stock during the Class Period. For the avoidance of doubt, Lead Plaintiff and the Settlement Class will release all claims for damages by Settlement Class Members provided for under Sections 10(b) and 20(a) of the Securities Exchange Act which relate to the purchase or other acquisition of Zuora common stock during the Class Period. To the extent that Settlement Class Members also seek recovery pursuant to Sections 11 and 15 of the Securities Act of 1933 in *Olsen v. Zuora, Inc.*, No. 20-civ-1918 (Cal. Super. Ct.) ("State Action"), currently pending before the Superior Court of the State of California in the County of San Mateo ("State Claims"), the State Claims are preserved only to the extent that Class Members in that action have non-duplicative damages available under the Securities Act, if any such non-overlapping damages can be established in the State Action (which Defendants dispute).

"Released Defendant Persons" means Defendants and all of Defendants' past and present officers, directors, employees, insurers, subsidiaries, affiliates, successors, representatives, attorneys, underwriters, and agents.

If the proposed settlement is approved, the Court will enter a Judgment (the "Judgment"). In addition, upon the Effective Date of the Judgment, the Class Representative and all Class Members and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Defendant Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release, whether or not such Class Member shares in the Settlement Fund, and whether or not such Class member objects to the settlement, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal or administrative forum, asserting any and all Released Claims against any of the Released Defendant Persons, except to enforce the Stipulation.

| 24. | **How does approval of the proposed settlement impact Class Members who are also members of the certified class in the State Action?** |
|---|---|

There is currently a related certified class action pending in the Superior Court of California for the County of San Mateo captioned *Olsen v. Zuora, Inc.*, Lead Case No. 20-CIV-01918 (Cal. Super. Ct., Cnty. of San Mateo) ("State Action") that asserts claims for false and misleading statements contained in Zuora, Inc.'s April 2018 initial public offering registration statement and prospectus under Sections 11 and 15 of the Securities Act of 1933 against Zuora, Inc., Tien Tzuo, Tyler Sloat, Peter Fenton, Kenneth A. Goldman, Timothy Haley, Jason Pressman, Michelangelo Volpi, Magdalena Yesil, Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, Allen & Company LLC, Jefferies LLC, Canaccord Genuity LLC, and Needham & Company, LLC (collectively, "State Action Defendants").

The certified class in the State Action consists of "[a]ll persons and entities who purchased or otherwise acquired shares of Zuora, Inc. common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with Zuora's April 12, 2018 initial public offering."

In the event the proposed settlement in this Action is approved and you are both a member of the Class in this Action and a member of the class in the State Action, your claims for recovery in the State Action are preserved only to the extent that you have non-duplicative damages available under the Securities Act, if any such non-overlapping damages can be established in the State Action.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 8
No. 3:19-cv-03422-SI

Defendants in the State Action take the position that there are no additional non-duplicative legally cognizable damages recoverable in the State Action.

## GETTING MORE INFORMATION

| 25. | How do I get more information about the proposed settlement? |
|---|---|

This Notice contains only a summary of the terms of the proposed settlement and does not describe all of the details of the Stipulation. For the precise terms and conditions of the settlement, please see the Stipulation available at www.ZuoraSecuritiesLitigation.com; by contacting Class Counsel at 510-725-3000; by accessing the Court docket in the Action through the Federal Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE.

If you have any questions about the settlement, you may contact Class Counsel by writing to:

> Hagens Berman Sobol Shapiro, LLP
> ATTN: Lucas E. Gilmore
> Zoura Litigation
> 715 Hearst Avenue, Suite 300
> Berkeley, CA 94710

## SPECIAL NOTICE TO NOMINEES

Nominees who purchased or otherwise acquired Zuora common stock for the beneficial interest of other Persons between April 12, 2018 and May 30, 2019, inclusive, shall either: (i) within seven (7) calendar days of receipt of this Notice, request from the Notice Administrator sufficient copies of the Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notices forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names and addresses of all such beneficial owners to the Notice Administrator at *Zuora Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5530, Portland, OR 97228-5530.

If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may be provided in the Action**.

If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners.

Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred (but not to exceed $0.25 per mailing, excluding postage) by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 9
No. 3:19-cv-03422-SI

Copies of this Notice may also be obtained from www.ZuoraSecuritiesLitigation.com, or by calling the Notice Administrator toll free at 1-855-914-4696.

**HOW MUCH WILL MY PAYMENT BE?**

1.     At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

2.     Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid Seventy-Five Million Dollars ($75,000,000.00) in cash.  The Settlement Amount has been deposited into an escrow account and is earning interest for the benefit of the Class.  The Settlement Amount plus any interest earned thereon and accretions thereto is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

3.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

4.     Neither Defendants, any Released Defendant Persons, nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to return of any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

5.     Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

6.     Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked or submitted online on or before _____, 2023 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Class Member releases the Released Claims (as defined in ¶ 1.34 of the Stipulation) against the Released Defendant Persons (as defined in ¶ 1.36 of the Stipulation) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Claims against any of the Released Defendant Persons whether or not such Class Member submits a Claim Form.

7.     Participants in and beneficiaries of a Zuora, Inc. employee benefit plan covered by ERISA ("Zuora ERISA Plan") should NOT include any information relating to their transactions in Zuora, Inc. common stock held through the Zuora ERISA Plan in any Claim Form that they may submit in this Action.  They should include ONLY shares they purchased outside of the Zuora ERISA Plan. To the extent that any of the Defendants, Released Defendant Persons, or any of the other persons or entities excluded from the Class are participants in the Zuora ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement.

8.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 10
No. 3:19-cv-03422-SI

9.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim Form.

10.    Only Class Members or persons authorized to submit a claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Class by definition or that timely and validly exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

**PROPOSED PLAN OF ALLOCATION**

11.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Consolidated Amended Class Action Complaint filed on November 8, 2019.  The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

12.    In developing the Plan of Allocation, the Class Representative New Zealand Methodist Trust Association's damages expert calculated the estimated amount of artificial inflation in the per-share closing price of Zuora, Inc. common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.

13.    In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, the Class Representatives' damages expert considered price changes in Zuora, Inc. common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces.  The estimated artificial inflation per share of Zuora, Inc. common stock is stated in Table 1 at the end of this Notice.

14.    In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Zuora, Inc. common stock. In this case, the Class Representative alleges that between April 12, 2018 and May 30, 2019, inclusive, Defendants issued allegedly false and misleading statements and omissions, which had the effect of artificially inflating the price of Zuora, Inc. common stock during the Class Period.  The Class Representative further alleges that corrective information was released to the market on May 30, 2019, which removed the artificial inflation from the price of Zuora, Inc. common stock.

15.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Zuora, Inc. common stock at the time of purchase and at the time of sale or the difference between the actual purchase price and sale price.  In order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased Zuora, Inc. common stock prior to the corrective disclosure, which occurred after market close on May 30, 2019, must have held his, her or its shares of Zuora, Inc. common stock until the close of trading on May 30, 2019.  A Class Member who purchased Zuora, Inc. common stock from April 12, 2018 through May 30, 2019, must have held those shares through the close of trading on May 30, 2019.

## RECOGNIZED LOSS AMOUNT CALCULATIONS

16.    In calculating the estimated artificial inflation allegedly caused by Defendants' misrepresentations and omissions, the Class Representative's damages expert considered price changes in Zuora, Inc.'s common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions; and adjusted for price changes that were otherwise attributable to unrelated market or industry forces.

17.    In order to have recoverable damages under the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of Zuora common stock. In this case, the Class Representative alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of Zuora common stock. The Class Representative further alleges that corrective information was released to the market on May 30, 2019 (after market close), which removed artificial inflation from the price of Zuora common stock on May 31, 2019.

18.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Zuora common stock at the time of purchase or acquisition and at the time of sale. Accordingly, in order to have a Recognized Loss under the Plan of Allocation, an Authorized Claimant must have purchased or otherwise acquired Zuora common stock during the Class Period and held such Zuora common stock through the alleged corrective disclosure that removed artificial inflation from the price of Zuora common stock.

19.    Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Zuora common stock that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

20.    For each share of Zuora, Inc. publicly traded common stock purchased or otherwise acquired from April 12, 2018 through May 30, 2019 inclusive, and:

(a)    Sold on or before May 30, 2019, the Recognized Loss Amount will be $0.00;

(b)    Sold from May 31, 2019 through August 28, 2019, the Recognized Loss Amount will be *the lesser of*: (i) $5.53 (Inflation value as presented in Table 1 below), or (ii) the purchase price minus the average closing price on the sale date (Value presented in Table 2 below);

(c)    Held as of the close of trading on August 28, 2019, the Recognized Loss Amount will be the purchase price minus $14.90, the average closing price for Zuora common stock between May 31, 2019 and August 28, 2019 (the last entry in Table 2 below).[3]

---

[3] Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 12
No. 3:19-cv-03422-SI

**ADDITIONAL PROVISIONS**

21.    **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her or its Recognized Loss Amounts as calculated above with respect to Zuora, Inc. common stock.

22.    **FIFO Matching:** If a Class Member made more than one purchase or sale of Zuora, Inc. common stock during the relevant period, all purchases and sales will be matched on a First In, First Out ("FIFO") basis. Sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases in chronological order, beginning with the earliest purchase made during the Class Period.

23.    **"Purchase/Sale" Dates:** Purchases and sales of Zuora, Inc. common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. "Purchases" eligible under the Settlement and this Plan of Allocation include all purchases or other acquisitions of Zuora, Inc. common stock in exchange for value and are not limited to purchases made on or through a stock exchange, as long as the purchase is adequately documented. However, the receipt or grant by gift, inheritance, or operation of law of Zuora, Inc. common stock during the Class Period shall not be deemed a purchase or sale of Zuora, Inc. common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/sale of Zuora, Inc. common stock unless (i) the donor or decedent purchased the shares during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares. Any transaction in Zuora, Inc. common stock executed outside regular trading hours for the United States financial markets shall be deemed to have occurred during the next trading session.

24.    **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase of the Zuora, Inc. common stock. The date of a "short sale" is deemed to be the date of sale of the Zuora, Inc. common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero. In the event that a Claimant has an opening short position in Zuora, Inc. common stock, the earliest purchases of Zuora, Inc. common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

25.    **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Zuora, Inc. common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

26.    **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Zuora,

---

paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Zuora common stock during the 90-day look-back period. The mean (average) closing price for Zuora common stock during this 90-day look-back period was $14.90.

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 13
No. 3:19-cv-03422-SI

Inc. common stock during the Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[4] and (ii) the sum of the Claimant's Total Sales Proceeds[5] and the Claimant's Holding Value.[6] If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

27. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Zuora, Inc. common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Zuora, Inc. common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

28. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share or "Distribution Amount" will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

29. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

30. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Class Counsel Hagens Berman Sobol Shapiro LLP ("Class Counsel"), in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determines that additional re-distributions,

---

[4] The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Zuora, Inc. common stock purchased during the Class Period.

[5] The Claims Administrator shall match any sales of Zuora, Inc. common stock from the start of the Class Period through and including August 28, 2019 first against the Claimant's opening position in Zuora, Inc. common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, taxes and commissions) for sales of the remaining shares of Zuora, Inc. common stock sold from the start of the Class Period through and including the close of trading on August 28, 2019 will be the "Total Sales Proceeds."

[6] The Claims Administrator shall ascribe a "Holding Value" of $14.90 per share to each share of Zuora, Inc. common stock purchased during the Class Period that was still held as of the close of trading on August 28, 2019 (the "Holding Value").

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 14
No. 3:19-cv-03422-SI

after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed appropriate by the Court.

31. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Class Representative, Class Counsel, Class Representative's damages expert, Class Representative's consulting experts, Defendants, Defendants' Counsel, or any of the other Released Plaintiff Persons or Released Defendant Persons, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further Orders of the Court. Class Representative, Defendants, and their respective counsel, and all other Released Defendant Persons or Released Plaintiff Persons, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

32. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Class Representative after consultation with its damages' expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.ZuoraSecuritiesLitigation.com.

**TABLE 1**
**Zuora, Inc. Common Stock Estimated Artificial Inflation Amount**

| Date Range | Artificial Inflation per Share |
|---|---|
| April 12, 2018 - May 30, 2019 | $5.53 |

**TABLE 2**
**Zuora, Inc. Common Stock Closing Price & Average Closing Price**

| Date | Closing Price | Average Closing Price Between May 31, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between May 31, 2019 and Date Shown |
|---|---|---|---|---|---|
| May 31, 2019 | $13.99 | $13.99 | July 17, 2019 | $15.48 | $15.30 |
| June 3, 2019 | $13.26 | $13.63 | July 18, 2019 | $15.49 | $15.30 |
| June 4, 2019 | $14.30 | $13.85 | July 19, 2019 | $15.31 | $15.30 |
| June 5, 2019 | $14.18 | $13.93 | July 22, 2019 | $15.41 | $15.31 |
| June 6, 2019 | $14.57 | $14.06 | July 23, 2019 | $15.09 | $15.30 |
| June 7, 2019 | $14.56 | $14.14 | July 24, 2019 | $15.39 | $15.30 |
| June 10, 2019 | $14.76 | $14.23 | July 25, 2019 | $15.30 | $15.30 |
| June 11, 2019 | $14.17 | $14.22 | July 26, 2019 | $15.55 | $15.31 |

EX. A-1: NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION – 15
No. 3:19-cv-03422-SI

**TABLE 2**
**Zuora, Inc. Common Stock Closing Price & Average Closing Price**

| Date | Closing Price | Average Closing Price Between May 31, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between May 31, 2019 and Date Shown |
|---|---|---|---|---|---|
| June 12, 2019 | $14.97 | $14.31 | July 29, 2019 | $15.19 | $15.31 |
| June 13, 2019 | $14.94 | $14.37 | July 30, 2019 | $15.50 | $15.31 |
| June 14, 2019 | $14.73 | $14.40 | July 31, 2019 | $15.01 | $15.30 |
| June 17, 2019 | $15.50 | $14.49 | August 1, 2019 | $14.84 | $15.29 |
| June 18, 2019 | $15.66 | $14.58 | August 2, 2019 | $14.83 | $15.28 |
| June 19, 2019 | $15.91 | $14.68 | August 5, 2019 | $13.96 | $15.25 |
| June 20, 2019 | $15.71 | $14.75 | August 6, 2019 | $14.02 | $15.23 |
| June 21, 2019 | $15.91 | $14.82 | August 7, 2019 | $14.21 | $15.21 |
| June 24, 2019 | $15.12 | $14.84 | August 8, 2019 | $14.44 | $15.19 |
| June 25, 2019 | $14.89 | $14.84 | August 9, 2019 | $14.05 | $15.17 |
| June 26, 2019 | $14.74 | $14.84 | August 12, 2019 | $13.84 | $15.14 |
| June 27, 2019 | $15.03 | $14.85 | August 13, 2019 | $13.90 | $15.12 |
| June 28, 2019 | $15.32 | $14.87 | August 14, 2019 | $13.74 | $15.09 |
| July 1, 2019 | $15.46 | $14.89 | August 15, 2019 | $13.32 | $15.06 |
| July 2, 2019 | $15.85 | $14.94 | August 16, 2019 | $13.54 | $15.03 |
| July 3, 2019 | $16.04 | $14.98 | August 19, 2019 | $13.67 | $15.01 |
| July 5, 2019 | $16.11 | $15.03 | August 20, 2019 | $13.81 | $14.99 |
| July 8, 2019 | $16.05 | $15.07 | August 21, 2019 | $14.04 | $14.97 |
| July 9, 2019 | $16.36 | $15.11 | August 22, 2019 | $14.29 | $14.96 |
| July 10, 2019 | $16.45 | $15.16 | August 23, 2019 | $14.19 | $14.95 |
| July 11, 2019 | $16.35 | $15.20 | August 26, 2019 | $14.31 | $14.94 |
| July 12, 2019 | $16.39 | $15.24 | August 27, 2019 | $14.00 | $14.92 |
| July 15, 2019 | $16.32 | $15.28 | August 28, 2019 | $13.93 | $14.90 |
| July 16, 2019 | $15.76 | $15.29 | | | |

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

3

# EXHIBIT A-2

Steve Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>         Plaintiff,<br><br>  v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>         Defendants. | No. 3:19-cv-03422-SI<br><br><u>CLASS ACTION</u><br><br>**PROOF OF CLAIM AND RELEASE**<br><br>**EXHIBIT A-2**<br><br>Judge: Hon. Susan Illston |

## PROOF OF CLAIM AND RELEASE

### I.  GENERAL INSTRUCTIONS

1.  To recover as a Class Member based on your claims in the action entitled *Roberts v. Zuora, Inc., et al.*, Case No. 3:19-cv-03422-SI (N.D. Cal.) (the "Action"), you must complete and, on page 6 hereof, sign this Proof of Claim and Release form ("Proof of Claim" or "Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.

EX. A-2: PROOF OF CLAIM AND RELEASE – 1
No. 3:19-cv-03422-SI

2.    Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement in the Action. To share in the proceeds, the Claims Administrator must determine, based on the information in your Proof of Claim and Release, that you have a recognized loss as a result of your purchases or acquisitions of Zuora common stock during the period from April 12, 2018, through August 28, 2019, inclusive.

**3.    THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.ZUORASECURITIESLITIGATION.COM NO LATER THAN _____, OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, ADDRESSED AS FOLLOWS:**

Zuora, Inc. Securities Litigation
c/o Epiq Class Action & Claims Solutions
P.O. Box 5530
Portland, OR 97228-5530

4.    If you are a Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM OR RECEIVE A PAYMENT, unless you previously requested exclusion from the Class that was certified in this Action. If you requested exclusion, do not submit a Claim Form because you will no longer be eligible to do so.

## II.    CLAIMANT IDENTIFICATION

1.    If you purchased or acquired Zuora, Inc. ("Zuora") publicly traded common stock during the period from April 12, 2018, through May 30, 2019, inclusive, and held the share(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, the share(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

2.    Use Part I of this form below entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Zuora publicly traded common stock that forms the basis of this claim, as well as the record purchaser or acquirer if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE ZUORA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them; their authority must accompany this Claim Form, and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.    Use Part II of this form below entitled "Schedule of Transactions in Zuora Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantively the same form. Sign and print or type your name on each additional sheet.

EX. A-2: PROOF OF CLAIM AND RELEASE – 2
No. 3:19-cv-03422-SI

2. On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions and all of your sales of Zuora common stock that took place at any time from April 12, 2018, through August 28, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to your sales of Zuora common stock and the shares of Zuora common stock you held at the opening of trading on April 12, 2018, and the close of trading on August 28, 2019. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest. You must accurately **provide the month, day, and year of each transaction you list.**

4. **Copies of broker confirmations or other documentation of your transactions in Zuora common stock must be submitted with your Claim Form. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS.**

5. **The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.**

6. **NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.ZuoraSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection.**

EX. A-2: PROOF OF CLAIM AND RELEASE – 3
No. 3:19-cv-03422-SI

**PART I:    CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit, or box number)

City    State    ZIP/Postal Code

Foreign Country (only if not USA)

Social Security Number (last four digits only) or Taxpayer Identification Number    OR

Telephone Number

Email Address

Account Number

Account Type (check appropriate box)

☐ Individual (includes joint owner accounts)    ☐ Pension Plan    ☐ Trust

☐ Corporation    ☐ Estate

☐ IRA/401(k)    ☐ Other_____(please specify)

EX. A-2: PROOF OF CLAIM AND RELEASE – 4
No. 3:19-cv-03422-SI

**PART II:    SCHEDULE OF TRANSACTIONS IN ZUORA PUBLICLY TRADED COMMON STOCK**

A. Number of shares of Zuora publicly traded common stock held at the opening of trading on April 12 2018 (must be documented):

B. Purchases or acquisitions of Zuora publicly traded common stock from April 12, 2018, through August 28, 2019, inclusive. (must be documented):

| Date of Purchase/ Acquisition (List Chronologically) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price per Share | Total Purchase/ Acquisition Price(excluding taxes, |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

C. Sales of Zuora publicly traded common stock from April 12, 2018, through August 28, 2019, inclusive (must be documented):

| Date of Purchase/ Acquisition (List Chronologically) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price per Share | Total Purchase/ Acquisition Price(excluding taxes, |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

D. Number of shares of Zuora publicly traded common stock held at the close of trading on August 28, 2019, inclusive  (must be documented):

EX. A-2: PROOF OF CLAIM AND RELEASE – 5
No. 3:19-cv-03422-SI

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and Agreement of Settlement, dated May 12, 2023 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our claim) as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) not excluded from the Settlement Class and am (are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Zuora publicly traded common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## V. RELEASE

1. I (We) hereby acknowledge, on behalf of myself (ourselves) and each of my (our) past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of myself (ourselves), in their capacities as such, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Defendant Persons; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Defendant Persons.

2. "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with all claims and causes of action that Lead Plaintiff or any other member of the Settlement Class (i) asserted in the Consolidated Amended Class Action Complaint filed in the Action on November 8, 2019 (the "Complaint"), or (ii) were or could have been asserted in any forum that, both (a) arise out of the facts, matters, statements, or omissions alleged in the Complaint and (b) relate to the purchase or other acquisition of Zuora common stock during the Class Period. For the avoidance of doubt, Lead Plaintiff and the Settlement Class will release all claims for damages by Settlement Class Members provided for under Sections 10(b) and 20(a) of the Securities Exchange Act which relate to the purchase or other acquisition of Zuora common stock during the Class Period. To the extent that Settlement Class Members also seek recovery pursuant to Sections 11 and 15 of the Securities Act of 1933 in *Olsen v. Zuora, Inc.*, No. 20-civ-1918 (Cal. Super. Ct.) ("State Action"), currently pending before the Superior Court of the State of California in the County of San Mateo ("State Claims"), the State Claims are preserved only to the extent that Class Members in that action have non-duplicative damages available under the Securities Act, if any such non-overlapping damages can be established in the State Action (which Defendants dispute).

3. "Released Defendants' Claims" means Defendants' release of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

EX. A-2: PROOF OF CLAIM AND RELEASE – 6
No. 3:19-cv-03422-SI

4.      "Released Defendant Persons" means Defendants and all of Defendants' past and present officers, directors, employees, insurers, subsidiaries, affiliates, successors, representatives, attorneys, underwriters, and agents.

5.      "Related Persons" with respect to a Person, means (a) their immediate family members and any trust that such Person is the settlor of or which is for their benefit and/or the benefit of their family; (b) their subsidiaries, parent entities, divisions, and departments; and (c), for any of the entities or Persons listed at (a) or (b) above, their respective past and present officers, directors, managing directors, partners, employees, auditors, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such.

6.      "Unknown Claims" means: (i) any claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or acquisition of Zuora common stock; and (ii) any Released Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: **"A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."** Class Representative New Zealand Methodist Trust Association ("Class Representative") and Class Members may hereafter discover facts in addition to or different from those which  he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Class  Representative shall expressly settle and release and each Class Member, upon the Effective Date, shall be deemed to  have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed,  matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any  theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct  which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the  subsequent discovery or existence of such different or additional facts. Class Representative acknowledges, and the  Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was  separately bargained for and a key element of the settlement of which this release is a part.

7.      This release shall be of no force or effect unless and until the Court approves the Settlement set forth  in the Stipulation and it becomes effective on the Effective Date.

8.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Zuora publicly traded common stock that occurred during the Class Period as well as the number of shares held by me (us) at the opening of trading on April 12, 2018, and the close of trading on August 28, 2019.

10.    I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____.
                         (Month / Year)                 (City)           (State/Country)

Signature of Claimant                                     Signature of Joint Claimant, if any

Print Name of Claimant                                Print Name of Joint Claimant, if any

Capacity of person(s) signing (e.g., Beneficial Purchaser, Executor, or Administrator)

Capacity of person(s) signing (e.g., Beneficial Purchaser, Executor or Administrator)

EX. A-2: PROOF OF CLAIM AND RELEASE – 8
No. 3:19-cv-03422-SI

**Reminder Checklist:**

1.    Please sign the above release and declaration.

2.    If this Claim is being made on behalf of Joint Claimants, then both must sign.

3.    Remember to attach copies of supporting documentation, if available.

4.    Do not send originals of certificates.

5.    Keep a copy of your Claim Form and all supporting documentation for your records.

6.    If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7.    If you move, please send your new address to the address below.

8.    Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT www.ZuoraSecuritiesLitigation.com NO LATER THAN _____, OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN _____, ADDRESSED AS FOLLOWS:**

Zuora Securities Litigation
c/o Epiq Class Action
P.O. Box 5530 Portland, OR 97228-5530
www.ZuoraSecuritiesLitigation.com

EX. A-2: PROOF OF CLAIM AND RELEASE – 9
No. 3:19-cv-03422-SI

# EXHIBIT A-3

4

Steve Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>          Plaintiff,<br><br> v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>          Defendants. | No. 3:19-cv-03422-SI<br><br>CLASS ACTION<br><br>**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**<br><br>**EXHIBIT A-3**<br><br>Judge: Hon. Susan Illston |

**IF YOU PURCHASED OR ACQUIRED ZUORA, INC. ("ZUORA") COMMON STOCK FROM APRIL 12, 2018 THROUGH MAY 30, 2019, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY A PROPOSED SETTLEMENT IN A LAWSUIT PENDING IN FEDERAL COURT (THE "ACTION").[1] PLEASE READ CAREFULLY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, ***2023, at*** _____., before the Honorable Susan Illston, United States District Judge, at the United States District Court for the

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated May 12, 2023 (the "Stipulation"), which is available on the website for the litigation, www.ZuoraSecuritiesLitigation.com.

EX. A-3: SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION – 1
No. 3:19-cv-03422-SI

Northern District of California (the "Court"), 450 Golden Gate Avenue, San Francisco, California 94102 for the purpose of determining: (1) whether the proposed settlement in the Stipulation and Agreement of Settlement, dated May 12, 2023, of the Action for $75,000,000 in cash (the "Settlement Amount") should be approved as fair, reasonable, and adequate to the Class Members; (2) whether the proposed Plan of Allocation of the Settlement Amount is fair, reasonable, and adequate; (3) whether the applications by Lead Counsel and Class Counsel, Hagens Berman Sobol Shapiro LLP ("Class Counsel"), for attorneys' fees and expenses and for an award to the Court-appointed Lead Plaintiff and Class Representative New Zealand Methodist Trust Association ("Class Representative") should be approved; and (4) whether the proposed Judgment should be entered.

The Action has been certified as a class action on behalf of all investors (individuals and entities) who purchased or acquired Zuora common stock from April 12, 2018 through May 30, 2019, inclusive, and who were damaged thereby ("Class Members").  The Action asserts claims against Zuora and certain individual defendants under the Securities Exchange Act of 1934 ("Exchange Act").  A detailed description of the Action, including the parties, the claims and defenses, and other important information about your rights and options are in the detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice").

At the Fairness Hearing, Class Counsel will request that the Court award aggregate attorneys' fees according to the terms of the retainer agreement between the Class Representative and Class Counsel. These attorney's fees are estimated to be no more than 30% of the Settlement Amount, or $22,500,000. Class members are not personally liable for any such fees or any other expenses (estimated not to exceed $1,250,000 for litigation expenses, and $275,000 for Notice and Administration Expenses). The net recovery for Class Members (also referred to as the Net Settlement Fund) is estimated to be at least $50,950,000 ($75,000,000 minus all of the foregoing fees and expenses). In addition, Lead Plaintiff may seek payment not to exceed $25,000.00 for its time and expenses incurred in representing the Class.

Class Representative alleged that during the period between April 12, 2018 and May 30, 2019, Defendants made materially false and misleading statements in violation of §10(b) of Exchange Act, Rule 10b-5 promulgated thereunder, and §20(a) of the Exchange Act, which caused the price of Zuora stock to trade at artificially inflated prices.  Specifically, Class Representative alleged that Defendants misled investors during the Class Period by making public statements that did not reflect the actual state of the functionality of Zuora's platform as a combined solution, the integrated nature of its flagship products, Billing and RevPro, through the "Keystone" integration project, and Zuora's path for growth via cross-selling and upselling Billing and RevPro.  Class Representative alleged that persons who purchased Zuora stock during the Class Period suffered economic losses when the price of Zuora stock declined as a result of the May 30, 2019 disclosure addressing the integration failure, sales execution issues, and disappointing financial performance and outlook.

During the course of the Litigation, the parties engaged a third-party mediator, Robert A. Meyer, Esq. of JAMS.  After the submission of comprehensive mediation statements and other materials, the parties participated in a mediation via videoconference with Mr. Meyer on January 18, 2022.  The parties did not reach a resolution with Mr. Meyer at that time.  On May 31, 2022, the Court entered an order referring this action to Magistrate Judge Kandis Westmore for settlement.  As part of the conferences with Judge Westmore, the parties agreed to resume further mediation with Mr. Meyer.  On February 2, 2023, the parties conducted an in-person mediation with Mr. Meyer.  Although no resolution was reached during the mediation, the parties continued discussions with Mr. Meyer.  On March 31, 2023

– one week before oral arguments on Defendants' summary judgment motion and motion to exclude expert testimony and Class Representative's motions to exclude expert testimony – the parties reached an agreement to settle the litigation for $75,000,000, subject to approval by the Court.

To obtain the Notice or a copy of the Proof of Claim and Release form ("Proof of Claim and Release"), visit the settlement website at www.ZuoraSecuritiesLitigation.com or write to *Zuora Securities Litigation*, c/o Epiq Class Action and Claims Solutions, Inc., P.O. Box 5530, Portland, OR 97228-5530.

To get a payment from the Net Settlement Fund you must submit a Proof of Claim and Release by mail ***postmarked no later than _____, 2023,*** or electronically ***no later than _____, 2023,*** establishing that you are entitled to recovery.  Failure to submit your Proof of Claim and Release by _____, 2023, will subject your claim to possible rejection and may preclude you from receiving any payment from the settlement.  If you are a Class Member, you will be bound by the settlement and any judgment entered in the Action, whether or not you submit a Proof of Claim and Release.

**EXCLUSION FROM THE CLASS -** On March 15, 2021, the Court certified the Class in this case. On August 12, 2022, the Court-ordered notice was disseminated to potential Class Members. That notice required Class Members seeking exclusion to make a formal request to the Court postmarked or submitted online no later than October 30, 2022. If you timely and validly sought to be excluded from the Class, you are not eligible to receive any payment out of the Net Settlement Fund. There is no further opportunity to exclude yourself from this Settlement. If you are a Class Member, your options, as stated in detail above, are: (1) submit a Claim Form and participate in the Settlement Fund; (2) object to the Settlement; or (3) do nothing. Regardless of the option chosen, if the Court approves the Settlement, it will bind Class Members.

To object to any aspect of the settlement, including the Plan of Allocation, or the application for attorneys' fees and expenses, you must submit a written objection in accordance with all the instructions set forth in the Notice that is ***received or filed, not simply postmarked, on or before _____, 2023***.  If you object, but also want to be eligible for a payment from the settlement, you must still submit a timely Proof of Claim and Release.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

If you have any questions about the settlement, you may contact Class Counsel at the following address:

<u>**Class Counsel**</u>

| | |
|---|---|
| Steve Berman | Lucas E. Gilmore |
| HAGENS BERMAN SOBOL SHAPIRO LLP | HAGENS BERMAN SOBOL SHAPIRO LLP |
| 1301 Second Avenue, Suite 2000 | 715 Hearst Avenue, Suite 300 |
| Seattle, WA 98101 | Berkeley, CA 94710 |
| Telephone: (206) 623-7292 | Telephone: (510) 725-3000 |
| Facsimile: (206) 623-0594 | Facsimile: (510) 725-3001 |
| steve@hbsslaw.com | lucasg@hbsslaw.com |

EX. A-3: SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION – 3
No. 3:19-cv-03422-SI

DATED: _____, 2023


_____
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

                                        ###

SOURCE// HAGENS BERMAN SOBOL SHAPIRO LLP

URL// www.ZuoraSecuritiesLitigation.com

EX. A-3: SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION – 4
No. 3:19-cv-03422-SI

# EXHIBIT B

5

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>                        Plaintiff,<br><br>v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                    Defendants. | No. 3:19-cv-03422-SI<br><br>CLASS ACTION |

**[PROPOSED] ORDER AND FINAL JUDGMENT**

1

WHEREAS, the Settling Parties[1], through their counsel, have agreed, subject to judicial approval following issuance of notice to the Settlement Class and a Fairness Hearing, to settle and dismiss with prejudice the claims asserted against the Defendants in this Action upon the terms and conditions set forth in the Parties' Stipulation and Agreement of Settlement dated May 12, 2023 (the "Stipulation of Settlement");

WHEREAS, on _____, 2023, the Court issued its Order Granting Lead Plaintiff's Motion for Preliminary Approval of Class Action Settlement, For Issuance of Notice to the Class, and For Scheduling of Fairness Hearing in this Action (the "Preliminary Order") (ECF #____);

WHEREAS, it appears in the record that the Notice substantially in the form approved by the Court in its Preliminary Order was mailed to all reasonably identifiable Settlement Class Members, and posted on the settlement website established by the Claims Administrator in this matter, in accordance with the Preliminary Order;

WHEREAS, it appears in the record that the Summary Notice, substantially in the form approved by the Court, was published in accordance with the Preliminary Order;

WHEREAS, on the ____ day of, _____2023, following issuance of notice of the Settlement to the Settlement Class, the Court held its Fairness Hearing to determine: (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants, as well as the release of all Released Claims as against the Released Defendant Persons and the release of all Released Defendants' Claims as against the Released Plaintiff Persons, and should be approved; (2) whether judgment should be entered dismissing, with prejudice, all claims asserted in the Action against the Defendants; (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (4) whether and in what amount to award Lead Counsel attorneys' fees and expenses; and (5) whether

---

[1]    Unless otherwise defined herein, all capitalized terms used herein have the same meaning as given them in the Stipulation and Agreement of Settlement dated May 12, 2023; *see* ¶1 below.

and in what amount to grant any awards to any Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4); and

WHEREAS, the Court has considered all matters and papers submitted to it at or in connection with the Fairness Hearing and otherwise;

NOW, THEREFORE, based upon the Stipulation of Settlement and all of the findings, records, and proceedings had herein, and it appearing to the Court upon examination, following the duly-noticed Fairness Hearing, that the Settlement is fair, reasonable, and adequate and should be finally approved, that the Judgment attached as Exhibit B to the Stipulation of Settlement should be entered, and that the proposed Plan of Allocation provides a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. This Order and Final Judgment incorporates by reference the definitions in the Stipulation of Settlement, and all capitalized terms used herein shall have the same meanings as set forth therein.

2. The Court has jurisdiction over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and Defendants.

3. The Court finds that, consistent with its prior class certification order, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class it seeks to represent; and

(d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class.

4.    The Court further finds that, consistent with its prior class certification order, the requirements for certification of a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure have also been satisfied in that:

(a) questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(b) a class action is superior to other available methods for the fair and efficient adjudication of the claims at issue, considering:

i.    the class members' (lack of) interests in individually controlling the prosecution or defense of separate actions;

ii.    the extent and nature of any litigation concerning the controversy already begun by or against class members;

iii.    the desirability or undesirability of concentrating the litigation of the claims in this particular forum; and

iv.    the (lack of) likely difficulties in managing a class action (given, *inter alia,* that the proposed class here would be certified in the context of a settlement).

Accordingly, consistent with the Court's prior class certification order, the Court certifies this action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of all persons or entities who purchased or otherwise acquired Zuora common stock (ticker: ZUO) between April 12, 2018 and May 30, 2019, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) members or the immediate family of defendants Tien Tzuo and Tyler Sloat; (iii) any person who was an officer or director of Zuora; (iv) any firm or entity in which Defendants has or had a controlling interest; (v) Defendants' liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Zuora; (vii) all Zuora plans that are covered by ERISA; (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity,

4

in their respective capacity as such; and (ix) those Persons who previously have requested exclusion from the class certified in this Action (*See* ECF No. 243).

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, consistent with the Court's prior class certification order, (a) Lead Plaintiff New Zealand Methodist Trust Association is appointed as class representatives of the Settlement Class and (b) the law firm of Hagens Berman Sobol & Shapiro LLP is appointed as counsel for the Settlement Class ("Class Counsel").

6. In accordance with the Preliminary Order, the Court finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions and the rights of Settlement Class Members in connection therewith (a) constituted the best notice practicable under the circumstances; (b) constituted due and sufficient notice of these proceedings and the matters set forth herein (including the Settlement and Plan of Allocation) to all persons and entities entitled to such notice; and (c) met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) (as amended by the Private Securities Litigation Reform Act of 1995). No Settlement Class Member is or shall be relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation of Settlement, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement (and to participate in the hearing thereon), or to exclude themselves from the Settlement Class. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is determined that all Settlement Class Members are bound by this Order and Final Judgment, except those Persons who previously have requested exclusion from the class certified in this Action (See ECF No. 243).

7. The Court finds that the Settlement is fair, reasonable and adequate under Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Settlement Class. This Court further finds that the Settlement is the result of good faith, arm's-length negotiations; and that all Settling Parties have been represented throughout by experienced and competent counsel.

The Court further finds that the Settlement was reached only after, *inter alia*: (a) Lead Counsel conducted an extensive pre-filing investigation; (b) the filing of a consolidated class action complaint; (c) full briefing and oral argument on Defendants' motion to dismiss the complaint; (d) completion of all fact and expert discovery; (e) full briefing on Lead Plaintiff's motion for class certification; (f) full briefing on Defendants' motion for summary judgment; (g) extensive motion practice on expert evidentiary issues; (h) Lead Plaintiff's and the Defendants' preparation and exchange of comprehensive pre-mediation briefs and participation in two mediation sessions under the auspices of a highly experienced mediator of complex commercial cases (Robert A. Meyer, Esq. of JAMS); (i) the Settling Parties' participation in further settlement discussions; and (j) the Settling Parties' negotiation and drafting of the detailed terms of the Stipulation of Settlement based on a negotiated confidential term sheet. Accordingly, the Court also finds that all Settling Parties were well-positioned to evaluate benefits of the proposed Settlement against the risks of further and uncertain litigation.

8. The Court further finds that if the Settlement had not been achieved, the Settling Parties faced the expense, risk, and uncertainty of extended litigation in connection with the claims asserted against the Defendants. The Court takes no position on the merits of either Lead Plaintiff's or Defendants' liability positions, but notes that the existence of substantial arguments both for and against their respective positions further supports approval of the Settlement.

9. Accordingly, the Court approves the Stipulation of Settlement, and directs the Settling Parties to consummate the Settlement in accordance with the terms and provisions of the Stipulation of Settlement.

10. All claims asserted against the Defendants in this Action are dismissed with prejudice. The Settling Parties shall bear their own costs, except as otherwise provided in the Stipulation of Settlement.

11. Lead Plaintiff and each of the Settlement Class Members, on behalf of themselves and their Related Persons, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and

6

shall forever be enjoined from prosecuting, all Released Claims against each Released Defendant Person, whether or not Lead Plaintiff or any Settlement Class Member executes and delivers a Proof of Claim.

12.    Defendants and each of the Released Defendant Persons shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendants' Claims against each Released Plaintiff Person.

13.    Nothing contained herein shall, however, bar any Settling Party, Released Defendant Persons, or Released Plaintiff Persons from bringing any action or claim to enforce the terms of the Stipulation of Settlement or this Order and Final Judgment.

14.    The Court finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation of Settlement.

15.    The Court finds that the Settling Parties and their counsel have complied with all requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Record Act of 1995 as to all proceedings had herein.

16.    Neither this Order and Final Judgment, the Stipulation of Settlement, nor any of the terms and provisions of the Stipulation of Settlement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith:

(a)    is or may be deemed to be, or may be used as an admission, concession, or evidence of the validity or invalidity of any of the claims asserted against Defendants in this Action, the truth or falsity of any fact alleged by Lead Plaintiff, the sufficiency or deficiency of any defense that has been or could have been asserted in the Action, or any wrongdoing, liability, negligence or fault of the Defendants, their Related Persons, or any of them;

7

(b)     is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by any of the Defendants or their Related Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; and

(c)     is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Defendants, or Related Defendant Persons, or any of them, that Lead Plaintiff's or Settlement Class Members' claims are with or without merit, that a litigation class should or should not be certified, that damages recoverable in the Action would have been greater or less than the Settlement Amount or that the consideration to be given pursuant to the Stipulation of Settlement represents an amount equal to, less than or greater than the amount which could have or would have been recovered after trial.

18.     Notwithstanding the immediately preceding paragraph, however, the Settling Parties and the other Released Defendant Persons and Released Plaintiff Persons may file the Stipulation of Settlement and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may also file the Stipulation of Settlement and/or this Order and Final Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation of Settlement, the Settlement, or this Order and Final Judgment.

18.     Except as otherwise provided herein or in the Stipulation of Settlement, all funds held by the Escrow Agent shall be deemed to be held *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation of Settlement and/or pursuant to further order of the Court.

19.     Without affecting the finality of this Order and Judgment in any way, this Court retains continuing exclusive jurisdiction over the Settling Parties and the Settlement Class Members for all matters relating to the Action, including the administration, interpretation,

8

effectuation or enforcement of the Stipulation of Settlement, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members.

20.    Absent further order of the Court, the Court hereby sets the following schedule for completing the administration of the Settlement in this matter:

(a)  the Claims Administrator shall complete its review of submitted Proofs of Claim in this matter and calculation of Recognized Claim Amounts for Authorized Claimants within 180 days of the Court's existing deadline for putative Settlement Class Members to submit completed Proofs of Claim;

(b)  within twenty-one (21) days of the later of (i) the Claims Administrator's completion of its review of submitted claims or (ii) the date on which each of the conditions set forth in ¶4.14 of the Stipulation of Settlement (including the occurrence of the Effective Date) has been met, Plaintiffs' Counsel shall submit a distribution motion (the "Settlement Class Distribution Motion") to the Court, which shall seek entry of an Order (the "Distribution Order") approving the Claims Administrator's claims determinations and resolving, pursuant to ¶¶4.7-4.10 of the Stipulation of Settlement, any unresolved disputes raised by any Claimants relating to the Claims Administrator's administrative determinations;

(c)  unless the Distribution Order provides for a later date, the Claims Administrator shall mail checks distributing settlement fund payments to eligible Settlement Class Members within 30 days of entry of the Distribution Order, which checks shall request that recipients cash them within 60 days; and

(d)  within 120 days of the mailing of distribution checks, Lead Counsel shall file a Post-Distribution Accounting containing all of the information set forth in the Northern District of California's Procedural Guidance for Class Action Settlements, except that such report shall also advise the Court whether, in accordance with ¶4.15 of the Stipulation, Lead Counsel has determined that a second distribution of unclaimed

settlement funds (whether due to uncashed checks or otherwise) should be pursued, or whether any then-remaining unclaimed settlement funds should be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed appropriate by the Court.

(e) Except as provided in sub-paragraphs (a)-(d) above, without further order of the Court Defendants and Lead Plaintiff may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation of Settlement.

21.    There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

22.    The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Counsel's Fee and Expense Application.

23.    If the Settlement is not consummated in accordance with the terms of the Stipulation of Settlement, then the Stipulation of Settlement and this Order and Final Judgment (including any amendment(s) thereof, and except as expressly provided in the Stipulation of Settlement or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any of the Settling Parties, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties, and each of the Settling Parties shall be restored to his, her or its respective litigation positions as they existed immediately prior to the date of the execution of the Stipulation of Settlement.


Dated: _____, 2023

_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE


10