**APPENDIX A**

| N.D. Cal. Procedural Guidance for Class Action Settlements<br>Items to Address at Preliminary Approval | Where Procedural Guidance is<br>Addressed in Papers |
|---|---|
| 1.  INFORMATION ABOUT THE SETTLEMET | |
| (a) Any differences between the settlement class and the class proposed in the operative complaint (or, if a class has been certified, the certified class) and an explanation as to why the differences are appropriate. | Motion at 9:5-12 |
| (b) Any differences between the claims to be released and the claims in the operative complaint (or, if a class has been certified, the claims certified for class treatment) and an explanation as to why the differences are appropriate. | Motion at 9:13-10:13. |
| (c) The class recovery under the settlement (including details about and the value of injunctive relief), the potential class recovery if plaintiffs had fully prevailed on each of their claims, claim by claim, and a justification of the discount applied to the claims. | Motion at 8:8-14, 14:8-15:2<br>Notice at pp. 2-3<br>Summary Notice at 2 |
| (d) Any other cases that will be affected by the settlement, an explanation of what claims will be released in those cases if the settlement is approved, the class definitions in those cases, their procedural posture, whether plaintiffs' counsel in those cases participated in the settlement negotiations, a brief history of plaintiffs' counsel's discussions with counsel for plaintiffs in those other cases before and during the settlement negotiations, an explanation of the level of coordination between the two groups of plaintiffs' counsel, and an explanation of the significance of those factors on settlement approval.  If there are no such cases, counsel should so state. | Motion at 6:11-26, 7:17-21, 7:21 n.6, 8:8-13, 9:5-10:19, 13 n.10. |
| (e) The proposed allocation plan for the settlement fund. | Motion at 21:3-21.<br>Berman Decl. ¶¶ 41-46<br>Notice at pp. 11-16 |
| (f) If there is a claim form, an estimate of the expected claim rate in light of the experience of the selected claims administrator and/or counsel based on comparable settlements, the identity of the examples used for the estimate, and the reason for the selection of those examples. | Azari Decl. ¶¶ 35-36 |

| N.D. Cal. Procedural Guidance for Class Action Settlements Items to Address at Preliminary Approval | Where Procedural Guidance is Addressed in Papers |
|---|---|
| (g) In light of Ninth Circuit case law disfavoring reversions, whether and under what circumstances money originally designated for class recovery will revert to any defendant, the expected and potential amount of any such reversion, and an explanation as to why a reversion is appropriate. | Motion at 9:1-4<br>Berman Decl. ¶ 51<br>Stipulation ¶ 2.3 |
| **2. SETTLEMENT ADMINISTRATION** | |
| (a) Identify the proposed settlement administrator, the settlement administrator selection process, how many settlement administrators submitted proposals, what methods of notice and claims payment were proposed, and the lead class counsel's firms' history of engagements with the settlement administrator over the last two years. | Motion at 24:15-19, 24 n.17<br>Berman Decl. ¶¶ 18, 47 |
| (b) Address the settlement administrator's procedures for securely handling class member data (including technical, administrative, and physical controls; retention; destruction; audits; crisis response; etc.), the settlement administrator's acceptance of responsibility and maintenance of insurance in case of errors, the anticipated administrative costs, the reasonableness of those costs in relation to the value of the settlement, and who will pay the costs. | Motion at 25:1-9<br>Azari Decl. ¶¶ 11-17, 37<br>Stipulation ¶ 1.28 |
| **3. NOTICE** | |
| The parties should ensure that the class notice is easily understandable, in light of the class members' communication patterns, education levels, and language needs. The notice should include the following information: | *See generally* proposed Notices |
| a. Contact information for class counsel to answer questions. | Berman Decl. ¶ 57(a)<br>Notice at p. 9<br>Summary Notice at p. 4 |
| b. The address for a website, maintained by the claims administrator or class counsel, that lists key deadlines and has links to the notice, claim form (if any), preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and any other important documents in the case. | Berman Decl. ¶ 57(b)<br>Notice at p. 2<br>Summary Notice at p. 3 |

| N.D. Cal. Procedural Guidance for Class Action Settlements<br>Items to Address at Preliminary Approval | Where Procedural Guidance is<br>Addressed in Papers |
|---|---|
| c.  Instructions on how to access the case docket via PACER or in person at any of the court's locations. | Berman Decl. ¶ 57(c)<br>Notice at p. 9 |
| d.  The date and time of the final approval hearing, clearly stating that the date may change without further notice to the class. | Berman Decl. ¶ 57(d)<br>Notice at p. 7<br>Summary Notice at p. 2 |
| e.  A note to advise class members to check the settlement website or the Court's PACER site to confirm that the date has not been changed. | Berman Decl. ¶ 57(e)<br>Notice at p. 7 |
| The parties should explain how the notice distribution plan is effective. | Motion at 23:13-24:13<br>Azari Decl. ¶¶ 18-19, 24-33 |
| The notice distribution plan should rely on U.S. mail, email, and/or social media as appropriate to achieve the best notice that is practicable under the circumstances, consistent with Federal Rule of Civil Procedure 23(c)(2). If U.S. mail is part of the notice distribution plan, the notice envelope should be designed to enhance the chance that it will be opened. | Motion at 23:21-24:2<br>Azari Decl. ¶¶ 18-19, 24-33 |
| Inclusion of suggested language in class notices:<br><br>This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at _____, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, [insert appropriate Court location here], between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.<br><br>PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR | Notice at p. 9 |

| N.D. Cal. Procedural Guidance for Class Action Settlements<br>Items to Address at Preliminary Approval | Where Procedural Guidance is<br>Addressed in Papers |
|---|---|
| THE CLAIM PROCESS. | |
| **4. OPT-OUTS** | |
| The notice should instruct class members who wish to opt out of the settlement to send a letter, setting forth their name and information needed to be properly identified and to opt out of the settlement, to the settlement administrator and/or the person or entity designated to receive opt outs. It should require only the information needed to opt out of the settlement and no extraneous information or hurdles. The notice should clearly advise class members of the deadline, methods to opt out, and the consequences of opting out. | Motion at 20:9-21:2<br>Berman Decl. ¶¶ 60-62<br>Notice at p. 4 |
| **5. OBJECTIONS** | |
| Objections must comply with Federal Rule of Civil Procedure 23(e)(5). | Berman Decl. ¶ 59<br>Notice at p. 6 |
| The notice should instruct class members who wish to object to the settlement to send their written objections only to the court. All objections will be scanned into the electronic case docket, and the parties will receive electronic notices of filings. The notice should make clear that the court can only approve or deny the settlement and cannot change the terms of the settlement. The notice should clearly advise class members of the deadline for submission of any objections. | Berman Decl. ¶ 59<br>Notice at p. 6 |
| Below is suggested language for inclusion in class notices:<br><br>"You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.<br><br>Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number ( _____ v. _____, Case No. _____), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by | Notice at p. 6 |

4

| N.D. Cal. Procedural Guidance for Class Action Settlements<br>Items to Address at Preliminary Approval | Where Procedural Guidance is<br>Addressed in Papers |
|---|---|
| mailing them to the Class Action Clerk, United States District Court for the Northern District of California, [insert appropriate Court location here], and (c) be filed or postmarked on or before _____.” | |
| **6.   ATTORNEYS' FEES AND COSTS** | |
| Class counsel should include information about the fees and costs (including expert fees) they intend to request, their lodestar calculation (including total hours), and resulting multiplier in the motion for preliminary approval. | Motion at 17:23-19:21<br>Berman Decl. ¶¶ 19-20, 29-30, 63-65, 67<br>Notice at p. 5<br>Summary Notice at p. 2 |
| In a common fund case, the parties should include information about the relationship between the amount of the common fund, the requested fee, and the lodestar. | Motion at 17:23-19:13<br>Berman Decl. ¶¶ 19-20, 29, 63-64<br>Notice at p. 5<br>Summary Notice at p. 3 |
| To the extent counsel base their fee request on having obtained injunctive relief and/or other non-monetary relief for the class, counsel should discuss the benefit conferred on the class. | N/A |
| **7.   SERVICE AWARDS** | |
| The parties should include information about the service awards they intend to request as well as a summary of the evidence supporting the awards in the motion for preliminary approval. The parties should ensure that neither the size nor any conditions placed on the incentive awards undermine the adequacy of the named plaintiffs or class representatives. | Motion at 19:22-20:8<br>Berman Decl. ¶¶ 19-20, 29-30, 66-67<br>Notice at p. 5<br>Summary Notice at p. 3 |
| **8.   CY PRES AWARDS** | |
| If the settlement contemplates a cy pres award, the parties should identify their chosen cy pres recipients, if any, and how those recipients are related to the subject matter of the lawsuit and the class members' claims. | Motion at 8:24-9:1<br>Berman Decl. ¶ 69<br>Stipulation ¶ 4.15 |
| The parties should also identify any relationship they or their counsel have with the proposed cy pres recipients. | N/A |
| **9.   TIMELINE** | |

| N.D. Cal. Procedural Guidance for Class Action Settlements Items to Address at Preliminary Approval | Where Procedural Guidance is Addressed in Papers |
|---|---|
| The parties should ensure that class members have at least thirty-five days to opt out or object to the settlement and the motion for attorney's fees and costs. | Motion at Appendix B Berman Decl. ¶ 70 |
| **10. CLASS ACTION FAIRNESS ACT (CAFA) AND SIMILAR REQUIREMENTS** | |
| The parties should address whether CAFA notice is required and, if so, when it will be given. In addition, the parties should address substantive compliance with CAFA. | Motion at 24 n.16 Stipulation ¶ 4.3 |
| In addition, the parties should address whether any other required notices to government entities or others have been provided, such as notice to the Labor & Workforce Development Agency (LWDA) pursuant to the Private Attorneys General Act (PAGA). | Motion at 24 n.16 |
| **11. COMPARABLE OUTCOMES** | |
| Lead class counsel should provide information about comparable cases, including settlements and litigation outcomes. Lead counsel should provide the following information for as many as feasible (and at least one) comparable class settlement (i.e. settlements involving the same or similar claims, parties, issues):<br><br>a. The claims being released, the total settlement fund, the total number of class members, the total number of class members to whom notice was sent, the method(s) of notice, the number and percentage of claim forms submitted, the average recovery per class member or claimant, the amounts distributed to cy pres recipients, the administrative costs, the attorneys' fees and costs, the total exposure if the plaintiffs had prevailed on every claim.<br><br>b. Where class members are entitled to non-monetary relief, such as discount coupons or debit cards or similar instruments, the number of class members availing themselves of such relief and the aggregate value redeemed by the class members and/or by any assignees or transferees of the class members' interests.<br><br>c. Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class. | Attachment 2 to Azari Decl. |

| N.D. Cal. Procedural Guidance for Class Action Settlements Items to Address at Preliminary Approval | Where Procedural Guidance is Addressed in Papers |
|---|---|
| Counsel should summarize this information in easy-to-read charts that allow for quick comparisons with other cases, supported by analysis in the text of the motion. | Attachment 2 to Azari Decl. |
| **12. ELECTRONIC VERSIONS** | |
| Electronic versions (Microsoft Word or WordPerfect) of all proposed orders and notices should be submitted to the presiding judge's Proposed Order (PO) email address when filed. Most judges in this district use Microsoft Word, but counsel should check with the individual judge's Courtroom Deputy. | To be done upon filing |
| **13. OVERLAPPING CASES** | |
| Within one day of filing of the preliminary approval motion, the defendants should serve a copy on counsel for any plaintiffs with pending litigation, whether at the trial court or appellate court level, whether active or stayed, asserting claims on a representative (e.g., class, collective, PAGA, etc.) basis that defendants believe may be released by virtue of the settlement. | N/A |