Steve Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated, | No. 3:19-cv-03422-SI |
| Plaintiff, | CLASS ACTION |
| v. | **DECLARATION OF STEVE W. BERMAN IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |
| ZUORA, INC., TIEN TZUO, and TYLER SLOAT, | |
| Defendants. | |

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT                     Case No. 3:19-cv-03422-SI

I, Steve W. Berman, hereby declare and state as follows:

1.      I am an attorney admitted pro hac vice before this Court. I am the Managing Partner and Director of Global Litigation at Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), counsel for Lead Plaintiff and Class Representative New Zealand Methodist Trust Association ("MTA," "Lead Plaintiff," or "Class Representative") and Court-appointed Lead Counsel. Hagens Berman was appointed as Class Counsel in this matter by order of this Court dated March 15, 2021.[1] ECF No. 113. I have personal knowledge of the facts set forth herein and, if called upon to testify, I could and would do so truthfully and accurately. I submit this declaration, together with the attached exhibits, in support of Lead Plaintiff's Motion for Preliminary Approval of Proposed Class Action Settlement.[2]

## I.      BACKGROUND

2.      On June 14, 2019, plaintiff Casey Roberts filed the first of several related putative class action complaints, styled *Casey Roberts v. Zuora, Inc., et al.*, No. 19-cv-03422 (ECF No. 1), alleging violations of federal securities laws against Zuora, Inc., Tien Tzuo, and Tyler Sloat (collectively, the "Federal Action Defendants"). Following the submission of various motions to appoint lead plaintiffs and lead counsel, by order dated September 9, 2019 (ECF No. 55), the Court appointed New Zealand Methodist Trust Association as Lead Plaintiff and Hagens Berman Sobol Shapiro LLP as Class Counsel in this action.

3.      Lead Plaintiff filed the operative Complaint on November 8, 2019. ECF No. 60. Lead Plaintiff alleged that during the period between April 12, 2018, and May 30, 2019 (the "Class Period"), the Federal Action Defendants made materially false and misleading statements in violation of § 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5 promulgated thereunder, and § 20(a) of the Exchange Act, which caused the price of Zuora stock to trade at artificially inflated prices. Specifically, Lead Plaintiff alleged that the Federal Action

---

[1] **Exhibit 1** to this Declaration is a true and correct copy of the firm resume of Hagens Berman.

[2] All capitalized terms not defined herein shall have those meanings as set forth in the Amended Stipulation and Agreement of Global Settlement June 22, 2023 ("Stipulation") and its accompanying exhibits, a true and correct copy of which is attached as **Exhibit 2** hereto. Emphasis is added and citations are omitted throughout unless otherwise noted.

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 1                    Case No. 3:19-cv-03422-SI

Defendants misled investors during the Class Period by making public statements that did not reflect the actual state of the functionality of Zuora's platform as a combined solution, the integrated nature of its flagship products, Billing and RevPro, and Zuora's path for growth via cross-selling and upselling Billing and RevPro. Lead Plaintiff alleged that persons who purchased Zuora stock during the Class Period suffered economic losses when the price of Zuora stock declined as a result of the May 30, 2019 disclosure of the integration failure, sales execution issues, and disappointing financial performance and outlook. The Federal Action Defendants deny Lead Plaintiff's allegations.

4.      The Federal Action Defendants thereafter moved to dismiss the Complaint. ECF No. 64. Lead Plaintiff opposed the motion (ECF No. 67), and on April 28, 2020, the Court denied the Federal Action Defendants' motion (ECF No. 75).

5.      The Federal Action Defendants answered the Complaint on June 11, 2020 (ECF No. 84), and the parties began formal fact discovery in June 2020. Lead Plaintiff served 74 document requests, and the parties held extensive discussions regarding the method and form of the Federal Action Defendants' document production, including negotiating an ESI protocol, protective order, search terms, and custodians. Ultimately, the Federal Action Defendants produced more than 54,000 documents (encompassing over 400,000 pages) from over 15 custodians, along with dozens of hours of video recordings of internal meetings involving Zuora executives. After comprehensively reviewing the document discovery and video recordings, Lead Plaintiff conducted 10 fact witness depositions, including the examinations of defendants Tzuo and Sloat. Lead Plaintiff also served Requests for Admissions to the Federal Action Defendants and issued subpoenas to three third parties, which resulted in additional document discovery. In addition, Lead Plaintiff produced over 9,000 pages of document discovery, sat for a deposition, and provided responses to two sets of document requests and interrogatories. Lead Plaintiff also participated in the depositions of four confidential witnesses referenced in the Complaint.

6.      On December 4, 2020, Lead Plaintiff filed a motion for class certification, appointment of class representative, and appointment of class counsel. ECF. No. 100. Lead

Plaintiff's class certification motion included the Expert Report of Tavy Ronen, Ph.D., who opined on, among other issues, the efficiency of the market for Zuora common stock and a methodology for calculating class-wide damages. ECF No. 101-1.

7.    On March 15, 2021, the Court granted Lead Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel (ECF No. 113) after the Federal Action Defendants declined to oppose the motion (ECF No. 112). That order certified a class of all persons and entities who purchased or otherwise acquired publicly traded common stock of Zuora during the period from April 12, 2018, through May 30, 2019, inclusive, and were damaged thereby (the "Federal Class") (ECF No. 113). The Court also appointed New Zealand Methodist Trust Association as Class Representative and Hagens Berman Sobol Shapiro LLP as Class Counsel. *Id.*

8.    Several months later, on October 14, 2021, in a separate but related action brought by State Class Representative asserting claims under Sections 11 and 15 of the Securities Act of 1933 captioned *Olsen v. Zuora, Inc.*, Lead Case No. 20-CIV-01918 (Cal. Super. Ct., Cty. of San Mateo) (the "State Action"), the State Court certified a class of "[a]ll persons and entities who purchased or otherwise acquired shares of Zuora, Inc. common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with Zuora's April 12, 2018 initial public offering" (the "State Class").  *See* State Action Dkt No. 181.

9.    Given that the Federal Class encompassed the entirety of the State Class, Lead Counsel and State Class Counsel coordinated on the sending of notice to the certified classes in the Federal Action and State Action. On June 24, 2022, the Court issued its Order approving the Dissemination of Class Notice (the "Class Notice Order") (ECF No. 151), which required that any persons or entities that chose to exclude themselves from the Class do so by October 30, 2022.  The State Court issued a nearly identical order on June 29, 2022.  *See* State Action Dkt. No. 192 (the "State Class Notice Order").  After the courts issued their respective orders, the Court-appointed administrator, Epiq Systems, Inc., began distributing the joint notice of the Federal Action and State Action to potential class members on August 12, 2022. ECF No. 243. As of April 5, 2023, over

51,000 class notices were disseminated to potential class members and nominees by First Class Mail. *Id.* Four valid requests to be excluded from the Class were returned. *See* State Action Dkt No. 206.

10.     After the close of fact discovery in May 2022, the parties engaged in extensive expert discovery on issues including loss causation, damages, corporate disclosure requirements, and software development norms and practices. The Federal Action Defendants produced four expert reports and one expert rebuttal report, and Lead Plaintiff took four expert depositions. Lead Plaintiff produced one expert report and two expert rebuttal reports and defended two expert depositions.

11.     On December 9, 2022, the Federal Action Defendants filed a motion for summary judgment on all of Lead Plaintiff's claims. ECF No. 185. As part of that motion, the Federal Action Defendants also sought to exclude both of Lead Plaintiff's loss causation/damages experts. *Id.* On January 27, 2023, Lead Plaintiff filed its opposition to the summary judgment motion (ECF No. 219). The Federal Action Defendants filed their reply in support of the summary judgment motion on February 17, 2023 (ECF No. 229).

12.     The same day the Federal Action Defendants filed their summary judgment motion, Lead Plaintiff filed three separate motions to exclude testimony from three of the Federal Action Defendants' experts (EFC Nos. 192–194). The Federal Action Defendants filed their responses on January 27, 2023 (ECF Nos. 211–213), and Lead Plaintiff filed its replies on February 17, 2023 (ECF Nos. 234–236).

13.     During the course of the litigation, the parties engaged a third-party mediator, Robert A. Meyer, Esq. of JAMS. After the submission of comprehensive mediation statements and other materials concerning the parties' respective views on the merits of the litigation, Lead Plaintiff, State Class Representative, and Defendants participated in a mediation via videoconference with Mr. Meyer on January 18, 2022. The parties did not reach a resolution with Mr. Meyer at that time. On May 31, 2022, the Court entered an order referring this action to Magistrate Judge Kandis Westmore for settlement. As part of the conferences with Judge Westmore, Lead Plaintiff and the

Federal Action Defendants agreed to resume further mediation with Mr. Meyer. On February 2, 2023, the parties conducted an in-person mediation with Mr. Meyer after submitting mediation statements and summary judgment and *Daubert* briefing. Although no resolution was reached during the mediation, the parties continued discussions with Mr. Meyer. On March 31, 2023—just one week before oral arguments on the Federal Action Defendants' summary judgment motion and motion to exclude expert testimony and Lead Plaintiff's motions to exclude expert testimony—the parties agreed to settle the Federal Action. The parties' original settlement, however, did not fully resolve the State Action.

14.    After Lead Plaintiff filed its motion for preliminary approval of the Settlement on May 15, 2023 (ECF No. 245), the parties conducted additional negotiations with counsel for the State Class Representative and counsel for the State Action Defendants. On June 1, 2023, with the assistance of Mr. Meyer, the parties reached an amended settlement agreement in principle for $75,500,000 which would resolve the Federal Action and the State Action concurrently.

15.    On June 22, 2023, Lead Plaintiff, State Class representative, the Federal Action Defendants, and the State Action Defendants (collectively with Federal Action Defendants, the "Defendants") executed the Stipulation, a true and correct copy of which is attached as Exhibit 2 hereto. Annexed as exhibits to the Stipulation are true and correct copies of the following documents:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A | Preliminary Approval Order |
| A-1 | Notice |
| A-2 | Proof of Claim Form |
| A-3 | Summary Notice |
| B | Final Judgment and Order |
| C | State Action Order Granting Request to Stay Action |
| D | State Action Order Granting Request to Dismiss the Action with Prejudice |

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 5                    Case No. 3:19-cv-03422-SI

## II.    INFORMATION ABOUT THE SETTLEMENT

16.    As defined in the Stipulation, the Settlement Class includes "(a) all Persons who purchased or otherwise acquired Zuora common stock between April 12, 2018, and May 30, 2019, inclusive (the "Class Period"), and were damaged thereby; and (b) all persons and entities who purchased or otherwise acquired shares of Zuora, Inc. common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with Zuora's April 12, 2018 initial public offering." *See* Stipulation ¶ 1.41.[3] Given that the Federal Class encompasses those investors within the State Class, the Settlement Class does not modify the size of the class initially before this Court in the Federal Action.

17.    The Settlement requires Zuora to pay, or cause to be paid, $75,500,000.00 (the "Settlement Amount"), which amount, plus all interest and accretions thereto, comprises the Settlement Fund. Stipulation ¶¶ 2.1, 2.5. Under the Preliminary Approval Order, the Settlement Amount shall be deposited into the Escrow Account within 30 days after the Court signs and enters the Preliminary Approval Order. *Id.* ¶ 2.1, Ex. A ¶ 14.  The Settlement Fund will then begin earning interest for the benefit of the Settlement Class. *Id.* ¶ 2.5.

18.    Notice to the Settlement Class and the cost of settlement administration will be funded by the Settlement Fund. Stipulation ¶ 2.2. Lead Plaintiff proposes retaining Epiq Class Action and Claims Solutions, Inc. ("Epiq"), a nationally recognized class action settlement administrator, subject to the Court's approval. Lead Counsel selected Epiq in a competitive selection process. Specifically, Lead Counsel sent a request for proposal and cost estimate to five reputable and experienced notice and claims administrators, all of which proposed notice to the

---

[3] Excluded from the Settlement Class are: (i) the Defendants; (ii) members of the immediate family of defendants Tien Tzuo, Tyler Sloat, Peter Fenton, Kenneth A. Goldman, Timothy Haley, Jason Pressman, Michelangelo Volpi, and Magdalena Yesil; (iii) any person who is or was an officer or director of Zuora; (iv) any firm or entity in which Defendants have or had a majority ownership interest; (v) Zuora's liability insurance carriers; (vi) any affiliates, parents, or subsidiaries of Zuora; (vii) all Zuora plans that are covered by ERISA; (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (ix) those Persons who previously have requested exclusion from the classes certified in the Federal Action or State Action (*See* ECF No. 243; State Action Dkt. No. 201). *See* Stipulation ¶ 1.41.

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 6                    Case No. 3:19-cv-03422-SI

Class in substantially the same manner as presented here. Lead Counsel chose Epiq based on their estimated costs in comparison to their competitors, and in light of Epiq previously disseminating notice to the Class at the class certification stage. In the past two years, Lead Counsel has retained Epiq eight times in connection with class notice, claims processing, or settlement administration matters.

19.     The Notice provides that Lead Counsel will move for final approval of the Settlement and: (a) an award of attorneys' fees in the amount of no more than 30% of the Settlement Fund; (b) payment of expenses or charges resulting from the prosecution of the Federal Action not in excess of $1,250,000; and (c) any interest on such amounts at the same rate and for the same period as earned by the Settlement Fund. Further, as explained in the Notice, Lead Plaintiff intends to request an amount not to exceed $25,000 in the aggregate pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with its representation of the Settlement Class.

20.     Any award of attorneys' fees and expenses to State Class Counsel will be paid from the award of attorneys' fees and expenses to Lead Counsel. Stipulation ¶ 7.2. State Class Counsel will not seek an award of attorneys' fees and expenses greater than $1,000,000. *Id.* Lead Counsel will not oppose State Class Counsel's Fee and Expense Application for no more than $1,000,000. *Id.* Any award for State Class Representative will come out of the award of attorneys' fees and expenses to State Class Counsel. *Id.* ¶ 7.5.

21.     Once Notice and Administration Expenses, Taxes and Tax Expenses, and Court-approved attorneys' fees and expenses and any awards to Lead Plaintiff and State Class Representative pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class have been paid from the Settlement Fund, the remaining amount (the "Net Settlement Fund") shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants. Stipulation ¶ 6.1. Any balance that still remains in the Net Settlement Fund after reallocation(s) and payment(s) and that is not feasible or economical to reallocate shall be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed

appropriate by the Court. *Id.* ¶ 4.15. The Plan of Allocation treats all Settlement Class Members equitably based on the timing of their Zuora common stock purchases, acquisitions, and sales.

**A.      The Releases**

22.      Under the terms of the proposed Settlement, upon the Effective Date, Lead Plaintiff, State Class Representative, and each of the Settlement Class Members, on behalf of themselves and their Related Persons, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, all Released Claims against each Released Defendant Person, whether or not Lead Plaintiff, State Class Representative, or any Settlement Class Member executes and delivers a Proof of Claim. *See* Stipulation ¶ 3.2.

23.      Upon the Effective Date, Defendants and each of the Released Defendant Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, waived, relinquished and discharged, and shall forever be enjoined from prosecuting, each and every one of the Released Defendants' Claims against each Released Plaintiff Person. *See* Stipulation ¶ 3.3.

24.      The term "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with all claims and causes of action that Lead Plaintiff, State Class Representative, or any other member of the Settlement Class (i) asserted in the Federal Action or State Action, or (ii) were or could have been asserted in any forum that, both (a) arise out of the facts, matters, statements, or omissions alleged in the Federal Action or State Action and (b) relate to the purchase, acquisition, sale, disposition, or holding of Zuora common stock. This release does not cover, include, or release claims relating to the enforcement of this Settlement.  *See* Stipulation ¶ 1.35.

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 8                    Case No. 3:19-cv-03422-SI

25.     The term "Released Defendants' Claims" means Defendants' release of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, against Lead Plaintiff, State Class Representative, Lead Counsel, or State Class Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement. Stipulation ¶ 1.36.

26.     The term "Released Defendant Persons" means Defendants and all of Defendants' past and present officers, directors, employees, insurers, subsidiaries, affiliates, successors, representatives, attorneys, underwriters, and agents. Stipulation ¶ 1.37.

27.     The term "Released Plaintiff Persons" means Lead Plaintiff, State Class Representative, Lead Counsel, State Class Counsel, and the Settlement Class. Stipulation ¶ 1.38.

**B.      The Anticipated Recovery Under the Settlement**

28.     This $75,500,000.00 Settlement amounts to an estimated average recovery per eligible share of $1.03, before the deduction of Court-approved fees and expenses and costs of notice and claims administration.

29.     Lead Counsel will request attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of expenses not to exceed $1.25 million. Further, as explained in the Notice, Lead Plaintiff intends to request an amount not to exceed $25,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class. The costs of the notice and claims administration process are estimated to be no more than $275,000. *See* Declaration of Cameron R. Azari, Esq Regarding Notice Plan. ("Azari Decl."), ¶ 37.

30.     Based on the benefit added to the Federal Action through their efforts in the State Action, State Class Counsel intends to seek attorneys' fees and expenses not to exceed $1,000,000. Stipulation ¶ 7.2.  Any award of attorneys' fees and expenses to State Class Counsel will come out of the award of attorneys' fees and expenses to Lead Counsel.  *Id.*  Any award to State Class Representative will be paid from the award to State Class Counsel.  *Id.* ¶ 7.5.

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 9                     Case No. 3:19-cv-03422-SI

31. The net recovery for class members (also referred to as the Net Settlement Fund) is estimated to be at least $51,300,000 ($75,500,000 minus all of the foregoing fees and expenses).

32. If Lead Plaintiff had succeeded at trial, and if the jury awarded Lead Plaintiff the maximum amount of damages—*i.e.*, Lead Plaintiff's best-case scenario—estimated recoverable damages would have been approximately $360,000,000. Thus, the $75,500,000 Settlement represents approximately 21% of the recoverable damages potentially available if Lead Plaintiff had fully prevailed at trial. This represents approximately 4.29 times the median percentage recovery for cases settled with estimated damages of $250–499 million or more in 2021 (4.9%) and approximately 4.88 times the median recovery, on a percentage basis, of similar cases settled in 2022 (4.3%).[4]

33. During expert discovery, the Federal Action Defendants' damages experts opined that at best, 15% of Lead Plaintiff's damages could be attributed to the Federal Action Defendants' alleged failure to timely disclose the issues related to RevPro-Billing integration. *See* ECF No. 185-17 at 33; ECF No. 229-4 at 15. Therefore, under the Federal Action Defendants' theory of damages, the most Lead Plaintiff could recover was $54,000,000 (*i.e.*, 15% of $360,000,000). The $75,500,000 settlement therefore amounts to a 139% recovery of the maximum damages as calculated by the Federal Action Defendants.

34. Among the factors bearing on the fairness of the compromise reached is Lead Counsel's extensive investigation, the amount of discovery conducted, and legal research of the claims asserted in the Federal Action, which helped Lead Counsel evaluate, refine, and sharpen its understanding of the strengths and weaknesses of Lead Plaintiff's claims, including:

(a) In drafting the Consolidated Amended Class Action Complaint and during the PSLRA automatic discovery stay, Lead Counsel conducted an extensive factual investigation, which included: (a) a detailed review of (i) Zuora's Securities Exchange Commission ("SEC")

---

[4] *See* Figure 5, Securities Class Action Settlements, 2021 Review and Analysis by Cornerstone Research, https://www.cornerstone.com/wp-content/uploads/2022/03/Securities-Class-Action-Settlements-2021-Review-and-Analysis.pdf; Figure 5, Securities Class Action Settlements, 2022 Review and Analysis by Cornerstone Research, https://www.cornerstone.com/wp-content/uploads/2023/03/Securities-Class-Action-Settlements-2022-Review-and-Analysis.pdf.

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 10                    Case No. 3:19-cv-03422-SI

filings, press releases, conference calls, news reports, blog postings, and other public statements made by the Federal Action Defendants prior to, during, and after the Class Period; (ii) public documents, reports, announcements, and news articles concerning Zuora; (iii) research reports by securities and financial analysts; and (iv) economic analyses of stock price movement and pricing data; (b) conducting numerous fact interviews with former employees and third parties; and (c) a review and analysis of other publicly available material and data;

(b)     In opposing the Federal Action Defendants' motion to dismiss, Lead Counsel further engaged in extensive legal research relating to the strengths and weaknesses of the claims asserted in this Action; and

(c)     Following the Court's denial of the Federal Action Defendants' motion to dismiss, Lead Counsel (i) completed extensive fact discovery, which included the review of the Federal Action Defendants' production of over 54,000 documents (encompassing over 400,000 pages) along with dozens of hours of video recordings of internal Zuora meetings and the taking of ten fact witness depositions; (ii) completed expert discovery, involving the exchange of eight expert reports from six experts and six expert depositions; (iii) briefed the Federal Action Defendants' motion for summary judgment; and (iv) briefed three *Daubert* motions.

35.     Based on publicly available information, documents obtained through Lead Counsel's pre-Consolidated Amended Class Action Complaint investigation, formal discovery, research and analysis conducted in connection with the numerous briefs that were filed in the Action, and discussions with experts, Lead Counsel believes that Lead Plaintiff would have been able to prove his claims at trial.

36.     Lead Counsel also recognizes that Lead Plaintiff faced considerable risks at trial, and on any post-trial appeal. By way of example, in order for Lead Plaintiff to prevail, it would first have to establish that the Federal Action Defendants made an actionable materially false or misleading statement or omitted material information. Here, the Federal Action Defendants advanced several arguments disputing both liability and damages. For example, during mediation, the Federal Action Defendants raised numerous challenges disputing falsity and materiality, as they

maintained that nothing they said was false, deceptive, or misleading when these statements were made. The Federal Action Defendants also vigorously disputed scienter. At summary judgment, the Federal Action Defendants challenged Lead Plaintiff's theory of loss causation and damages and argued that the alleged corrective stock price movements were caused by factors unrelated to Lead Plaintiff's allegations.

37.    Lead Plaintiff and Lead Counsel carefully considered such risks during the lead up to the trial and throughout the settlement discussions with the Federal Action Defendants and Robert A. Meyer, Esq. of JAMS (during mediation). The Settlement eliminates these and other risks, enabling the Class to recover a substantial sum of money, while avoiding continued litigation and the unpredictability of a jury trial.

38.    Barring the Settlement, this case would require the expenditure of substantial additional sums of time and money at trial and beyond, with no guarantee that any additional benefit would be provided to the Settlement Class. Even if Lead Plaintiff succeeded at trial and met its burdens with respect to falsity, materiality, scienter, class-wide reliance under the "fraud on the market" presumption, loss causation, the measure of per-share damages (if any), and control person liability, the case would still be far from over. In this respect, the Federal Action Defendants would have had the opportunity to challenge an individual Settlement Class Member's membership in the Class, challenge the presumption of reliance as to each class member (including Lead Plaintiff), and challenge the amount of damages due each Settlement Class Member. Such a process would have been lengthy, complex, and extremely costly.

39.    Moreover, the Federal Action Defendants would almost certainly file an appeal—a process that would further extend the litigation for years and risk reversal of a verdict for Lead Plaintiff. Conversely, the Settlement confers a substantial and immediate benefit on the Settlement Class, and avoids the risks associated with obtaining a wholly speculative (though potentially larger) sum in the future.

40. The recovery is five times greater than the median recovery obtained in such cases last year.[5]

**C. The Proposed Plan of Allocation of the Settlement Fund**

41. The Plan of Allocation is detailed in the Notice of Pendency and Proposed Settlement of Class Action. *See* Stipulation, Ex. A-1 (hereinafter referred to as the "Notice"). The Notice also will be posted online at www.ZuoraSecuritiesLitigation.com.

42. The Plan of Allocation was prepared with the assistance of Lead Plaintiff's damages expert and is based on the expert's event study and analysis estimating the amount of artificial inflation in the price of Zuora common stock during the Class Period.

43. Under the proposed Plan of Allocation, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund, which is the Gross Settlement Fund less: (i) taxes on the income thereof and any Tax Expenses; (ii) the Notice and Administration Expenses as authorized by the Stipulation; (iii) Attorneys' Fees and Expenses authorized by the Court; (iv) any Award to Lead Plaintiff and State Class Representative authorized by the Court; and (v) any other fees and expenses authorized by the Court. *See* Stipulation ¶ 1.26.

44. Specifically, an Authorized Claimant's *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. *See* Notice at 14.

45. The Plan of Allocation provides for distribution of the Net Settlement Fund among Authorized Claimants on a *pro rata* basis based on a "Recognized Loss" formula that is based on the timing of the purchases and sales of Zuora common stock and the declines that occurred in the price of the stock following the alleged corrective disclosures. *See* Notice at 11–13.

46. An individual Claimant's recovery under the Plan of Allocation will depend upon a number of factors, including, *inter alia*, the number of Zuora shares represented by valid claims

---

[5] *See* Securities Class Action Settlements, 2022 Review and Analysis by Cornerstone Research, https://www.cornerstone.com/wp-content/uploads/2023/03/Securities-Class-Action-Settlements-2022-Review-and-Analysis.pdf (observing that the 2022 median and average settlement as a percentage of "simplified tiered damages" of 3.6% and 5.4%, respectively).

filed by other Claimants and the number of shares of Zuora common stock the Claimant purchased, acquired, or sold during the Class Period. *See* Notice at 3–4. This is a widely accepted approach to the fair distribution of settlement funds in securities class action settlements. Lead Counsel believes that the Plan of Allocation will result in a fair and equitable distribution of the Net Settlement Fund among Settlement Class Members who submit valid claims.

**D.      The Settlement Administrator**

47.      Lead Counsel proposes that the Court appoint Epiq as the Claims Administrator for the Settlement in order to provide all notices approved by the Court to Settlement Class Members, to process Claim Forms, and to administer the Settlement. Epiq is a recognized leader in legal administration services for class action settlements and legal noticing programs.

48.      Following the Class Certification Order, Lead Counsel conducted a competitive selection process and selected Epiq to administer the Class Notice, and the Court approved Epiq as the Class Notice Administrator.

49.      Epiq has administered notice in many significant cases, including *In Re Zoom Video Communications, Inc. Privacy Litig.*, 3:20-cv-02155 (N.D. Cal.) (notice sent to more than 158 million class members by email or mail, reaching more than 91% of the class); *In re Takata Airbag Products Liability Litig.*, MDL No. 2599, 1:15-md-02599 (S.D. Fla.) (notice plan dealt with more than 61.8 million potential class members and reached more than 95% of the class); *In Re Capital One Consumer Data Security Breach Litig.*, MDL No. 2915, 1:19-md-02915 (E.D. Va.) (notice sent to more than 93.6 million settlement class members by email or mail, reaching approximately 96% of the identified settlement class members). *See* Azari Decl. ¶ 5.

50.      At this time, only an estimate of the total Notice and Administration Expenses can be provided, as the costs are highly dependent on a number of factors, including how many notices are ultimately mailed and how many claims are ultimately received. *See* Azari Decl. ¶ 37. Epiq estimates that the total Notice and Administration Expenses for the Action may be no more than $275,000. *Id.* These costs and expenses represent well under 1% of the total value of the settlement.

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 14                              Case No. 3:19-cv-03422-SI

**E.    There Are No Reversions to the Defendants**

51.    Under the terms of the Stipulation, no portion of the Settlement Amount will revert to Zuora. *See* Stipulation ¶ 2.3.

### III.    THE NOTICE PROGRAM

**A.    The Notice Distribution Plan**

52.    In accordance with the proposed Preliminary Approval Order, attached as Exhibit A to the Stipulation filed herewith, Lead Counsel will cause the Claims Administrator to mail, by First Class Mail, individual copies of the Notice and Proof of Claim Form to all identified Settlement Class Members. *See* Azari Decl. ¶ 24. Epiq will also provide the Notice and Claim Form to the brokerage firms and other nominees who regularly act as nominees for beneficial purchasers of stock. *Id.*

53.    Contemporaneously with the mailing of the Notice, Lead Counsel will cause the Claims Administrator to post downloadable copies of the Notice and Proof of Claim Form on the previously established website, www.ZuoraSecuritiesLitigation.com. *See* Azari Decl. ¶ 31. Additionally, not later than twenty (20) business days after the Court's entry of the Preliminary Approval Order, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Weekly* and once on the *PRNewswire*. *See* Stipulation, Ex. A, ¶ 18.

54.    Lead Counsel believes that this method of notice will provide Settlement Class Members with a full and fair opportunity to consider the proposed Settlement.

**B.    The Notice Contents Are Adequate**

55.    As more fully explained in the accompanying Motion for Preliminary Approval of Proposed Class Action Settlement, the notice program satisfies the requirements of due process, Rule 23(c)(2), and the PSLRA (15 U.S.C. §78u-4(a)(7)).

56.    The proposed forms of notice describe the terms of the Stipulation and the Settlement Class's recovery; the factors that Lead Plaintiff and its counsel considered in determining that the Settlement is fair, adequate, and reasonable; the maximum attorneys' fees and

expenses that may be sought; the procedure for objecting to the Settlement and the deadline to do so; the procedure for participating in the Settlement and instructions on how to complete and submit a Proof of Claim to the Claims Administrator and the deadline to do so; the proposed Plan of Allocation for the settlement proceeds; and the date, time, and place of the Settlement Hearing. The Notice also provides contact information for Lead Counsel and the Claims Administrator, as well as information regarding the case-specific website.

57.     In addition, the notices include critical information required by the Northern District of California's Procedural Guidance for Class Action Settlements ("Class Settlement Guidelines") such as:

(a)     Contact information for Class Counsel to answer questions. *See* Notice at 9; Stipulation, Ex. A-3 (the "Summary Notice") at 4.

(b)     The address for a website, maintained by the claims administrator or class counsel, that lists key deadlines and has links to the notice, claim form, preliminary approval order, motions for preliminary and final approval and for attorneys' fees, and any other important documents in the case. *See* Notice at 2; Summary Notice at 4.

(c)     Instructions on how to access the case docket via PACER or in person at any of the court's locations. *See* Notice at 9.

(d)     The date and time of the final approval hearing, clearly stating that the date may change without further notice to the class. *See* Notice at 7; Summary Notice at 2.

(e)     A note to advise class members to check the settlement website or the Court's PACER site to confirm that the date has not been changed. *See* Notice at 7.

58.     All blank placeholders found in the Notice, Proof of Claim Form, and Summary Notice will be filled in once the Court sets those dates and the documents are finalized prior to mailing and publication.

## IV.     OBJECTIONS AND EXCLUSIONS

59.     The notice program instructs potential Settlement Class Members who wish to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's and State Class

Counsel's motions for an award of attorneys' fees and expenses how and when to do so. *See* Notice at 6. The Notice instructs any potential objector to send their written objection to the Court, and makes clear that the Court can only approve or deny the Settlement. *Id*. The instructions in the Notice substantively follow the suggested language in the Class Settlement Guidelines.

60.    Settlement Class Members were provided with the opportunity to opt out in response to the Notice of Pendency. *See* Class Notice Order and State Class Notice Order (requiring that all exclusion requests be received by October 30, 2022). As such, a second opportunity to request exclusion is not provided here.

61.    Nevertheless, should the Court permit an additional opt-out opportunity, Lead Plaintiff and the Federal Action Defendants have agreed, out of an abundance of caution, to a Supplemental Opt-Out Agreement (the "Supplemental Agreement") providing Zuora with the option to terminate the Settlement if Settlement Class Members who request exclusion from the Class meet the conditions set forth in the Supplemental Agreement. Stipulation ¶ 11.5.

62.    As is standard practice in securities class actions, the Supplemental Agreement is identified in the Stipulation, but its terms are confidential to avoid creating incentives for a small group of class members to opt out solely to leverage the threshold to exact an individual settlement. Lead Plaintiff and the Federal Action Defendants are willing to file this confidential Supplemental Agreement (with a motion to file under seal) should the Court wish to examine it.

## V.    ATTORNEYS' FEES AND LITIGATION EXPENSES

63.    For their efforts on behalf of the Class, Lead Counsel will apply for a percentage of the common fund fee award to compensate them for the services they have rendered on behalf of the Settlement Class. Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund (plus interest earned at the same rate as the Settlement Fund).

64.    Lead Counsel's current total lodestar as of the date of this Declaration is approximately $5 million. The anticipated requested fee results in a multiplier of approximately 4.5 to counsel's current total lodestar. Lead Counsel's current total lodestar does not include, among

DECLARATION OF STEVE W. BERMAN IN SUPP. OF MOTION FOR PRELIMINARY
APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT – 17                Case No. 3:19-cv-03422-SI

other things, time that will be spent responding to Settlement Class Members' inquiries or work related to drafting the final approval motions.

65.     Lead Counsel also will apply for payment of expenses from the Settlement Fund in an amount not to exceed $1,250,000. These expenses were paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Federal Action Defendants. These expenses include expert costs, mediation fees, and online legal and factual research, among other costs.

66.     Lead Counsel also intends to seek an award of up to $25,000 in the aggregate for Lead Plaintiff, pursuant to 15 U.S.C. § 78u-4(a)(4), as reimbursement for Lead Plaintiff's time and expenses expended representing the Settlement Class. Lead Counsel believes this amount is fully supported by the work undertaken throughout the action, which will be set forth in greater detail in declarations submitted in connection with Lead Plaintiff's fee and expense motion.

67.     State Class Counsel intends to seek attorneys' fees and expenses not to exceed $1,000,000.  Any award of attorneys' fees and expenses to State Class Counsel will come out of the award of attorneys' fees and expenses to Lead Counsel.  Any award to State Class Representative will be paid from the award to State Class Counsel.

68.     Approval of the requested attorneys' fees is separate from approval of the Settlement, and the Settlement may not be terminated based on any ruling with respect to attorneys' fees. *See* Stipulation ¶ 7.7.

## VI.     *CY PRES* AWARD

69.     Once Notice and Administration Expenses, Taxes and Tax Expenses, and Court-approved attorneys' fees and expenses and any awards to Lead Plaintiff and State Class Representative pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with its representation of the Settlement Class have been paid from the Settlement Fund, the Net Settlement Fund, shall be distributed pursuant to the Court-approved Plan of Allocation to Authorized Claimants. Any balance that still remains in the Net Settlement Fund after reallocation(s) and payment(s) and that

is not feasible or economical to reallocate shall be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed appropriate by the Court. *See* Stipulation ¶ 4.15.

## VII.   TIMELINE

70.     In connection with preliminary approval of the Settlement, Lead Plaintiff is requesting that the Court establish: (i) dates by which notice of the Settlement will be distributed to Settlement Class Members; (ii) a date by which Settlement Class Members who wish to object to any aspect of Settlement, Plan of Allocation and/or request for attorneys' fees and expenses must submit that objection; and (iii) a date on which the Court will hold the Fairness Hearing.

71.     The following is the schedule being proposed here:

| EVENT | PROPOSED TIME FOR COMPLIANCE |
|---|---|
| Deadline for beginning mailing the Notice and Proof of Claim to Settlement Class Members ("Notice Date") | 21 calendar days after entry of the Preliminary Approval Order |
| Deadline for publishing the Summary Notice | 20 business days after entry of the Preliminary Approval Order; Class Counsel shall, at least seven (7) calendar days before the Fairness Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Summary Notice |
| Deadline for submitting Proofs of Claim | Within 120 calendar days after the deadline set by the Court for the Claims Administrator to mail the Notice to the Settlement Class |
| Deadline for filing papers in support of final settlement approval, Plan of Allocation, and request for attorneys' fees and expenses | 35 calendar days before the Fairness Hearing |
| Deadline for filing an objection to the Settlement, Plan of Allocation or request for attorneys' fees and expenses | 21 calendar days before the Fairness Hearing |
| Deadline for filing reply memoranda in support of final settlement approval, Plan of Allocation, and request for attorneys' fees and expenses, and in response to any objections to the Settlement | 7 calendar days before the Fairness Hearing |

| EVENT | PROPOSED TIME FOR COMPLIANCE |
|-------|------------------------------|
| Fairness Hearing | At the Court's convenience |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: June 23, 2023
at Seattle, Washington.

/s/ Steve W. Berman
STEVE W. BERMAN