Steve Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                    Defendants. | No. 3:19-cv-03422-SI<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S REPLY IN SUPPORT OF (I) MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND (II) MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARD**<br><br>Hearing Date: January 12, 2024<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor<br>Judge: Hon. Susan Illston |

**TABLE OF CONTENTS**

**Page**

I.       INTRODUCTION ...................................................................................................................1

II.      ARGUMENT ........................................................................................................................2

        A.       The Claims Administrator carried out the robust Court-approved notice program.....................................................................................................................2

        B.       The reaction of the Settlement Class strongly supports approval of the Settlement and Plan of Allocation...............................................................................3

        C.       The reaction of the Settlement Class strongly supports approval of the requested attorneys' fees, expenses and award to Lead Plaintiff. ...............................4

        D.       The Settlement Class's participation in the Settlement Supports Approval .......................................................................................................................5

III.     CONCLUSION .....................................................................................................................5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Churchill Vill., L.L.C. v. Gen. Elec.*,
    361 F.3d 566 (9th Cir. 2004) ...................................................................................................... 3

*Destefano v. Zynga, Inc.*,
    2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ........................................................................... 3, 4

*In re Extreme Networks, Inc. Sec. Litig.*,
    2019 WL 3290770 (N.D. Cal. July 22, 2019) .............................................................................. 3

*Fleming v. Impax Lab'ys Inc.*,
    2022 WL 2789496 (N.D. Cal. July 15, 2022) .............................................................................. 3

*Hefler v. Wells Fargo & Co.*,
    2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ............................................................................. 4

*In re Heritage Bond Litig.*,
    2005 WL 1594403 (C.D. Cal. June 10, 2005) ............................................................................. 3

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ....................................................................................... 4

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    2019 WL 2077847 (N.D. Cal. May 10, 2019) ............................................................................. 4

**Other Authorities**

Federal Rule of Civil Procedure 23(e)(2) ........................................................................................... 3

Lead Plaintiff New Zealand Methodist Trust Association, on behalf of itself and the Settlement Class, and Lead Counsel Hagens Berman Sobol Shapiro LLP, respectfully submit this reply memorandum of points and authorities in further support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation (ECF No. 270), and (ii) Lead Counsel's motion for attorneys' fees, litigation expenses, and a service award (ECF No. 271) (together, the "Motions").[1]

## I.      INTRODUCTION

As detailed in the Motions, the proposed Settlement – which provides for a cash payment of $75,500,000 in exchange for the resolution of all claims asserted in the Federal Action and State Action against Defendants – is a favorable result for the Settlement Class.  The Settlement accounts for the substantial risks, complexities, and expense of continued litigation, and is the result of extensive arm's-length negotiations between counsel with the guidance of an experienced mediator.  Likewise, Lead Counsel's request for a 30% fee and payment of litigation expenses totaling $1,100,008.81 is also fair and reasonable when considering the result achieved for the Settlement Class (*i.e.*, approximate recovery of 21% of the estimated maximum damages in this case), the caliber of the work performed, the risks of litigation, and comparable fee and expense awards.  *See* ECF No. 271 at pp. 16-17 (collecting securities class action settlements from 2020-2023 where class counsel received 30% or more of the settlement fund).

The Settlement Class's reaction to the Settlement further supports final approval of the Motions.  The deadline for Settlement Class Members to object to the Settlement and/or the requested attorneys' fees, litigation expenses, and service award was December 22, 2023.  *See* ECF No. 272, ¶ 56.  Notably, following an extensive Court-approved notice program that included the mailing of over 69,000 Notice and Claim Forms (collectively, "Settlement Notice Packets"), ***not a single member of***

---

[1] Unless otherwise defined in this memorandum, all capitalized terms shall have the meanings ascribed to them in the Amended Stipulation and Agreement of Global Settlement dated June 22, 2023 ("Stipulation") (ECF No. 272-1), or in the Declaration of Steve W. Berman in Support of Lead Plaintiff's (1) Motion for Final Approval of Proposed Class Action Settlement and (2) Motion for an Award of Attorneys' Fees, Litigation Expenses, and Service Award, dated December 8, 2023 (ECF No. 272).

*the Settlement Class has objected to any aspect of the Settlement, the Plan of Allocation, or the requested attorneys' fees, litigation expenses, and service award*.  As explained below, the absence of objections further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees, expenses, and service award are fair and reasonable and should be approved.

## II.     ARGUMENT

### A.     The Claims Administrator carried out the robust Court-approved notice program.

Pursuant to the Court's Preliminary Approval Order (ECF No. 268), the Claims Administrator, Epiq Class Action and Claims Solutions, Inc. ("Epiq"), conducted an extensive notice program under Lead Counsel's supervision. The notice program included the mailing of Settlement Notice Packets to potential Settlement Class Members and Nominees, publishing the Summary Notice in the national edition of *Investor's Business Weekly* and over the *PRNewswire*, and updating the case website, www.ZuoraSecuritiesLitigation.com, so that copies of the Notice and Claim Form could be downloaded.  *See* ECF No. 272, ¶ 51.

Epiq began mailing the Settlement Notice Packets to potential Settlement Class Members on September 1, 2023.  *See* ECF No. 272, ¶ 53.  As of January 4, 2024, Epiq has mailed a total of 69,894 Settlement Notice Packets to potential Settlement Class Members and Nominees.  *See* Supplemental Declaration of Eric Blow Regarding Dissemination of Settlement Notice Packets and Claims Received ("Supp. Blow Decl."), ¶ 4, attached hereto as Exhibit 1.  Of that number, 2,638 Settlement Notice Packets were returned as undeliverable.  *Id.* ¶ 5.  This rate is consistent (or lower than) comparable notice programs.  *Id.*  The Summary Notice was published in *Investor's Business Weekly* and released over *PRNewswire* on September 11, 2023.  *See* ECF No. 272, ¶ 54.

The notices apprised Settlement Class Members of, *inter alia*: (i) the Settlement amount; (ii) the reasons why the Parties were proposing the Settlement; (iii) the estimated average recovery per affected share of Zuora common stock; (iv) the maximum amount of attorneys' fees and expenses that would be sought; (v) the identity and contact information for a representative from Lead Counsel to answer questions concerning the Settlement; (vi) the right of Settlement Class Members to object to the Settlement; (vii) the binding effect of a judgment on Settlement Class Members; (viii) the dates and deadlines for certain Settlement-related events; and (ix) the opportunity to obtain additional

information about the Action and the Settlement by contacting Lead Counsel, the Claims Administrator, or visiting the Settlement website. *See* ECF No. 272, ¶ 52.

On December 8, 2023, fourteen days (14) before the objection deadline, Lead Plaintiff and Lead Counsel filed their detailed opening papers in support of the Settlement, Plan of Allocation, and attorneys' fees, expenses, and service award request.  The Motions are available on the public docket (ECF Nos. 270-271), and were promptly posted to the case website.  *See* Supp Blow Decl., ¶ 11.

As noted above, following this extensive Court-approved notice program, not a single Settlement Class Member has objected to any aspect of the proposed Settlement, the Plan of Allocation, or the request for attorneys' fees, expenses, and service award.  *See id.*, ¶ 6.  Four class members previously opted-out pursuant to the Class Notice, and Settlement Class Members were not provided the opportunity to opt-out of the Settlement. *See* ECF 272-5, ¶ 13.

### B. The reaction of the Settlement Class strongly supports approval of the Settlement and Plan of Allocation.

Per guidance from the Ninth Circuit, the Court should consider the reaction of the class in determining whether to approve a class action settlement.[2]  *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 576 (9th Cir. 2004).  Here, the "lack of objection of the Class Members favors approval of the Settlement."  *See Destefano v. Zynga, Inc.*, 2016 WL 537946, at \*13 (N.D. Cal. Feb. 11, 2016); *accord Fleming v. Impax Lab'ys Inc.*, 2022 WL 2789496, at \*7 (N.D. Cal. July 15, 2022).  Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval.  *See In re Heritage Bond Litig.*, 2005 WL 1594403, at \*11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

It is especially significant that no institutional investors have objected to the Settlement, as such investors have ample means and incentive to object to the Settlement if they deemed it unsatisfactory.  *See, e.g., In re Extreme Networks, Inc. Sec. Litig.*, 2019 WL 3290770, at \*9 (N.D. Cal.

---

[2] Lead Plaintiff refers the Court to the final approval motion for discussion on why the Settlement and Plan of Allocation warrant approval under the other factors detailed in Federal Rule of Civil Procedure 23(e)(2) and *Churchill Vill.*, 361 F.3d at 576.  *See generally* ECF No. 270.

July 22, 2019) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.").

In short, "[t]he small number of objections" – zero in this instance – "supports that the settlement and plan of allocation are fair, reasonable, and adequate." *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (approving $48 million securities fraud class action settlement where "[o]nly one class member objected to the settlement and only 16 potential class members opted out of the settlement"). Accordingly, the Court should approve the Settlement and Plan of Allocation here as fair, adequate, and reasonable.

### C. The reaction of the Settlement Class strongly supports approval of the requested attorneys' fees, expenses and award to Lead Plaintiff.

As explained in the opening fee and expense brief, the exceptional result of $75,500,000 strongly supports the requested award of attorneys' fees and expenses. *See* ECF No. 271. The 30% fee request is consistent with fee awards in similar securities class actions that recovered less than the 21% of estimated maximum damages that Lead Counsel obtained here. *Id.* at pp. 16-17. The appropriateness of Lead Counsel's fee request is further confirmed with a cross check against the lodestar, which reflects a 4.3 multiplier. *Id.* at pp. 19-20.

Significantly, no Class Member has objected to Lead Counsel's request for attorneys' fees, payment of litigation expenses, or $25,000 award to Lead Plaintiff. *See* Supp. Blow Decl., ¶ 6. The lack of objections, particularly given that the Class includes sophisticated institutional investors, weighs strongly in favor of granting the requested attorneys' fees, expenses, and service award. *See Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *15 (N.D. Cal. Dec. 18, 2018) ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections [to the attorneys' fee] weighs in favor of approval."); *Destefano*, 2016 WL 537946, at *18 ("[T]he lack of objection by any Class Members" supported the requested fee.); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("None of the objectors raised any concern about the amount of the fee. This factor . . . also supports the requested award of 28% of the Settlement Fund."). As such, the Court should approve

Lead Counsel's request for an award of attorneys' fees of 30% of the Settlement Amount, payment of $1,100,008.81 for litigation expenses, and award to Lead Plaintiff of $25,000.

Finally, as detailed in the fee and expense motion, State Class Counsel, Bottini & Bottini, Inc., also seeks attorneys' fees and expenses totaling $1,000,000, based on the benefit added to the Federal Action through their efforts in the State Action. *See* ECF No. 272-3, Declaration of Francis A. Bottini, Jr. ¶¶ 3, 5-20. Any award of attorneys' fees and expenses to State Class Counsel will come out of the award of attorneys' fees and expenses to Lead Counsel. *See* Stipulation ¶ 7.2. Likewise, State Court Class Representative seeks an award of $10,000, and any award will come out of the award of attorneys' fees and expenses to State Class Counsel. *See* ECF No. 272-4, Declaration of State Court Class Representative Aric Olsen, ¶ 4; Stipulation ¶ 7.5. There have been no objections to the requested awards to State Class Counsel and State Court Class Representative. *See* Supp. Blow Decl., ¶ 6.

### D. The Settlement Class's participation in the Settlement Supports Approval

The Settlement Notice Packets and Summary Notice informed potential Class Members that to receive a payment under the Settlement, they needed to submit a Proof of Claim and Release Form to Epiq such that it was postmarked or submitted online by December 30, 2023. *See* ECF No. 272, ¶ 57. Through January 4, 2024, Epiq has received approximately 10,000 Claims. *See* Supp. Blow Decl., ¶ 7. Epiq anticipates receiving additional claims in the coming days, as per Epiq's experience, a large number of claims (especially those from third-party filers) are submitted just prior to or on the claim submission deadline. *Id.* All Claims are still subject to comprehensive review under standard claims-processing procedures. *Id.* ¶ 9. As such, it is not possible to report the number of valid and invalid Claims at this time. *Id.*

### III. CONCLUSION

Lead Plaintiff and Lead Counsel obtained an exceptional result for the Class, and the Class agrees. For the reasons set forth above and in their previously filed briefs and declarations, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, payment of expenses, and award to Lead Plaintiff. Proposed orders are submitted herewith.

DATED: January 5, 2024

Respectfully submitted,

*/s/ Steve W. Berman*
Steve W. Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725.3000
Facsimile: (510) 725.3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Raffi Melanson (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 Faneuil Hall Sq., 5th Floor
Boston, MA 02109
Telephone: (708) 628-4966
Facsimile: (708) 628-4950
raffim@hbsslaw.com

Peter A. Shaeffer (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950
petersh@hbsslaw.com

*Attorneys for Lead Plaintiff New Zealand Methodist Trust Association*