Steve Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>                                    Plaintiff,<br><br>     v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                                    Defendants. | No. 3:19-cv-03422-SI<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER APPROVING PLAN OF ALLOCATION OF NET SETTLEMENT FUND**<br><br>Judge:    Hon. Susan Illston |

This matter came for hearing on January 12, 2024 ("Settlement Hearing") on Lead Counsel's motion to determine whether the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created by the Settlement achieved in above-captioned class action ("Action") should be approved.  *See* ECF No. 270.  The Court, having considered all papers filed and proceedings conducted herein, and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Global Settlement dated June 22, 2023 (ECF No. 272-1) ("Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.    The Court has jurisdiction to enter this Order and over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and the Federal Action Defendants.

3.    Notice of Lead Plaintiff's motion for approval of the proposed Plan of Allocation and of the date for the hearing on such motion was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying Settlement Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.    Copies of the Notice were mailed to over 69,000 potential Settlement Class Members and Nominees.  The Notice, which included the Plan of Allocation, was posted on the settlement website and mailed to Nominees as well as Settlement Class Members upon request.  No objections to the proposed Plan of Allocation were received.

5.    The Court hereby finds and concludes that the formula for the calculation of the Claims of Claimants as set forth in the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Settlement Class Members with due consideration having been given to administrative convenience and necessity.

6.      The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class.  Accordingly, the Court hereby approves the Plan of Allocation proposed by Lead Plaintiff.

7.      Any appeal or any challenges affecting this Court's approval of the Plan of Allocation shall in no way disturb or affect the finality of the Judgment.

8.      There is no just reason for delay of this Order, and immediate entry by the Clerk of the Court is expressly directed.


DATED: _____, 2024        _____

HON. SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE

- 2 -