Steve Berman (pro hac vice)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated, <br><br>                      Plaintiff, <br><br>     v. <br><br> ZUORA, INC., TIEN TZUO, and TYLER SLOAT, <br><br>                    Defendants. | No. 3:19-cv-03422-SI <br><br> CLASS ACTION <br><br> [PROPOSED] **ORDER GRANTING LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARD** <br><br> Judge:    Hon. Susan Illston |

This matter cam for hearing on January 12, 2024 ("Settlement Hearing"), on Lead Counsel's motion for attorneys' fees, litigation expenses, and a service award in the above-captioned action. *See* ECF No. 271. The Court, having considered all papers filed and proceedings conducted herein, and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Global Settlement dated June 22, 2023 (ECF No. 272-1) ("Stipulation"), and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action, Lead Plaintiff, all Settlement Class Members, and the Federal Action Defendants.

3. Notice of Lead Counsel's motion for attorneys' fees, litigation expenses, and a service award was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees, litigation expenses, and a service award satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees in the amount of _30_ % of the Settlement Fund (including interest earned at the same rate as the Settlement Fund). Lead Counsel are also hereby awarded $ _1,100,008.81_ for payment of its litigation expenses. These attorneys' fees and expenses shall be paid from the Settlement Fund and the Court finds these sums to be fair and reasonable.

5. In making this award of attorneys' fees and payment of litigation expenses from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a fund of $75,500,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and the numerous Settlement Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

- 1 -

b.  The requested fee has been reviewed and approved as reasonable by Lead Plaintiff, which actively supervised the Action, at the conclusion of the Action;

c.  Copies of the Notice were mailed to over 69,000 potential Settlement Class Members and Nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of litigation expenses in an amount not to exceed $1,250,000 and no objections to the requested attorneys' fees or litigation expenses were submitted;

d.  Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

e.  The Action raised a number of complex issues;

f.  Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiff and other members of the Settlement Class may have recovered less or nothing from the Federal Action Defendants;

g.  Lead Counsel devoted a total of 8,920.60 hours, with a lodestar value of approximately $5,256,134.50, to achieve the Settlement; and

h.  The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.  Based on the benefit added to the Federal Action through their efforts in the State Action, State Class Counsel is hereby awarded attorneys' fees and expenses totaling $ 1,000,000          . These attorneys' fees and expenses shall be paid from the award to Lead Counsel, and the Court finds these sums to be fair and reasonable.  The Notice stated that State Class Counsel would seek an award of attorneys' fees and expenses not to exceed $1,000,000, and that any such award would come out of the award to Lead Counsel.  No objections to the requested attorneys' fees or expenses were submitted.

7.  Lead Plaintiff New Zealand Methodist Trust Association is hereby awarded $ 25,000       from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.  The Notice stated that Lead Plaintiff

would seek a payment not to exceed $25,000 for its time and expenses incurred in representing the Class.  No objections to the requested service award were submitted.

8.    State Class Representative Aric Olsen is hereby awarded $ __10,000__ from the award to State Class Counsel for his reasonable costs and expenses directly related to his representation of the Settlement Class.  The Notice stated that any award to State Class Representative would be paid from the award to State Class Counsel.  No objections to an award to State Class Representative were submitted.

9.    Any appeal or any challenges affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

10.    Exclusive jurisdiction is hereby retained over Lead Plaintiff, the Federal Action Defendants, and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

11.    In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12.    There is no just reason for delay of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED: __January 16__, 2024    _____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE

- 3 -