Steve Berman (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiff*
*New Zealand Methodist Trust Association*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>  Defendants. | No. 3:19-cv-03422-SI<br><br>CLASS ACTION<br><br>**[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN** |

Lead Plaintiff moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned securities class action ("Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Lead Plaintiff's Motion for Approval of Distribution Plan and the Declaration of Eric Blow in Support of Lead Plaintiff's Motion for Approval of Distribution Plan ("Blow Declaration"),

-1-

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Global Settlement dated as of June 22, 2023 (ECF No. 266-1) ("Stipulation"), and the Blow Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation and the Blow Declaration.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a)     The administrative determinations of the Court-approved Claims Administrator, Epiq Class Action & Claims Solutions, Inc.'s ("Epiq"), to accept the Timely Eligible Claims set forth in Exhibit E-1 to the Blow Declaration and the Late But Otherwise Eligible Claims set forth in Exhibit E-2 to the Blow Declaration are adopted.

(b)     The Claims Administrator's administrative determinations to reject the Rejected Claims, as set forth in Exhibit E-3 to the Blow Declaration, are adopted.

(c)     The Claims Administrator's administrative determinations as to the two claims seeking Court determination are adopted.

(d)     Epiq is directed to distribute 100% of the Net Settlement Fund, after deducting all payments previously allowed, payments approved by this Order, and any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, to Authorized Claimants who would receive at least $10.00 based on their Recognized Claim as calculated pursuant to the Plan of Allocation (the "Distribution"). Epiq shall notify Authorized Claimants who do not satisfy the $10.00 *de minimis* requirement that they will not be receiving any distribution from the proceeds of the Settlement.

(e)     To encourage Authorized Claimants to cash their checks promptly, all distribution checks will bear the following notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 60 DAYS OF

-2-

[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN                      Case No. 3:19-cv-03422-SI
010837-11/2844488 V2

ISSUE DATE." Lead Counsel and Epiq are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in paragraph 53(a)(v) of the Blow Declaration.

(f)     Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions set forth in paragraph 53(a)(v) of the Blow Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to these stale-dated checks will be available to be distributed to other Authorized Claimants if Lead Counsel, in consultation with Epiq, determines that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their distribution checks from a second or subsequent distribution, should such distributions occur, within the time allotted or on the conditions set forth in paragraph 53(a)(v) of the Blow Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund.

(g)     After Epiq has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as provided in paragraph 53(a)(v) of the Blow Declaration), if Lead Counsel, in consultation with Epiq, determines that it is cost-effective to do so, Epiq will conduct a second distribution (the "Second Distribution"), in which any amount remaining in the Net Settlement Fund, after deducting any unpaid fees and expenses incurred, will be distributed to all Authorized Claimants who cashed their Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. If any funds remain in the Net Settlement Fund after the Second Distribution, and if cost-effective, subsequent distributions will take place.

(h)     When Lead Counsel, in consultation with Epiq, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the then-remaining funds should be contributed to a non-sectarian, non-profit Section 501(c)(3) organization as may be deemed appropriate by the Court.

(i)     No new Claims may be accepted after July 30, 2024.

-3-

The Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Settlement Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

All of Epiq's fees and expenses incurred in the administration of the Settlement and estimated to be incurred in connection with the Distribution of the Net Settlement Fund as set forth in the invoices attached as Exhibit F to the Blow Declaration are approved, and Lead Counsel is directed to pay the outstanding balance of $453,198.71 out of the Settlement Fund to Epiq.

Unless otherwise ordered by the Court, Epiq may destroy the paper copies of the Claims and all supporting documentation one year after the Distribution, and one year after all funds have been distributed may destroy the electronic copies of the same.

This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Susan Illston
United States District Judge

-4-

[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN                    Case No. 3:19-cv-03422-SI
010837-11/2844488 V2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury under the laws of the United States that the foregoing document was electronically filed with the United States District Court using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: October 15, 2024            */s/ Steve W. Berman*
                                                Steve W. Berman

-5-

[PROPOSED] ORDER APPROVING DISTRIBUTION PLAN                    Case No. 3:19-cv-03422-SI
010837-11/2844488 V2