# *EXHIBIT D*

*EXHIBIT* D-1

RECEIVED



101723

LEGAL SERVICES

## Zuora Securities Settlement CA40058146

**Claim Form #**    000000518

# Email
## Document Control



4005814601

# Document Range

| Begin: | End: | Quantity: |
|--------|------|-----------|
|        |      |           |

| Prepped by: | QC: | Stats: | Scanned by: |
|-------------|-----|--------|-------------|
| ID #: | | | |

**Route to:**    Warehouse    **\*Route to:**_____

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CASEY ROBERTS, individually and on behalf of all other similarly situated,<br><br>                    Plaintiff,<br><br>   v.<br><br>ZUORA, INC., TIEN TZUO, and TYLER SLOAT,<br><br>                    Defendants. | No. 3:19-cv-03422-SI<br><br>CLASS ACTION<br><br>**PROOF OF CLAIM AND RELEASE**<br><br>Judge: Hon. Susan Illston |

**PROOF OF CLAIM AND RELEASE**

## I.  GENERAL INSTRUCTIONS

1.  To recover as a Class Member you must complete and, on page 6 hereof, sign this Proof of Claim and Release form ("Proof of Claim" or "Claim Form"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected, and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Action.

2.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement in the Action. To share in the proceeds, the Claims Administrator must determine, based on the information in your Proof of Claim and Release, that you have a recognized loss as a result of your purchases or acquisitions of Zuora common stock during the period from April 12, 2018, through August 28, 2019, inclusive.

3.  **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.ZUORASECURITIESLITIGATION.COM NO LATER THAN DECEMBER 30, 2023 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO LATER THAN DECEMBER 30, 2023, ADDRESSED AS FOLLOWS:**

Zuora, Inc. Securities Litigation<br>
c/o Epiq Class Action & Claims Solutions<br>
P.O. Box 5530<br>
Portland, OR 97228-5530

4.  If you are a Class Member, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM OR RECEIVE A PAYMENT, unless you previously requested exclusion from the Class that was certified in this Action. If you previously submitted a valid request for exclusion, do not submit a Claim Form because you will no longer be eligible to do so.

## II.  CLAIMANT IDENTIFICATION

1.  If you (a) purchased or acquired Zuora, Inc. ("Zuora") publicly traded common stock during the period from April 12, 2018, through May 30, 2019, inclusive, and/or (b) purchased or otherwise acquired shares of Zuora, Inc. common stock pursuant or traceable to the Registration Statement and Prospectus issued in connection with Zuora's April 12, 2018 initial public offering, and held the share(s) in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, the share(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is a record purchaser.

2.  Use Part I of this form below entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of Zuora publicly traded common stock that forms the basis of this claim, as well as the record purchaser or acquirer if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE ZUORA COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.  All joint purchasers must sign this Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them; their authority must accompany this Claim Form, and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

1.    Use Part II of this form below entitled "Schedule of Transactions in Zuora Common Stock" to supply all required details of your transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantively the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to all of your purchases or acquisitions and all of your sales of Zuora common stock that took place at any time from April 12, 2018, through August 28, 2019, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to your sales of Zuora common stock and the shares of Zuora common stock you held at the opening of trading on April 12, 2018, and the close of trading on August 28, 2019. Failure to report all such transactions may result in the rejection of your claim.

3.    List each transaction in the Class Period separately and in chronological order by trade date, beginning with the earliest. You must accurately **provide the month, day, and year of each transaction you list.**

4.    **Copies of broker confirmations or other documentation of your transactions in Zuora common stock must be submitted with your Claim Form. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS.**

5.    **The above requests are designed to provide the minimum amount of information necessary to process the simplest claims.**

6.    **NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Settlement website at www.ZuoraSecuritiesLitigation.com. Any file not in accordance with the required electronic filing format will be subject to rejection.**

## PART I:    CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                    MI        Beneficial Owner's Last Name

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Claimant Account Type (check appropriate box)

[X] Individual          [X] IRA/401K          [ ] Estate

[ ] Joint               [ ] Pension Plan      [ ] Trust

[ ] Corporation         [X] Other traded the security in 2 separate accounts (please specify)

**PART II:    SCHEDULE OF TRANSACTIONS IN ZUORA PUBLICLY TRADED COMMON STOCK**

A. Number of shares of Zuora publicly traded common stock held at the opening of trading on April 12, 2018 (must be documented):

**0**

B. Purchases or acquisitions of Zuora publicly traded common stock from April 12, 2018, through August 28, 2019, inclusive. (must be documented):

| Date of Purchase/Acquisition (List Chronologically) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price per Share | Total Purchase/Acquisition Price (excluding any taxes, fees and commissions) |
|---|---|---|---|
| 06 01 2018 | 165 | 23.29 | 3842.18 |
| 06 07 2018 | 90 | 27.89 | 2509.73 |
| | | . | . |
| | | . | . |
| | | . | . |

C. Sales of Zuora publicly traded common stock from April 12, 2018, through August 28, 2019, inclusive. (must be documented):

| Trade Date (MMDDYYYY) | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions and fees) |
|---|---|---|---|
| 09 12 2018 | 165.0 | $ 25.47 | $ 4202.91 |
| 07 10 2019 | 90.0 | $ 16.28 | $ 1465.01 |
| | . | $ . | $ . |
| | . | $ . | $ . |
| | . | $ . | $ . |

D. Number of shares of Zuora publicly traded common stock held at the close of trading on August 28, 2019 (must be documented):

**0**

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Amended Stipulation and Agreement of Global Settlement, dated June 22, 2023 ("Stipulation") described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of California, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) not excluded from the Settlement Class and am (are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or sales of Zuora publicly traded common stock during the Class Period and know of no other Person having done so on my (our) behalf.

## V.    RELEASE

1.    I (We) hereby acknowledge, on behalf of myself (ourselves) and each of my (our) past and present trustees, fiduciaries, guardians, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through, or on behalf of myself (ourselves), in their capacities as such, that I (we) shall be deemed by operation of law to (a) have released, waived, discharged, and dismissed each and every of the Released Claims against the Released Defendant Persons; and (b) forever be enjoined from commencing, instituting, or prosecuting any or all of the Released Claims against any of the Released Defendant Persons.

2.    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with all claims and causes of action that Lead Plaintiff, State Class Representative, or any other member of the Settlement Class (i) asserted in the Federal Action or State Action, or (ii) were or could have been asserted in any forum that, both (a) arise out of the facts, matters, statements, or omissions alleged in the Federal Action or State Action and (b) relate to the purchase, acquisition, sale, disposition, or holding of Zuora common stock. This release does not cover, include, or release claims relating to the enforcement of this Settlement.

3.    "Released Defendants' Claims" means Defendants' release of all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common, or foreign law, against Lead Plaintiff, State Class Representative, Lead Counsel, or State Class Counsel, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement.

4.    "Released Defendant Persons" means Defendants and all of Defendants' past and present officers, directors, employees, insurers, subsidiaries, affiliates, successors, representatives, attorneys, underwriters, and agents.

5.    "Related Persons", with respect to a Person, means (a) their immediate family members and any trust that such Person is the settlor of or which is for their benefit and/or the benefit of their family; (b) their subsidiaries, parent entities, divisions, and departments; and (c), for any of the entities or Persons listed at (a) or (b) above, their respective past and present officers, directors, managing directors, partners, employees, auditors, underwriters, accountants, representatives, insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, and administrators, in their capacities as such.

6.    "Unknown Claims" means: (i) any claims that Lead Plaintiff, State Class Representative, or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Persons, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or acquisition of Zuora common stock; and (ii) any Released Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that,

05-CA40058146
AJ1985 v.03

5

if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definitions of Released Claims and Released Defendants' Claims was separately bargained for and a key element of the Settlement of which this release is a part.

7.      This release shall be of no force or effect unless and until the Court approves the Settlement set forth in the Stipulation and it becomes effective on the Effective Date.

8.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

9.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Zuora publicly traded common stock that occurred during the Class Period as well as the number of shares held by me (us) at the opening of trading on April 12, 2018, and the close of trading on August 28, 2019.

10.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this __17__ day of __October / 2023__ , in _____
                                     (Month / Year)                          (City)                 (State/Country)

Signature of Claimant                                   Signature of Joint Claimant, if any

Print Name of Claimant                                 Print Name of Joint Claimant, if any

| Shareholder |
| --- |

Capacity of person(s) signing (e.g., Beneficial Purchaser, Executor, or Administrator)

**Reminder Checklist:**

1.      Please sign the above release and declaration.

2.      If this Claim is being made on behalf of Joint Claimants, then both must sign.

3.      Remember to attach copies of supporting documentation, if available.

4.      Do not send originals of certificates.

5.      Keep a copy of your Claim Form and all supporting documentation for your records.

6.      If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7.      If you move, please send your new address to the address below.

8.      Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

### THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT
### www.ZuoraSecuritiesLitigation.com
### NO LATER THAN DECEMBER 30, 2023 OR, IF MAILED, BE POSTMARKED OR RECEIVED NO
### LATER THAN DECEMBER 30, 2023, ADDRESSED AS FOLLOWS:

Zuora Securities Litigation
c/o Epiq Class Action
P.O. Box 5530 Portland, OR 97228-5530
www.ZuoraSecuritiesLitigation.com

07-CA40058146
AJ1987 v.03

7



# Attachments



Patch Code 3

**Transaction Confirmation**
**Confirm Date: June 1, 2018**          Page 2 of 2

Brokerage Account Number
█████████ IRA - ROLLOVER
████████████

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 18152-0BS3SV | 1* | WK# | 06-01-18 | 06-05-18 | 98983V106 | 18152-FHPHP | | |

**DESCRIPTION and DISCLOSURES**

You Bought 23 at 23.2300
Symbol: ZUO

ZUORA INC COM CL A
WE HAVE ACTED AS AGENT.

Principal Amount     534.29
Settlement Amount    534.29

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 18152-0BTSLN | 1* | WK# | 06-01-18 | 06-05-18 | 98983V106 | 18152-FKM3H | | |

**DESCRIPTION and DISCLOSURES**

You Bought 142 at 23.2950
Symbol: ZUO

ZUORA INC COM CL A
WE HAVE ACTED AS AGENT.

Principal Amount     3,307.89
Settlement Amount    3,307.89

9900137818          ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE

**REMITTANCE COUPON**



**Fidelity**
INVESTMENTS ®

| | | |
|---|---|---|
| **Transaction Confirmation**<br>**Confirm Date: June 7, 2018** | | Page 1 of 1 |

9900010589

Brokerage Account Number

| Online | Fidelity.com |
|---|---|
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Customer Service | 800-544-6666 |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 18158-0CGLDK | 1* | WK# | 06-07-18 | 06-11-18 | 98983V106 | 18158-G90ST | | |

| | | | | |
|---|---|---|---|---|
| You Bought | | **DESCRIPTION and DISCLOSURES**<br>ZUORA INC COM CL A | | |
| | 90 | WE HAVE ACTED AS AGENT. | Principal Amount | 2,509.73 |
| at | 27.8859 | | Commission / Fees | 4.95 |
| Symbol: | | | Settlement Amount | 2,514.68 |
| ZUO | | | | |

**ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE**

9900010589

If you are eligible to make a deposit, please use this form for investments in your brokerage account ▇▇▇▇▇ nly.

| AMOUNT OF INVESTMENT | $ |
|---|---|
| | |

If there are sufficient funds in your brokerage core account (or margin account), Fidelity will use those funds to cover the trade(s) on this confirm. If you wish to deposit additional money, use this deposit slip and make checks payable to: NATIONAL FINANCIAL SERVICES LLC. Deposits will be made to the account listed above. Please mail checks to the Fidelity address on this form. Refer to the last page for instructions on depositing certificates.

447970.20.0

FIDELITY INVESTMENTS
PO BOX 770001
CINCINNATI OH  45277-0003

099 ▇▇▇▇▇ 0  000

FIDELITY BROKERAGE SERVICES LLC, MEMBER NYSE, SIPC

In accordance with your instructions we are pleased to confirm the transaction or order for your account and risk subject to terms listed below.

Please inform our office promptly if there is an error in this confirmation. Your failure to do so may result in the inability to amend a transaction. Please address all communications to the firm and not to individuals and include your brokerage account number on all checks and communications.

It is understood and agreed that all transactions made for you are subject to the rules and customs of the exchange or market (and its clearing house, if any) where executed by us or by our agents, of the Financial Industry Regulatory Authority, Inc., as the case may be and to the Securities Exchange Act. It is further understood and agreed that on margin business all securities or other things bought or held by us, are pledged as collateral security for any and all claims and demands we then, or thereafter may have against the party giving such orders whether arising thereunder or not. It is further understood and agreed that we have the right to close transactions without further notice, at public or private sale, without liability for subsequent difference in value, when such a sale or purchase is deemed necessary by us for our protection, with the right upon our part of becoming the purchaser thereof free from all trust; that securities held by us in margin accounts (and in cash accounts until paid for in full) are or may be hypothecated for the sum, due thereon, or for a greater sum, under circumstances which will permit the commingling thereof with securities carried for the account of other customers; and that we have the right to loan such securities held by us.

When-Issued, When-Distributed or TBA Transactions: The information contained herein is an estimate based upon information available at the time of your order. The final figures will be forwarded to you when obtainable upon issue, delivery or pool allocation. Such transactions shall be settled at such time, place and in such manner and by delivery of such securities and/or other property as determined by the exchange or association to whose requirements the transaction is subject, or shall be canceled if such exchange or association shall so determine. National Financial Services LLC, ("NFS"), may demand deposits to secure this transaction and reserves the right to close this transaction upon the failure of the customer to tender such deposit.

Open Orders. An open order will remain in effect until executed or canceled. Customers may attempt to cancel open orders at any time prior to execution. NFS will cancel open orders after 180 calendar days (or in accordance with standards set by your Employer) and we reserve the right, but are not obligated to, cancel open orders when the limit price becomes unrealistic in relation to the market price. Limits on open orders to BUY and STOP ORDERS TO SELL, subject to the rules of the exchange or association where the securities are traded, may be automatically adjusted on the date the security trades "ex-dividend", "ex-rights", "ex-distribution", or "ex-interest". Unexecuted portions of an open order which are executed on subsequent days are treated as separate orders for commission purposes, in accordance with industry practices.

Orders marked "solicited" are not the result of "investment advice" from Fidelity, as that term is defined under ERISA and underlying U.S. Department of Labor Regulations, except to the extent that Fidelity utilizes an unaffiliated third party in obtaining such advice.

Payment for Order Flow Disclosure [Exchange Act Rule 10b-10(a)(2)(i)(C)]. Fidelity Brokerage Services LLC ("FBS") and/or NFS receives remuneration, compensation, or consideration for directing orders in equity securities to particular broker/dealers or market centers for execution. The source and nature of any compensation received in connection with your particular transaction will be disclosed upon written request to FBS. Please review FBS's annual disclosure on payment for order flow policies and order routing policies.

The private placement memorandum, term sheet, prospectus or other disclosure documents ("Offering Materials") you previously received include important information concerning your alternative investment transaction (e.g., hedge funds, private equity funds, REITS). Please refer to these materials for an explanation of the subscription (i.e., purchase) and redemption process as well as information regarding compensation that FBS or NFS may receive from you and/or the alternative investment in connection with your transaction. The settlement date for these transactions is often extended a number of days beyond the subscription (i.e., trade) or redemption date. As part of the subscription process, your subscription funds could be held in escrow until such time as your subscription is accepted by the alternative investment. Gross proceeds are reflected on the statement and may not be realized at the time of the redemption if the fund is subject to a holdback. See the Offering Materials for more details. Any such assets retained by the fund are held as a general obligation of the fund and are not protected by SIPC.

In connection with (i) access to, purchase or redemption of, and/or maintenance of positions in mutual funds and other investment products ("funds") such as alternative investments or private placements or (ii) infrastructure needed to support such funds, some funds, or their investment affiliates, pay FBS and/or NFS commissions, sales loads and 12b-1 fees described in the Offering Materials as well as additional compensation for shareholder services, start-up fees, infrastructure support and maintenance, and other programs. Additional information about the source(s) and amount(s) of compensation as well as other remuneration received by FBS or NFS will be furnished to you upon written request.

Currency exchanges may be effected by Fidelity FOREX, Inc. on a principal basis. Fidelity FOREX, Inc., an affiliate of NFS, may impose a commission or markup on the prevailing interbank market price. Fidelity FOREX may in turn share a portion of any foreign exchange commission or markup with NFS and/or FBS. The currency exchange rate applicable to any foreign security trade is available upon request.

For trades of positions set up for average cost, the cost basis per share is calculated as the average price of all shares in the position and shares are depleted on a first-in-first-out basis.

When there are multiple lots for the particular date indicated via versus purchase, the system depletes the lots starting with the highest quantity lot and moves through the lots in descending order of quantity until the order is filled. If an order cannot be matched versus purchase, or if the order quantity exceeds the matched lots, lots are depleted using the account-level default disposal method. If more than one lot has the same date and quantity, selection among such lots is random.

The local broker in a foreign securities transaction may be Fidelity Clearing Canada ULC, an affiliate of NFS and FBS.

Other remuneration may have been received and information will be furnished on request.

At the time you purchase shares of a no-load fund, those shares will be assigned either a transaction fee (TF) or no transaction fee (NTF) status. When you subsequently sell those shares, any applicable fees will be assessed based on the status assigned to the shares at the time of purchase.

Certificates of deposit and certain securities, including bonds, preferred stocks, and common stocks, may be subject to call or redemption (prior to maturity, if applicable). Call features may exist in addition to those which may appear on the front of the confirmation. Early call or redemption could affect Yield. Complete information will be provided upon written request.

This statement is computed for payment by bank draft on settlement date. If payment is made at a later date, additional interest to date of payment will be charged.

Name of the other party, time of execution and remuneration furnished on request. Fidelity Brokerage Services LLC, Member NYSE/SIPC. Account carried with National Financial Services LLC.

**\* T - TYPE OF ACCOUNT**

| | |
|---|---|
| 0 - Deliver / Receive vs. Payment | 6 - Special Account |
| 1 - Cash Account | 8 - When Issued / TBA |
| 2 - Margin Account | 9 - Income Account |
| 3 - Short Account | |

If an odd-lot differential is indicated on the face of this confirmation, an amount of 12½ cents per share was added to the price of purchase or deducted from the price of sale.

D1. Additional call features exist that may affect yield; complete information will be provided upon request.
D2. No periodic interest payments - callable below maturity value without notice by mail to holder unless registered.
D3. For bonds callable and issued in bearer form, it may be difficult for you to determine whether the securities have been called.
D4. Asset-backed Securities. An asset-backed security represents an interest in or is secured by a pool of financial assets that may be subject to continuous prepayment. The actual yield may vary based on prepayment rates of the underlying receivable or other financial assets. Information concerning factors that affect yield will be furnished upon written request.

Ratings information, when provided, has been obtained from select ratings services which NFS believes to be reliable, however, NFS cannot guarantee its timeliness, accuracy or completeness. Ratings are opinions and not recommendations or investment advice. Ratings or the absence of ratings should not alone be relied upon when assessing the credit quality of a security or making an investment decision. Ratings are subject to change or withdrawal by the ratings services at any time. Ratings information may not be provided for all debt securities. When indicated, NR denotes that the security is not rated by the listed rating organization. The security may be rated by other rating services. Please contact your broker dealer if you need more information about a security.

447970.25.0

----

# INSTRUCTIONS FOR DEPOSITING CERTIFICATES

**Endorsement Instructions**

1) The signature on the back of the certificate must correspond exactly to the name as written upon the face of the certificate.

2) Write "National Financial Services LLC" on the line between "appoint" and "attorney."

3) Write your brokerage account number on the top right corner of the front of the certificate.

4) Failure to properly prepare the Certificate may result in delays completing your transaction.


## MAIL CERTIFICATES TO THIS ADDRESS:

NATIONAL FINANCIAL SERVICES LLC
ATTN: Banking Services
Mail Zone KC1N
100 Crosby Parkway
Covington, KY 41015


9900010589

# Fidelity
**INVESTMENTS**

**Transaction Confirmation**          Page 1 of 1
**Confirm Date: July 10, 2019**

Brokerage Account Number

9900009959

| Online | Fidelity.com |
|---|---|
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Customer Service | 800-544-6666 |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 19191-0B5KVJ | 1* | WQ# | 07-10-19 | 07-12-19 | 98983V106 | 19191-GMJ6T | | |

**DESCRIPTION and DISCLOSURES**

You Sold

90

at 16.2779

Symbol:
ZUO

ZUORA INC COM CL A
WE HAVE ACTED AS AGENT.
LOTS WITHOUT SPECIFIC SHARES
INSTRUCTIONS WILL BE DEPLETED USING
FIRST IN, FIRST OUT METHOD.

| Principal Amount | 1,465.01 |
|---|---|
| Commission / Fees | 4.95 |
| Activity Assessment Fee | 0.04 |
| Settlement Amount | 1,460.02 |

9900009959          **ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



FIDELITY INVESTMENTS
PO BOX 770001
CINCINNATI OH  45277-0003

If you are eligible to make a deposit, please use this form for investments in your brokerage accou███████ only.

| AMOUNT OF INVESTMENT | $ |
|---|---|

If there are sufficient funds in your brokerage core account (or margin account), Fidelity will use those funds to cover the trade(s) on this confirm. If you wish to deposit additional money, use this deposit slip and make checks payable to: NATIONAL FINANCIAL SERVICES LLC. Deposits will be made to the account listed above. Please mail checks to the Fidelity address on this form. Refer to the last page for instructions on depositing certificates.

447970.20.0

099 ████████00  000

In accordance with your instructions we are pleased to confirm the transaction or order for your account and risk subject to terms listed below.

Please inform our office promptly if there is an error in this confirmation. Your failure to do so may result in the inability to amend a transaction. Please address all communications to the firm and not to individuals and include your brokerage account number on all checks and communications.

It is understood and agreed that all transactions made for you are subject to the rules and customs of the exchange or market (and its clearing house, if any) where executed by us or by our agents, of the Financial Industry Regulatory Authority, Inc., as the case may be and to the Securities Exchange Act. It is further understood and agreed that on margin business all securities or other things bought or held by us, are pledged as collateral security for any and all claims and demands we then, or thereafter may have against the party giving such orders whether arising thereunder or not. It is further understood and agreed that we have the right to close transactions without further notice, at public or private sale, without liability for subsequent difference in value, when such a sale or purchase is deemed necessary by us for our protection, with the right upon our part of becoming the purchaser thereof free from all trust; that securities held by us in margin accounts (and in cash accounts until paid for in full) are or may be hypothecated for the sum, due thereon, or for a greater sum, under circumstances which will permit the commingling thereof with securities carried for the account of other customers; and that we have the right to loan such securities held by us.

When-Issued, When-Distributed or TBA Transactions: The information contained herein is an estimate based upon information available at the time of your order. The final figures will be forwarded to you when obtainable upon issue, delivery or pool allocation. Such transactions shall be settled at such time, place and in such manner and by delivery of such securities and/or other property as determined by the exchange or association to whose requirements the transaction is subject, or shall be canceled if such exchange or association shall so determine. National Financial Services LLC, ("NFS"), may demand deposits to secure this transaction and reserves the right to close this transaction upon the failure of the customer to tender such deposit.

Open Orders. An open order will remain in effect until executed or canceled. Customers may attempt to cancel open orders at any time prior to execution. NFS will cancel open orders after 180 calendar days (or in accordance with standards set by your Employer) and we reserve the right, but are not obligated to, cancel open orders when the limit price becomes unrealistic in relation to the market price. Limits on open orders to BUY and STOP ORDERS TO SELL, subject to the rules of the exchange or association where the securities are traded, may be automatically adjusted on the date the security trades "ex-dividend", "ex-rights", "ex-distribution", or "ex-interest". Unexecuted portions of an open order which are executed on subsequent days are treated as separate orders for commission purposes, in accordance with industry practices.

Orders marked "solicited" are not the result of "investment advice" from Fidelity, as that term is defined under ERISA and underlying U.S. Department of Labor Regulations, except to the extent that Fidelity utilizes an unaffiliated third party in obtaining such advice.

Payment for Order Flow Disclosure [Exchange Act Rule 10b-10(a)(2)(i)(C)]. Fidelity Brokerage Services LLC ("FBS") and/or NFS receives remuneration, compensation, or consideration for directing orders in equity securities to particular broker/dealers or market centers for execution. The source and nature of any compensation received in connection with your particular transaction will be disclosed upon written request to FBS. Please review FBS's annual disclosure on payment for order flow policies and order routing policies.

The private placement memorandum, term sheet, prospectus or other disclosure documents ("Offering Materials") you previously received include important information concerning your alternative investment transaction (e.g., hedge funds, private equity funds, REITS). Please refer to these materials for an explanation of the subscription (i.e., purchase) and redemption process as well as information regarding compensation that FBS or NFS may receive from you and/or the alternative investment in connection with your transaction. The settlement date for these transactions is often extended a number of days beyond the subscription (i.e., trade) or redemption date. As part of the subscription process, your subscription funds could be held in escrow until such time as your subscription is accepted by the alternative investment. Gross proceeds are reflected on the statement and may not be realized at the time of the redemption if the fund is subject to a holdback. See the Offering Materials for more details. Any such assets retained by the fund are held as a general obligation of the fund and are not protected by SIPC.

In connection with (i) access to, purchase or redemption of, and/or maintenance of positions in mutual funds and other investment products ("funds") such as alternative investments or private placements or (ii) infrastructure needed to support such funds, some funds, or their investment affiliates, pay FBS and/or NFS commissions, sales loads and 12b-1 fees described in the Offering Materials as well as additional compensation for shareholder services, start-up fees, infrastructure support and maintenance, and other programs. Additional information about the source(s) and amount(s) of compensation as well as other remuneration received by FBS or NFS will be furnished to you upon written request.

Currency exchanges may be effected by Fidelity FOREX, Inc. on a principal basis. Fidelity FOREX, Inc., an affiliate of NFS, may impose a commission or markup on the prevailing interbank market price. Fidelity FOREX may in turn share a portion of any foreign exchange commission or markup with NFS and/or FBS. The currency exchange rate applicable to any foreign security trade is available upon request.

For trades of positions set up for average cost, the cost basis per share is calculated as the average price of all shares in the position and shares are depleted on a first-in-first-out basis.

When there are multiple lots for the particular date indicated via versus purchase, the system depletes the lots starting with the highest quantity lot and moves through the lots in descending order of quantity until the order is filled. If an order cannot be matched versus purchase, or if the order quantity exceeds the matched lots, lots are depleted using the account-level default disposal method. If more than one lot has the same date and quantity, selection among such lots is random.

The local broker in a foreign securities transaction may be Fidelity Clearing Canada ULC, an affiliate of NFS and FBS.

Other remuneration may have been received and information will be furnished on request.

At the time you purchase shares of a no-load fund, those shares will be assigned either a transaction fee (TF) or no transaction fee (NTF) status. When you subsequently sell those shares, any applicable fees will be assessed based on the status assigned to the shares at the time of purchase.

Certificates of deposit and certain securities, including bonds, preferred stocks, and common stocks, may be subject to call or redemption (prior to maturity, if applicable). Call features may exist in addition to those which may appear on the front of the confirmation. Early call or redemption could affect Yield. Complete information will be provided upon written request.

This statement is computed for payment by bank draft on settlement date. If payment is made at a later date, additional interest to date of payment will be charged.

Name of the other party, time of execution and remuneration furnished on request. Fidelity Brokerage Services LLC, Member NYSE/SIPC. Account carried with National Financial Services LLC.

## * T - TYPE OF ACCOUNT

| | |
|---|---|
| 0 - Deliver / Receive vs. Payment | 6 - Special Account |
| 1 - Cash Account | 8 - When Issued / TBA |
| 2 - Margin Account | 9 - Income Account |
| 3 - Short Account | |

If an odd-lot differential is indicated on the face of this confirmation, an amount of 12½ cents per share was added to the price of purchase or deducted from the price of sale.

D1. Additional call features exist that may affect yield; complete information will be provided upon request.
D2. No periodic interest payments - callable below maturity value without notice by mail to holder unless registered.
D3. For bonds callable and issued in bearer form, it may be difficult for you to determine whether the securities have been called.
D4. Asset-backed Securities. An asset-backed security represents an interest in or is secured by a pool of financial assets that may be subject to continuous prepayment. The actual yield may vary based on prepayment rates of the underlying receivable or other financial assets. Information concerning factors that affect yield will be furnished upon request.

Ratings information, when provided, has been obtained from select ratings services which NFS believes to be reliable, however, NFS cannot guarantee its timeliness, accuracy or completeness. Ratings are opinions and not recommendations or investment advice. Ratings or the absence of ratings should not alone be relied upon when assessing the credit quality of a security or making an investment decision. Ratings are subject to change or withdrawal by the ratings services at any time. Ratings information may not be provided for all debt securities. When indicated, NR denotes that the security is not rated by the listed rating organization. The security may be rated by other rating services. Please contact your broker dealer if you need more information about a security.

447970.25.0

# INSTRUCTIONS FOR DEPOSITING CERTIFICATES

**Endorsement Instructions**

1) The signature on the back of the certificate must correspond exactly to the name as written upon the face of the certificate.

2) Write "National Financial Services LLC" on the line between "appoint" and "attorney."

3) Write your brokerage account number on the top right corner of the front of the certificate.

4) Failure to properly prepare the Certificate may result in delays completing your transaction.

## MAIL CERTIFICATES TO THIS ADDRESS:

NATIONAL FINANCIAL SERVICES LLC
ATTN: Banking Services
Mail Zone KC1N
100 Crosby Parkway
Covington, KY 41015

9900009959



**Transaction Confirmation**  Page 1 of 1
**Confirm Date: September 12, 2018**

Brokerage Account Number

9900137469

Online                          Fidelity.com
FAST(sm)-Automated Telephone    800-544-5555
Customer Service                800-544-6666

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 18255-0BWRQG | 1* | WK# | 09-12-18 | 09-14-18 | 98983V106 | 18255-FGMNM | | |

| | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Sold | | ZUORA INC COM CL A | Principal Amount | 4,202.97 |
| | 165 | WE HAVE ACTED AS AGENT. | Activity Assessment Fee | 0.06 |
| at | 25.4725 | LOTS WITHOUT SPECIFIC SHARES | Settlement Amount | 4,202.91 |
| Symbol: | | INSTRUCTIONS WILL BE DEPLETED USING | | |
| ZUO | | FIRST IN, FIRST OUT METHOD. | | |

9900137469         **ALL ORDERS ARE UNSOLICITED UNLESS SPECIFIED ABOVE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



If you are eligible to make a deposit, please use this form for investments in your brokerage account ▮▮▮▮▮ only.

| AMOUNT OF INVESTMENT | $ |
|---|---|

If there are sufficient funds in your brokerage core account (or margin account), Fidelity will use those funds to cover the trade(s) on this confirm. If you wish to deposit additional money, use this deposit slip and make checks payable to: NATIONAL FINANCIAL SERVICES LLC. Deposits will be made to the account listed above. Please mail checks to the Fidelity address on this form. Refer to the last page for instructions on depositing certificates.

447970.20.0

FIDELITY INVESTMENTS
PO BOX 770001
CINCINNATI OH  45277-0003

099▮▮▮▮▮▮00  000

In accordance with your instructions we are pleased to confirm the transaction or order for your account and risk subject to terms listed below.

Please inform our office promptly if there is an error in this confirmation. Your failure to do so may result in the inability to amend a transaction. Please address all communications to the firm and not to individuals and include your brokerage account number on all checks and communications.

It is understood and agreed that all transactions made for you are subject to the rules and customs of the exchange or market (and its clearing house, if any) where executed by us or by our agents, of the Financial Industry Regulatory Authority, Inc., as the case may be and to the Securities Exchange Act. It is further understood and agreed that on margin business all securities or other things bought or held by us, are pledged as collateral security for any and all claims and demands we then, or thereafter may have against the party giving such orders whether arising thereunder or not. It is further understood and agreed that we have the right to close transactions without further notice, at public or private sale, without liability for subsequent difference in value, when such a sale or purchase is deemed necessary by us for our protection, with the right upon our part of becoming the purchaser thereof free from all trust; that securities held by us in margin accounts (and in cash accounts until paid for in full) are or may be hypothecated for the sum, due thereon, or for a greater sum, under circumstances which will permit the commingling thereof with securities carried for the account of other customers; and that we have the right to loan such securities held by us.

When-Issued, When-Distributed or TBA Transactions: The information contained herein is an estimate based upon information available at the time of your order. The final figures will be forwarded to you when obtainable upon issue, delivery or pool allocation. Such transactions shall be settled at such time, place and in such manner and by delivery of such securities and/or other property as determined by the exchange or association to whose requirements the transaction is subject, or shall be canceled if such exchange or association shall so determine. National Financial Services LLC, ("NFS"), may demand deposits to secure this transaction and reserves the right to close this transaction upon the failure of the customer to tender such deposit.

Open Orders. An open order will remain in effect until executed or canceled. Customers may attempt to cancel open orders at any time prior to execution. NFS will cancel open orders after 180 calendar days (or in accordance with standards set by your Employer) and we reserve the right, but are not obligated to, cancel open orders when the limit price becomes unrealistic in relation to the market price. Limits on open orders to BUY and STOP ORDERS TO SELL, subject to the rules of the exchange or association where the securities trade, may be automatically adjusted on the date the security trades "ex-dividend", "ex-rights", "ex-distribution", or "ex-interest". Unexecuted portions of an open order which are executed on subsequent days are treated as separate orders for commission purposes, in accordance with industry practices.

Orders marked "solicited" are not the result of "investment advice" from Fidelity, as that term is defined under ERISA and underlying U.S. Department of Labor Regulations, except to the extent that Fidelity utilizes an unaffiliated third party in obtaining such advice.

Payment for Order Flow Disclosure [Exchange Act Rule 10b-10(a)(2)(i)(C)]. Fidelity Brokerage Services LLC ("FBS") and/or NFS receives remuneration, compensation, or consideration for directing orders in equity securities to particular broker/dealers or market centers for execution. The source and nature of any compensation received in connection with your particular transaction will be disclosed upon written request to FBS. Please review FBS's annual disclosure on payment for order flow policies and order routing policies.

The private placement memorandum, term sheet, prospectus or other disclosure documents ("Offering Materials") you previously received include important information concerning your alternative investment transaction (e.g., hedge funds, private equity funds, REITS). Please refer to these materials for an explanation of the subscription (i.e., purchase) and redemption process as well as information regarding compensation that FBS or NFS may receive from you and/or the alternative investment in connection with your transaction. The settlement date for these transactions is often extended a number of days beyond the subscription (i.e., trade) or redemption date. As part of the subscription process, your subscription funds could be held in escrow until such time as your subscription is accepted by the alternative investment. Gross proceeds are reflected on the statement and may not be realized at the time of the redemption if the fund is subject to a holdback. See the Offering Materials for more details. Any such assets retained by the fund are held as a general obligation of the fund and are not protected by SIPC.

447970.25.0

In connection with (i) access to, purchase or redemption of, and/or maintenance of positions in mutual funds and other investment products ("funds") such as alternative investments or private placements or (ii) infrastructure needed to support such funds, some funds, or their investment affiliates, pay FBS and/or NFS commissions, sales loads and 12b-1 fees described in the Offering Materials as well as additional compensation for shareholder services, start-up fees, infrastructure support and maintenance, and other programs. Additional information about the source(s) and amount(s) of compensation as well as other remuneration received by FBS or NFS will be furnished to you upon written request.

Currency exchanges may be effected by Fidelity FOREX, Inc. on a principal basis. Fidelity FOREX, Inc., an affiliate of NFS, may impose a commission or markup on the prevailing interbank market price. Fidelity FOREX may in turn share a portion of any foreign exchange commission or markup with NFS and/or FBS. The currency exchange rate applicable to any foreign security trade is available upon request.

For trades of positions set up for average cost, the cost basis per share is calculated as the average price of all shares in the position and shares are depleted on a first-in-first-out basis.

When there are multiple lots for the particular date indicated via versus purchase, the system depletes the lots starting with the highest quantity lot and moves through the lots in descending order of quantity until the order is filled. If an order cannot be matched versus purchase, or if the order quantity exceeds the matched lots, lots are depleted using the account-level default disposal method. If more than one lot has the same date and quantity, selection among such lots is random.

The local broker in a foreign securities transaction may be Fidelity Clearing Canada ULC, an affiliate of NFS and FBS.

Other remuneration may have been received and information will be furnished on request.

At the time you purchase shares of a no-load fund, those shares will be assigned either a transaction fee (TF) or no transaction fee (NTF) status. When you subsequently sell those shares, any applicable fees will be assessed based on the status assigned to the shares at the time of purchase.

Certificates of deposit and certain securities, including bonds, preferred stocks, and common stocks, may be subject to call or redemption (prior to maturity, if applicable). Call features may exist in addition to those which may appear on the front of the confirmation. Early call or redemption could affect Yield. Complete information will be provided upon written request.

This statement is computed for payment by bank draft on settlement date. If payment is made at a later date, additional interest to date of payment will be charged.

Name of the other party, time of execution and remuneration furnished on request. Fidelity Brokerage Services LLC, Member NYSE/SIPC. Account carried with National Financial Services LLC.

**\* T - TYPE OF ACCOUNT**

| | |
|---|---|
| 0 - Deliver / Receive vs. Payment | 6 - Special Account |
| 1 - Cash Account | 8 - When Issued / TBA |
| 2 - Margin Account | 9 - Income Account |
| 3 - Short Account | |

If an odd-lot differential is indicated on the face of this confirmation, an amount of 12½ cents per share was added to the price of purchase or deducted from the price of sale.

D1. Additional call features exist that may affect yield; complete information will be provided upon request.

D2. No periodic interest payments - callable below maturity value without notice by mail to holder unless registered.

D3. For bonds callable and issued in bearer form, it may be difficult for you to determine whether the securities have been called.

D4. Asset-backed Securities. An asset-backed security represents an interest in or is secured by a pool of financial assets that may be subject to continuous prepayment. The actual yield may vary based on prepayment rates of the underlying receivable or other financial assets. Information concerning factors that affect yield will be furnished upon written request.

Ratings information, when provided, has been obtained from select ratings services which NFS believes to be reliable, however, NFS cannot guarantee its timeliness, accuracy or completeness. Ratings are opinions and not recommendations or investment advice. Ratings or the absence of ratings should not alone be relied upon when assessing the credit quality of a security or making an investment decision. Ratings are subject to change or withdrawal by the ratings services at any time. Ratings information may not be provided for all debt securities. When indicated, NR denotes that the security is not rated by the listed rating organization. The security may be rated by other rating services. Please contact your broker dealer if you need more information about a security.

--------------------------------------------------------------------------

# INSTRUCTIONS FOR DEPOSITING CERTIFICATES

**Endorsement Instructions**

1) The signature on the back of the certificate must correspond exactly to the name as written upon the face of the certificate.

2) Write "National Financial Services LLC" on the line between "appoint" and "attorney."

3) Write your brokerage account number on the top right corner of the front of the certificate.

4) Failure to properly prepare the Certificate may result in delays completing your transaction.

MAIL CERTIFICATES TO THIS ADDRESS:

NATIONAL FINANCIAL SERVICES LLC
ATTN: Banking Services
Mail Zone KC1N
100 Crosby Parkway
Covington, KY 41015

9900137469

**From:**  .                    noreply@ZuoraSecuritiesLitigation.com
**Sent:**                       Tuesday, October 17, 2023 11:51 AM
**To:**                         Claims_ZuoraSecuritiesLitigation
**Subject:**                    Zuora Securities Litigation – Claim Upload

Contact Information



# *EXHIBIT* D-2

RECEIVED



101823

LEGAL SERVICES

## Zuora Securities Settlement CA40058146

**Claim Form #**    000000591

## Email

### Document Control



4005814601

# Document Range

**Begin:**                **End:**                **Quantity:**

**Prepped by:**        **QC:**        **Stats:**        **Scanned by:**

ID #:

**Route to:**    Warehouse        *Route to:_____

## PART I:    CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name                MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name             MI    Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner[s] listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                           State    ZIP Code

Last four digits of Social Security Number or Taxpayer Identification Number

Email address (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

Account Number (where securities were traded)

Claimant Account Type (check appropriate box)

☐ Individual            ☒ IRA/401K              ☐ Estate

☐ Joint                 ☐ Pension Plan          ☐ Trust

☐ Corporation           ☐ Other _____ (please specify)

**PART II:    SCHEDULE OF TRANSACTIONS IN ZUORA PUBLICLY TRADED COMMON STOCK**

A. Number of shares of Zuora publicly traded common stock held at the opening of trading on April 12, 2018 (must be documented):

| | | | | | 0 |
|---|---|---|---|---|---|

B. Purchases or acquisitions of Zuora publicly traded common stock from April 12, 2018, through August 28, 2019, inclusive. (must be documented):



| Date of Purchase/Acquisition (List Chronologically) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price per Share | Total Purchase/Acquisition Price (excluding any taxes, fees and commissions) |
|---|---|---|---|
| 0 6 2 2 1 8 | 2 0 7 | 2 7 . 5 5 | 5 7 0 1 . 8 2 |
| | | . | . |
| | | . | . |

C. Sales of Zuora publicly traded common stock from April 12, 2018, through August 28, 2019, inclusive. (must be documented):

| Trade Date (MMDDYYYY) | Number of Shares Sold | Sale Price Per Share | Total Sales Price (not deducting any taxes, commissions and fees) |
|---|---|---|---|
| 0 4 1 5 2 0 1 9 | 2 0 7 . 0 0 | $ 1 9 . 3 5 | $ 4 0 0 6 . 1 2 |
| | . | $ . | $ . |
| | . | $ . | $ . |
| | . | $ . | $ . |
| | . | $ . | $ . |

D. Number of shares of Zuora publicly traded common stock held at the close of trading on August 28, 2019 (must be documented):

| | | | | | 0 |
|---|---|---|---|---|---|

AS-IS

Document Control

04-CA40058146
AJ1984 v.03

4

# THIS CLAIM WAS RECEIVED WITHOUT **PAGE 6**

(Scanner please don't delete this page)



# Attachments



Patch Code 3



Individual Retirement Account of



Account Number

**Trade Confirmation**

**BOUGHT**    **Zuora Inc A (Symbol: ZUO)**

Security No./CUSIP: 98983V-10-6

Type: Cash      Trade: 06/22/18      Settle: 06/26/18

| Quantity | Price ($) | Principal ($) | Charges and/or Interest ($) | | Total Amount ($) |
|---|---|---|---|---|---|
| 207 | 27.545 | 5,701.82 | Commission | 4.95 | 5,706.77 |

Internal Use Only: 2, E

For this security:
- Unsolicited trade
- Schwab acted as your agent.



Individual Retirement Account of



Account Number

**Trade Confirmation**

**SOLD**  **Zuora Inc A (Symbol: ZUO)**

Security No./CUSIP: 98983V-10-6

Type: Cash     Trade: 04/15/19     Settle: 04/17/19

| Quantity | Price ($) | Principal ($) | Charges and/or Interest ($) | | Total Amount ($) |
|---|---|---|---|---|---|
| 207 | 19.3536 | 4,006.20 | Commission | 4.95 | 4,001.17 |
| | | | Exch Process Fee | 0.08 | |
| **207** | | **$ 4,006.20** | | **$5.03** | **$ 4,001.17** |

Internal Use Only: 2, E

**For this security:**
- The cost basis method requested was FIFO. Please view the Cost Basis Disclosure Statement for additional information on cost basis method choices and how Schwab reports adjusted cost basis information to the IRS.
- Exch Process Fee: This fee offsets costs incurred by Schwab for the exchange of securities - including those relating to assessments on broker-dealers by an exchange or other SRO - for equity, option, or other covered security sell transactions and option security buy transactions.
- Schwab acted as your agent.





**Contributory IRA of**

| | | **Account Number** | **Statement Period** |
|---|---|---|---|
| | | | **April 1-30, 2019** |

## Transaction Detail - Transfers (continued)

| Settle Date | Trade Date | Transaction | Description | | | Quantity | Unit Price | Total Amount |
|---|---|---|---|---|---|---|---|---|
| | | | | | | (207.0000) | 19.2734 | (3,989.59) |
| 04/12/19 | 04/12/19 | Journaled Shares | ZUORA INC ZUO | CLASS | A: | | | |
| **Total Transfers** | | | | | | | | (76,592.18) |

## Transaction Detail - Dividends & Interest (including Money Market Fund dividends reinvested)

## Bank Sweep Activity

| Transaction Date | Transaction | Description | Withdrawal | Deposit | Balance X,Z |
|---|---|---|---|---|---|
| **Opening Balance** X,Z | | | | | |
| 04/15/19 | Interest Paid X,Z | BANK INTEREST | | | |
| 04/15/19 | Auto Transfer | BANK TRANSFER TO BROKERAGE | | | |
| 04/26/19 | Auto Transfer | BANK TRANSFER TO BROKERAGE | | | |
| **Total Activity** | | | | | |
| **Ending Balance** X,Z | | | | | |

Schwab has provided accurate gain and loss information wherever possible for most investments. Cost basis data may be incomplete or unavailable for some of your holdings. Please see "Endnotes for Your Account" section for an explanation of the endnote codes and symbols on this statement.

## Man, Chanpisey

**From:**     noreply@ZuoraSecuritiesLitigation.com
**Sent:**     Wednesday, October 18, 2023 3:57 PM
**To:**       Claims_ZuoraSecuritiesLitigation
**Subject:**  Zuora Securities Litigation – Claim Upload

Contact Information

